IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>- against -<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., MIZUHO CORPORATE BANK, LTD., THE BANK OF YOKOHAMA, LTD., MITSUBISHI UFJ TRUST AND BANKING CORPORATION, MIZUHO TRUST AND BANKING CO., LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., CITIBANK, JAPAN LTD., JPMORGAN CHASE BANK, NA, THE ROYAL BANK OF SCOTLAND GROUP PLC, DEUTSCHE BANK AG., UBS AG, BNP PARIBAS S.A., SHINKIN CENTRAL BANK, THE SHOKO CHUKIN BANK, THE NORINCHUKIN BANK, BARCLAYS BANK PLC, HSBC HOLDINGS PLC, CITIBANK NA, CRÉDIT AGRICOLE CIB, LLOYDS BANKING GROUP PLC, SOCIÉTÉ GÉNÉRALE, AND RABOBANK GROUP,<br><br>                    Defendants. | Docket No. 12-cv-3419 (GBD) |

**MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
LOWEY DANNENBERG COHEN & HART, P.C.
AS INTERIM LEAD CLASS COUNSEL**

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

I. IT IS IN THE BEST INTERESTS OF THE CLASS TO APPOINT LOWEY DANNENBERG AS INTERIM LEAD CLASS COUNSEL .......................................... 2

    A. Under Each and All of the Mandatory Criteria of FRCP Rule 23(g)(1)(A), This Court Should Appoint Lowey Dannenberg as Counsel "Best Able to Represent the Interests of the Class" ................................................................... 2

        1. Rule 23(g)(1)(A)(i): The Extensive Work Lowey Dannenberg Has Done In the Action ............................................................................. 3

        2. Rule 23(g)(1)(A)(ii): Lowey Dannenberg's Extensive Experience in Handling The Types of Claims Asserted in The Action ............................ 4

        3. Rule 23(g)(1)(A)(ii): Lowey Dannenberg's Extensive Experience in Handling "Class Actions And Other Complex Litigation" ........................ 6

        4. Rule 23(g)(1)(A)(iii): Lowey Dannenberg's Extensive Knowledge of the Applicable Law ............................................................................... 7

        5. Rule 23(g)(1)(A)(iv): Lowey Dannenberg Will Commit More Than Ample Resources to Representing the Class ....................................... 7

    B. Discretionary Factors: Efficient Prosecution ....................................................... 7

CONCLUSION .................................................................................................................. 9

## INTRODUCTION

On April 30, 2012, Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg") investigated and filed the *first* action on behalf of Plaintiff Jeffrey Laydon ("Plaintiff" or "Laydon") and a putative class comprised of persons that transacted in exchange-traded Euroyen instruments during the period of *at least* June 1, 2006 through and including September 2010 (the "Class Period").[1] The action asserts violations of the Commodity Exchange Act, as amended, 7 U.S.C. § 1, *et seq.* (the "CEA"), the Sherman Antitrust Act, 15 U.S.C. § 1, as well as violations of state and common law against the Defendants (identified above) arising from, *inter alia*, the alleged manipulation of the Tokyo Interbank Offered Rate ("Tibor"), the London Interbank Offered Rate ("Libor") for the Japanese Yen, and the prices of exchange-traded Euroyen instruments.

Plaintiff and his counsel, Lowey Dannenberg, respectfully submit this memorandum of law and the accompanying Declaration of Vincent Briganti, Esq. ("Briganti Decl.") in support of their motion, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure ("FRCP"), for an Order appointing Lowey Dannenberg as interim lead class counsel for a putative class comprised of persons or entities that transacted in exchange-traded Euroyen instruments (the "Class").

The Defendants who have thus far appeared in the Laydon action take no position on such interim appointment but expressly reserve their rights to oppose certification of any class or the final appointment of any class counsel or class representative.

---

[1] Plaintiff reserves the right to amend the class definition, including without limitation, the Class Period.

I. **IT IS IN THE BEST INTERESTS OF THE CLASS TO APPOINT LOWEY DANNENBERG AS INTERIM LEAD CLASS COUNSEL**

   **A. Under Each and All of the Mandatory Criteria of FRCP Rule 23(g)(1)(A), This Court Should Appoint Lowey Dannenberg as Counsel "Best Able to Represent the Interests of the Class"**

FRCP Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This provides the defendants, the Court, and plaintiffs to speak efficiently and authoritatively for the class. Thus, it is standard practice in class actions to appoint interim class counsel. See *Manual for Complex Litigation (Fourth)* § 21.11 (2009).

Neither Rule 23(g) nor any part of Rule 23 explicitly states specific criteria that govern the appointment of interim class counsel. Therefore, in selecting interim class counsel, courts typically look to the specific criteria of Rule 23(g)(1)(A) governing the selection of class counsel. See *In re Bear Stearns Co., Inc. Sec. Derivative and ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132 at *11 (S.D.N.Y. Jan. 5, 2009).

The Rule 23(g)(1)(A) mandatory criteria that the Court "must consider" are:

   (i) the work counsel has done in identifying or investigating potential claims in the action;

   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   (iii) counsel's knowledge of the applicable law; and

   (iv) the resources that counsel will commit to representing the class.

FRCP Rule 23(g)(1)(A)(i)-(iv). None of these factors is determinative, all should be considered, and FRCP Rule 23 requires the Court to appoint the counsel "best able to represent the interests of the class" under the Rule 23(g) factors. *Id.*[2]

For the reasons set forth below, Plaintiff respectfully submits that Lowey Dannenberg is the counsel "best able to represent the interests" of the Class under the foregoing mandatory criteria as well as any discretionary criteria. FRCP Rule 23(g)(1)(B).

1. **Rule 23(g)(1)(A)(i)**: **The Extensive Work Lowey Dannenberg Has Done In the Action**

Lowey Dannenberg investigated and filed the first and most advanced action on April 30, 2012. The allegations in the *Laydon* complaint are very detailed and advanced and include careful and considered judgments on the scope of the Class, the Defendants named, as well as the claims asserted. As part of their extensive investigation, Lowey Dannenberg, among other things, (a) conducted extensive factual and legal research in order to allege the best possible claims in the complaint filed in the *Laydon* action; (b) consulted with an economist; (c) reviewed Euroyen prices, open interest and other relevant market data; (d) consulted with market participants; (e) investigated the Defendants; and (f) consulted Lowey Dannenberg's prior legal research developed in numerous prior successful CEA manipulation class actions.

Since the filing of the *Laydon* action, Lowey Dannenberg has worked efficiently and effectively in advancing the interests of the putative Class and the litigation. These efforts include, among other things, (a) engaging in extensive meet and confer negotiations and stipulations with more than a dozen counsel for Defendants regarding acceptance of service and adjournments of time to answer or otherwise respond to the *Laydon* complaint, all of which successfully led to the Court's entry of a case management order at the July 26, 2012 Court

---

[2] *See* FRCP Rule 23 Notes of the Advisory Committee (2003 Amendments) at subdivision (g) ¶ (1)(C).

conference; (b) working diligently in commencing and effecting international service of process pursuant to the Hague Convention; and (c) continuing to build on its pre-complaint investigation and the drafting of an Amended Complaint.

### 2. Rule 23(g)(1)(A)(ii): Lowey Dannenberg's Extensive Experience in Handling The Types of Claims Asserted in The Action

Regarding "experience in handling the types of claims asserted," Lowey Dannenberg has been representing clients in commodity futures litigation since the early 1970s, developing an expertise in the commodities markets, representing brokers, dealers and customers in litigation and regulatory proceedings involving potato, silver and copper contracts.

The firm, led by its founding partner Stephen Lowey, played a major role in the complex litigation that ensued following the highly publicized May 1976 default of Maine potato futures contracts that occurred when the sellers of 1,000 contracts failed to deliver approximately 50 million pounds of potatoes. Subsequently, Lowey Dannenberg, led by partners Vincent Briganti and Geoffrey M. Horn, has successfully prosecuted, as court appointed lead or co-lead counsel or individual plaintiff's counsel, the most important and complex commodity manipulation actions since the enactment of the CEA. *See, e.g.,*

- *In re Sumitomo Copper Litigation,* Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.) (Lowey Dannenberg served as one of three executive committee members and achieved a settlement on behalf of the certified class of Commodity Exchange Inc. ("COMEX") copper futures traders of in excess of $149 million, the **largest** class action recovery in the history of the CEA.);

- *Hershey v. Pacific Investment Management Corp.*, Case No. 05-C-4681 (RAG) (N.D. Ill.)(Lowey Dannenberg served as counsel to certified class representative Richard Hershey in action alleging manipulation of Chicago Board of Trade ("CBOT") U.S. 10-Year Treasury Note futures contracts which settled for $118,750,000, the **second** largest recovery in the history of the CEA.);

- *In re Natural Gas Commodity Litigation*, Master File No. 03 CV 6186 (S.D.N.Y.) (Marrero, J.)(Lowey Dannenberg was co-lead counsel and achieved recoveries of in excess of $101 million on behalf of a certified class of New York Mercantile Exchange Inc. ("NYMEX")

natural gas futures and options traders. This was the **third** largest commodity manipulation class action recovery in the history of the CEA.)[3]; and

• *In re Amaranth Natural Gas Commodities Litigation*, Master File No. 07 Civ. 6377 (S.D.N.Y) (Scheindlin, J.) (Lowey Dannenberg serves as co-lead counsel in a certified class action alleging manipulation of NYMEX natural gas futures prices in which settlements of $77,100,000, representing the **fourth** largest commodity manipulation class recovery, have so far been achieved.).[4]

Lowey Dannenberg continues to be appointed in leadership roles in actions alleging, as here, manipulation in violation of the CEA and price fixing in violation of the Sherman Act. *See, e.g., In re Commodity Exchange, Inc., Silver Futures and Options Trading Class Action*, Case No. 1:11-md-02213, Docket No. 44 (Mar. 2, 2011)(S.D.N.Y.)(appointing Lowey Dannenberg as member of four firm executive committee in proposed class action alleging manipulation and price fixing of COMEX silver futures and options contracts); *In re: Optiver Commodities Litigation*, Case No. 08 CV 6842, Docket No. 15 (February 11, 2009)(S.D.N.Y.)(appointing Lowey Dannenberg as co-lead counsel in proposed class action involving the alleged manipulation of NYMEX light sweet crude oil, heating oil and gasoline futures contracts prices*);* and *In re Rough Rice Commodity Litigation*, Case No. 11-cv-618, Docket No. 24 (April 12, 2011)(N.D. Ill.)(appointing Lowey Dannenberg as co-lead counsel in proposed class action alleging manipulation of CBOT rough rice futures and options contracts).

---

[3] The *In re Natural Gas* case has been closely analogized to the alleged manipulation of Euroyen and Yen Libor rates because *both* cases involved allege false reporting by defendants to publishers of price benchmarks that were used to settle hundreds of millions of dollars of exchange-traded futures and options contracts. *See* Brooke Masters & Kara Scannell, Libor Inquiry Looks at Criminal Angle, Financial Times, Sept. 7, 2011, Briganti Decl., Ex.1 (comparing Libor rate manipulation with wrongdoing alleged in *In re Natural Gas*).

[4] The *Amaranth* litigation continues against Defendant J.P. Morgan Futures, Inc. ("JP Morgan Futures") which served as Amaranth Advisors futures commission merchant and commodity broker, with an appeal before the Second Circuit Court of Appeals of the District Court's orders granting JPMorgan Future's motions to dismiss.

{2545 / BRF / 00113981.DOCX v2}  5

### 3. Rule 23(g)(1)(A)(ii): Lowey Dannenberg's Extensive Experience in Handling "Class Actions And Other Complex Litigation"

In addition to Lowey Dannenberg's extensive experience and success in commodity manipulation class actions, Lowey Dannenberg has represented sophisticated clients in complex litigation for the past 40 years involving federal securities, antitrust and RICO violations, for which Lowey Dannenberg has achieved recoveries in excess of one billion dollars. These clients include Fortune 100 companies such as WellPoint, Inc., Aetna, Inc., Humana Inc., CIGNA, Horizon BC/BS of New Jersey, and Verizon, Inc., as well as the nation's largest pension funds, *e.g.*, the New York State Common Retirement Fund and New York City Pension Funds, and sophisticated institutional investors, including Federated Investors, Inc., an investment firm with more than $341 billion in assets under management. A few examples of Lowey Dannenberg's successes on behalf of these clients and others include:

- *New England Carpenters Health Benefit Fund, et al. v. First DataBank, Inc. and McKesson Corp.*, No. 05-cv-11148 (D. Mass.) (Lowey Dannenberg as lead counsel for WellPoint, Inc., Aetna, Inc., CIGNA, and other health benefit plan providers achieved a settlement of **$350,000,000** in action alleging that the prescription drug wholesaler, McKesson, and the prescription drug pricing information publisher, First DataBank, illegally conspired in 2001 to increase the reported average wholesale prices of approximately 800 prescription drugs);

- *In re Juniper Networks, Inc. Sec. Litig.*, No. C-06-04327 JW (N.D. Cal)(Lowey Dannenberg as lead counsel to lead plaintiff The New York City Pension Funds achieved a settlement of **$169,500,000**, one of the largest settlements in an options backdating federal securities fraud case);

- *In re ACS Shareholders Litig.*, C.A. No. 4940-VCP (Del. Chancery)(Lowey Dannenberg as co-lead counsel and counsel to lead plaintiff The Federated Kauffman Fund achieved a **$69,000,000** settlement in action which challenged the terms of a merger between Xerox Corporation and Affiliated Computer Services, Inc.); and

- *In re New York Stock Exchange/Archipelago Merger Litig.*, Index No. 601646/05 (N.Y. Sup. Ct. December 5, 2005)(Lowey Dannenberg as co-lead counsel for a class of seatholders who sought to enjoin the merger between the New York Stock Exchange and Archipelago Holdings, Inc. achieved a settlement which resulted in revised merger terms which provided seatholders with more than **$250 million** in additional merger consideration).

### 4. Rule 23(g)(1)(A)(iii): Lowey Dannenberg's Extensive Knowledge of the Applicable Law

In the judgment of Lowey Dannenberg, the best indicator of an attorney's knowledge of the applicable law is the attorney's experience with such law. Lowey Dannenberg respectfully submits that their knowledge of the law applicable to the claims and defenses here is reflected in their extensive experience in prosecuting CEA manipulation and antitrust claims. *See* I.A.2 and 3, *supra*, and Briganti Decl. Ex. 2 (Lowey Dannenberg Resume).

### 5. Rule 23(g)(1)(A)(iv): Lowey Dannenberg Will Commit More Than Ample Resources to Representing the Class

Lowey Dannenberg has a forty-plus year record of prosecuting and funding complex class action litigation. Lowey Dannenberg has advanced millions of dollars on behalf of the classes it has represented, currently has sufficient resources to finance and vigorously prosecute this action, and is prepared to advance similar substantial sums in this case. Lowey Dannenberg has the resource of experienced class litigation counsel as well. *See* I.A.2-4, *supra*, and Lowey Dannenberg Resume (Briganti Decl. Ex. 2). Lowey Dannenberg partner Vincent Briganti, head of Lowey Dannenberg's commodity litigation practice group, will assume the leadership role at the firm for this case.

### B. Discretionary Factors: Efficient Prosecution

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Through its extensive multi-decade experience prosecuting commodity manipulation actions, Lowey Dannenberg has developed significant relationships with industry experts, economists, sophisticated futures market participants, past NYMEX directors, former regulatory personnel, and settlement administration personnel. Lowey Dannenberg's extensive

relationships combined with the firm's litigation experience give the firm a significant knowledge advantage which allows it to efficiently and successfully prosecute class actions involving commodity and futures markets, such as this one. *See* I.A.2-4, *supra*, and Lowey Dannenberg Resume (Briganti Decl. Ex. 2).

Lowey Dannenberg's ability to manage complex litigation was recognized when the firm was appointed to serve as Liaison Counsel for the non-class lawsuits arising out of the *WorldCom* fraud. In that capacity, Lowey Dannenberg was responsible for coordinating discovery in more than 80 actions related to the largest financial fraud in United States history. Judge Cote praised the Lowey Dannenberg firm for its ability to efficiently manage that highly complex and "sprawling litigation":

> [A]t the suggestion of plaintiffs' counsel in the Individual Actions, Lowey Dannenberg…was appointed Liaison Counsel for the Individual Actions in order to avoid wasteful inefficiencies associated with managing over seventy individual litigations with substantially similar facts and claims…From that point on, [Lowey Dannenberg] functioned as an information clearinghouse for the Individual Actions, distributing information from the Court to all plaintiffs' counsel in the Individual Actions, and collecting viewpoints from those counsel on particular issues and communicating those views to the Court and other parties in the *Securities Litigation*. **[Lowey Dannenberg], and in particular Neil Selinger of that firm, has worked tirelessly to promote harmony and efficiency in this sprawling litigation, a litigation that is teeming with experienced and outspoken counsel anxious to be heard and to press their point of view.**

*In re Worldcom, Inc. Sec. Litig.*, 02 CIV. 3288 (DLC), 2004 WL 2549682 (S.D.N.Y. Nov. 10, 2004)(emphasis added).

## CONCLUSION

For the reasons stated above, this Court should enter an Order appointing Lowey Dannenberg Cohen & Hart, P.C. as interim lead class counsel.

Dated: August 27, 2012
      White Plains, New York

                                      Respectfully submitted,

                                      /s/ Vincent Briganti
                                      Vincent Briganti
                                      Geoffrey M. Horn
                                      **LOWEY DANNENBERG COHEN & HART, P.C.**
                                      1 North Broadway, 5th Floor
                                      White Plains, NY  10601
                                      (914) 997-0500
                                      (914) 997-0035 (fax)
                                      vbriganti@lowey.com

                                      *Counsel for Plaintiff Jeffrey Laydon*

CERTIFICATE OF SERVICE

I, Vincent Briganti, hereby certify that, on the 27th day of August, 2012, I caused the Notice of Motion to Appoint Lowey Dannenberg Cohen & Hart, P.C. as Interim Lead Class Counsel, the Memorandum of Law and the Declaration of Vincent Briganti, Esq. ("Briganti Decl.") in support of the Motion to Appoint Lowey Dannenberg Cohen & Hart, P.C. as Interim Lead Class Counsel to be electronically filed with the Clerk of this Court using the Court's ECF system, which will automatically serve a copy of same upon all attorneys of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 27, 2012.

By:     /s/ Vincent Briganti
        Vincent Briganti
        **LOWEY DANNENBERG COHEN
        & HART, P.C.**
        1 North Broadway, 5th Floor
        White Plains, NY  10601
        (914) 997-0500
        (914) 997-0035 (fax)
        vbriganti@lowey.com

        *Counsel for Plaintiff Jeffrey Laydon*

{2545 / BRF / 00113981.DOCX v2}