**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Docket No. 12-cv-3419 (GBD) |
| - against - | |
| MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., MIZUHO CORPORATE BANK, LTD., THE BANK OF YOKOHAMA, LTD., MITSUBISHI UFJ TRUST AND BANKING CORPORATION, MIZUHO TRUST AND BANKING CO., LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., CITIBANK, JAPAN LTD., JPMORGAN CHASE BANK, NA, THE ROYAL BANK OF SCOTLAND GROUP PLC, DEUTSCHE BANK AG., UBS AG, BNP PARIBAS S.A., SHINKIN CENTRAL BANK, THE SHOKO CHUKIN BANK, THE NORINCHUKIN BANK, BARCLAYS BANK PLC, HSBC HOLDINGS PLC, CITIBANK NA, CRÉDIT AGRICOLE CIB, LLOYDS BANKING GROUP PLC, SOCIÉTÉ GÉNÉRALE, AND RABOBANK GROUP, | |
| Defendants. | |

**[PROPOSED] ORDER APPOINTING INTERIM LEAD CLASS COUNSEL**

**WHEREAS**, Plaintiff Jeffrey Laydon ("Plaintiff" or "Laydon") filed a class action complaint on April 30, 2012 captioned *Laydon v. Mizuho Bank, Ltd. et al.*, 12-cv-3419 (S.D.N.Y.), on behalf of himself and a proposed class comprised of persons or entities that purchased or sold exchange-traded Euroyen instruments during the period of *at least* June 1, 2006 through and including September 2010. The action asserts violations of the Commodity

{2545 / ORD / 00114078.DOCX v1}

Exchange Act, as amended, 7 U.S.C. § 1, *et seq.* (the "CEA"), the Sherman Antitrust Act, 15 U.S.C. § 1, as well as violations of state and common law against the Defendants (identified above) arising from, *inter alia*, the alleged manipulation of the Tokyo Interbank Offered Rate ("Tibor"), the London Interbank Offered Rate ("Libor") for the Japanese Yen, and the prices of exchange-traded Euroyen instruments.

  **WHEREAS**, Plaintiff Jeffrey Laydon and his counsel, Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg") have moved, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure ("FRCP"), for the appointment of Lowey Dannenberg as interim lead class counsel for a putative class comprised of persons or entities that purchased or sold exchange-traded Euroyen instruments; and

  **WHEREAS**, the Defendants who have thus far appeared in the *Laydon* action take no position on such interim appointment but expressly reserve their rights to oppose certification of any class or the final appointment of any class counsel or class representative;

  **IT IS HEREBY THEREFORE ORDERED** that:

  1. Pursuant to FRCP Rule 23(g)(3), the Court designates Lowey Dannenberg Cohen & Hart, P.C. as interim lead class counsel and, in particular, Lowey Dannenberg shall have the following responsibilities:

    a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

    b. To initiate, conduct and defend discovery proceedings;

    c. To act as spokesperson at pretrial conferences;

    d. To negotiate with defense counsel with respect to settlement and other matters;

    e. To call meetings of counsel for Plaintiff(s) in this action;

f.      To make all work assignments to Plaintiff(s)' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

g.      To conduct trial and post-trial proceedings;

h.      To consult with and employ experts;

i.       To request that the Court approve settlements, if any, and fee awards;

j.       To allocate fees;

k.      To perform such other duties and to undertake such other responsibilities as it deems necessary or desirable in the prosecution of this litigation; and

l.       To coordinate and communicate with Defendants' counsel with respect to matters addressed in this paragraph or its subparts.

2.      No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lowey Dannenberg and no Plaintiff(s)' counsel shall be authorized to perform any work in the case without the express authorization of Lowey Dannenberg.

3.      Interim lead class counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel.  Defendants' counsel may rely on all agreements made with interim lead class counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

4.      If a case that arises out of the same subject matter of this action is brought as a class action on behalf of investors who transacted in exchange-traded Euroyen instruments is hereafter filed in this Court or transferred here from another Court (a "Subsequent Related Action"), the Court will direct the Clerk to:

a.      File a copy of this Order in the separate file for the Subsequent Related Action;

{2545 / ORD / 00114078.DOCX v1}                    3

        b.      Consolidate the Subsequent Related Action with this action by transferring the cases to the docket for this action, *Laydon v. Mizuho Bank, Ltd. et al.*, 12-cv-3419 (S.D.N.Y.);

        c.      Close the docket for the Subsequent Related Action.

    5.      The Court requests the assistance of counsel in calling to the attention of the Court the filing of any Subsequent Related Action that might properly be consolidated or coordinated with this action.

    6.      Nothing herein shall limit the requirements on any plaintiff and their counsel set forth in FRCP Rule 23, or shall pertain to whether this action should be certified as a class action, whether any plaintiff is an adequate representative of any class that may be certified, or whether a plaintiff's counsel is adequate counsel for any such class.

    7.      Nothing herein shall limit Defendants' right to oppose the certification of any class or the final appointment of any class representative or class counsel.

    8.      The terms of this Order shall not prejudice or constitute a waiver by any party of any claims in or defenses to this action.

**SO ORDERED**

Dated: New York, New York

    AUG 2 ? 2012 , 2012

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
HON. GEORGE B. DANIELS