



Three World Financial Center
New York, New York 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-812-8325
Direct Fax: 212-303-2754
gcasamento@lockelord.com

September 19, 2013

**Via Hand-Delivery**

Hon. George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**SO ORDERED:**
*/s/ George B. Daniels*
George B. Daniels, U.S.D.J.

Dated: SEP 24 2013

Re:   *Laydon v. Mizuho Bank, Ltd. et al.*, No. 1:12-cv-03419-GBD

Dear Judge Daniels:

We represent the HSBC Defendants in the above-referenced action. We write to request approval of Defendants' proposal regarding page limits for the motion to dismiss reply briefs that are due on September 27, 2013. This request is supported by all Defendants. Plaintiff takes no position on this request.

### Background

In accordance with the current scheduling order, Plaintiff filed his Second Amended Complaint ("SAC") on April 15, 2013. The SAC names over 30 Defendants, is over 300 pages long, and contains claims for alleged antitrust violations, Commodity Exchange Act violations, and unjust enrichment.

Defendants all moved to dismiss the SAC on June 14, 2013. Recognizing that the Court has no desire to receive separate briefs from over 30 Defendants directed at the same claims, Defendants coordinated and limited their briefing to the extent possible. However, it was not feasible to file a single brief on behalf of all Defendants because the factual allegations are not the same against all Defendants, and certain allegations and issues are more important to some Defendants than others.

For example, some Defendants served only on the Yen LIBOR panel; some served only on the Euroyen TIBOR panel; some served on both panels; and some did not serve on either panel. Likewise, some Defendants have trader-specific allegations asserted against them, and others do not. And some Defendants have entered into settlements with governmental authorities that are cited in the SAC, while others have not.

Balancing the needs of each Defendant or subgroup of Defendants to adequately brief the issues important to them against the practical need to limit the amount of briefing, Defendants requested and the Court approved the following page limits for Defendants' opening briefs:

Hon. George B. Daniels
September 19, 2013
Page 2

1. A combined brief not exceeding 60 pages that addresses common issues on Plaintiff's antitrust and unjust enrichment claims;

2. A combined brief not exceeding 40 pages that addresses common issues on Plaintiff's Commodity Exchange Act claims;

3. Separate briefs by R.P. Martin, ICAP, and the UBS-affiliated Defendants not exceeding 20 pages addressing certain allegations made against them.

4. Any other Defendant or subgroup of Defendants could file additional briefing directed to issues specific to such Defendants or subgroup of Defendants. Each such individual Defendant's brief could not exceed 5 pages. If individual Defendants join together in a subgroup brief, then the total pages of such subgroup brief could not exceed the total number of Defendants in such subgroup multiplied by 5.

In response to the foregoing briefs, Plaintiff was granted permission to file an omnibus response brief of 100 pages.

**Proposed Page Limits for Reply Briefs**

Since there is only one Plaintiff but more than 30 Defendants, and since different factual allegations have been made against each Defendant, it still is not feasible for Defendants to file a single omnibus brief on the issues raised in the motion to dismiss briefing. Under the Court's local rules, each Defendant would ordinarily be entitled to file a 10-page reply brief, but Defendants appreciate that the Court does not want to receive over 300 pages of reply briefs. Defendants also appreciate that under the Court's normal 25/10 page briefing limits, the Court's normal reply brief page limits are 40% of the opening brief page limits.

Accordingly, Defendants propose that their reply brief limits be set at 40% of their opening brief page limits previously approved by the Court, except for the following:

1. Defendants will file two combined briefs (one addressing Plaintiff's Commodity Exchange Act claims and the other addressing Plaintiff's antitrust and unjust enrichment claims) that total no more than 45 pages for both briefs combined (which is 45% of their original total page limit);

2. The page limit for UBS's separate reply brief shall be 10 pages (which is 50% of its original page limits);

3. The page limits for the "LIBOR-Only" and "No-Allegations" subgroups shall be 3 and 8 pages, respectively (which is less than 40% of their original page limits); and

4. Any Defendant that did not file a separate opening brief shall not file a separate reply brief.

Hon. George B. Daniels
September 19, 2013
Page 3

If every Defendant uses its maximum pages under this proposal, the total pages of reply briefs filed would be 100 (45 common + 55 separate), which averages to 3 pages per Defendant. We would appreciate your review and endorsement of this briefing proposal. If you have any questions or need anything further, please let me know.

Respectfully,

*Gregory T. Casamento*

Gregory T. Casamento
Counsel for HSBC Defendants

cc: All Counsel of Record (by email)