IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JEFFREY LAYDON, on behalf of himself and all others similarly situated,

                 Plaintiff,

                 v.

MIZUHO BANK, LTD., *et al.*,

                 Defendants.
---------------------------------------------------------------x

Case No. 1:12-cv-03419-GBD

ECF Case

**ORAL ARGUMENT REQUESTED**

### THE BANK OF TOKYO-MITSUBISHI UFJ, LTD. AND MITSUBISHI UFJ TRUST AND BANKING CORPORATION'S REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

       Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") and Mitsubishi UFJ Trust and Banking Corporation ("MUTB") respectfully submit this supplemental reply memorandum in further support of defendants' motion to dismiss the Complaint.

       BTMU and MUTB join in full the Reply Memoranda of Law in Support of Defendants' Motion to Dismiss Plaintiff's Antitrust and Unjust Enrichment Claims and Commodity Exchange Act Claims.  BTMU also joins the Supplemental Reply Memorandum of Law submitted by Mizuho Bank, Ltd., Mizuho Trust & Banking Co., Ltd., Mizuho Corporate Bank, Ltd., The Norinchukin Bank, Sumitomo Mitsui Banking Corporation, and Société Genéralé, while MUTB joins the Supplemental Reply Memorandum submitted by the Tibor-only banks.  BTMU and MUTB write separately only to highlight plaintiff's failure to respond in his opposition memorandum (Dkt. No. 226) to the particular deficiencies in his pleadings as to BTMU and MUTB identified in the supplemental memoranda BTMU and MUTB filed in support of defendants' motion to dismiss (Dkt. Nos. 217 and 218, respectively).

*First*, instead of responding to the cases BTMU cited in its Supplemental Memorandum—which unambiguously establish that allegations of employee suspensions alone are insufficient to state a claim (*see* BTMU Mem. at 2)—plaintiff accuses BTMU of "view[ing] the allegations of the suspensions in isolation rather than cumulatively with the Complaint's allegations" (Opp'n at 92).[1]  But the Complaint contains no specific allegations of wrongdoing by BTMU, and plaintiff's allegations regarding the divergences between BTMU's Libor and Tibor submissions from certain so-called "benchmarks" are insufficient to state a claim for the myriad reasons set forth in defendants' joint memoranda.  Having alleged nothing more than the employee suspensions, the Complaint is bereft of the "additional evidence of the defendant's wrongdoing" that is required to state a claim against BTMU.  *In re Int'l Rectifier Sec. Litig.*, No. 07-2544, 2008 WL 4555794, at *16 (C.D. Cal. May 23, 2008).

*Second*, plaintiff does not offer a single word in response to the arguments in MUTB's supplemental memorandum (including that it is not even a member of the Yen Libor panel) that the Complaint contains absolutely no allegations of wrongdoing by MUTB, and that plaintiff himself has acknowledged that no "direct evidence" exists that could implicate MUTB in the alleged conspiracy or manipulation.  (MUTB Mem. at 2-3.)  Plaintiff's failure to address MUTB's supplemental memorandum warrants dismissal of the Complaint as to MUTB.  *See Dorchester Investors* v. *Peak Trends Trust*, No. 99-4696, 2003 WL 223466, at *2 (S.D.N.Y. Feb. 3, 2003) ("[Plaintiff] does not address this argument in its opposition papers and thus, it must be taken to be conceded.").

---

[1] Plaintiff's failure even to respond to the cases cited in BTMU's Supplemental Memorandum is "troublesome," *D.A. Elia Constr. Corp.* v. *Damon & Morey, LLP,* 389 B.R. 314, 321 n.6 (Bankr. W.D.N.Y. 2008), and indicative of plaintiff's lack of a substantive response.

-3-

For all of the foregoing reasons, and the reasons set forth in the memoranda referenced above, the Complaint should be dismissed as to BTMU and MUTB in its entirety and with prejudice.

Dated: September 27, 2013
       Washington, D.C.

        /s/ Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:  (202) 956-7500
Facsimile:  (202) 956-7056
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation*