UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFREY LAYDON, on behalf of himself and all :
others similarly situated, :
: 
                        Plaintiff, :
: Case No: 12-cv-3419 (GBD)
                  v. :
:
MIZUHO BANK, LTD., THE BANK OF TOKYO- : **ORAL ARGUMENT REQUESTED**
MITSUBISHI UFJ, LTD, THE SUMITOMO :
TRUST AND BANKING CO., LTD., THE :
NORINCHUKIN BANK, MITSUBISHI UFJ :
TRUST AND BANKING CORPORATION, :
SUMITOMO MITSUI BANKING :
CORPORATION, RESONA BANK, LTD., J.P. :
MORGAN CHASE & CO., J.P. MORGAN CHASE :
BANK, NATIONAL ASSOCIATION, J.P. :
MORGAN SECURITIES PLC, MIZUHO :
CORPORATE BANK, LTD., DEUTSCHE BANK :
AG, MIZUHO TRUST AND BANKING CO., :
LTD., THE SHOKO CHUKIN BANK, LTD., :
SHINKIN CENTRAL BANK, UBS AG, UBS :
SECURITIES JAPAN CO. LTD., THE BANK OF :
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, :
THE ROYAL BANK OF SCOTLAND GROUP, :
PLC, ROYAL BANK OF SCOTLAND PLC, RBS :
SECURITIES JAPAN LIMITED, BARCLAYS :
BANK PLC, CITIBANK, NA, CITIGROUP, INC., :
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL :
MARKETS JAPAN, INC., COÖPERATIEVE :
CENTRALE RAIFFEISEN-BOERENLEENBANK :
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, :
ICAP PLC, R.P. MARTIN HOLDINGS :
LIMITED AND JOHN DOES NOS. 1-50, :
:
                      Defendants. :
------------------------------------------------------------x

**SUPPLEMENTAL REPLY MEMORANDUM OF BARCLAYS BANK PLC
IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendant Barclays Bank PLC ("Barclays") respectfully submits this supplemental reply memorandum of law in further support of Defendants' motion to dismiss Plaintiff Jeffrey Laydon's second amended class action complaint ("Complaint").

As explained in Barclays' opening supplemental memorandum, Plaintiff's reliance on Barclays' Settlements in his Complaint does not enable him to state a claim under either the Sherman Act or the Commodity Exchange Act ("CEA"). Plaintiff's opposition does nothing to rectify the deficiencies in his claims. Specifically, Plaintiff has no answer to the fact that Barclays' Settlements contain no references whatsoever to the Euroyen TIBOR benchmark or Euroyen TIBOR futures contracts, which are the only financial instruments at issue in this case. Because Plaintiff has failed to establish a causal relationship between alleged manipulation of Yen LIBOR and manipulation of Euroyen TIBOR futures prices, any references to Yen LIBOR in Barclays' Settlements are irrelevant to Plaintiff's claims. And, in any event, to the extent the Settlements describe *any* conduct related to Yen LIBOR, they identify only sporadic instances of unilateral and internal Barclays conduct concerning Yen LIBOR submissions that do not support Plaintiff's claims.

Barclays joins Defendants' Joint CEA Reply in full.[1] Barclays also joins Defendants' Joint Antitrust Reply but does not join in any statement or argument in that reply memorandum that could be construed to suggest that it is not feasible under any circumstances to state a Section 1 violation if appropriate allegations are made of a suitable set of facts that includes improper submissions to a foreign-based interest rate benchmark. Here, Plaintiff has failed for

---

[1] Defendants submit two joint reply memoranda for this Court's consideration: (1) the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss Plaintiff's Antitrust and Unjust Enrichment Claims (the "Joint Antitrust Reply"), and (2) the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss Plaintiff's Commodity Exchange Act Claims (the "Joint CEA Reply") (collectively, the "Joint Reply Memoranda"). Barclays does not join any statement in the Joint Memoranda that could be construed to contradict any admitted findings made in connection with Barclays' Settlements.

the reasons set forth in Defendants' Joint Antitrust Reply to allege an actionable Section 1 violation against all Defendants, including Barclays.

For these reasons, and for the reasons set forth in the Joint Reply Memoranda, Plaintiff's Complaint should be dismissed with prejudice.

Dated: September 27, 2013
       New York, New York

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP | SULLIVAN & CROMWELL LLP |
| /s/ Jonathan D. Schiller | /s/ Yvonne S. Quinn |
| Jonathan D. Schiller (jschiller@bsfllp.com)<br>Leigh M. Nathanson (lnathanson@bsfllp.com)<br>575 Lexington Avenue<br>New York, New York  10022<br>(212) 446-2300 | David H. Braff (braffd@sullcrom.com)<br>Yvonne S. Quinn (quinny@sullcrom.com)<br>Jeffrey T. Scott (scottj@sullcrom.com)<br>Matthew J. Porpora (porporam@sullcrom.com)<br>125 Broad Street<br>New York, New York  10004<br>(212) 558-4000 |
| | *Attorneys for Defendant Barclays Bank PLC* |