UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------- X

JEFFREY LAYDON, on behalf of himself and
all others similarly situated,

                Plaintiff,

      v.

MIZUHO BANK, LTD., THE BANK OF
TOKYO-MITSUBISHI UFJ, LTD., THE
SUMITOMO TRUST AND BANKING CO.,
LTD., THE NORINCHUKIN BANK,
MITSUBISHI UFJ TRUST AND BANKING
CORPORATION, SUMITOMO MITSUI
BANKING CORPORATION, RESONA
BANK, LTD., J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION, J.P. MORGAN SECURITIES
PLC, MIZUHO CORPORATE BANK, LTD.,
DEUTSCHE BANK AG, MIZUHO TRUST
AND BANKING CO., LTD., THE SHOKO
CHUKIN BANK, LTD., SHINKIN CENTRAL
BANK, UBS AG, UBS SECURITIES JAPAN
CO. LTD., THE BANK OF YOKOHAMA,
LTD., SOCIÉTÉ GÉNÉRALE SA, THE
ROYAL BANK OF SCOTLAND GROUP
PLC, ROYAL BANK OF SCOTLAND PLC,
RBS SECURITIES JAPAN LIMITED,
BARCLAYS BANK PLC, CITIBANK, NA,
CITIGROUP, INC., CITIBANK, JAPAN
LTD., CITIGROUP GLOBAL MARKETS
JAPAN, INC., COÖPERATIEVE CENTRALE
RAIFFEISEN-BOERENLEENBANK B.A.,
HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, R.P. MARTIN HOLDINGS
LIMITED and JOHN DOE NOS. 1-50,

               Defendants.

--------------------------------------- X

Case No: 12-cv-3419 (GBD)

**ORAL ARGUMENT REQUESTED**

## SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF DEFENDANT R.P. MARTIN HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

I.     PLAINTIFF'S NEW ALLEGATIONS ASSERTED IN THE OPPOSITION BUT NOT IN THE COMPLAINT SHOULD NOT BE CONSIDERED ........................................................................................... 2

II.    EVEN IF THE COURT WERE TO CONSIDER PLAINTIFF'S NEW ALLEGATIONS, THEY ARE INSUFFICIENT TO STATE CLAIMS AGAINST R.P. MARTIN ................................................................. 3

      A.    The New Broker B Allegations Are Insufficient to State a Claim Against R.P. Martin .................................................................. 3

      B.    The New Employee Termination/Suspension Allegations Are Insufficient to State a Claim Against R.P. Martin ..................................... 5

      C.    The New U.K. Allegations Are Insufficient to State a Claim Against R.P. Martin .................................................................. 5

CONCLUSION ..................................................................................................................... 8

77836-0002/LEGAL27962896.1

## TABLE OF AUTHORITIES

**Page**

CASES

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................7, 8

*Galiano v. Fid. Nat. Title Ins. Co.*,
    08-CV-4711 TCP WDW, 2010 WL 9447505 (E.D.N.Y. Nov. 8, 2010), *aff'd*, 684
    F.3d 309 (2d Cir. 2012).............................................................................3

*Gallop v. Cheney*,
    642 F.3d 364 (2d Cir. 2011)......................................................................4

*Gerard v. Traffic Safety, LLC*,
    11 CV 8550VB, 2012 WL 2866255 (S.D.N.Y. July 2, 2012) .................................5

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*,
    790 F. Supp. 2d 106 (S.D.N.Y. 2011)........................................................6, 7

*In re Air Cargo Shipping Services Antitrust Litigation*,
    No. 06-MD-1775 (JG) (VVP), 2009 WL 3443405 (E.D.N.Y. Aug. 21, 2009).......................6

*In re Crude Oil Commodity Litig.*,
    No. 06 Civ. 6677(NRB), 2007 WL 1946553 (S.D.N.Y. June 28, 2007).......................6, 7, 8

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    No. 11 MD 2262 (NRB), 2013 WL 4504769 (S.D.N.Y. Aug. 23, 2013)................................4

*LaFlamme v. Societe Air France*,
    702 F. Supp. 2d 136 (E.D.N.Y. 2010) ........................................................3, 7, 8

*Scientific Computing Assocs., Inc. v. Warnes*,
    No. 07-CV-6351, 2011 WL 1327398 (W.D.N.Y. April 5, 2011)...........................................4

*Starr v. Sony BMG Music Entertainment*,
    592 F.3d 314 (2d Cir. 2010)......................................................................6

RULES

Fed. R. Civ. P. 12(b)(6)...........................................................................3, 4

Defendant R.P. Martin Holdings Limited ("R.P. Martin") respectfully submits this supplemental reply in support of its Supplemental Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint [Dkt. No. 220] ("R.P. Martin Supp. Mem.").[1]

## PRELIMINARY STATEMENT

As set forth in the R.P. Martin Supp. Mem., Plaintiff's Complaint fails adequately to plead either a CEA manipulation or antitrust conspiracy claim against R.P. Martin and must be dismissed. Plaintiff's Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss [Dkt. No. 226] ("Opposition" or "Opp.") does not provide a substantive response to R.P. Martin's arguments. Instead, the Opposition cursorily asserts that R.P. Martin's arguments are "refuted by the specific allegations of the Complaint." *See* Opp. at 44 (citing ¶¶ 25, 526, 529, 603, 682, 712). But three of the six cited paragraphs have nothing to do with R.P. Martin, even assuming that Plaintiff now has some plausible basis — which is not set forth in either the Complaint or the Opposition — on which to allege that R.P. Martin is in fact the company referred to by certain permutations of the vague "Broker B" moniker used by Plaintiff in the Complaint. *Compare* Opp. at 44 (R.P. Martin is "now believed to be" "Broker-B," or "Brokerage B" or "Derivatives Broker B", *with* Compl. ¶¶ 25 (allegations regarding "Derivatives Broker A1"), 682 (allegations regarding "Derivatives Broker A1"), 712 (allegations regarding unidentified "brokers"). The remaining paragraphs cited in the Opposition are irrelevant to Plaintiff's claims regarding Euroyen TIBOR futures contracts because they relate solely to LIBOR or Yen LIBOR. *See* Compl. ¶¶ 603 (arrests of two R.P. Martin employees "'in

---

[1] R.P. Martin joins, and incorporates by reference herein, the arguments contained in the Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Commodity Exchange Act Claims [Dkt. No. 233] ("Joint CEA Reply Mem.") and the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss Plaintiff's Antitrust and Unjust Enrichment Claims [Dkt. No. 232] ("Joint Antitrust Reply Mem."). Abbreviations and defined terms in those memoranda have the same meaning herein.

connection with the investigation into the manipulation of LIBOR'"), 526 (citing statements

regarding "Cash Brokers [ICAP and RP Martin]" made in Canadian regulatory investigation of

alleged Yen LIBOR manipulation) (brackets in original), 529 (same).

Rather than address the deficiencies in the Complaint's allegations against R.P. Martin,

Plaintiff attempts to rescue his claims with new allegations in the Opposition.  But Plaintiff's

strategy fails for at least two reasons, in addition to those set forth in defendants' joint

memoranda.  First, long-standing precedent in this Circuit makes clear that a plaintiff cannot rely

on new allegations, asserted for the first time in an opposition brief, to rescue deficient claims in

a complaint.  Second, even if the Court considers Plaintiff's new allegations, and it should not,

these allegations are insufficient to plead Plaintiff's CEA manipulation and antitrust conspiracy

claims against R.P. Martin.  Plaintiff's claims against R.P. Martin should be dismissed in their

entirety.

## ARGUMENT

**I.     PLAINTIFF'S NEW ALLEGATIONS ASSERTED IN THE OPPOSITION BUT NOT IN THE COMPLAINT SHOULD NOT BE CONSIDERED**

Plaintiff's Opposition includes three categories of new allegations concerning R.P.

Martin:  (1) that Plaintiff "now believe[s]" that the entities "Broker B," "Brokerage B," and

"Derivatives Broker B" referenced in the Complaint are R.P. Martin (the "New Broker B

Allegations"), *see* Opp. at 2, 44; (2) that one R.P. Martin employee has "been fired" and that

others "have also been suspended in the wake of R.P. Martin's alleged role in the manipulation

of Yen-LIBOR" (the "New Employee Termination/Suspension Allegations"), *see id*. at 2, 44, 79;

and (3) that on July 15, 2013, the U.K. Serious Fraud Office ("SFO") filed charges against two

R.P. Martin employees arising from their alleged involvement in manipulation of Yen LIBOR

and other unidentified rates (the "New U.K. Allegations"), *see id.*[2]

However, in considering a motion to dismiss pursuant to Rule 12(b)(6), "[t]he Court may

only look to the complaint" and "[n]ew facts and allegations, first raised in a plaintiff's

opposition papers, may not be considered." *Galiano v. Fid. Nat. Title Ins. Co.*, 08-CV-4711 TCP

WDW, 2010 WL 9447505, at *3 (E.D.N.Y. Nov. 8, 2010), *aff'd*, 684 F.3d 309 (2d Cir. 2012);

*see also LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136, 148 (E.D.N.Y. 2010) (same).

Plaintiff's new allegations against R.P. Martin do not appear in the Complaint and should not be

considered in connection with R.P. Martin's motion to dismiss.[3]  Because these improper new

allegations constitute Plaintiff's only substantive response to R.P. Martin's Supp. Mem.,

Plaintiff's claims against R.P. Martin should be dismissed.

## II.  EVEN IF THE COURT WERE TO CONSIDER PLAINTIFF'S NEW ALLEGATIONS, THEY ARE INSUFFICIENT TO STATE CLAIMS AGAINST R.P. MARTIN

### A.  The New Broker B Allegations Are Insufficient to State a Claim Against R.P. Martin

Plaintiff's Complaint quotes from various regulatory settlement documents referencing

communications between brokers and traders at Yen LIBOR panel banks, which use

pseudonyms, such as "Broker B," "Brokerage B" and "Derivatives Broker B," to refer to the

brokers in question.  *See, e.g.*, Compl. ¶¶ 28, 189-91, 194-95, 273, 278, 312, 428-33, 672.

Although Plaintiff's Complaint failed to identify any of these unknown "brokers" as R.P. Martin,

Plaintiff's Opposition alleges that he "now believe[s]" that the entities "Broker B," "Brokerage

B," and "Derivatives Broker B" referenced in regulatory settlement documents quoted in the

---

[2]  *See also* Declaration of Vincent Briganti, Esq. [Dkt. No. 227] ("Briganti Decl."), Exs. 1, 4, 5.
[3]  For the reasons stated herein, permitting Plaintiff to amend the Complaint — his third complaint in this action — to add these new allegations would be futile.  Faced with similar circumstances, the court in *LaFlamme* disregarded new allegations raised for the first time in an opposition to a motion to dismiss and dismissed plaintiff's claims without leave to amend, noting that, "even had such allegations been included in the Complaint, they would still be insufficient to state a plausible claim for relief." 702 F. Supp. 2d at 148 n.18, 155 n.21.

Complaint are R.P. Martin.  *See* Opp. at 2, 44.  Even if the Court credits these allegations for purposes of R.P. Martin's motion to dismiss, and it should not, they fail to state a CEA manipulation claim against R.P. Martin for several reasons.

First, Plaintiff does not provide any factual basis for his newfound ability to identify these pseudonyms as R.P. Martin or explain why he failed to do so in the Complaint.[4]  Plaintiff's New Broker B Allegations thus consist of no more than "speculation and conjecture," which "cannot withstand a motion to dismiss."  *Gallop v. Cheney*, 642 F.3d 364, 368-69 (2d Cir. 2011) (internal quotation marks and citation omitted); *see also Scientific Computing Assocs., Inc. v. Warnes*, No. 07-CV-6351, 2011 WL 1327398, at *3 (W.D.N.Y. April 5, 2011) ("The court is also not required to credit conclusory statements unsupported by factual allegations [on a Rule 12(b)(6) motion to dismiss].").[5]

Second, the New Broker B Allegations refer solely to the alleged manipulation of Yen LIBOR, not Euroyen TIBOR or the prices of Plaintiff's Euroyen TIBOR futures contracts.[6]  *See* Compl. ¶¶ 28, 189-91, 194-95, 428-33 (referencing instant messages among brokers, Yen traders, and submitters at Yen LIBOR panel banks).  Plaintiff's allegations regarding the alleged manipulation of Yen LIBOR are irrelevant to Plaintiff's claim for manipulation of the prices of Euroyen TIBOR futures contracts.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2013 WL 4504769, at *7 n.8 (S.D.N.Y. Aug. 23, 2013) ("We have never, and do not, accept the notion that intentionally submitting false LIBOR quotes is tantamount to

---

[4] By contrast, Plaintiff sets forth at least some basis to support his claim to have "reverse engineered" the identities of several panel banks involved in pending regulatory proceedings and referred to by pseudonyms in related documents, *see* Compl. ¶¶ 671-77, although the results of this "reverse engineering" are questionable at best. *See* Joint Antitrust Reply Mem. at 16 (noting "dubious accuracy" of Plaintiff's "reverse engineering").  Plaintiff provides no such facts concerning the basis for the New Broker B Allegations against R.P. Martin.

[5] By purporting to attribute certain of the Complaint's "Broker B" allegations to R.P. Martin, Plaintiff concedes that the Complaint's remaining allegations against unidentified "brokers" do not refer to R.P. Martin and can be disregarded for purposes of R.P. Martin's motion to dismiss.

[6] Plaintiff traded only in Euroyen TIBOR futures contracts, which, by their terms, reference only Euroyen TIBOR — not Yen LIBOR.  *See* Joint CEA Reply Mem. at 9 n.9.

intending to manipulate Eurodollar futures contracts."); *see also* R.P. Martin Supp. Mem. at 10-12; Joint CEA Reply Mem. at 17-20; Joint Antitrust Reply Mem. at 15.

**B.      The New Employee Termination/Suspension Allegations
          Are Insufficient to State a Claim Against R.P. Martin**

Plaintiff's Opposition alleges that, after Plaintiff filed the Complaint, certain R.P. Martin employees in the United Kingdom were fired and others were suspended "in the wake of R.P. Martin's alleged role in the manipulation of Yen-LIBOR."  *See* Opp. at 2, 44, 79.  But these allegations are also inadequate.  First, courts routinely refuse to consider events that occur after a complaint has been filed in assessing motions to dismiss because plaintiffs could not have relied on those events in preparing the complaint.  *See, e.g.*, *Gerard v. Traffic Safety, LLC*, 11 CV 8550VB, 2012 WL 2866255, at *3 (S.D.N.Y. July 2, 2012).  Second, Plaintiff does not connect the New Employee Termination/Suspension Allegations, which are based on vague news reports, to any *actual misconduct* that is relevant to Plaintiff's legal claims against R.P. Martin.  Furthermore, the New Employee Termination/Suspension Allegations refer solely to the alleged manipulation of Yen LIBOR, *see* Opp. at 44 n.36 (alleging that R.P. Martin executives were suspended in connection with R.P. Martin's "alleged role in manipulation of Yen-LIBOR"), and are irrelevant to Plaintiff's claims concerning his Euroyen TIBOR futures contracts.

**C.      The New U.K. Allegations Are Insufficient to
          State a Claim Against R.P. Martin**

Plaintiff's final category of new allegations is based on charges filed by the U.K. SFO against two R.P. Martin brokers on July 15, 2013, after the Complaint was filed.  *See* Opp. at 2, 44, 79.  According to a series of single-sentence charges by the SFO in an exhibit to the Opposition, the two brokers allegedly "conspired together with" other defendants in "seeking to manipulate [Yen LIBOR] and other Interbank Offered Rates . . . by procuring or making the submission of rates by contributing Panel Banks."  Briganti Decl., Ex. 5.  The charges do not

provide any detail regarding the two brokers' alleged conduct, the factual basis for the SFO's charges, the "other Interbank Offered Rates" in question, or any response to the charges by the brokers.  *See id*.  Plaintiff's New U.K. Allegations fail to shore up Plaintiff's deficient claims against R.P. Martin for at least three reasons.

First, it is well-established that the mere existence of pending complaints or government proceedings is "an insufficient substitute for factual allegations" to plead a CEA manipulation claim.  *See, e.g.*, *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677(NRB), 2007 WL 1946553, at *8 (S.D.N.Y. June 28, 2007) (dismissing CEA claims because "[p]laintiffs cannot be permitted to free ride off the press or the complaints of other parties," but instead must prove "that their complaint is backed by specific facts") (internal quotation marks and citation omitted).  Likewise, as Plaintiff concedes in his Opposition, the mere existence of pending government proceedings *alone* is insufficient to plausibly allege antitrust conspiracy without other factual allegations regarding the alleged conspiracy.  *See* Opp. at 10, n.5 (citing, e.g., *Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 106, 115 (S.D.N.Y. 2011)).  Here, Plaintiff simply attaches the charging documents to his Opposition and conclusorily alleges that they "support[] the well-plead allegations of the Complaint."  *Id*. at 44.  Plaintiff's failure to plead *any corroborating factual allegations* as to R.P. Martin beyond allegations from unadjudicated regulatory proceedings is fatal to Plaintiff's claims.[7]

The *Hinds* case cited in Plaintiff's Opposition is instructive.  In *Hinds*, the court examined the persuasive weight of allegations regarding the existence of government investigations, criminal indictments, and guilty pleas in considering a motion to dismiss an antitrust conspiracy claim.  790 F. Supp. 2d at 115.  The *Hinds* court concluded that even

---

[7] Plaintiff's reliance on *In re Air Cargo Shipping Services Antitrust Litigation*, No. 06-MD-1775 (JG) (VVP), 2009 WL 3443405 (E.D.N.Y. Aug. 21, 2009) and *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 323–25 (2d Cir. 2010), *see* Opp. at 10, 82, is therefore misplaced.  *See* Joint Antitrust Reply Mem. at 21 n.22.

evidence of a *guilty plea* — which Plaintiff does not and cannot allege here as to R.P. Martin — "cannot replace entirely a plaintiff's independent proffer of facts which would tend to support the illegal conduct alleged." *Id.* Moreover, the amount of persuasive weight properly accorded to a criminal indictment was *less than* that of a guilty plea. *Id. At best*, the SFO charges here are similar in substance to a criminal indictment, and Plaintiff's citation to the charges does not relieve his burden to allege independent facts supporting his claims. Because Plaintiff fails to allege such facts, his New U.K. Allegations fail to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Second, even if Plaintiff could rely solely on the SFO charges, those charges lack specific facts on which to plausibly base a claim for CEA manipulation or antitrust conspiracy against R.P. Martin. In order to satisfy Plaintiff's burden under the CEA, Plaintiff must "specify what manipulative acts were performed [and] which defendants performed them," *In re Crude Oil*, 2007 WL 1946553, at *6 (internal quotation marks and citation omitted). To state an antitrust conspiracy claim, Plaintiff must allege "enough factual matter . . . to suggest that an agreement was made" and plead sufficient facts to give each defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555-56 (citation omitted). Nothing in the various one-sentence SFO charges satisfies Plaintiff's burden for either claim.

Finally, the New U.K. Allegations do not support Plaintiff's claims against R.P. Martin because they relate solely to Yen LIBOR or other unidentified rates. Courts in this Circuit have rejected factual allegations taken from pending government proceedings where there is *little or no connection* between those proceedings and the specific misconduct alleged in the complaint. *See, e.g.*, *LaFlamme*, 702 F. Supp. 2d at 154 (finding no basis to infer that unrelated "investigations or proceedings involving other products . . . implicate defendants in the

conspiracy plaintiffs allege here"); *In re Crude Oil*, 2007 WL 1946553, at *8 ("the other

complaints and governmental investigations relied upon by plaintiffs are unrelated to defendants'

position in the crude oil market, and thus cannot be seen as sufficient facts upon which one could

strongly infer manipulative intent or conduct").  Absent evidence of a linkage to the specific

misconduct alleged in the complaint, allegations borrowed from an unadjudicated foreign

proceeding "do not allow the court to infer any 'more than the mere possibility of misconduct,'"

and dismissal is required.  *LaFlamme*, 702 F. Supp. 2d at 154 (citations omitted); *see also*

*Twombly*, 550 U.S. at 570.  Nothing in the New U.K. Allegations regarding the alleged

manipulation of Yen LIBOR and "other" rates specifically relates to Plaintiff's *Euroyen TIBOR*

manipulation claims, and these allegations are insufficient to state claims against R.P. Martin.

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in the R.P. Martin Supp. Mem. and

defendants' joint memoranda, the Complaint should be dismissed against R.P. Martin.

DATED:  September 27, 2013          By:  /s/ Sean C. Knowles
Seattle, Washington
                                   Sean C. Knowles (admitted *pro hac vice*)
                                   Karen B. Bloom (admitted *pro hac vice*)
                                   PERKINS COIE LLP
                                   1201 Third Avenue, Suite 4900
                                   Seattle, WA  98101-3099
                                   Tel.:  206.359.8000
                                   Fax:  206.359.9000
                                   sknowles@perkinscoie.com
                                   kbloom@perkinscoie.com

                                   Keith W. Miller
                                   PERKINS COIE LLP
                                   30 Rockefeller Center, 22nd Floor
                                   New York, NY 10112-0085
                                   Tel.:  (212) 262-6900
                                   Fax:  (212) 977-1641
                                   keithmiller@perkinscoie.com

                                   *Attorneys for Defendant R.P. Martin*
                                   *Holdings Limited*