# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY LAYDON, on behalf of himself and all
others similarly situated,

               Plaintiff,

       v.

MIZUHO BANK, LTD., THE BANK OF TOKYO-
MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST
AND BANKING CO., LTD., THE NORINCHUKIN
BANK, MITSUBISHI UFJ TRUST AND BANKING
CORPORATION, SUMITOMO MITSUI BANKING
CORPORATION, RESONA BANK, LTD., J.P.
MORGAN CHASE & CO., J.P. MORGAN CHASE
BANK, NATIONAL ASSOCIATION, J.P. MORGAN
SECURITIES PLC, MIZUHO CORPORATE BANK,
LTD., CHUO MITSUI TRUST & BANKING CO.
LTD., DEUTSCHE BANK AG, MIZUHO TRUST
AND BANKING CO., LTD., THE SHOKO CHUKIN
BANK, LTD., SHINKIN CENTRAL BANK, UBS AG,
UBS SECURITIES JAPAN LTD., THE BANK OF
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE
ROYAL BANK OF SCOTLAND GROUP PLC,
ROYAL BANK OF SCOTLAND PLC, BARCLAYS
BANK PLC, CITIBANK, NA, CITIGROUP, INC.,
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL
MARKETS JAPAN, INC., COOPERATIEVE
CENTRALE RAIFFEISEN-BOERENLEENBANK
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC,:
ICAP PLC, R.P. MARTIN HOLDINGS LIMITED
AND JOHN DOE NOS. 1-50,

                          Defendants.

Case No. 12-cv-3419 (GBD)

ECF Case

**ORAL ARGUMENT
REQUESTED**

---

## SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF
## MOTION TO DISMISS ON BEHALF OF LIBOR-ONLY BANKS

Defendants Société Générale, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., Barclays Bank PLC, HSBC Holdings plc, and HSBC Bank plc (the "LIBOR-Only Banks") respectfully submit this supplemental reply memorandum in further support of their motion to dismiss with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all claims asserted against them in Plaintiff's Second Amended Class Action Complaint.[1]

## REPLY ARGUMENT

Plaintiff's Opposition fails to cure the fundamental defect in his complaint with regard to the LIBOR-Only Banks—the absence of a connection between the setting of Yen LIBOR and the pricing or settling of futures contracts indexed to Euroyen TIBOR. Instead, Plaintiff doubles down on the self-defeating allegation that Yen LIBOR was "delinked" from Euroyen TIBOR during the Class Period. Because he has not alleged (and cannot allege) a plausible causal link between the LIBOR-Only Banks' alleged conduct and his purported losses, Plaintiff's claims against the LIBOR-Only Banks should be dismissed with prejudice.

First, Plaintiff does not assert (nor has he alleged) that he was a counterparty to any transaction involving any of the LIBOR-Only Banks or that he otherwise had the type of "direct relationship" with the LIBOR-Only Banks necessary to support his unjust enrichment claim against them. Neither Plaintiff's general allegation that subsidiaries or affiliates of certain of the LIBOR-Only Banks are clearing members of the CME (SAC ¶ 130),[2] nor his assertion that use of a clearing member is the only manner in which he could access the exchange (Opp. at 85),

---

[1] The LIBOR-Only Banks join and adopt the arguments set forth in the Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Commodity Exchange Act Claims ("Defendants' CEA Reply") and Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Antitrust and Unjust Enrichment Claims ("Defendants' Antitrust/Unjust Enrichment Reply"), unless otherwise specified in Defendants' individual supplemental reply memoranda.

[2] The CME is the only exchange on which Plaintiff alleges he bought or sold Euroyen TIBOR futures contracts. SAC ¶ 56. Plaintiff's vague references to positions purportedly taken by other supposed class members on different exchanges cannot rescue his claims. *See, e.g., In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 255 (S.D.N.Y. 2003) ("It is axiomatic that a putative class representative must be able to individually state a claim against defendants, even though he or she purports to act on behalf of a class.").

establishes any connection between *this* Plaintiff and *these* Defendants.[3]   Plaintiff nowhere

alleges that any of the LIBOR-Only Banks cleared *his* trades on the CME.   Plaintiff cannot

salvage his claim against the LIBOR-Only Banks by referencing language in certain banks'

regulatory settlements suggesting that their conduct was "to the detriment of counterparties"

(Opp. at 86) because he has not alleged that he was a counterparty to any of those banks.[4]

Second, similarly, Plaintiff does not refute the LIBOR-Only Banks' showing that he has

failed to allege that any supposed Yen LIBOR manipulation was a "direct cause" of his

purported injury, as required for his Sherman Act claim.  Plaintiff's conclusory assertion that "as

a Euroyen TIBOR futures trader" he was a "target" of "Defendants'" alleged attempts to "extract

unlawful profits from the Euroyen derivatives market" (Opp. at 62-63), like his SAC, is

completely lacking in facts as to the LIBOR-Only Banks.  Plaintiff does not even claim to have

alleged that he was a counterparty or customer of the LIBOR-Only Banks.[5]

What he has alleged is that during the Class Period, Yen LIBOR and Euroyen TIBOR

were **"delinked"** and did ***not*** move in tandem—an allegation that renders implausible any

allegations of a causal link between the LIBOR-Only Banks' contributions to the setting of Yen

LIBOR and Plaintiff's alleged losses on TIBOR-indexed futures contracts.

Third, Plaintiff also does not rebut the showing that he has failed to satisfy the CEA's

causation requirement with regard to the LIBOR-Only Banks.  Plaintiff's assertion that the two

benchmarks are supposedly used "interchangeably" for certain purposes is unavailing, because

Plaintiff alleges that ***his*** positions were priced and settled using Euroyen TIBOR (Opp. at 48;

---

[3] *See* Defendants' Antitrust/Unjust Enrichment Reply at 23-24.

[4]  Contrary to Plaintiff's mischaracterization, none of the regulatory settlements states that "other market participants" than direct counterparties suffered the "detriment" that Plaintiff alleges.  In any event, the language Plaintiff cites to suggest that certain Defendants were motivated to benefit their derivatives positions is irrelevant with respect to the LIBOR-Only Banks because Plaintiff has not adequately alleged that any purported conduct related to Yen LIBOR had an effect or was specifically intended to have an effect on Euroyen TIBOR or Euroyen TIBOR futures prices.

[5] *See* Defendants' Antitrust/Unjust Enrichment Reply at 4-7.

SAC ¶ 102), *not* Yen LIBOR.[6]   In any event, Plaintiff's assertion of "interchangeability" for other purposes is directly refuted for the purposes relevant here, by his admission that those benchmarks were **"delinked"** and did *not* move in tandem during the Class Period.

Plaintiff's "price discovery" assertion—that the prior day's Yen LIBOR fixing is one factor considered by banks that contribute to the setting of Euroyen TIBOR—is equally unavailing.[7]   The LIBOR-Only Banks are not alleged to have contributed to the setting of Euroyen TIBOR.  Yet again, Plaintiff's own allegation that the two benchmarks were "delinked" during the Class Period undermines his indirect theory that Yen LIBOR somehow "impacted" Euroyen TIBOR.  Further, Plaintiff has not identified a single communication or other instance during the Class Period in which any of the LIBOR-Only Banks discussed Euroyen TIBOR with a bank that contributed to that benchmark.[8]

In sum, Plaintiff has not alleged any causal link between the LIBOR-Only Banks and the pricing or settling of the futures contracts tied to Euroyen TIBOR in which he allegedly dealt.

## CONCLUSION

For these reasons, those stated in the moving brief, and in the common briefing, the LIBOR-Only Banks request that all of Plaintiff's claims against them be dismissed with prejudice.

---

[6] *See* Defendants' CEA Reply at 9-10.
[7] *See* Defendants' CEA Reply at 10-14.
[8] In his opposition, Plaintiff references supposed admissions contained in other banks' settlements and supposed examples in which "Defendants" purportedly discussed "moving Yen-LIBOR and Euroyen TIBOR rates together" (Opp. at 50-51; SAC ¶¶ 252, 285-97).  None of the LIBOR-Only Banks was alleged to have been a participant in those communications.  In addition, Plaintiff's suggestion that other "Defendants" had to discuss trying to move *both* Yen LIBOR and Euroyen TIBOR in tandem, only further demonstrates that those benchmarks were not effectively one and the same as Plaintiff posits.

Dated:  September 27, 2013

/s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

***Attorneys for Defendant Société Générale***


/s/ David R. Gelfand
David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY & McCLOY
LLP
One Chase Manhattan Plaza
New York, New York 10005
dgelfand@milbank.com
smurphy@milbank.com
Telephone: (212) 530-5000

***Attorneys for Defendant Coöperatieve
Centrale Raiffeisen-Boerenleenbank B.A.***


/s/ Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, New York 10022
Tel.:  (212) 446-2300
Fax:  (212) 446-2350
jschiller@bsfllp.com
lnathanson@bsfllp.com

4

/s/ Yvonne S. Quinn
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.:  (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

**Attorneys for Defendant Barclays Bank PLC**


/s/ Edwin R. DeYoung
Edwin R. DeYoung
Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Tel.: (214) 740-8000
Fax: (214) 740-8800
edeyoung@lockelord.com
rcowie@lockelord.com

Gregory T. Casamento
Three World Financial Center
New York, New York  10281-2101
Tel.: (212) 415-8600
Fax: (212) 303-2754
gcasamento@lockelord.com

**Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc**

5