IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      - against -<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOE NOS. 1-50,<br><br>      Defendants. | Docket No. 12-cv-3419 (GBD) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully submits the decision by the Honorable Andrew L. Carter, Jr. in *In re Term Commodities Cotton Futures Litig.*, 12-civ-5126, (ALC) (KNF), slip op. (S.D.N.Y. Dec. 20, 2013) ("*Cotton Futures*") (annexed hereto) in further support of his Opposition to Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. Nos. 226, 245). In *Cotton Futures*, Judge Carter denied defendants' motion to dismiss plaintiffs' Commodity Exchange Act ("CEA") claims and rejected several arguments advanced by Defendants here in support of their motions to dismiss Plaintiff's CEA claims.

For example, the defendants in *Cotton Futures* argued that a "strong inference of *scienter*" is required to adequately plead CEA manipulative intent. *Compare Cotton Futures*, Def.'s Br. Mot. Dismiss (Dkt. No. 26), at 2, 14-15 *with Def. CEA Br.* (Dkt. No. 205), at 22. Judge Carter instead relied on *Indiana Farm Bureau* in determining that CEA manipulative intent may be inferred from the "conduct of the accused" which has caused a price not reflective of legitimate forces of supply and demand. *Cotton Futures*, at 28 (quoting *In the Matter of Indiana Farm Bureau Coop. Ass'n, Inc.*, 1982 WL 30249, at *7 (C.F.T.C. Dec. 17, 1982)).

Applying *Indiana Farm Bureau*, Judge Carter determined that plaintiffs had adequately pled CEA manipulative intent. *Id.* at 28-29. In so ruling, Judge Carter distinguished instances of seemingly rational market behavior, namely traders "holding out for high prices" from instances where "unreasonably high prices" were the result of illegitimate acts by the traders themselves. *Id.* at 28. Further, Judge Carter determined that "defendants need not have caused the market congestion but could still manipulate prices if they knew of the congested market conditions and intentionally exploited them." *Id.* at 27. Such reasoning is equally applicable here. *See, e.g., Pl. Sur-Reply Mem.* (Dkt. No. 245) at 9 ("Plaintiff does not allege a legitimate profit motive from holding large futures positions in the hopes that they will gain value through traditional market gyrations. Rather, he alleges motive to manipulate through Defendants' acts of false reporting that created the very price gyrations themselves (and thereby preordaining the market movements)."); *id.* at 32 ("[d]efendants actively traded Euroyen TIBOR futures contracts

and other Euroyen based derivatives at times when they knew the prices were being distorted, thereby furthering Defendants' manipulation of Euroyen TIBOR futures contract prices . . . .").

Lastly, Judge Carter appropriately refused to resolve at the motion to dismiss stage defendants' competing inferences to plaintiffs' portrayal of defendants' ability to influence prices (*id*. at 26), the existence of artificial prices (*id*. at 31), and the effect of defendants' conduct on prices (*id*. at 33).

| | |
|---|---|
| Dated: White Plains, New York<br>January 29, 2014 | LOWEY DANNENBERG COHEN<br>& HART, P.C.<br><br>By: /s/ Vincent Briganti<br>Vincent Briganti<br>Geoffrey M. Horn<br>Peter D. St. Phillip<br>Raymond Girnys<br>One North Broadway<br>White Plains, New York 10601<br>Tel.: 914-997-0500<br>Fax: 914-997-0035<br><br>*Interim Lead Class Counsel* |

## CERTIFICATE OF SERVICE

      I, Vincent Briganti, hereby certify that, on the 29th day of January, 2014, I caused Plaintiff's Notice of Supplemental Authority to be electronically filed with the Clerk of this Court using the Court's ECF system, which will automatically serve a copy of same upon all attorneys of record.

Dated: January 29, 2014.

                                                      /s/ Vincent Briganti