UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JEFFREY LAYDON, on behalf of himself and all     :
others similarly situated,                                            :
                                                                                 :
                                                                                 :
                                  Plaintiff,                                 :
                                                                                 :   Case No: 12-cv-3419 (GBD)
                      v.                                                      :
                                                                                 :
MIZUHO BANK, LTD., THE BANK OF TOKYO-       :
MITSUBISHI UFJ, LTD, THE SUMITOMO           :
TRUST AND BANKING CO., LTD., THE            :
NORINCHUKIN BANK, MITSUBISHI UFJ            :
TRUST AND BANKING CORPORATION,              :
SUMITOMO MITSUI BANKING                     :
CORPORATION, RESONA BANK, LTD., J.P.        :
MORGAN CHASE & CO., J.P. MORGAN CHASE       :
BANK, NATIONAL ASSOCIATION, J.P.            :
MORGAN SECURITIES PLC, MIZUHO               :
CORPORATE BANK, LTD., DEUTSCHE BANK         :
AG, MIZUHO TRUST AND BANKING CO.,           :
LTD., THE SHOKO CHUKIN BANK, LTD.,          :
SHINKIN CENTRAL BANK, UBS AG, UBS           :
SECURITIES JAPAN CO. LTD., THE BANK OF      :
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA,        :
THE ROYAL BANK OF SCOTLAND GROUP,           :
PLC, ROYAL BANK OF SCOTLAND PLC, RBS        :
SECURITIES JAPAN LIMITED, BARCLAYS          :
BANK PLC, CITIBANK, NA, CITIGROUP, INC.,    :
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL      :
MARKETS JAPAN, INC., COÖPERATIEVE           :
CENTRALE RAIFFEISEN-BOERENLEENBANK          :
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC,     :
ICAP PLC, R.P. MARTIN HOLDINGS              :
LIMITED AND JOHN DOES NOS. 1-50,            :
                                                                                 :
                                  Defendants.                           :
------------------------------------------------------------------x

**DEFENDANTS' RESPONSE TO
<u>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants respectfully submit this response to Plaintiff Jeffrey Laydon's January 29, 2014 Notice of Supplemental Authority.  (Dkt. 257.)  Plaintiff argues that *In re Term Commodities Cotton Futures Litigation* ("*Cotton Futures*"), No. 12 Civ. 5126, slip op. (S.D.N.Y. Dec. 20, 2013), undermines "several arguments advanced by Defendants" in support of their motion to dismiss Plaintiff's CEA claim.  (Dkt. 257 at 1.)  But Plaintiff identifies only **one** argument that is allegedly undermined—that Plaintiff has failed to allege the requisite scienter.  As explained below, *Cotton Futures* in no way undermines Defendants' scienter argument.  To adequately plead scienter, Plaintiff must plead with particularity that Defendants "specifically intended to impact the [relevant] futures market," in this case the Euroyen TIBOR futures market.  *See Hershey v. Energy Transfer Partners L.P.*, 610 F.3d 239, 249 (5th Cir. 2010).

First, *Cotton Futures* is of limited relevance because that decision was based on the Rule 8(a) pleading standard, not the heightened Rule 9(b) standard that applies here.  Consistent with the authorities cited in Defendants' briefing (Dkt. 205 at 7-8; Dkt. 233 at 6-8), *Cotton Futures* explained that Rule 9(b) applies to CEA cases "where the allegations involve disseminating false or misleading information in the market."  *Cotton Futures* at 17-18 (citing *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677, 2007 WL 1946553, at *4-5 (S.D.N.Y. June 28, 2007) (Buchwald, J.)).  Rule 9(b) did not apply in *Cotton Futures* because there were "no allegations that Defendants provided false or misleading information" and the plaintiffs' claim was "based solely on Defendants' market behavior."  *Cotton Futures* at 18.  Here, as Judge Buchwald has already held in the USD LIBOR MDL, Plaintiff's allegations sound in fraud and must be analyzed under Rule 9(b).  (Dkt. 205 at 8.)  Accordingly, the *Cotton Futures* plaintiffs' ability to plead scienter under Rule 8(a) has no bearing on whether Plaintiff can plead scienter under the more rigorous standard applicable here.

Second, even under Rule 8(a)'s lower pleading standard, the *Cotton Futures* plaintiffs' scienter allegations, unlike those presented here, detailed the actions defendants took against their own economic interest that directly impacted the cotton futures market. Plaintiff stresses that scienter may "be inferred from the 'conduct of the accused' which has caused a price not reflective of legitimate forces of supply and demand." (Dkt. 257 at 2 (citing *Cotton Futures* at 28).) However, Plaintiff has failed to allege any details regarding Defendants' conduct that could give rise to a plausible inference of specific intent to impact Euroyen TIBOR futures contracts.

The plaintiffs in *Cotton Futures* made meticulously detailed allegations regarding otherwise economically irrational actions that defendants allegedly took to inflate the price of cotton futures. *See Cotton Futures* at 6-13. While allegedly holding dominant long positions in the cotton futures market, defendants allegedly overpaid to purchase cotton (including rejecting offers of higher quality, lower priced cotton), demanded actual delivery of cotton instead of cash settlement for the contracts (an extreme rarity in futures markets) to create "artificial demand" for deliverable cotton, and then "worsened existing congestion in the futures market by adding to their dominant long positions" close to the settlement date of the relevant contracts. *Cotton Futures* at 14-15, 23-24. This "squeeze" forced the plaintiffs to overpay on their cotton futures contracts or risk defaulting for their inability to make physical delivery. *Id.* at 14-15, 24. Based on this extraordinary course of conduct, the court concluded that it could be "reasonably inferred" that defendants had "knowingly and actively" disrupted the relevant market. *Id.* at 29.

Here, in contrast, Plaintiff makes only conclusory allegations, without any supporting facts, that the Bank Defendants traded in the Euroyen TIBOR futures market and that Defendants "knew" that Yen LIBOR would impact the prices of Euroyen TIBOR futures contracts. SAC

¶¶ 5, 136-37.  Plaintiff does not allege the type of complex trading manipulation alleged in *Cotton Futures*, nor does he offer supporting facts for the allegation that Defendants specifically intended to cause artificial prices in the Euroyen TIBOR futures market.  (Dkt. 205 at 21-27.)

Third, Plaintiff argues that the *Cotton Futures* court found it categorically improper to resolve, on a motion to dismiss, competing inferences regarding a defendant's ability to influence prices, the existence of artificial prices, and the effect of the alleged conduct on prices. (Dkt. 257 at 2.)  That is not true.  The *Cotton Futures* court, only after determining that **both parties** had advanced plausible explanations for the behavior of cotton futures prices during the relevant period, declined to determine which was *more* plausible at the pleading stage.  *Cotton Futures* at 31.  This Court, however, is not faced with two plausible alternatives because, for all the reasons set forth in Defendants' prior briefing, Plaintiff, whose factual allegations almost entirely concern Yen LIBOR, has not offered any explanation of how Defendants' purported conduct proximately caused Euroyen TIBOR futures prices to be artificial.  (Dkt. 205 at 12-21.)

Finally, *Cotton Futures* confirms that Plaintiff's unjust enrichment claim must be dismissed.  The *Cotton Futures* court held that such a claim could not survive where, as here, (a) plaintiffs' claims were premised on valid futures contracts and (b) their only alleged connection to defendants was that both parties traded in the futures market during the same period.  *Cotton Futures* at 46-47.  Plaintiff's purported relationship with Defendants is even more attenuated here, where Plaintiff alleges no direct dealing between the parties and Defendants are not alleged to have engaged in any manipulative conduct in the futures market itself.  (Dkt. 206 at 55-56.)

For these reasons, *Cotton Futures* does not alter the analysis set forth in Defendants' prior briefing, and Plaintiff's Second Amended Complaint should be dismissed.

Dated: February 7, 2014
New York, New York

Respectfully submitted,

| | |
|---|---|
| /s/ Daryl A. Libow | /s/ Jonathan D. Schiller |
| Daryl A. Libow<br>Christopher M. Viapiano<br>SULLIVAN & CROMWELL LLP<br>1701 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Tel.: (202) 956-7500<br>Fax: (202) 956-7056<br>libowd@sullcrom.com<br>viapianoc@sullcrom.com | Jonathan D. Schiller<br>Leigh M. Nathanson<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Ave., 7th Floor<br>New York, New York 10022<br>Tel.: (212) 446-2300<br>Fax: (212) 446-2350<br>jschiller@bsfllp.com<br>lnathanson@bsfllp.com |
| *Attorneys for Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation* | |
| | /s/ Yvonne S. Quinn |
| | David H. Braff<br>Yvonne S. Quinn<br>Jeffrey T. Scott<br>Matthew J. Porpora<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>Tel.: (212) 558-4000<br>braffd@sullcrom.com<br>quinny@sullcrom.com<br>scottj@sullcrom.com<br>porporam@sullcrom.com |
| /s/ Gary W. Kubek | |
| Gary W. Kubek<br>Jeffrey S. Jacobson<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>Tel.: (212) 909-6000<br>Fax: (212) 909-6836<br>gwkubek@debevoise.com<br>jsjacobson@debevoise.com | |
| | *Attorneys for Defendant Barclays Bank PLC* |
| *Attorneys for Defendant*<br>*The Bank of Yokohama, Ltd.* | |

4

/s/ Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Tel.: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Tel.: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants Citibank, N.A. and Citigroup Inc.*

/s/ David R. Gelfand
David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY &
McCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
dgelfand@milbank.com
smurphy@milbank.com
Tel.: (212) 530-5000

*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.*

/s/ Moses Silverman
Moses Silverman
Andrew C. Finch
Ankush Khardori
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
msilverman@paulweiss.com
afinch@paulweiss.com
akhardori@paulweiss.com
Tel.: (212) 373-3355

*Attorneys for Defendant Deutsche Bank AG*

5

| | |
|---|---|
| /s/ Edwin R. DeYoung | /s/ Thomas C. Rice |
| Edwin R. DeYoung<br>Roger B. Cowie<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas  75201-6776<br>Tel.: (214) 740-8000<br>Fax: (214) 740-8800<br>edeyoung@lockelord.com<br>rcowie@lockelord.com<br><br>Gregory T. Casamento<br>Three World Financial Center<br>New York, New York 10281-2101<br>Tel.: (212) 415-8600<br>Fax: (212) 303-2754<br>gcasamento@lockelord.com<br><br>*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc* | Thomas C. Rice<br>Paul C. Gluckow<br>Omari L. Mason<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel.: (212) 455-2000<br>Fax: (212) 455-2502<br>trice@stblaw.com<br>pgluckow@stblaw.com<br>omason@stblaw.com<br><br>*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities plc* |
| /s/ Brian S. Fraser | /s/ Jerome S. Fortinsky |
| Brian S. Fraser<br>Shari A. Brandt<br>H. Rowan Gaither<br>Katherine Kern Harrington<br>RICHARDS KIBBE & ORBE LLP<br>One World Financial Center<br>New York, NY  10281-1003<br>Tel.: 212.530.1800<br>Fax: 212.530.1801<br>bfraser@rkollp.com<br>sbrandt@rkollp.com<br>rgaither@rkollp.com<br>kharrington@rkollp.com<br><br>*Attorneys for Defendant ICAP plc* | Jerome S. Fortinsky<br>John A. Nathanson<br>Jeffrey J. Resetarits<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY  10022<br>Tel.: 212-848-4000<br>Fax: 212-848-7179<br>jfortinsky@shearman.com<br>john.nathanson@shearman.com<br>jeffrey.resetarits@shearman.com<br><br>*Attorneys for Defendants Mizuho Corporate Bank, Ltd., Mizuho Bank, Ltd. and Mizuho Trust & Banking Co., Ltd.* |

| | |
|---|---|
| /s/ Andrew W. Stern<br>Alan M. Unger<br>Andrew W. Stern<br>Nicholas P. Crowell<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Tel.: (212) 839-5300<br>Fax: (212) 839-5599<br>aunger@sidley.com<br>astern@sidley.com<br>ncrowell@sidley.com<br><br>*Attorneys for The Norinchukin Bank* | /s/ Keith W. Miller<br>Keith W. Miller<br>PERKINS COIE LLP<br>30 Rockefeller Center, 22nd Floor<br>New York, NY 10112-0085<br>Tel.: (212) 262-6900<br>Fax: (212) 977-1641<br>keithmiller@perkinscoie.com<br><br>Sean C. Knowles (admitted *pro hac vice*)<br>Karen B. Bloom (admitted *pro hac vice*)<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Tel.: (206) 359-8000<br>Fax: (206) 359-9000<br>sknowles@perkinscoie.com<br>kbloom@perkinscoie.com<br><br>*Attorneys for Defendant R.P. Martin Holdings Limited* |
| /s/ Paul B. Hewitt<br>Paul B. Hewitt<br>C. Fairley Spillman<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Tel.: (202) 887-4120<br>Fax: (202) 887-4288<br>phewitt@akingump.com<br>fspillman@akingump.com<br><br>Michael Asaro<br>One Bryant Park<br>New York, NY 10036-6745<br>Tel.: (212) 872.8100<br>Fax: (212) 872-1002<br>masaro@akingump.com<br><br>*Attorneys for Defendant Resona Bank, Ltd.* | /s/ Frederick A. Brodie<br>Frederick A. Brodie<br>Tameka M. Beckford-Young<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1540 Broadway<br>New York, New York 10036-4039<br>Tel.: (212) 858-1000<br>Fax: (212) 858-1500<br>fab@pillsburylaw.com<br>tameka.beckfordyoung@pillsburylaw.com<br><br>*Attorneys for Defendant Shinkin Central Bank* |

7

/s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel.: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

/s/ Jon Roellke
Jon R. Roellke
Michael Lloyd Spafford
Bingham McCutchen LLP
2020 K Street, NW
Washington, D.C. 20006-1806
Tel.: (202) 373-6000
Fax: (202) 373-6001
jon.roellke@bingham.com
michael.spafford@bingham.com

*Attorneys for Defendant Sumitomo Mitsui Banking Corporation*

/s/ Robert C. Mason
Robert C. Mason
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY   10022
Tel.: (212) 715-1088
Fax:  (212) 715-1399
robert.mason@aporter.com

James W. Thomas, Jr. *(admitted pro hac vice)*
Ingrid A. Epperly *(admitted pro hac vice)*
555 Twelfth Street, NW
Washington, DC   20004
Tel.: (202) 942-5000
Fax:  (202) 942-5999
james.thomas@aporter.com
ingrid.epperly@aporter.com

*Attorneys for Defendant*
*The Shoko Chukin Bank, Ltd.*

/s/ Dale C. Christensen, Jr.
Dale C. Christensen, Jr.
Michael B. Weitman
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Tel.: (212) 574-1200
Fax: (212) 480-8421
Christensen@sewkis.com
Weitman@sewkis.com

*Attorneys for Defendant*
*Sumitomo Mitsui Trust Bank, Ltd.*