UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 12-cv-3419 (GBD) |
| : | |
| MIZUHO BANK, LTD., THE BANK OF TOKYO- : | ECF Case |
| MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST : | |
| AND BANKING CO., LTD., THE NORINCHUKIN : | |
| BANK, MITSUBISHI UFJ TRUST AND BANKING : | |
| CORPORATION, SUMITOMO MITSUI BANKING : | |
| CORPORATION, RESONA BANK, LTD., J.P. : | |
| MORGAN CHASE & CO., J.P. MORGAN CHASE : | |
| BANK, NATIONAL ASSOCIATION, J.P. MORGAN : | |
| SECURITIES PLC, MIZUHO CORPORATE BANK, : | |
| LTD., CHUO MITSUI TRUST & BANKING CO. : | |
| LTD., DEUTSCHE BANK AG, MIZUHO TRUST : | |
| AND BANKING CO., LTD., THE SHOKO CHUKIN : | |
| BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, : | |
| UBS SECURITIES JAPAN LTD., THE BANK OF : | |
| YOKOHAMA, LTD., SOCIETE GENERALE SA, THE : | |
| ROYAL BANK OF SCOTLAND GROUP PLC, : | |
| ROYAL BANK OF SCOTLAND PLC, BARCLAYS : | |
| BANK PLC, CITIBANK, NA, CITIGROUP, INC., : | |
| CITIBANK, JAPAN LTD., CITIGROUP GLOBAL : | |
| MARKETS JAPAN, INC., COOPERATIEVE : | |
| CENTRALE RAIFFEISEN-BOERENLEENBANK : | |
| B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, : | |
| ICAP PLC, R.P. MARTIN HOLDINGS LIMITED : | |
| AND JOHN DOE NOS. 1-50, : | |
| Defendants. : | |

_____

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION OF
<u>THE COURT'S MARCH 28, 2014 MEMORANDUM DECISION AND ORDER</u>**

Defendants[1] respectfully submit this reply memorandum of law in further support of their Motion for Reconsideration of the portion of the Court's March 28 Order denying Defendants' Motion to Dismiss Plaintiff's CEA claims for manipulation and aiding and abetting manipulation based on failure to adequately plead actual damages.

## ARGUMENT

Plaintiff does not dispute that under the controlling statute, Section 22 of the CEA, 7 U.S.C. § 25(a), he must plausibly allege that he suffered "actual damages" proximately caused by Defendants' alleged conduct in order to demonstrate his standing to proceed with his private action under the CEA. In holding that Plaintiff adequately alleged claims under the CEA, the Court did not address this controlling statutory standing requirement. A motion for reconsideration should be granted in situations like this where the Court has yet to address (i) an essential element of a plaintiff's claim (here, the "actual damages" element) or (ii) controlling authority (here, the CEA itself). *Hedgeco, LLC v. Schneider*, No. 08 Civ. 494 (SHS), 2009 WL 1309782, at *3 (S.D.N.Y. May 7, 2009). None of the arguments in Plaintiff's Opposition provides a basis to deny reconsideration, and Defendants' motion should be granted.

## I. CONTROLLING AUTHORITY—THE CEA—REQUIRES PLAINTIFF TO PLEAD ACTUAL DAMAGES

Plaintiff contends that reconsideration should be denied because Judge Buchwald's decision in *In re LIBOR-Based Financial Instruments Antitrust Litigation ("LIBOR II")*, 962 F. Supp. 2d 606 (S.D.N.Y. 2013), which is just one of the authorities Defendants cite as grounds for dismissal, is not binding precedent on this Court. *See* Opp. at 4. Although it is instructive authority that is consistent with the statute and every other decision that has addressed this issue,

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in Defendants' Memorandum of Law in Support of Defendants' Motion for Reconsideration of the Court's March 28, 2014 Memorandum Decision and Order (Dkt. No. 280) ("Actual Injury Brief").

Defendants have never asserted that *LIBOR II* is controlling authority. As the Actual Injury Brief makes clear, the controlling authority which has been overlooked in the March 28 Order is Section 22 of the CEA itself. Section 22 requires that private plaintiffs plausibly allege that defendants' conduct proximately caused them to suffer ***actual damages*** (*i.e.*, net loss) in order to have standing to bring CEA claims. 7 U.S.C. § 25(a). In moving to dismiss Plaintiff's CEA claims, Defendants cited several decisions that held, consistent with the statute, that actual damages caused by a defendant's alleged CEA violation are required for a private plaintiff to bring a CEA claim. *See* Actual Injury Brief at 3 n.4. No court has held otherwise. Thus, Plaintiff's arguments that none of the cases cited in the Actual Injury Brief were "unavailable . . . when [Defendants] argued their motions to dismiss the Complaint" (Opp. at 3) and that *LIBOR II* is "a non-precedential case" (Opp. at 4) are inapposite and avoid the point that Plaintiff has failed to plausibly allege Defendants' conduct caused him actual damages.

## II.   THE COURT'S RULING DOES NOT ADDRESS THE ACTUAL DAMAGES REQUIREMENT OF THE CEA

Contrary to Plaintiff's characterization, the Court in the March 28 Order did not merely decline to "engage in a prolix discussion" (Opp. at 5) of the CEA's actual damages pleading requirement. Rather, the March 28 Order does not discuss at all whether the Complaint adequately alleged actual damages—which Plaintiff does not dispute is an essential, statutory element of his CEA claim.[2] Plaintiff argues that the fact that the March 28 Order is silent on

---

[2]    Thus, the cases Plaintiff cites are readily distinguishable. *See* Opp. at 5 (citing *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518 (S.D.N.Y. 2003), and *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277 (S.D.N.Y. 2013)). Specifically, in *Ferrand*, the court denied a motion for reconsideration in which the party took issue with legal analyses that court had explicitly performed in deciding the underlying summary judgment motion. 292 F. Supp. 2d at 523-24. Unlike in *Ferrand*, Defendants here do not take issue with any analysis that the Court expressly performed on the actual damages element of a CEA claim; rather they point out that the March 28 Order did *not* undertake a necessary analysis—whether Plaintiff pleaded actual damages. In *Kinross*, defendants similarly sought reconsideration of issues that the court had expressly addressed in its underlying decision and also raised arguments for the first time in their motion for reconsideration. 957 F. Supp. 2d at 312-15. Neither situation applies to Defendants' motion for reconsideration.

actual damages is somehow cured because the Court questioned Plaintiff's counsel at oral argument about the basic details of Plaintiff's futures transactions.  Opp. at 5-6.  That is irrelevant.  One must look to the order itself to determine whether an essential element has been addressed and, regardless of the purpose of the Court's questions, the March 28 Order is silent on the essential element of actual damages.  *See, e.g.*, *Barbaro v. U.S. ex rel. Fed. Bureau of Prisons*, No. 05 Civ. 6998 (DLC), 2006 WL 3161647, at *1 (S.D.N.Y. Oct. 30, 2006) (granting defendant's motion for reconsideration and dismissing plaintiff's claim where defendant identified controlling authority "raised in the briefs on the original motion that the Court did not address in the Opinion").  In any event, the Court itself stated that its purpose in asking questions about the "futures market transactions" was merely to provide the Court with "context" for Plaintiff's claims.  Mar. 5, 2014 Mot. Hr'g Tr. at 106:3-6 ("THE COURT: No, I'm just trying to get a feel for who [Plaintiff] is, what he claims he suffered, so . . . I can put it in some context."). The Court could not have analyzed or accepted Plaintiff's actual damages allegations based on the vague and uncertain answers given by Plaintiff's counsel, who repeatedly stated that he did not know any "specifics" regarding Plaintiff's futures contract trading.[3]

Plaintiff's contention that the Court addressed the actual damages element of Plaintiff's CEA claims because it "analyzed the level of specificity of Plaintiffs' [*sic*] alleged losses" elsewhere in the March 28 Order is equally unavailing.  *See* Opp. at 8 (citing March 28 Order at *30-31).  The portion of the March 28 Order that Plaintiff cites—which held that "Plaintiff does not identify or describe a single actual transaction underlying his claim, and does not indicate

---

[3]    *See, e.g.*, Mar. 5, 2014 Mot. Hr'g Tr. at 103:15 ("MR. BRIGANTI: I don't have the dates [of Plaintiff's alleged transactions] on me, Judge."), 104:4-5 ("THE COURT: Again, you're not being very specific [about the number of futures contracts Plaintiff allegedly traded]. MR. BRIGANTI: I don't have the specifics on me."), 104:25-105:1 ("THE COURT: How much did [Plaintiff] pay for [his futures contracts]? MR. BRIGANTI: I don't have the specifics, Judge."), 105:11-13 ("THE COURT: OK. So one contract was approximately how much? I mean, what was the price of the one contract?  MR. BRIGANTI: I don't have the specifics, your Honor.").

whether it was an increase or a decrease in the price of Euroyen TIBOR futures contracts that caused his purported losses"—analyzed the sufficiency of Plaintiff's antitrust injury allegations, not whether Plaintiff had sufficiently pleaded actual damages under the CEA.  Regardless, if this holding constitutes an implicit analysis of actual damages, as Plaintiff suggests, it compels dismissal of Plaintiff's CEA claims because the Court found Plaintiff's antitrust injury allegations insufficient as a matter of law.

Further, Plaintiff contends that the Court addressed the actual damages element of Plaintiff's CEA claims because Defendants cited Judge Buchwald's ruling in *LIBOR II*, which discusses the CEA's actual damages requirement.  *See* Opp. at 4-5.  Although Defendants cited and relied on *LIBOR II*, that does not mean that the Court necessarily considered *LIBOR II* in the context of the actual damages requirement for a CEA claim.  Indeed, the March 28 Order does not address *LIBOR II* or any other case in the context of the CEA's actual damages requirement.[4]

### III.   PLAINTIFF HAS NOT ADEQUATELY PLEADED ACTUAL DAMAGES

Finally, Plaintiff contends that despite the Court's failure to address the actual damages element of his CEA claims, he nevertheless has satisfied this element because admissions in the Barclays, UBS, RBS and Rabobank settlements with the U.S. Department of Justice mention manipulation of Yen LIBOR in the 2006 time period and Plaintiff traded on two unspecified dates between July and August 2006.  *See* Opp. at 5-7.  This argument fails as a matter of law.  Even if admissions by a handful of Defendants establish a CEA violation against these or *all* Defendants (and they do not), Plaintiff cannot satisfy his burden to plead actual damages under the CEA merely by alleging CEA violations "contemporaneous" with his trading.  *See* Opp. at 6.

---

[4]   The oral argument excerpt that Plaintiff cites (*see* Opp. at 4-5) came during Defendants' argument in support of dismissal of Plaintiff's antitrust claim, not Plaintiff's CEA claims.  *See* Mar. 5, 2014 Mot. Hr'g Tr. at 24:8-9 ("MR. RICE: Your Honor, I think the entire – honestly the entire body of law in antitrust injury is similar to [Judge Buchwald's holdings].").

4

Rather, Plaintiff must plausibly allege that Defendants' conduct proximately caused Euroyen TIBOR futures contracts prices to be adverse to his trading positions on the two days he traded and thus proximately caused actual damages to him.  Without those allegations, it is possible that Plaintiff was not impacted at all by, or even benefitted from, Defendants' alleged conduct.[5]  *See S & A Farms, Inc. v. Farms.com, Inc.*, 678 F.3d 949, 953 (8th Cir. 2012) ("it is not enough for a plaintiff to show a CEA violation and damages, rather a plaintiff must show that the CEA violation *proximately caused* the damages for which the plaintiff seeks relief") (emphasis in original); *Ping He (Hai Nam) Co. v. NonFerrous Metals (U.S.A.) Inc.*, 22 F. Supp. 2d 94, 107 (S.D.N.Y. 1998) ("Even if [defendant] violated every provision of the CEA . . . under the express language of [7 U.S.C. § 25], [plaintiff] is only authorized to bring suit, and can only recover, for those violations that caused [plaintiff] to suffer 'actual damages.'").  Plaintiff has made no effort to link his trading to any actual damages caused by Defendants' conduct.

## CONCLUSION

The March 28 Order did not address Section 22 of the CEA, 7 U.S.C. § 25(a), the controlling authority with respect to Plaintiff's CEA claims.  The Court also did not address Plaintiff's failure to plausibly allege actual damages caused by Defendants' conduct, which precludes Plaintiff's standing under the CEA.  Thus, respectfully, the Court should grant Defendants' Motion for Reconsideration and dismiss with prejudice Plaintiff's CEA claims.

---

[5] Contrary to Plaintiff's assertion otherwise (Opp. at 7 n.4), there is no presumption of injury here that obviates Plaintiff's burden to plausibly allege actual damages, a requirement that is particularly important in cases like this where a plaintiff alleges episodic and multidirectional manipulation that may have had no impact on plaintiff or indeed benefitted him.  *See* Actual Injury Brief at 4 & n.6.

Dated:       May 30, 2014
             New York, New York

Respectfully submitted,

/s/ Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 956-7056
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation*


/s/ Peter Sullivan
Peter Sullivan
Lawrence J. Zweifach
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel.: (212) 351-4000
Fax: (212) 351-4035
psullivan@gibsondunn.com
lzweifach@gibsondunn.com

Joel S. Sanders (*admitted pro hac vice*)
555 Mission Street
Suite 3000
San Francisco, California 94105-0921
Tel.: (415) 393-8200
Fax: (415) 393-8306
jsanders@gibsondunn.com

*Attorneys for Defendant UBS AG*

/s/ Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, New York 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350
jschiller@bsfllp.com
lnathanson@bsfllp.com

/s/ Yvonne S. Quinn
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC*

6

/s/ Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Tel.: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Tel.: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants Citibank, N.A. and Citigroup Inc.*

/s/ David R. Gelfand
David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY &
McCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
dgelfand@milbank.com
smurphy@milbank.com
Tel.: (212) 530-5000

*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.*

/s/ Moses Silverman
Moses Silverman
Andrew C. Finch
Ankush Khardori
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
msilverman@paulweiss.com
afinch@paulweiss.com
akhardori@paulweiss.com
Tel.: (212) 373-3355

*Attorneys for Defendant Deutsche Bank AG*

7

| | |
|---|---|
| /s/ Edwin R. DeYoung | /s/ Thomas C. Rice |
| Edwin R. DeYoung<br>Roger B. Cowie<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201-6776<br>Tel.: (214) 740-8000<br>Fax: (214) 740-8800<br>edeyoung@lockelord.com<br>rcowie@lockelord.com<br><br>Gregory T. Casamento<br>Three World Financial Center<br>New York, New York 10281-2101<br>Tel.: (212) 415-8600<br>Fax: (212) 303-2754<br>gcasamento@lockelord.com<br><br>*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc* | Thomas C. Rice<br>Paul C. Gluckow<br>Omari L. Mason<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel.: (212) 455-2000<br>Fax: (212) 455-2502<br>trice@stblaw.com<br>pgluckow@stblaw.com<br>omason@stblaw.com<br><br>*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and J.P. Morgan Securities plc* |
| /s/ Brian S. Fraser | /s/ Jerome S. Fortinsky |
| Brian S. Fraser<br>Shari A. Brandt<br>H. Rowan Gaither<br>Katherine Kern Harrington<br>RICHARDS KIBBE & ORBE LLP<br>One World Financial Center<br>New York, New York 10281-1003<br>Tel.: (212) 530-1800<br>Fax: (212) 530-1801<br>bfraser@rkollp.com<br>sbrandt@rkollp.com<br>rgaither@rkollp.com<br>kharrington@rkollp.com<br><br>*Attorneys for Defendant ICAP plc* | Jerome S. Fortinsky<br>John A. Nathanson<br>Jeffrey J. Resetarits<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel.: (212) 848-4000<br>Fax: (212) 848-7179<br>jfortinsky@shearman.com<br>john.nathanson@shearman.com<br>jeffrey.resetarits@shearman.com<br><br>*Attorneys for Defendants Mizuho Corporate Bank, Ltd., Mizuho Bank, Ltd. and Mizuho Trust & Banking Co., Ltd.* |

/s/ Andrew W. Stern
Alan M. Unger
Andrew W. Stern
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com
ncrowell@sidley.com

*Attorneys for The Norinchukin Bank*

/s/ Keith W. Miller
Keith W. Miller
PERKINS COIE LLP
30 Rockefeller Center, 22nd Floor
New York, NY 10112-0085
Tel.: (212) 262-6900
Fax: (212) 977-1641
keithmiller@perkinscoie.com

Sean C. Knowles (admitted *pro hac vice*)
Karen B. Bloom (admitted *pro hac vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel.: (206) 359-8000
Fax: (206) 359-9000
sknowles@perkinscoie.com
kbloom@perkinscoie.com

*Attorneys for Defendant R.P. Martin Holdings Limited*

/s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel.: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

/s/ Jon Roellke
Jon R. Roellke
Michael Lloyd Spafford
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, D.C. 20006-1806
Tel.: (202) 373-6000
Fax: (202) 373-6001
jon.roellke@bingham.com
michael.spafford@bingham.com

*Attorneys for Defendant Sumitomo Mitsui Banking Corporation*

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David Sapir Lesser
Alan E. Schoenfeld
Jamie Dycus
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800 (phone)
(212) 230-8888 (fax)
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com
jamie.dycus@wilmerhale.com

Robert G. Houck
Alejandra de Urioste
James D. Miller
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
(212) 878-8000 (phone)
(212) 878-8375 (fax)
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com
jim.miller@cliffordchance.com

*Counsel for The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, and RBS Securities Japan Limited*