UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., CHUO MITSUI TRUST & BANKING CO. LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN LTD., THE BANK OF YOKOHAMA, LTD., SOCIETE GENERALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC,: ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOE NOS. 1-50,<br>                           Defendants. | Case No. 12-cv-3419 (GBD)<br><br>ECF Case<br><br>**ORAL ARGUMENT REQUESTED** |

───────────────────────────────────────────────

**HSBC DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION OR REARGUMENT**

Plaintiff's response only highlights the inadequacy of his CEA claims against HSBC by pointing to alleged misconduct by *other* banks and speculating that HSBC *might* also have been involved. (*See*, *e.g.*, Resp. at 8) (stating that other defendants have "admitted manipulation" and *posing the question to the Court* whether it is "plausible" every other defendant engaged in similar conduct). Plaintiff's admitted reliance on "guilt by association" is the very reason why this Court must assess the sufficiency of Plaintiff's CEA claims on a defendant-by-defendant basis. *See*, *e.g.*, *In re DDAVP Direct Purchaser Antitrust Litig.* (*"Direct Purchaser"*), 585 F.3d 677, 695 (2d Cir. 2012). Respectfully, because the Court does not appear to have made such an assessment in its March 28 Decision, it should grant reconsideration and do so now. The Court should also dismiss Plaintiff's CEA claims against HSBC because he has failed to plead scienter or an injury traceable to HSBC.

I.  **Reconsideration is appropriate because the March 28 decision does not evidence a defendant-by-defendant evaluation of Plaintiff's CEA claims.**

Plaintiff does not contest that the Court is required to engage in a defendant-by-defendant evaluation of the sufficiency of his claims at the motion to dismiss stage. Instead, Plaintiff argues that the Court already did so in reaching its conclusion that his claims were adequately pled. (Resp. at 8-9). Respectfully, nothing in the March 28 Decision suggests that such an analysis was performed. Indeed, the Decision adopts Plaintiff's practice of referring to all defendants in the collective and relies upon portions of the Complaint devoid of specific allegations against HSBC when noting key findings. (*See id*. at 10-13). Applicable precedent entitles HSBC to a determination of whether the handful of allegations specific to it— irrespective of allegations made against other defendants and Plaintiff's self-serving speculation—are sufficient to state a claim under the CEA. *See*, *e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 549 (2007); *Direct Purchaser*, 585 F.3d at 695; *DiVittrio v. Equidyne*

1

*Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). The Court appears to have overlooked its obligation to conduct this analysis and, accordingly, reconsideration is both appropriate and warranted here.

II.    **Plaintiff's allegations of conduct by other banks do not plead scienter against HSBC.**

The Complaint must contain non-conclusory factual allegations sufficient to push Plaintiff's contention that HSBC specifically intended to violate the CEA over the line from possible to plausible in order to avoid dismissal and subject HSBC to extensive, expensive discovery. *See*, *e.g.*, *Direct Purchaser*, 585 F.3d at 695 (plaintiff must "provide a factual basis for scienter for each defendant"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (complaint that "stops short of the line between possibility and plausibility" cannot "unlock the doors of discovery" and must be dismissed). Citing the Court's statement that "[t]he Complaint … includes overwhelming factual content from which this Court could infer manipulative intent …" (March 28 Decision at 10-11), Plaintiff argues that the Court concluded his allegations specific to HSBC adequately alleged scienter. But, as HSBC pointed out in its motion to reconsider, all of the allegations the Court relied upon in arriving at this conclusion are either: (a) allegations against other defendants, not HSBC; or (b) conclusory allegations directed at all 32 defendants in the collective.[1]

When the Complaint's sparse allegations specific to HSBC are examined, it is apparent that they fall well short of alleging the specific intent necessary to establish plausible liability under the CEA. Notably, Plaintiff does not contest that:

---

[1] (*See* Compl. ¶¶ 7-12, 17, 19-25, 27-28, 30-31, 33, 35-38a, 38c, 40-42, 44-48, 57-76, 78, 80-86, 138-514, 516, 530-33, 536-53, 562, 564-72, 574-96, 598-605, 634-38, 642-44, 651-56, 661-65, 671-81, 683-86, 689, 697, 714-16, 718) (allegations specific to non-HSBC defendants); (Compl. ¶¶ 1, 13-16, 18, 34, 39, 54-55, 135-37, 606-17, 657, 667-69, 687-88, 691-93, 695-96, 698, 711-13, 720-22, 724-27, 732-35) (conclusory allegations against the collective defendants).

2

- allegations of market power alone are insufficient (*see* Dkt. No. 279 at 5);

- descriptions of governmental investigations—particularly the Canadian Competition Bureau's investigation, which has been closed without any charges against HSBC—cannot serve as the basis for a private CEA claim (*see id.* at 6 n.6); or that

- the Complaint expressly admits that the economic analyses are, at best, "consistent with" HSBC's alleged participation in any collusion and, therefore, cannot support a claim under the *Twombly* standard (*id.* at 7-8).

(*See generally* Resp.).  Plaintiff fails to point to a single specific allegation that could justify a conclusion that scienter has been adequately pled as against HSBC.  Indeed, Plaintiff's theory that all members of the Yen-LIBOR and Euroyen-TIBOR panels conspired together and intentionally manipulated their rate submissions contradicts his allegation that some banks used "interdealer brokers to disseminate false information … to other panel banks" in order to cause them to unwittingly submit lower rates to the BBA.  (Compl. ¶¶ 242, 260-64, 269-84, 320-21).  Plaintiff's conflicting allegations and theories underscore the importance of a defendant-by-defendant analysis of the sufficiency of his CEA claims.  The Court should grant HSBC's motion for reconsideration, and dismiss Plaintiff's CEA claims against HSBC as inadequately pled.

### III. Plaintiff's only allegations of conduct by HSBC do not coincide with Plaintiff's limited participation in the Euroyen futures market.

Without citing any authority, Plaintiff argues that his allegations that ***other defendants*** engaged in wrongful conduct during the time he participated in the Euroyen futures market are somehow sufficient to sustain a claim as against HSBC.  (Resp. at 6-7) (repeating allegations that Barclays, UBS, RBS, and Rabobank engaged in manipulative conduct prior to September 2006 and asking the Court to infer, without any factual support, that HSBC did the same).[2]  In essence, Plaintiff acknowledges that he "does not yet have evidence establishing" that HSBC engaged in

---

[2] Plaintiff mistakenly represents that HSBC "admits" that it "manipulated either Yen-LIBOR or Euroyen TIBOR" at some point, just not "when Plaintiff held his positions." (Resp. at 7).  This is patently false; HSBC has uniformly denied allegations of manipulative conduct.

any wrongful conduct "when Plaintiff held his positions," and bases his speculative allegations against HSBC on the conduct of other, unrelated defendants. (*Id*. at 7-8). But federal pleading rules do not permit him to proceed to discovery where the complaint relies solely on a "guilt by association" theory to establish that any injury he suffered could possibly have been caused by HSBC. *See*, *e.g.*, *Direct Purchaser*, 585 F.3d at 695.

Plaintiff attempts to place HSBC's alleged wrongful conduct within the window of his market participation by referring to the criminal complaint against Thomas Hayes of UBS, which alleges that Hayes "conspir[ed] with numerous banks and brokers (including … HSBC and others) between August 8, 2006 and December 3, 2009." (Resp. at 7). But Plaintiff's Complaint and Response are silent about when (if at all) Plaintiff traded during this time period. Rather, Plaintiff's Response coyly states that "Plaintiff's trading occurred between July and August 2006," leaving open the question of precisely when he traded even though such information is readily available to him. (Resp. at 6). Moreover, the allegations in Plaintiff's Complaint specific to HSBC clarify that HSBC's purported wrongful conduct took place "from 2007 to June 25, 2010" and/or between "late July 2009 through mid-August 2009." (Compl. ¶¶ 518-39, 682). These dates unquestionably place the conduct alleged against HSBC well after Plaintiff's exit from the market in August 2006. Accordingly, Plaintiff cannot establish standing or proximate cause as against HSBC, and his CEA claims should be dismissed on this additional basis.[3]

## CONCLUSION

For the reasons set forth above and in HSBC's related filings, the Court should grant HSBC's Motion for Reconsideration or Reargument.

---

[3] HSBC also joins in and expressly incorporates the Reply filed contemporaneously by multiple defendants in support of their motion for reconsideration.

Dated:  May 30, 2014 Respectfully submitted,

/s/ Roger B. Cowie
Edwin R. DeYoung
Roger B. Cowie
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Tel.: (214) 740-8000
Fax: (214) 740-8800
*edeyoung@lockelord.com*
*rcowie@lockelord.com*

Gregory T. Casamento
Three World Financial Center
New York, New York  10281-2101
Tel.: (212) 415-8600
Fax: (212) 303-2754
*gcasamento@lockelord.com*

***Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc***