IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
JEFFREY LAYDON, on behalf of himself and all :
others similarly situated, :
: Case No. 1:12-cv-03419-GBD
Plaintiff, :
: ECF Case
v. :
:
MIZUHO BANK, LTD., *et al.*, :
:
Defendants. :
---------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

-i-

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Amaranth Natural Gas Commodities Litig.*,
    612 F. Supp. 2d 376 (S.D.N.Y. 2009)........................................................................................3

*In re Amaranth Natural Gas Commodities Litig.*,
    730 F.3d 170 (2d Cir. 2013)................................................................................................1, 2, 3

*In re Commodity Exchange, Inc. Silver Futures & Options Trading Litig.*,
    No. 13-1416-cv, 2014 WL 1243851 (2d Cir. Mar. 27, 2014) (Summary Order) .......................2

*In re Crude Oil Commodity Litig.*,
    No. 06 Civ. 6677(NRB), 2007 WL 1946553 (S.D.N.Y. June 28, 2007)...................................3

*In re DDAVP Direct Purchaser Antitrust Litig.*,
    585 F.3d 677 (2d Cir. 2012).......................................................................................................2

*FHFA* v. *Deutsche Bank AG*,
    903 F. Supp. 2d 285 (S.D.N.Y. 2012)........................................................................................3

*Guzman* v. *Macy's Retail Holdings, Inc.*,
    No. 09 Civ. 4472(PGG), 2010 WL 1222044 (S.D.N.Y. Mar. 29, 2010)...................................3

**OTHER AUTHORITIES**

L.R. 32.1.1 ........................................................................................................................................2

Movants respectfully submit this reply memorandum in further support of their Motion for Reconsideration of that portion of the Court's Memorandum denying defendants' motion to dismiss Plaintiff's CEA claims (Dkt. No. 275).[1]

## PRELIMINARY STATEMENT

Confronted with controlling Second Circuit authority demonstrating that the allegations in the complaint are insufficient to plead scienter as to Movants, Plaintiff argues only that the Court did not overlook one case cited by Movants and that another is not a proper basis for reconsideration. (Opp'n at 3 n.1, 4, 9.) Neither argument is correct, but it is Plaintiff's refusal to engage with the merits of Movants' arguments that is most telling. Plaintiff does not even attempt to argue that mere participation in a commodities market – which is all that he has alleged as to Movants – is sufficient to plead scienter for purposes of his CEA claims. Nor could he. Courts in this Circuit repeatedly have held that such allegations are insufficient on their own to plead scienter. *E.g.*, *In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 184 (2d Cir. 2013) ("*Amaranth IV*"). Nor do any of the allegations in the complaint quoting allegedly improper communications between participants in the commodities market, or describing certain banks' reported settlements with the government, suggest any improper conduct by Movants. Indeed, Plaintiff affirmatively pleads that Movants lacked scienter when he asserts that Movants' alleged submission of inaccurate rates was "unwitting" and the result of misinformation about prevailing market rates disseminated by interdealer brokers at the behest of other banks. (Compl. ¶ 262; *see also id.* ¶¶ 29, 176-96, 260-61, 263-310, 320-21, 426-33, 450-53.) Accordingly, the Court should follow controlling Second Circuit authority, grant reconsideration, and dismiss Plaintiff's remaining CEA claims as to Movants.

---

[1] Capitalized terms have the meanings ascribed to them in Movants' Memorandum of Law in Support of Their Motion for Reconsideration (Dkt. No. 276).

## ARGUMENT

Plaintiff's two perfunctory attempts to avoid controlling Second Circuit authority are meritless. Plaintiff first argues that the Court did not overlook *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677 (2d Cir. 2009), because that case is cited in the Memorandum (Opp'n at 3 n.1 (citing Mem. at 13, 16)). But the Court did not cite *DDAVP* (or any other case) for the proposition advanced by Movants – "[i]n a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible." 585 F.3d at 695. Plaintiff then attempts to fault Movants (Opp'n at 4) for citing the Second Circuit's summary order in *In re Commodity Exchange, Inc. Silver Futures & Options Trading Litigation*, No. 13-1416-cv, 2014 WL 1243851, at *2 (2d Cir. Mar. 27, 2014) (Summary Order) ("*Silver Futures II*"). But the Second Circuit's Rules expressly permit citation to such orders. 2d Cir. L.R. 32.1.1(b)(1), (c). Even if that particular opinion lacks "precedential effect" (Opp'n at 4), the Second Circuit's holding – that even a large position in the relevant commodities market without more is insufficient to plead scienter – is consistent with a long line of precedent in this Circuit. Just last year, the Second Circuit reached the same conclusion in *Amaranth IV*, 730 F.3d at 184, unquestionably a *precedential* opinion, which this Court also did not cite. Plaintiff cannot avoid this controlling authority, which requires dismissal of his CEA claims as to Movants.

As this Court recognized, Plaintiff must plead scienter "either (a) by alleging facts to show that Defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." (Mem. at 10 (internal quotation marks omitted).) As to motive, Plaintiff alleged and the Court relied on vague assertions that Movants stood to profit from their participation in the relevant commodities market. (*Id.*) Such allegations are insufficient to plead scienter because the desire

to profit from trading is precisely the kind of generalized profit motive possessed by most corporate defendants.  *See Amaranth IV*, 730 F.3d at 184; *see also In re Amaranth Natural Gas Commodities Litig.*, 612 F. Supp. 2d 376, 383 (S.D.N.Y. 2009) ("[M]otives that are generally possessed by most corporate directors and officers do not suffice"); *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677(NRB), 2007 WL 1946553, at *8 (S.D.N.Y. June 28, 2007) ("Such a generalized [profit] motive, one which could be imputed to any corporation with a large market presence in any commodity market, is insufficient to show intent.").

As to recklessness, both Plaintiff and the Court have acknowledged that Plaintiff has pled no "direct evidence" implicating any Movant in any manipulation.  (*See* Compl. ¶¶ 32-33; Mem. at 11.)  Indeed, in his Opposition, Plaintiff touts admissions of manipulation supposedly made by certain defendants and allegations of manipulation made by regulators against other defendants.  (Opp'n at 6-7.)  None of those defendants include Movants.  Instead, Plaintiff, like the Court in the Memorandum, relies *only* on charts plotting the differences between Movants' Tibor or Libor submissions and other measures of borrowing Euroyen.  (*Id.* at 9 (citing Compl. Figures 29-63); Mem. at 10-11 (same).)  As Movants explained in their Motion, these charts are insufficient as a matter of law to plead scienter.  (Dkt. No. 276 at 6 (citing *FHFA* v. *Deutsche Bank AG*, 903 F. Supp. 2d 285, 288 (S.D.N.Y. 2012) (finding scienter insufficiently pled because complaint "relies entirely on the disparity between the statistics reported by the defendants and the results of the Agency's own analysis")).)  Plaintiff does not even attempt to respond to Movants' argument, thus conceding that no case has ever held that such comparisons – without more – are sufficient to plead scienter for purposes of a CEA claim. *See Guzman* v. *Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472(PGG), 2010 WL 1222044, at *8 (S.D.N.Y. Mar. 29, 2010) ("Plaintiff does not address [defendant's] argument in her opposition

brief, and therefore has waived this claim."). In any event, the charts do nothing more than present the rates submitted by the panel banks, lined up against other data, without reference to the banks' intent when making those submissions. The charts accordingly do not establish Movants' fraudulent intent – scienter – especially in light of Plaintiff's own allegations that Movants unwittingly submitted inaccurate rates based on false information spread by certain interdealer brokers at the behest of other banks. (Compl. ¶¶ 29, 176-96, 260-310, 320-21, 426-33, 450-53.)

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion for Reconsideration and dismiss with prejudice Plaintiff's remaining CEA claims (counts one and three) as to Movants.[2]

Dated: May 30, 2014                                   Respectfully submitted,

/s/ Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Tel.: (202) 956-7500; Fax: (202) 956-6973
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation*

---

[2] All Movants adopt the arguments in defendants' reply brief in support of their motion for reconsideration of the Court's holding that Plaintiff has standing to bring his CEA claims. Movants Mitsubishi UFJ Trust and Banking Corporation, Mizuho Trust & Banking Co., Ltd., and Mizuho Bank Ltd., which during the putative class period were members only of the Euroyen Tibor panel, adopt the arguments in the reply brief in support of the Tibor-Only Banks' motion for reconsideration.

SHEARMAN & STERLING LLP

/s/ Jerome S. Fortinsky
Jerome S. Fortinsky
John A. Nathanson
Jeffrey J. Resetarits
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 848-4000; Fax: (212) 848-7179
jfortinsky@shearman.com
john.nathanson@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for defendants Mizuho Corporate Bank, Ltd., Mizuho Trust & Banking Co., Ltd., and Mizuho Bank, Ltd.*

SIDLEY AUSTIN LLP

/s/ Andrew W. Stern
Andrew W. Stern
Alan M. Unger
Nicholas P. Crowell
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300; Fax: (212) 839-5599
astern@sidley.com
aunger@sidley.com
ncrowell@sidley.com

*Attorneys for defendant The Norinchukin Bank*

BINGHAM MCCUTCHEN LLP

/s/ Jon R. Roellke
Jon R. Roellke
Michael Lloyd Spafford
2020 K Street, N.W.
Washington, D.C. 20006-1806
Tel.: (202) 373-6000; Fax: (202) 373-6001
jon.roellke@bingham.com
michael.spafford@bingham.com

*Attorneys for defendant Sumitomo Mitsui Banking Corporation*

MAYER BROWN LLP

<u>/s/ Steven Wolowitz</u>
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
1675 Broadway
New York, New York 10019
Tel.: (212) 506-2500; Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for defendant Société Générale*