UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MIZUHO BANK, LTD., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 12-cv-03419 (GBD) |

**REPLY MEMORANDUM IN SUPPORT OF THE
TIBOR-ONLY BANK DEFENDANTS' MOTION
<u>FOR RECONSIDERATION OR REARGUMENT</u>**

The defendant TIBOR-only Banks — The Bank of Yokohama, Ltd., Resona Bank, Ltd., Shinkin Central Bank, The Shoko Chukin Bank, Ltd., and Sumitomo Mitsui Trust Bank, Ltd. (sued as The Sumitomo Trust and Banking Co., Ltd.) — respectfully submit this reply memorandum in further support of their motion for reconsideration or reargument of the Court's decision denying in part defendants' motion to dismiss.  See Docket #270, 03/28/2014 Memorandum Decision and Order (the "Decision").

## ARGUMENT

Plaintiff's opposition to the TIBOR-only Banks' motion wholly ignores his failure to plead any facts that could show the scienter or manipulative intent necessary to state a claim *against them*, as opposed to any other defendants, for price manipulation or aiding and abetting under the Commodity Exchange Act.  Plaintiff is unable to cite any factual allegations in his complaint, or identify any references in the government regulatory actions or settlements of other defendants, that could show scienter or manipulative intent by any of the TIBOR-only Banks.

Plaintiff asserts that the appendix of his complaint "detail[s] scores of manipulative instant messages among various Defendants relative to Euroyen TIBOR and Yen-LIBOR rate submissions," and that "Defendants . . . have already paid billions of dollars in fines to government regulators and made admissions detailing pervasive Yen-LIBOR and Euroyen TIBOR manipulation."  Docket #290, 05/09/2014 Plaintiff's Opposition ("Pl.'s Opp'n") at 1.  But whatever allegations plaintiff's complaint, including its appendix, may make against any other defendants, *plaintiff's complaint does not identify any instant messages to or from, or even referencing, any TIBOR-only Bank or its employees.  Nor does plaintiff's complaint allege that any TIBOR-only Bank paid any fines, made any admissions, or was the subject of any government regulatory action.*  See Docket #150, 04/15/2013 Second Amended Class Action Complaint ("Complaint") ¶¶ 138-605 and Appendix.

1

Plaintiff also cites certain asserted "manipulation admissions" allegedly made in other defendants' settlements with government regulators.  Pl.'s Opp'n at 6.  But again, none of those asserted statements was made by, or reference any communications or conduct of, any TIBOR-only Bank or its employees.  *See id.* at 6-7.  In fact, those asserted statements pertain to Yen-LIBOR, a benchmark for which plaintiff concedes the TIBOR-only Banks did not submit rates and with which the TIBOR-only Banks were not involved.  *See id.*; Complaint ¶¶ 78-80.  In short, ***none of the other defendants' settlements with government regulators references any communications or conduct of the TIBOR-only Banks or their employees.***  *See* Complaint ¶¶ 138-605 and Appendix; Plaintiff's Letters to Court of 12/10/2013, 01/29/2014, and 02/21/2014 (and attachments).

Accordingly, plaintiff does not — because he cannot — argue that he has alleged or could allege facts showing that the TIBOR-only Banks had scienter or manipulative intent.  Instead, plaintiff merely argues that the TIBOR-only Banks already made their arguments in support of their motion to dismiss, and so there is no basis for reconsideration.  *See* Pl.'s Opp'n at 9-11.  However, Local Civil Rule 6.3 provides that reconsideration may be based on "matters . . . which counsel believes that the Court has overlooked."  The TIBOR-only Banks respectfully submit that reconsideration is appropriate here because the Court concluded that plaintiff adequately alleged scienter and manipulative intent as to *all defendants* (*see* Decision at 9-11), but overlooked that plaintiff's complaint does not and cannot allege any facts that could show scienter or manipulative intent *as to the TIBOR-only Banks*.

Moreover, as plaintiff concedes, reconsideration is appropriate "to correct a clear error or to prevent manifest injustice."  Pl.'s Opp'n at 3 (internal quotation omitted).  That is the case

2

here for the reasons stated in the TIBOR-only Banks' opening memorandum, which plaintiff's opposition does not even attempt to dispute.[1]

## CONCLUSION

For the foregoing reasons, the TIBOR-only Banks respectfully request that the Court grant reconsideration or reargument of its decision denying in part defendants' motion to dismiss, and enter an order dismissing with prejudice plaintiff's remaining claims against the TIBOR-only Banks for price manipulation and aiding and abetting under the Commodity Exchange Act (in Counts I and III).

Dated:  May 30, 2014.                    Respectfully submitted,

                                         ARNOLD & PORTER LLP

                                         By: /s/ Robert C. Mason
                                             Robert C. Mason
                                             399 Park Avenue
                                             New York, NY   10022
                                             (212) 715-1000
                                             robert.mason@aporter.com

                                             James W. Thomas, Jr.
                                             Ingrid A. Epperly
                                             555 Twelfth Street, NW
                                             Washington, DC   20004
                                             (202) 942-5000
                                             james.thomas@aporter.com
                                             ingrid.epperly@aporter.com

                                         *Attorneys for Defendant The Shoko Chukin Bank, Ltd.*

---

[1] The TIBOR-only Banks also incorporate by reference the argument separately made in the Reply Memorandum of Law in Further Support of Defendants' Motion for Reconsideration of the Court's March 28, 2014 Memorandum Decision and Order, filed on May 30, 2104.  But separate and independent of that ground for dismissal, the remaining claims against the TIBOR-only Banks should be dismissed for the reasons stated in this Reply Memorandum.

          **DEBEVOISE & PLIMPTON LLP**

By:  /s/ Gary W. Kubek
     Gary W. Kubek
     Erica Weisgerber
     919 Third Avenue
     New York, NY 10022
     (212) 909-6000
     gwkubek@debevoise.com
     eweisgerber@debevoise.com

*Attorneys for Defendant The Bank of Yokohama, Ltd.*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:  /s/ Paul B. Hewitt
     Paul B. Hewitt
     C. Fairley Spillman
     1333 New Hampshire Avenue, NW
     Washington, DC 20036
     (202) 887-4409
     fspillman@akingump.com
     phewitt@akingump.com

     Michael Asaro
     One Bryant Park
     New York, NY 10036
     (212) 872-8100
     masaro@akingump.com

*Attorneys for Defendant Resona Bank, Ltd.*

        **PILLSBURY WINTHROP SHAW
          PITTMAN LLP**

    By: /s/ Frederick A. Brodie
        Frederick A. Brodie
        Tameka M. Beckford-Young
        1540 Broadway
        New York, NY 10036
        (212) 858-1000
        fab@pillsburylaw.com
        tameka.beckfordyoung@pillsburylaw.com

*Attorneys for Defendant Shinkin Central Bank*


**SEWARD & KISSEL LLP**

    By: /s/ Dale C. Christensen, Jr.
        Dale C. Christensen, Jr.
        Michael B. Weitman
        One Battery Park Plaza
        New York, NY 10004
        (212) 574-1200
        Christensen@sewkis.com
        Weitman@sewkis.com

*Attorneys for Defendant Sumitomo Mitsui Trust Bank, Ltd.*