# Locke Lord LLP



June 26, 2014

**Via Hand-Delivery**

Hon. George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

SO ORDERED:

George B. Daniels, U.S.D.J.

JUN 27 2014

Re:   *Laydon v. Mizuho Bank, Ltd. et al.*, No. 1:12-cv-03419-GBD

Dear Judge Daniels:

We represent the HSBC Defendants in the above-referenced action. We write on behalf of all current Defendants to request a 29-day extension of Defendants' deadline for filing their opposition(s) to Plaintiff's Motion for Leave to Amend and File Proposed Third Amended Complaint [dkt. 301]. Defendants' current deadline is July 17, 2014, and the new deadline would be August 15, 2014. Counsel for Plaintiff is not opposed to this extension request provided that Plaintiff's reply deadline is also extended by an equal amount of time, which is agreeable to Defendants. Plaintiff's current reply brief deadline is August 7, 2014, so Plaintiff's new reply brief deadline would be September 5, 2014. This is the Defendants' first request for an adjournment. The Plaintiff previously made a request for an adjournment and that request was granted.

**Defendants' Reasons for Request**

Plaintiff filed a 346-page proposed Third Amended Complaint ("TAC") on June 17, 2014. In the TAC, Plaintiff has made several material changes to his pleadings that raise legal and factual issues not previously briefed by the parties or decided by the Court. For example:

1. The TAC seeks to add two new plaintiffs who, unlike Mr. Laydon, did not transact in TIBOR-indexed interest rate derivatives traded on the Chicago Mercantile Exchange ("CME"). Rather, one of the proposed new plaintiffs transacted in **currency forward agreements** purchased from banks in over-the-counter transactions, and the other proposed new plaintiff transacted in **currency futures** traded on the CME. Defendants will oppose adding these plaintiffs because these instruments do not even reference TIBOR or Yen LIBOR -- the benchmarks alleged to have been manipulated.

2. The TAC seeks to expand the proposed class from persons who transacted in TIBOR-indexed interest rate derivatives traded on an exchange to also include Yen denominated currency derivatives traded on an exchange or purchased in over-the-counter transactions.

Hon. George B. Daniels
June 26, 2014
Page 2

   3.   The TAC seeks to add two entirely new causes of action: RICO and breach of the implied covenant of good faith and fair dealing.

   4.   The TAC seeks to reassert antitrust and unjust enrichment claims previously dismissed in the Court's motion to dismiss ruling.

   5.   The TAC seeks to add many new factual allegations that affect different parties differently.

A redline comparing the TAC to the Second Amended Complaint is enclosed to assist Your Honor in seeing the extent of the amendments that Plaintiff is proposing.

Defendants appreciate Your Honor's comment at the last hearing that Defendants should include in their opposition to Plaintiff's motion for leave to amend any arguments they would make in a motion to dismiss the TAC. However, due to the number and materiality of the new claims and issues raised by the TAC, combined with the logistical difficulties associated with thirty-plus Defendants coordinating their briefing to minimize duplication, the 29-day period originally set by the Court for filing opposition briefs is not sufficient to research, coordinate, and brief all the new issues that must be briefed.

Accordingly, Defendants' request the Court's approval by endorsement of the 29-day extension requested above.

Thank you for your attention to this letter. If you have any questions or need anything further, please let me know.

Respectfully,

*[signature]*

Gregory T. Casamento
Counsel for HSBC Defendants

cc: All Counsel of Record (by email)