UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JEFFREY LAYDON, on behalf of himself and
all others similarly situated,

                     Plaintiff,

                 v.

MIZUHO BANK, LTD., THE BANK OF
TOKYO-MITSUBISHI UFJ, LTD, THE
SUMITOMO TRUST AND BANKING CO.,
LTD., THE NORINCHUKIN BANK,
MITSUBISHI UFJ TRUST AND BANKING
CORPORATION, SUMITOMO MITSUI
BANKING CORPORATION, RESONA
BANK, LTD., J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION, J.P. MORGAN SECURITIES
PLC, MIZUHO CORPORATE BANK, LTD.,
DEUTSCHE BANK AG, MIZUHO TRUST
AND BANKING CO., LTD., THE SHOKO
CHUKIN BANK, LTD., SHINKIN CENTRAL
BANK, UBS AG, UBS SECURITIES JAPAN
CO. LTD., THE BANK OF YOKOHAMA,
LTD., SOCIÉTÉ GÉNÉRALE SA, THE
ROYAL BANK OF SCOTLAND GROUP,
PLC, ROYAL BANK OF SCOTLAND PLC,
RBS SECURITIES JAPAN LIMITED,
BARCLAYS BANK PLC, CITIBANK, NA,
CITIGROUP, INC., CITIBANK, JAPAN LTD.,
CITIGROUP GLOBAL MARKETS JAPAN,
INC., COÖPERATIEVE CENTRALE
RAIFFEISEN-BOERENLEENBANK B.A.,
HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, R.P. MARTIN HOLDINGS
LIMITED AND JOHN DOES NOS. 1-50,

                    Defendants.

-----------------------------------------------------------x

Case No: 12-cv-3419 (GBD)

## DECLARATION OF MASAHIRO OKAMOTO

      I, Masahiro Okamoto, declare the following:

      1.    I am currently a General Manager in the Legal Division of Mizuho Bank, Ltd. and formerly a Joint General Manager in the Legal Division of Mizuho Corporate Bank, Ltd.

("Mizuho Corporate Bank") and submit this declaration in support of Mizuho Corporate Bank's motion to dismiss the plaintiff's complaint for lack of personal jurisdiction. The facts stated herein are true to the best of my knowledge based on records maintained by Mizuho Corporate Bank in its regular course of business. Unless otherwise noted, the facts set forth in this declaration describe Mizuho Corporate Bank's business during the time period from January 1, 2006 until April 30, 2012 (the date the plaintiff filed his complaint).

2. Mizuho Corporate Bank was a Japanese financial institution that was incorporated under the laws of Japan.

3. Mizuho Corporate Bank's headquarters was located at 1-3-3, Marunouchi, Chiyoda-ku, Tokyo 100-8210, Japan.

4. Mizuho Corporate Bank was a reference bank on the Euroyen TIBOR panel that was administered by the Japanese Bankers Association ("JBA").

5. All Mizuho Corporate Bank employees and supervisors responsible for submitting Euroyen TIBOR rates worked in Japan.

6. Mizuho Corporate Bank was a panel bank on the Yen LIBOR panel that was administered by the British Bankers' Association ("BBA").

7. All Mizuho Corporate Bank employees and supervisors responsible for submitting Yen LIBOR rates worked in England.

8. At the time the plaintiff filed his complaint on April 30, 2012, Mizuho Corporate Bank and Mizuho Bank, Ltd. were separate corporate entities and were in negotiations to merge. The merger was completed on July 1, 2013. After the merger, Mizuho Corporate Bank was the surviving entity and Mizuho Bank, Ltd. was dissolved. The new entity, which was renamed

3

Mizuho Bank, Ltd., is incorporated under the laws of Japan and has its headquarters in Tokyo, Japan.

9. All witnesses and documents potentially relevant to the plaintiff's allegations are located in Japan and England.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of August, 2014 in Tokyo, Japan.

_M. Okamoto_
Masahiro Okamoto