# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>    -against-<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOES NOS. 1-50,<br><br>       Defendants. | Docket No. 12-cv-3419 (GBD) |

# MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT DEUTSCHE BANK AG'S MOTION TO DISMISS FOR
## LACK OF PERSONAL JURISDICTION AND FOR A STAY OF DISCOVERY

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Defendant Deutsche Bank AG*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

I.    THE SAC DOES NOT PLEAD FACTS SUFFICIENT FOR THIS COURT TO
EXERCISE PERSONAL JURISDICTION OVER DEUTSCHE BANK AG.................. 3

    A.    The SAC Does Not Plead Facts Sufficient to Support the Assertion of
General Jurisdiction ........................................................................................ 3

    B.    The SAC Does Not Plead Facts Sufficient to Support the Assertion of
Specific Jurisdiction........................................................................................ 6

II.    DEUTSCHE BANK AG'S MOTION TO DISMISS IS TIMELY ................................. 7

III.    DISCOVERY AGAINST DEUTSCHE BANK AG SHOULD BE STAYED ................ 8

CONCLUSION....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Curtis Publ'g Co.* v. *Butts*,
388 U.S. 130 (1967)............................................................................7

*Daimler AG* v. *Bauman*,
134 S. Ct. 746 (2014) ................................................................ *passim*

*Gandler* v. *Nazarov*,
No. 94 Civ. 2272 (CSH), 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) ...................8

*Goodyear Dunlop Tires Operations, S.A.* v. *Brown*,
131 S. Ct. 2846 (2011).....................................................................4, 5

*Hawknet, Ltd.* v. *Overseas Shipping Agencies*,
590 F.3d 87 (2d Cir. 2009).................................................................7

*Hoffritz for Cutlery, Inc.* v. *Amajac, Ltd.*,
763 F.2d 55 (2d Cir. 1985).................................................................8

*Perkins* v. *Benguet Consolidated Mining Co.*,
342 U.S. 437 (1952)........................................................................5

*In re Roman Catholic Diocese of Albany, New York, Inc.*,
745 F.3d 30 (2d Cir. 2014)...............................................................5, 6

*Sonera Holding B.V.* v. *Cukurova Holding A.S.*,
750 F.3d 221 (2d Cir. 2014)...............................................................5

*Tauza* v. *Susqehanna Coal Co.*,
220 N.Y. 259 (N.Y. 1917) (Cardozo, J.)..................................................8

*Walden* v. *Fiore*,
134 S. Ct. 1115 (2014)..............................................................2, 3, 6, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)....................................................................1

Fed. R. Civ. P. 12(g)(2)....................................................................7

L. Bennett, *Daimler Decision Topples Longstanding New York Cases*, N.Y. L.J.
(Jan. 23, 2014)...............................................................................2

D. Goldman & A. Braverman, *Eroding Theory of General Personal Jurisdiction: Effect of 'Bauman'*, N.Y. L.J. (Feb. 3, 2014)..........................................................................2

D. Siegel, *U.S. Supreme Court Severely Circumscribes "Presence" as Basis for Personal Jurisdiction of Foreign Corporations*, 265 Siegel's Prac. Rev. 1 (Jan. 2014)................................................................................................................................1

Defendant Deutsche Bank Aktiengesellshaft ("Deutsche Bank AG") respectfully submits this memorandum of law in support of its motion to dismiss the plaintiff's Second Amended Class Action Complaint (the "SAC") for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and to stay discovery.

## PRELIMINARY STATEMENT

In early 2014, the Supreme Court issued two decisions that effected a dramatic change in the law of personal jurisdiction. Under this new and controlling law, it is now clear that there is no basis upon which this Court can assert personal jurisdiction over Deutsche Bank AG in this case.

The U.S. Supreme Court's decision in *Daimler AG* v. *Bauman*, 134 S. Ct. 746 (2014), made clear that a corporation is "at home" and therefore subject to general personal jurisdiction if it is incorporated in or has its principal place of business in the forum state. As the SAC itself acknowledges, Deutsche Bank AG's place of incorporation and principal place of business are not in New York but in Germany, and nothing further is alleged with respect to Deutsche Bank AG's presence in the State other than that it maintains an office here—a fact that the Supreme Court said in *Daimler* cannot support the assertion of general jurisdiction, standing alone.

The sea change in the law that *Daimler* represents has been recognized by numerous commentators. *Siegel's Practice Review* explained that "[a] truckload of cases on personal jurisdiction [go] careening into the abyss" as a result of the decision. D. Siegel, *U.S. Supreme Court Severely Circumscribes "Presence" as Basis for Personal Jurisdiction of Foreign Corporations*, 265 Siegel's Prac. Rev. 1 (Jan. 2014). Other commentators have said that *Daimler* has "radically undone and rearranged the application of general jurisdiction to foreign

corporations in New York, and elsewhere," L. Bennett, *Daimler Decision Topples Longstanding New York Cases*, N.Y. L.J. (Jan. 23, 2014), and that it "effectively invalidates 47 years of general jurisdiction law in the state of New York," D. Goldman & A. Braverman, *Eroding Theory of General Personal Jurisdiction: Effect of 'Bauman'*, N.Y. L.J. (Feb. 3, 2014).  Under this new authority, plaintiff has not—and cannot—allege facts sufficient to support general personal jurisdiction over Deutsche Bank AG in this action.

The SAC likewise pleads no facts that support the assertion of specific jurisdiction over Deutsche Bank AG—which has been made all the more clear in light of the standard enunciated by the U.S. Supreme Court in *Walden* v. *Fiore*, 134 S. Ct. 1115 (2014), the Court's second seminal decision on personal jurisdiction this year.  The misconduct alleged against Deutsche Bank AG concerns the bank's submissions to benchmarks that are set in Japan and the United Kingdom and that are determined through submissions to foreign banking associations.  The SAC does not contain a single allegation that any Deutsche Bank AG employee engaged in any alleged misconduct in New York, or that anyone involved in the purported misconduct worked in New York or otherwise had any connection whatsoever to New York.  *Walden* makes clear that this is fatal to any attempt to assert specific jurisdiction on the basis of the allegations concerning Deutsche Bank AG in the SAC.

The remaining claims in the SAC against Deutsche Bank AG should therefore be dismissed.  Pending resolution of this motion, discovery against Deutsche Bank AG should also be stayed.

## **BACKGROUND**

The SAC correctly pleads that Deutsche Bank AG "is a German financial services company"—a company organized under the laws of Germany—and that it is "headquartered in

Frankfurt, Germany." (SAC ¶ 66.) The only other allegation anywhere in the complaint

concerning Deutsche Bank AG's presence in New York is that it has a "New York branch . . .

located at 60 Wall Street, New York, NY 10005." (*Id.* ¶ 66.)

        Plaintiff is a resident of Florida who traded futures on the Chicago Mercantile

Exchange referencing Euroyen TIBOR (the Tokyo Interbank Offered Rate for Japanese yen

traded offshore). (*Id.* ¶ 56.) He claims that he lost money on certain of these contracts as a result

of alleged misconduct on the part of Deutsche Bank AG and other defendants concerning

contributions made by the defendant banks that are used to determine Euroyen TIBOR and Yen

LIBOR (the London Interbank Offered Rate for Japanese yen). (*See id.*) Nowhere in the SAC

does the plaintiff allege that any of the conduct supposedly attributable to Deutsche Bank AG

took place in, or otherwise had any connection whatsoever, to New York. The SAC refers to

various communications purportedly reflecting misconduct that are attributed to Deutsche Bank

AG employees, but the SAC alleges nothing whatsoever with respect to where those individuals

were located in the world—let alone that they were in New York. (*See, e.g.*, *id.* ¶¶ 24, 288, 289,

294, 295, 594, 674, 682 (attributing various communications to Deutsche Bank AG and alleging

that a former Deutsche Bank AG employee coordinated to inappropriately influence Yen LIBOR

rates)).

## ARGUMENT

### I.    THE SAC DOES NOT PLEAD FACTS SUFFICIENT FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER DEUTSCHE BANK AG

#### A.    The SAC Does Not Plead Facts Sufficient to Support the Assertion of General Jurisdiction

        A court's assertion of general jurisdiction over a corporate defendant is now

governed by the U.S. Supreme Court's recent decision in *Daimler*, in which the Court held that,

absent rare and exceptional circumstances, a corporation is subject to general jurisdiction in its

state of incorporation or the state where it has its principal place of business. 134 S. Ct. at 761

(rejecting as "unacceptably grasping" the argument that foreign corporations are subject to

general jurisdiction in every state where they engage "in a substantial, continuous, and

systematic course of business"). As noted above, the SAC itself acknowledges that Deutsche

Bank AG is incorporated in and has its principal place of business in Germany—not New York.

Under *Daimler*, a court may otherwise "assert jurisdiction over a foreign

corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with

the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at

home in the forum State.'" *Id.* at 751 (citation omitted); *see also Goodyear Dunlop Tires

Operations, S.A.* v. *Brown*, 131 S. Ct. 2846, 2851 (2011) (holding that a company's maintenance

of several facilities and a regional office in the forum state, coupled with significant sales in the

forum state, were not enough to make the company "essentially at home" in the forum for the

purpose of general jurisdiction).

The mere fact that a company may have an office in the forum state, as the SAC

alleges with respect to Deutsche Bank AG, is not sufficient to meet this standard. 134 S. Ct. at

761 n.18 (noting that earlier decisions that permitted the assertion of general jurisdiction simply

on the basis that the foreign corporation conducted business through a local branch office in the

forum "should not attract heavy reliance today"). Indeed, the Court made clear that the general

jurisdiction inquiry does not "focu[s] solely on the magnitude of the defendant's in-state

contacts" but, rather, on "an appraisal of the corporation's activities in their entirety, nationwide

and worldwide." *Id.* at 762 n.20. Nothing in the SAC even purports to plead facts that would

permit such an appraisal, and the assertion in this case of general jurisdiction over Deutsche

Bank AG, on the facts alleged in the SAC, would render Deutsche Bank AG subject to general

jurisdiction in every state where it maintains an office—a possibility that the Supreme Court itself foreclosed.  *See id.* (stating that a "corporation that operates in many places can scarcely be deemed at home in all of them").

Since *Daimler*, the Second Circuit Court of Appeals has applied the Supreme Court's new and narrowing interpretation of general jurisdiction in two cases.  In *Sonera Holding B.V.* v. *Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014), the Second Circuit held that general jurisdiction could not be exercised over a Turkish company with its "operations, properties and assets predominantly located in Turkey," noting that *Daimler* and *Goodyear* "make clear that even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum" (internal quotations omitted).  And in *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 39 (2d Cir. 2014), the court held that general jurisdiction could not be asserted over the defendant in that case in light of the standard articulated in *Daimler*, and went on to explain, in particular, that "[p]rincipal place of business and state of incorporation have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable."

*Daimler* left open the possibility that, in an "exceptional case," "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State," 134 S. Ct. at 761 n.19, but nothing in the SAC pleads anything of the sort with respect to Deutsche Bank AG.  The single case cited as precedent for this proposition—*Perkins* v. *Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952)—upheld the assertion of general jurisdiction over a corporation incorporated in the Philippines because all of its "activities were directed by the company's president from within" the forum state due to a wartime occupation of the

Philippines, rendering that state "the corporation's principal, if temporary place of business."

*See Daimler*, 134 S. Ct. at 756 n.8, 756 (citation omitted). This "exceptional circumstance"—the

temporary wartime relocation of a company's principal place of business—bears no resemblance

to the facts alleged in the SAC regarding Deutsche Bank AG's presence in New York.

> **B.    The SAC Does Not Plead Facts Sufficient to Support the Assertion of Specific Jurisdiction**

In contrast to general jurisdiction, the assertion of specific personal jurisdiction is

"limited to [claims] involving 'issues deriving from, or connected with, the very controversy that

establishes jurisdiction.'" *In re Roman Catholic Diocese*, 745 F.3d at 38 (quoting *Goodyear*, 131

S. Ct. at 2851). This year, the U.S. Supreme Court also issued a significant decision on the scope

of specific personal jurisdiction, in which the Court made clear that a "defendant's suit-related

conduct must create a substantial connection with the forum State," which, in turn, requires "an

affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence

that takes place in the forum State and is therefore subject to the State's regulation)." *Walden*,

134 S. Ct. at 1121, 1121 n.6 (internal quotations and citation omitted).

The SAC does not allege a single jurisdictionally relevant fact connecting

plaintiff's purported claims against Deutsche Bank AG to New York. The benchmarks at the

center of this action are set by foreign banking associations located in Japan and the United

Kingdom on the basis of submissions from the panel banks that concern transactions conducted

in a foreign currency (Japanese yen). The SAC does not allege that any purported misconduct

attributed to Deutsche Bank AG took place in New York or was directed to or from New York.

And even if the mere location of plaintiff's purported injuries were jurisdictionally relevant

facts—and the Supreme Court ruled in *Walden* that they are not—the allegations would likewise

be wholly deficient on this score, since plaintiff is a resident of Florida, and the transactions he

allegedly suffered losses on took place on an Illinois-based financial exchange. *See id.* at 1123 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.") (internal quotations and citation omitted).

*          *          *

Finally, we note that the SAC was filed on April 14, 2013 and that plaintiff made a motion for leave to file a Third Amended Complaint on June 17, 2014—after *Daimler* and *Walden* were decided and plaintiff was on notice of the significant change in the law of personal jurisdiction. Yet nothing in the proposed Third Amended Complaint, if the Court permits its filing, would alter this analysis. The same facts concerning Deutsche Bank AG's presence in New York are pled verbatim as in the SAC (*see* Dkt. No. 302-2 ¶ 65), and none of the proposed amendments connect any purported misconduct on the part of the bank to the State.

## II.    DEUTSCHE BANK AG'S MOTION TO DISMISS IS TIMELY

Although personal jurisdiction defenses are typically waived if they are not raised in an initial motion to dismiss, there is no waiver if the argument was originally unavailable and later became available because of a subsequent change in law. *See Hawknet, Ltd.* v. *Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) (no waiver of "objections or defenses which were not known to be available at the time they could first have been made"); *see also Curtis Publ'g Co.* v. *Butts*, 388 U.S. 130, 143 (1967) ("the mere failure to interpose . . . a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground"); Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available to the party* but omitted from its earlier motion") (emphasis added).

7

Deutsche Bank AG cannot have waived any defense based on lack of personal jurisdiction, since raising it as part of defendants' earlier motions to dismiss—which were filed in June 2013, prior to the Court's decision in *Daimler*—would have been directly contrary to the controlling law in this Circuit at the time. *See Hoffritz for Cutlery, Inc.* v. *Amajac, Ltd.*, 763 F.2d 55, 57-58 (2d Cir. 1985) (applying the pre-*Daimler* rule under which foreign corporations were subject to general jurisdiction if they conducted business in the state through a local office); *see also Tauza* v. *Susqehanna Coal Co.*, 220 N.Y. 259 (N.Y. 1917) (Cardozo, J.) (upholding the exercise of general jurisdiction based on the presence of a local office).

In addition, plaintiff can claim no prejudice as a result of any supposed delay in raising this defense. Motions for reconsideration of the Court's March 28, 2014 decision remain pending, and plaintiff's motion to amend his complaint yet again has not even been fully briefed. There has also been no discovery in this case to date.

## III.    DISCOVERY AGAINST DEUTSCHE BANK AG SHOULD BE STAYED

Deutsche Bank AG also respectfully requests that the Court stay discovery against Deutsche Bank AG until its motion to dismiss for lack of personal jurisdiction is resolved. A court has discretion to stay discovery pending a decision on a potentially dispositive motion to dismiss, particularly where—as here—the motion would prevent the need to conduct "costly and time-consuming discovery." *Gandler* v. *Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

## CONCLUSION

For all of the reasons set forth above, Deutsche Bank AG respectfully requests that the remaining claims against Deutsche Bank AG in the SAC be dismissed for lack of personal jurisdiction and that discovery against Deutsche Bank AG be stayed pending resolution of that motion.

Dated:  August 7, 2014                    Respectfully submitted,

                                          /s/ Moses Silverman
                                          Moses Silverman
                                          Andrew C. Finch
                                          Ankush Khardori
                                          PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                          1285 Avenue of the Americas
                                          New York, NY 10019-6064
                                          Telephone: (212) 373-3000
                                          Fax: (212) 757-3990
                                          msilverman@paulweiss.com
                                          afinch@paulweiss.com
                                          akhardori@paulweiss.com

                                          *Attorneys for Defendant Deutsche Bank AG*