## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 13, 2014

By Hand and Via ECF

The Honorable George B. Daniels,
   Daniel Patrick Moynihan United States Courthouse,
     500 Pearl Street,
       New York, New York 10007-1312.

     Re:   *Laydon* v. *Mizuho Bank, Ltd., et al.*,
          No. 1:12-cv-03419-GBD (S.D.N.Y.)

Dear Judge Daniels:

        We represent defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation in the above-referenced action. We write on behalf of the 10 defendants that filed motions to dismiss for lack of personal jurisdiction on August 7, 2014 (Dkt Nos. 315, 327, 337, 341, 344) and that are the subject of plaintiff's counsel's August 11, 2014 letter ("Movants").[1] Plaintiff's request that Movants' motions be "summarily denied" now because Movants supposedly waived their personal jurisdiction defense is inconsistent with the procedural rules and due process and, critically, reflects an erroneous view of the law of waiver.

        As a threshold matter, plaintiff should respond to the motions in the manner and time prescribed by the Local Rules. (*See* L. Cv. R. 6.1(b) (answering memoranda shall be served 14 days after filing of motion).) Movants then can file any reply memoranda in further support of the motions (*see id.*) and the Court can decide the motions with the benefit of full briefing.

---

     [1] In addition to The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation, Movants are Deutsche Bank AG, The Bank of Yokohama, Ltd., Mizuho Corporate Bank, Ltd., The Norinchukin Bank, Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Trust Bank, Ltd. and Sumitomo Mitsui Banking Corporation.

The Honorable George B. Daniels                                                                                          -2-

In any event, contrary to plaintiff's assertion and as more fully addressed in Movants' memoranda in support of their motions (*e.g.*, Dkt. No. 316 at 8-10; Dkt. No. 342 at 7-8), defendants did not waive their personal jurisdiction defense. The Supreme Court's decision earlier this year in *Daimler AG* v. *Bauman*, 134 S. Ct. 746 (2014) – on which defendants principally rely in their motions – has been recognized as a "*game changer*" that "shrinks the place of general jurisdiction against many large corporations." *E.g.*, J. Cornett & M. Hoffheimer, *Good-Bye Significant Contacts: General Personal Jurisdiction After* Daimler AG v. Bauman, Ohio St. L.J. (forthcoming) at 4 (June 2014), *available at* http://ssrn.com. Prior to *Daimler*, corporations could be sued in New York if they were "doing business" in the state. *Hoffritz for Cutlery, Inc.* v. *Amajac, Ltd.*, 763 F.2d 55, 57-58 (2d Cir. 1985). Indeed, numerous decisions held that there was general jurisdiction over foreign banks if they – like Movants here – had a branch or other office in the state. *E.g.*, *Dietrich* v. *Bauer*, 2000 WL 1171132, at *4 (S.D.N.Y. Aug. 16, 2000). *Daimler* changed all of that, holding that general jurisdiction typically exists only where a corporation is incorporated or has its principal place of business. 134 S. Ct. at 760; *see also id.* at 761 n.18 (rejecting reliance on prior cases that found general jurisdiction "based on the presence of a local office, which signaled that the corporation was 'doing business' in the forum"). As the New York Law Journal observed, *Daimler* "effectively invalidates 47 years of general jurisdiction law in the state of New York . . . and it severely restricts the ability of a plaintiff to hail a foreign corporation into New York court based on a theory of general jurisdiction." D. Goldman & A. Braveman, *Eroding Theory of General Personal Jurisdiction: Effect of 'Bauman,'* N.Y.L.J., Feb. 3, 2014, at 4.

The defense now asserted by Movants plainly was not available to them when they filed their original motions pursuant to Rule 12 in June 2013 and, as such, Movants cannot have waived that defense. *See* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense . . . *that was available to the party* but omitted from its earlier motion") (emphasis added); *Hawknet Ltd.* v. *Overseas Shipping Agencies*, 590 F.3d 87, 91-92 (2d Cir. 2009) ("party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made"). Plaintiff's attempt to avoid the plain language of Rule 12 and the general rule set forth in *Hawknet* by pointing out that no party in *Hawknet* had filed a Rule 12 motion (Pl.'s Ltr. at 2) is unavailing. Numerous courts have held that a party may file a motion pursuant to Rule 12 when the basis of that motion was not available when the party filed a previous Rule 12 motion or answer. *E.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 531 (S.D.N.Y. 2011) (permitting additional Rule 12 motion based on Supreme Court decision issued years after original motion); *Glater* v. *Eli Lilly & Co.*, 712 F.2d 735, 738-39 (1st Cir. 1983) ("This language of Rule 12(g) logically also applies to Rule 12(h) with the result that under that subsection defendants do not waive the defense of personal jurisdiction if it was not available at the time they made their first defensive move.").

The Honorable George B. Daniels -3-

        Plaintiff's attempt to avoid the merits of Movants' motions by requesting their summary denial itself should be summarily denied.  Plaintiff may respond to the motions in accordance with the Local Rules.  Counsel are available at the convenience of the Court should a conference be necessary.[2]

Respectfully submitted,

Daryl A. Libow

cc:    *All Counsel (via ECF)*

---

[2] Plaintiff's other arguments in support of waiver are unavailing, but can be addressed as necessary in the parties' memoranda in opposition to and in further support of the motions.