

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

www.lowey.com

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohoken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

August 11, 2014

<u>VIA FACSIMILE</u>
The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD)

Dear Judge Daniels:

    We represent Plaintiff and the proposed class.

    Last Thursday, Defendants (1) Deutsche Bank AG; (2) The Bank of Tokyo Mitsubishi UFJ, Ltd.; (3) The Bank of Yokohama, Ltd.; (4) Mitsubishi UFJ Trust and Banking Corporation; (5) Mizuho Corporate Bank, Ltd.; (6) The Norinchukin Bank; (7) Shinkin Central Bank; (8) The Shoko Chukin Bank, Ltd.; (9) Sumitomo Mitsui Trust Bank, Ltd.; and (10) Sumitomo Mitsui Banking Corporation (collectively, the "Non-Stipulating Defendants") each filed motions to dismiss for lack of personal jurisdiction. ECF Nos. 315, 327, 337, 341, and 344. For the below reasons, these motions should be summarily denied **now** before Plaintiff and the Court waste any further time and resources on them, including costly discovery and discovery-related motion practice.[1]

    1.    <u>**The Non-Stipulating Defendants Are Barred From Now Asserting Their Waived Personal Jurisdiction Defenses**</u>. The Federal Rules of Civil Procedure make clear that the Non-Stipulating Defendants have waived their personal jurisdiction defenses by not including it in their earlier filed Rule 12 motions to dismiss, and are barred from asserting the defenses now. *See* FED. R. CIV. P. 12(g)(2), Advisory Committee Notes ("Subdivision (g) has forbidden a defendant who makes a preanswer motion under [Rule 12] from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. . . . This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case."); FED. R. CIV. P. 12(h)(1)(a), Advisory Committee Notes ("Amended subdivision (h)(1)(a) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he

---

[1] The Non-Stipulating Defendants also filed motions to stay discovery pending resolution of their FED. R. CIV. P. 12(b)(2) motions to dismiss.



omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person . . . (see Rule 12(b)(2) . . . ). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.").

If the Non-Stipulating Defendants (or their very experienced counsel) had even the slightest inclination to challenge personal jurisdiction, then they should have "exercised great diligence" in timely asserting that defense in their initial Rule 12 motions to dismiss,[2] or by taking the simple step of preserving that defense by stipulation as some of their similarly situated co-defendants did more than a year ago.[3] The Non-Stipulating Defendants did neither. Thus, by clear operation of the Federal Rules of Civil Procedure, the Non-Stipulating Defendants are barred from now asserting their waived personal jurisdiction defenses.

    2. *Hawknet* **Does Not Override FED. R. CIV. P. 12(g)(2) and/or 12(h)(1) and Revive the Non-Stipulating Defendants Waived Personal Jurisdiction Defenses**. In an attempt to resuscitate their lost personal jurisdiction defenses, the Non-Stipulating Defendants rely on *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87 (2d Cir. 2009)("*Hawknet*") for the proposition that "[i]t is well established that 'a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made[.]'" Memorandum of Law in Support of Japanese Bank Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 316, at 9-10 (citing *Hawknet*, 590 F.3d at 91-92). But **no** party in *Hawknet* ever filed a Rule 12 motion. Thus, FED. R. CIV. P. 12(g)(2) and FED. R. CIV. P. 12(h)(1) were never considered by the *Hawknet* court. The Non-Stipulating Defendants' attempt to override the Federal Rules of Civil Procedure based on *Hawknet* should be rejected.

    3. **Even if *Hawknet* Rewrote the Federal Rules, Which it Does Not, It is Distinguishable Because The Non-Stipulating Defendants' Personal Jurisdiction Defense Arguments Were Available to Them Before This Action Was Even Filed**. The Non-Stipulating Defendants contend that their personal jurisdiction defenses were "not available" to

---

[2] The Non-Stipulating Defendants, represented by experienced counsel from nine separate law firms, filed separate memoranda of law in support of their 12(b)(6) motions in June 2013. *See* ECF Nos. 205-06, 208-14, 217-18, 220-21. None of the motions asserted personal jurisdiction defenses. *Id., passim*.

[3] Defendants UBS Securities Japan Co. Ltd., RBS Securities Japan Limited, R.P. Martin Holdings Limited, ICAP plc, Mizuho Bank, Ltd., Mizuho Trust & Banking Co., Ltd., and Resona Bank, Ltd. (the "Stipulating Defendants") entered into stipulations with Plaintiff to preserve their ability to bring a Rule 12(b)(2) motion for lack of personal jurisdiction in May and June 2013. ECF Nos. 160, 194. Certain of the Stipulating Defendants even took a "belt and suspenders approach" by filing individual 12(b)(2) notices of motion at the time they filed their 12(b)(6) motions in June 2013. *See* ECF Nos. 215 (Mizuho Bank, Ltd. and Mizuho Trust & Banking Co., Ltd.); 216 (ICAP plc); 219 (Resona Bank, Ltd.).



them until the Supreme Court decided *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)("*Daimler*") and *Walden v. Fiore*, 134 S. Ct. 1115 (2014)("*Walden*").

With *Daimler*, the Non-Stipulating Defendants argue that the Supreme Court created a "new standard for general jurisdiction" which avails Defendants of a previously unavailable personal jurisdiction defense. *See* ECF No. 316, at 1. Not so. Nothing in *Daimler* affords Defendants a new defense that could not have timely been raised before. The very same argument that Defendants are advancing to contest personal jurisdiction, that Defendants are "not at home" in the United States, could have been asserted under *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)("*Goodyear*"), Supreme Court precedent that existed a year before this action was even filed. Even the Second Circuit characterizes *Daimler* as reaffirming *Goodyear*. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 223, 226 (2d Cir. 2014) ("The Supreme Court's decision in *Daimler* **reaffirms** that general jurisdiction extends ... where its contacts with another forum are so substantial as to render it 'at home' in that state.") (emphasis added).

Defendants' personal jurisdiction briefing also links *Daimler* and *Goodyear*. *See* Memorandum of Law in Support of ICAP PLC's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 333, at 3 ("The Supreme Court has rejected as 'unacceptably grasping' a formulation of general jurisdiction that would have the Court 'look beyond the exemplar bases ***Goodyear*** identified [*i.e.*, place of incorporation and principal place of business] and approve the exercise of general jurisdiction in every state in which a corporation engages in a substantial, continuous, and systematic course of business.'") (citing *Daimler*, 134 S.Ct. at 760) (emphasis added); Memorandum of Law in Support of Defendant Deutsche Bank AG's Motion to Dismiss for Lack of Personal Jurisdiction and For A Stay of Discovery, ECF No. 342, at 5 ("noting that *Daimler* and ***Goodyear*** 'make clear that even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum.'") (emphasis added); ECF No. 316, at 4 ("Consistent with this limitation, a court may assert general or 'all purpose' personal jurisdiction over a nonresident corporation only when the corporation's affiliations with the state are 'so continuous and systematic as to render [it] essentially at home in the forum State.' *Daimler*, 134 S. Ct. at 761 **[quoting *Goodyear*]**." (emphasis added).[4]

**4.    The Non-Stipulating Defendants' Conduct Has Been Consistent with Waiver, Not Preservation of, Their Personal Jurisdiction Defenses**. The issue of motions to dismiss on personal jurisdiction grounds was front and center at the Rule 16 conference held on April 28, 2014. The Court directly questioned Defendants' counsel who confirmed that only six

---

[4] *Walden*, too, broke no new ground. It was premised on "[w]ell-established principles of personal jurisdiction." *Walden*, 134 S. Ct. at 1126.



Defendants[5] had preserved their personal jurisdiction defenses. Apr. 28, 2014 Rule 16 Conf. Hr'g Tr. at 14:22-25 ("MR FRASER: Your Honor, there are six entities out of the 30-plus defendants that have preserved objections on personal jurisdiction grounds."); *id*. at 18:5-8 ("THE COURT: And how many defendants intend to make personal jurisdiction motions? MR. FRASER: The current defendants in the case, your Honor. There are six."). Notwithstanding the fact that *Daimler* and *Walden* had already been decided by the time of the Rule 16 conference, not one of the Non-Stipulating Defendants sought to contest issues relating to their waiver of personal jurisdiction defenses under the Federal Rules.[6]

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Non-Stipulating Defendants' motions to dismiss on personal jurisdiction grounds. ECF Nos. 315, 327, 337, 341, and 344.

We are, of course, available to discuss these issues at a conference should the Court decide one is necessary.

Respectfully submitted,

Vincent Briganti /RG

cc:   Counsel of Record (via email)

---

[5] *See supra* note 3 (listing defendants who preserved their personal jurisdiction defense by stipulation).

[6] The Non-Stipulating Defendants also failed to contest personal jurisdiction at the March 5, 2014 oral argument on defendants' motions to dismiss (*see* Mar. 5, 2014 Mot. Hr'g Tr., *passim*), and in motions for reconsideration filed on April 11, 2014 (*see* ECF Nos. 275-77, 280, 282-83), which took place after *Daimler* and *Walden* were decided on January 14, 2014 and February 25, 2014, respectively.