

RICHARDS KIBBE & ORBE LLP

August 15, 2014

Brian S. Fraser
D 212.530.1820
F 917.344.8820
bfraser@rkollp.com

<u>Via ECF</u>

The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>Via Facsimile</u>

The Honorable Kevin Nathaniel Fox
Thurgood Marshall
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>Laydon v. Mizuho Bank, Ltd., et al.</u>, No. 12-cv-3419 (GBD) (KNF)

Dear Judges Daniels and Fox:

    I represent ICAP plc and write on behalf of the moving Defendants[1] in response to the letter submitted by Plaintiff on August 14, 2014 seeking an extension of time in which to respond to Defendants' motions to dismiss for lack of personal jurisdiction and for a stay of merits discovery and requesting, without any basis, jurisdictional discovery.

    On August 7, 2014, fourteen Defendants moved to dismiss claims against them pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and requested a stay of discovery on the merits while the Court considers the jurisdictional motions. In those motions, Defendants explained that, in light of the Supreme Court's recent ruling in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), Plaintiff has not, as a matter of law, provided a basis for the Court to assert personal jurisdiction over Defendants. As a result, Defendants' Rule 12(b)(2) motions should be granted.

---

[1] The Defendants who moved to dismiss claims based on lack of personal jurisdiction are: Deutsche Bank AG; ICAP plc; Mitsubishi UFJ Trust and Banking Corporation; Mizuho Bank, Ltd.; Mizuho Trust and Banking Co., Ltd.; Mizuho Corporate Bank, Ltd.; The Norinchukin Bank; Resona Bank, Ltd.; Shinkin Central Bank; The Shoko Chukin Bank, Ltd.; Sumitomo Mitsui Trust Bank, Ltd.; Sumitomo Mitsui Banking Corporation; The Bank of Tokyo-Mitsubishi UFJ, Ltd.; and The Bank of Yokohama, Ltd.

200 Liberty Street          New York          Washington          London          WWW.RKOLLP.COM
New York, New York 10281-1003

The Honorable George B. Daniels
The Honorable Kevin Nathaniel Fox                                                Page 2
August 15, 2014

      Plaintiff's letter completely ignores *Daimler* and simply attempts to skip to jurisdictional discovery. But the law in this Circuit is crystal clear that **Plaintiff** has the burden to make a prima facie showing that personal jurisdiction exists over each defendant from whom he seeks jurisdictional discovery before being permitted to take that discovery. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (affirming district court's denial of jurisdictional discovery where plaintiff "did not establish a prima facie case that the district court had jurisdiction over [defendant]").

      Plaintiff has failed to meet that burden. The allegations in the Second Amended Complaint (or even the Proposed Third Amended Complaint) are insufficient to support a finding of personal jurisdiction, and Plaintiff has not provided additional "affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant[s]." *Universal Trading & Inv. Co., Inc. v. Credit Suisse (Guernsey) Ltd.*, 560 Fed. Appx. 52, 56 (2d Cir. 2014) (alterations and internal citations omitted) (plaintiff failed to meet burden and is therefore not entitled to jurisdictional discovery). Moreover, a number of defendants have submitted affidavits that "provide[] all the necessary facts and answer[] all the questions regarding jurisdiction," providing a further basis on which jurisdictional discovery should be deemed unnecessary and denied. *See A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011). To the extent Plaintiff believes that he can meet his burden, he can make any argument concerning the propriety and necessity of jurisdictional discovery in his opposition to Defendants' Rule 12(b)(2) motions to dismiss.

      Defendants consent to an extension for Plaintiff's opposition papers until August 29, 2014, wherein Plaintiff is free to attempt to make a prima facie showing that personal jurisdiction exists as to each individual defendant from whom he seeks jurisdictional discovery. Defendants would in that case respectfully request that their reply papers be due by September 15, 2014. Once briefing on the motions to dismiss is completed, the Court may either grant the motions, as Defendants believe is fully warranted here, or entertain Plaintiff's request for jurisdictional discovery and order further proceedings consistent therewith.

      In addition, Defendants also seek a short-term stay of *merits* discovery as to them pending decision on the motions to dismiss for lack of personal jurisdiction. A stay on merits discovery is within the discretion of the Court and is appropriate where it is for a short period of time, does not prejudice Plaintiff, and potentially avoids costly and burdensome discovery where the exercise of personal jurisdiction may not be proper. *In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013). As stated in the memoranda supporting the motions to dismiss, the decision on whether to stay discovery is linked, at least in part, to the strength of the motions to dismiss. *Id.* at *5. Here, it is clear that Defendants' personal jurisdiction motions raise substantial grounds for dismissal, and if granted, would end the case for Defendants and eliminate the need for them to engage in costly and time-consuming discovery. The briefing on the motions to dismiss will necessarily inform the Court's consideration of the request for a stay.

The Honorable George B. Daniels
The Honorable Kevin Nathaniel Fox                                                                  Page 3
August 15, 2014

      Accordingly, Defendants agree to Plaintiff's proposal that he be afforded until August 29, 2014 to oppose Defendants' motions to stay merits discovery and propose that Defendants be provided until September 15, 2014 for their replies.  Briefing will then be complete in connection with Defendants' request that the Court issue an order staying merits discovery against them until it rules on their personal jurisdiction motions.

      Defendants have attached a proposed order for the convenience of the Court, incorporating a proposed schedule for the completion of briefing on the Rule 12(b)(2) motions to dismiss (including the propriety of jurisdictional discovery) and for a stay of merits discovery during the pendency of the jurisdictional motions.  In the alternative, Defendants request that all parties discuss these issues before the Court at the upcoming conference scheduled for September 23, 2014.

                                                     Respectfully submitted,

                                                     Brian S. Fraser

(Enclosure)

BSF:vd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFREY LAYDON, on behalf of himself and all :
others similarly situated, :
 :
                Plaintiff, : Case No. 12-cv-3419 (GBD)
 :
      v. :
 : **[PROPOSED] SCHEDULING ORDER**
MIZUHO BANK, LTD., THE BANK OF TOKYO- :
MITSUBISHI UFJ, LTD., THE SUMITOMO :
TRUST AND BANKING CO., LTD., THE :
NORINCHUKIN BANK, MITSUBISHI UFJ :
TRUST AND BANKING CORPORATION, :
SUMITOMO MITSUI BANKING :
CORPORATION, RESONA BANK, LTD., J.P. :
MORGAN CHASE & CO., J.P. MORGAN CHASE :
BANK, NATIONAL ASSOCIATION, J.P. :
MORGAN SECURITIES PLC, MIZUHO :
CORPORATE BANK, LTD., DEUTSCHE BANK :
AG, MIZUHO TRUST AND BANKING CO., :
LTD., THE SHOKO CHUKIN BANK, LTD., :
SHINKIN CENTRAL BANK, UBS AG, UBS :
SECURITIES JAPAN CO. LTD., THE BANK OF :
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, :
THE ROYAL BANK OF SCOTLAND GROUP :
PLC, ROYAL BANK OF SCOTLAND PLC, RBS :
SECURITIES JAPAN LIMITED, BARCLAYS :
BANK PLC, CITIBANK, NA, CITIGROUP, INC., :
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL :
MARKETS JAPAN, INC., COÖPERATIEVE :
CENTRALE RAIFFEISEN-BOERENLEENBANK :
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, :
ICAP PLC, R.P. MARTIN HOLDINGS LIMITED :
and JOHN DOE NOS. 1-50, :
 :
                Defendants. :
------------------------------------------------------------ x

      **WHEREAS**, in an opinion and order dated March 28, 2014, the Court granted in part and denied in part Defendants' motions to dismiss the Second Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6);

- 1 -

- 2 -

**WHEREAS**, on August 7, 2014, fourteen Defendants (the "Moving Defendants") filed motions to dismiss the Second Amended Class Action Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and moved to stay discovery on the merits as to the Moving Defendants;

**WHEREAS**, upon consideration of Plaintiff Jeffrey Laydon ("Plaintiff")'s August 14, 2014 letter requesting an extension of time in which to respond to certain Defendants' motions to dismiss and for stay of discovery, and Defendants' August 15, 2014 letter response thereto;

**IT IS HEREBY ORDERED** that:

1. Plaintiff shall file his response to Moving Defendants' motions to dismiss for lack of personal jurisdiction and for a stay of discovery on or before August 29, 2014.

2. Moving Defendants shall file their replies in support to the motions to dismiss for lack of personal jurisdiction and for a stay of discovery on or before September 15, 2014.

Dated: New York, New York
August ___, 2014

**SO ORDERED**

_____
Honorable George B. Daniels
UNITED STATES DISTRICT COURT JUDGE