UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JEFFREY LAYDON, on behalf of himself and : all others similarly situated,
:
:
Plaintiff, : Case No: 12-cv-3419 (GBD)
:
v. :
:
MIZUHO BANK, LTD., THE BANK OF : **ORAL ARGUMENT REQUESTED**
TOKYO-MITSUBISHI UFJ, LTD, THE
SUMITOMO TRUST AND BANKING CO., :
LTD., THE NORINCHUKIN BANK,
MITSUBISHI UFJ TRUST AND BANKING :
CORPORATION, SUMITOMO MITSUI
BANKING CORPORATION, RESONA :
BANK, LTD., J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK, NATIONAL :
ASSOCIATION, J.P. MORGAN SECURITIES
PLC, MIZUHO CORPORATE BANK, LTD., :
DEUTSCHE BANK AG, MIZUHO TRUST
AND BANKING CO., LTD., THE SHOKO :
CHUKIN BANK, LTD., SHINKIN CENTRAL
BANK, UBS AG, UBS SECURITIES JAPAN :
CO. LTD., THE BANK OF YOKOHAMA,
LTD., SOCIÉTÉ GÉNÉRALE SA, THE :
ROYAL BANK OF SCOTLAND GROUP,
PLC, ROYAL BANK OF SCOTLAND PLC, :
RBS SECURITIES JAPAN LIMITED,
BARCLAYS BANK PLC, CITIBANK, NA, :
CITIGROUP, INC., CITIBANK, JAPAN LTD.,
CITIGROUP GLOBAL MARKETS JAPAN, :
INC., COÖPERATIEVE CENTRALE
RAIFFEISEN-BOERENLEENBANK B.A., :
HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, R.P. MARTIN HOLDINGS :
LIMITED AND JOHN DOES NOS. 1-50,
:
Defendants. :

---------------------------------------------------------------x

**REPLY IN SUPPORT OF RENEWED MOTION OF DEFENDANT RESONA BANK, LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION FOR <u>STAY OF DISCOVERY</u>**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................1

II. This Court Lacks Personal Jurisdiction over Resona ........................................................1

    a. Plaintiff Cannot Establish Specific Jurisdiction ........................................................1

        i. There is No Jurisdiction over Resona under the Effects Test ......................3

        ii. Alleged Co-Conspirator Conduct Cannot Be Imputed to Resona ...............5

        iii. Plaintiff's Electronic Connections Argument Does Not Apply to Resona ...................................................................................................6

    b. Exercising Personal Jurisdiction over Resona Would Be Unreasonable .................7

III. Jurisdictional Discovery Should Not be Allowed As to Resona .........................................8

IV. The Court Should Continue the Merits Stay ......................................................................9

V. Conclusion ..........................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Absolute Activist Master Value Fund, Ltd. v. Ficeto*,
  09 CIV. 8862 (GBD), 2013 WL 1286170 (S.D.N.Y. Mar. 28, 2013) ........................................5

*Aerogroup Int'l, Inc. v. Marlboro Footworks Ltd.*,
  956 F. Supp. 427 (S.D.N.Y. 1996)...........................................................................................7

*Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*,
  480 U.S. 102 (1987)..................................................................................................................8

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007).....................................................................................................6

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)..................................................................................................................3

*Calder v. Jones*,
  465 U.S. 783 (1984).........................................................................................................2, 3, 4

*Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*,
  7 N.Y.3d 65 (2006) ..................................................................................................................6

*Doe v. Delaware State Police*,
  939 F. Supp. 2d 313 (S.D.N.Y. 2013)......................................................................................2

*Gandler v. Nazarov*,
  94 CIV. 2272 (CSH), 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) .........................................9

*In re Amaranth Natural Gas Commodities Litig.*,
  587 F. Supp. 2d 513 (S.D.N.Y. 2008)......................................................................................4

*In re Natural Gas Commodity Litig.*,
  337 F. Supp. 2d 498 (S.D.N.Y. 2004)......................................................................................4

*In re Terrorist Attacks on September 11, 2001*,
  714 F.3d 659 (2d Cir. 2013).....................................................................................................4

*Indelible Media Corp. v. Meat & Potatoes, Inc.*,
  12-CV-0978 (GBD), 2012 WL 3893523 (S.D.N.Y. Sept. 7, 2012) .........................................8

*J. McIntyre Mach., Ltd. v. Nicastro*,
  131 S. Ct. 2780 (2011) (plurality opinion) ..............................................................................2

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)..................................................................................................1, 8

*Laydon v. Mizuho Bank, Ltd.*,
 No. 12-cv-3419 (GBD), 2014 U.S. Dist. LEXIS 46368 (S.D.N.Y. March 28, 2014) ........... 3, 4

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,*
 732 F.3d 161 (2d Cir. 2013) ................................................................................................ 2, 6

*MacDermid, Inc. v. Deiter*,
 702 F.3d 725 (2nd Cir. 2012) .................................................................................................. 6

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
 84 F.3d 560 (2d Cir. 1996) ............................................................................................. 1, 7, 8

*Norvel Ltd. v. Ulstein Propeller AS,*
 161 F. Supp. 2d 190 (S.D.N.Y. 2001) ..................................................................................... 9

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
 2006 U.S. Dist. LEXIS 11617 ................................................................................................. 4

*Porina v. Marward Shipping Co.,*
 521 F.3d 122 (2d Cir. 2008) .................................................................................................... 7

*Pres-Kap, Inc. v. Sys. One, Direct Access, Inc.*,
 636 So. 2d 1351 (Fla. Dist. Ct. App. 1994) ............................................................................. 6

*Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*,
 31 F. App'x 738 (2d Cir. 2002) ............................................................................................... 8

*Walden v. Fiore*,
 134 S. Ct. 1115 (2014) .................................................................................................. 1, 3, 4

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
 952 F. Supp. 1119 (W.D. Pa. 1997) ........................................................................................ 7

**STATUTES**

7 U.S.C. § 25(c) ............................................................................................................................. 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ................................................................................. 1, 9

Defendant Resona Bank, Ltd. ("Resona") respectfully submits this reply in support of its Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Motion for Stay of Discovery.

## I. Introduction

Plaintiff's Memorandum of Law in Opposition to Stipulating Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and for a Stay of Discovery ("Opposition") (Dkt. No. 367) confirms that Plaintiff cannot make out a *prima facie* case for personal jurisdiction over Resona. Plaintiff has failed to allege any contacts between Resona and the United States, let alone United States contacts related to the subject matter of the Second Amended Class Action Complaint ("SAC") (Dkt. No. 150) sufficient to establish personal jurisdiction over Resona. Resona therefore respectfully requests that this Court dismiss Plaintiff's claims against Resona for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In light of Plaintiff's abject failure to make even a *prima facie* showing of personal jurisdiction, Plaintiff's request for jurisdictional discovery is wholly unfounded and should be rejected by the Court.

## II. This Court Lacks Personal Jurisdiction over Resona

It is Plaintiff's burden to establish personal jurisdiction over a defendant to survive a motion to dismiss. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, the plaintiff must make a *prima facie* showing of jurisdiction. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). Plaintiff has failed to meet his burden.

### a. Plaintiff Cannot Establish Specific Jurisdiction[1]

Plaintiff has confirmed that he is relying solely on specific jurisdiction principles to attempt to establish personal jurisdiction over Resona. The relevant inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct.

---

[1] Resona incorporates by reference the arguments regarding lack of specific jurisdiction made in the reply memoranda of the other defendants that filed personal jurisdiction motions.

1

1115, 1121 (2014).  As Plaintiff acknowledges, in order to establish specific jurisdiction, a court must determine *both* that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" and that the plaintiff's claims "aris[e] out of or relate[] to the defendant's contacts with the forum."  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88, (2011) (plurality opinion); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 170 (2d Cir. 2013) (same).

As discussed in depth in the Memorandum in Support of Renewed Motion of Defendant Resona Bank, Ltd. to Dismiss for Lack of Personal Jurisdiction and Motion for Stay of Discovery (Dkt. No. 312), the SAC does not allege *any* contacts between Resona and the United States related to this litigation or otherwise.  Plaintiff's Opposition does not assert any new factual allegations as to Resona, and instead notes only Resona's status as a Japanese bank, a Euroyen TIBOR contributor bank, and a TFX trading and clearing member, and restates the SAC allegation regarding one Euroyen TIBOR submission made by Resona that Plaintiff asserts was lower than the prevailing EYDR.  Opposition at 9-10.

As in the SAC, Plaintiff attempts in his Opposition to obscure the complete lack of allegations regarding Resona by arguing generalities about "Defendants" or "Stipulating Defendants."  This type of group pleading is not sufficient to make a *prima facie* showing that jurisdiction exists.  *See, e.g., Calder v. Jones*, 465 U.S. 783, 790 (1984) (to establish personal jurisdiction, "[e]ach defendant's contacts with the forum State must be assessed individually"); *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013) ("general allegations [that] lump both [defendants] together" are insufficient to establish a *prima facie* case of jurisdiction over each defendant).  Plaintiff also cites the appendix to the SAC (and the Court's

2

reference to that material in its March 28, 2014 order on the 12(b)(6) motions).  *See* Opposition at 2; *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (GBD), 2014 U.S. Dist. LEXIS 46368 (S.D.N.Y. March 28, 2014) (Dkt. No. 270).  However, Plaintiff fails to acknowledge that neither the appendix, nor any of the materials from government enforcement proceedings relied upon by Plaintiff in his SAC and Opposition, references any conduct of Resona.

Plaintiff's meager allegations that are specific to Resona serve to confirm that the challenged activities occurred wholly outside the forum.  These allegations do not in any manner suggest that Resona "should reasonably anticipate being haled into court" in the United States.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

### i.   There is No Jurisdiction over Resona under the Effects Test

Plaintiff argues that this Court has personal jurisdiction over the Stipulating Defendants under the "effects test" articulated by *Calder*, 465 U.S. at 789-90.  Under that test, a court may exercise personal jurisdiction over a defendant consistent with due process only where defendant is a "*primary participant*" in intentional wrongdoing that is "*expressly aimed*" at the forum.  *Id*. at 789-90 (emphasis added).  Plaintiff, however, has alleged zero facts demonstrating that Resona was a participant at all, primary or otherwise, in any intentional wrongdoing or that any of Resona's actions were expressly aimed at the United States.

The Supreme Court's recent opinion in *Walden* makes clear that the personal jurisdiction inquiry is stringent and focuses on defendant's contacts with the forum itself, not persons who reside there.  *See* 134 S. Ct. at 1125 ("the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way").  The cases Plaintiff cites are not applicable, as they pre-date *Walden,* do not actually employ the effects test as articulated in *Calder,* and are factually distinguishable.

3

For example, in *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 517 (S.D.N.Y. 2004), not only did the court not cite *Calder* or any case law in deciding that it had personal jurisdiction over MidAmerican, it also appeared to base its ruling on the language of the Commodity Exchange Act ("CEA") venue provision under 7 U.S.C. § 25(c), not due process principles.[2]  Plaintiff cites *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513 (S.D.N.Y. 2008), *aff'd on other grounds*, 730 F.3d 170 (2d Cir. 2013), to suggest that foreseeability of injury in the forum is sufficient to satisfy the minimum contacts requirement. This is incorrect.  *See Walden*, 134 S.Ct. at 1124-25 (rejecting the Ninth Circuit's finding of minimum contacts based on foreseeability of harm); *see also In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2870 (U.S. 2014) ("the fact that harm in the forum is foreseeable . . . is insufficient for the purpose of establishing specific personal jurisdiction over a defendant" under the effects test).[3]

Nor is Plaintiff's effects test argument supported by this Court's opinion on the 12(b)(6) motions.  The passage from that opinion relied upon by Plaintiff cites only to portions of the SAC that make no mention of Resona.  *See Laydon v. Mizuho Bank, Ltd.*, 2014 U.S. Dist. LEXIS 46368 at *21-23.

---

[2] Plaintiff also cites to *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 2006 U.S. Dist. LEXIS 11617, *abrogated on other grounds by Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 431, 447 (S.D.N.Y. 2012), which purported to apply the pre-*Daimler* general jurisdiction test, not specific jurisdiction jurisprudence.  *Pension Comm.* is also distinguishable because the defendant was alleged to have an agent or alter ego in the forum, as well as profitable direct contacts with the United States,  *Id.* at *21-26.

[3] In one respect, *Amaranth* is instructive.  The court in *Amaranth* found that a Canadian trader who placed orders to sell natural gas futures on the New York Mercantile Exchange (NYMEX) with the intent of manipulating the price of those contracts and knowledge that his trades would affect the price of natural gas futures in the United States, in addition to other conduct related to NYMEX, had sufficient contacts with the United States for personal jurisdiction.  *Amaranth*, 587 F. Supp. 2d at 536.  In contrast, the court found that it lacked personal jurisdiction over Amaranth International, a company that had no registered office, no officers or agents, no property and no phone number in the United States.  *Id.* at 536-37.

4

### ii. Alleged Co-Conspirator Conduct Cannot Be Imputed to Resona

Plaintiff's second argument—that the contacts of domestic banks involved in the alleged conspiracy "are imputed to the Stipulating Defendants for purposes of personal jurisdiction"—minimizes the significance of the Court's dismissal of conspiracy claims in its order on the 12(b)(6) motion.[4] Plaintiff's reliance on the Proposed Third Amended Class Action Complaint ("PTAC") here and elsewhere in its Opposition is an implicit admission that the allegations in the SAC are insufficient to provide a basis for personal jurisdiction.  Further, filing of the PTAC should not be permitted for the reasons articulated in the Defendants' Opposition to Plaintiff's Motion for Leave to Amend (Dkt. No. 361).  Even if the PTAC were permitted, the allegations in it relied upon by Plaintiff are not sufficient to make a *prima facie* case of personal jurisdiction as to Resona.

In order for the imputation theory to apply, plaintiff must "adequately allege[] the following elements: 1) a prima facie showing of a conspiracy, 2) specific facts that warrant the inference that the defendant was a member of the conspiracy, and 3) that the defendant's co-conspirator committed acts in furtherance of the conspiracy in the forum." *Absolute Activist Master Value Fund, Ltd. v. Ficeto*, 09 CIV. 8862 (GBD), 2013 WL 1286170, *13 n. 13 (S.D.N.Y. Mar. 28, 2013).  While Plaintiff notes the innocuous fact that Resona "sat on the JBA Euroyen TIBOR panel during the Class Period" and makes the conclusory assertion that "Defendants" "reported false . . . Euroyen TIBOR rates" (Opposition, p. 14), Plaintiff fails to make any allegations whatsoever that link Resona in any way to other members of an alleged conspiracy, let alone "specific facts that warrant the inference that the defendant was a member of the conspiracy." *Absolute Activist,* 2013 WL 1286170 at *13 n. 13.

---

[4] Plaintiff also suggests that jurisdiction could be based on allegations of "aiding and abetting," but plaintiff fails to cite any case law that recognizes an "aiding and abetting" theory.

5

### iii. Plaintiff's Electronic Connections Argument Does Not Apply to Resona[5]

Plaintiff next advances an argument that this Court has jurisdiction over the Stipulating Defendants based on their "electronic connections" to the United States through the Bloomberg Professional Service. Opposition, pp. 18-20. But, as with Plaintiffs' other arguments, the portions of the SAC and the PTAC that Plaintiff cites *make no mention of Resona. See* Opposition pp. 18-20. Plaintiff identifies no communications by Resona via the Bloomberg service, let alone any communications in furtherance of any wrongful act.

Further, the case law that Plaintiff cites in support of his electronic connections argument is wholly inapplicable. Plaintiff alleges that Defendants used an independent web-based service that had IP addresses located in the United States. In contrast, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 241, 253-55 (2d Cir. 2007) involved a website operator who *used his own website* to post reviews, answer questions, and take donations from users, including users in New York. Even so, the court found that even this level of internet activity was not enough to provide the court with personal jurisdiction. *Id.* at 253-55. [6]

Cases that have examined personal jurisdiction over users who access a website or database that is technically located in another jurisdiction have found that personal jurisdiction cannot be established by simply using the providers' online services. *See Pres-Kap, Inc. v. Sys. One, Direct Access, Inc.*, 636 So. 2d 1351, 1353 (Fla. Dist. Ct. App. 1994) (holding that it would "offend traditional notions of fair play and substantial justice" to assert jurisdiction over "computer-information" users who use internet services that are linked to supplier databases

---

[5] Plaintiff also advances an alter ego argument (Opposition, pp. 15-17), which does not apply to Resona, which has no United States subsidiaries.

[6] Plaintiff also cites to *Licci*, 732 F.3d at 170-71, which involved wire transfers to a United States bank; *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727-29 (2nd Cir. 2012), which involved an employee's misuse of his companies' email system and files; and *Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*, 7 N.Y.3d 65, 71-72 (2006), in which the defendant knowingly dealt with a trading firm's New York office to conduct bond transactions on more than eight occasions.

located in other states); *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1125 (W.D. Pa. 1997) ("When a consumer logs onto a server in a foreign jurisdiction he is engaging in a fundamentally different type of contact than an entity that is using the Internet to sell or market products or services to residents of foreign jurisdictions."). Allegations that a defendant used the Bloomberg service, which happens to have IP addresses in the United States, are not sufficient to make a *prima facie* showing of personal jurisdiction.

### b. Exercising Personal Jurisdiction over Resona Would Be Unreasonable

This Court need not even reach the reasonableness inquiry, as Plaintiff has failed to establish that Resona has minimum contacts with the United States. *See Porina v. Marward Shipping Co.,* 521 F.3d 122, 129 (2d Cir. 2008) ("[I]f the constitutionally necessary first-tier minimum [contacts are] lacking, the inquiry ends.") (internal quotations omitted).

If the Court were to reach the reasonableness inquiry, it would find that asserting personal jurisdiction over Resona is not reasonable and would "offend traditional notions of fair play and substantial justice." *Metro. Life Ins.*, 84 F.3d at 568.[7] Although Plaintiff tries to make light of the situation by reference to the conveniences of modern communication and transportation, the fact remains that litigating a case in the United States would be extremely burdensome for Resona, which has no United States presence, no potential witnesses in the United States, and no United States employees that could assist in the litigation. *See id*. at 573-74 (finding significant that none of the defendant's records, files, or witnesses with information about the litigation were located in the forum). The interest of the United States in adjudicating this dispute is also greatly reduced in regard to Resona, as the few allegations against Resona relate to conduct that

---

[7] Plaintiff argues that the burden is on the defendant to present a compelling case that the presence of some other considerations would make jurisdiction unreasonable. But, this is only the case where "plaintiff has made a threshold showing of minimum contacts." *Metro. Life Ins.*, 84 F.3d at 568. Plaintiff has made no such showing. Further, where "there is a weak showing of minimum contacts, there must be a stronger showing of reasonableness." *Aerogroup Int'l, Inc. v. Marlboro Footworks Ltd.,* 956 F. Supp. 427, 440 (S.D.N.Y. 1996).

7

occurred in Japan. *See id.* at 574 (finding the interests of the forum to be lessened where the "acts and omissions that serve as the basis for [plaintiff's] suit occurred" outside of the forum). Further, those allegations, even if credited, are perfectly consistent with legitimate conduct.[8] Finally, policy factors weigh heavily against the exercise of jurisdiction over Resona, because the interests of the United States in adjudicating the case are weak, and the burden on Resona is large. *See Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 115 (1987) (advising courts to consider the interests of other nations and cautioning against the exercise of jurisdiction over a foreign defendant where the interests of the forum are slight and the burden on the foreign defendant is great).

### III. Jurisdictional Discovery Should Not be Allowed As to Resona

A plaintiff is not entitled to jurisdictional discovery where it has failed to make a *prima facie* showing of jurisdiction. *See, e.g., Jazini,* 148 F.3d 181 at 186 (plaintiff not entitled to jurisdictional discovery where plaintiff "did not establish a *prima facie* case that the district court had jurisdiction"); *Indelible Media Corp. v. Meat & Potatoes, Inc.,* 12-CV-0978 (GBD), 2012 WL 3893523, at *7 (S.D.N.Y. Sept. 7, 2012) (holding that "jurisdictional discovery is not warranted" where plaintiff failed to make out a *prima facie* case for jurisdiction). Plaintiff has not made a *prima facie* showing of jurisdiction as to Resona.

In *Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738, 739 (2d Cir. 2002), relied upon by Plaintiff, the court found "plaintiffs' jurisdictional allegations [we]re neither sparse nor insufficiently specific." *Id.* Here, like the plaintiffs' allegations in *Jazini*, 148

---

[8] As noted in the TIBOR-Only Bank Defs.' Mot. for Recon. or Reargument, pp. 4-6 (Dkt. No. 283), Plaintiff's "coefficient of variation" analysis can be explained by the TIBOR-only banks reporting rising borrowing rates for prime banks on the Japanese offshore market, and Plaintiff's divergence analysis can be explained by the TIBOR-only banks submitting quotes that relied on Yen-LIBOR allegedly manipulated by others.

8

F.3d at 184-85, Plaintiff's allegations against Resona are conclusory and "lack the factual specificity necessary to confer jurisdiction."

Plaintiff relies on argument by counsel for another Stipulating Defendant at the April 28, 2014 status conference that the Court should defer personal jurisdiction motions until after consideration of Plaintiff's anticipated motion to file a PTAC because there would be substantial overlap between jurisdictional and merits discovery. Apr. 28, 2014 Hr'g Tr. 17:4-12. This efficiency point was in no manner a concession that personal jurisdiction discovery would be justified in this case. Now that briefing is complete, it is apparent that Plaintiff has not and cannot make a *prima facie* showing that Resona is subject to the Court's jurisdiction. There is thus no basis for permitting personal jurisdiction discovery. *See, e.g. Norvel Ltd. v. Ulstein Propeller AS,* 161 F. Supp. 2d 190, 208 (S.D.N.Y. 2001) ("In the absence of any prima facie showing of personal jurisdiction . . . it would be inappropriate to subject defendants to the burden and expense of discovery (which likely would result in a fishing expedition).").

## IV. The Court Should Continue the Merits Stay

Resona respectfully requests that this Court continue to stay all merits discovery, including initial disclosures, as to Resona pending a ruling on Resona's Motion to Dismiss for Lack of Personal Jurisdiction. "It is well-settled that a district court has discretion to halt discovery pending its decision on a motion to dismiss," especially where faced with potentially dispositive motions that may "avoid the need for costly and time-consuming discovery." *Gandler v. Nazarov*, 94 CIV. 2272 (CSH), 1994 WL 702004 at *4 (S.D.N.Y. Dec. 14, 1994).

## V. Conclusion

For the foregoing reasons, Defendant Resona respectfully requests that the Court, pursuant to Rule 12(b)(2), dismiss the complaint against Resona and deny jurisdictional discovery as to Resona.

9

Dated:  September 15, 2014

Respectfully submitted,

By:   /s/ Paul B. Hewitt
Paul B. Hewitt
C. Fairley Spillman
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000
fspillman@akingump.com
phewitt@akingump.com

Michael Asaro
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-8100
masaro@akingump.com

*Attorneys for Defendant Resona Bank, Ltd*