UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated, | : |
| | : |
| Plaintiff, | : Case No: 12-cv-3419 (GBD) |
| v. | : |
| | : |
| MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD, THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP, PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOES NOS. 1-50, | : **ORAL ARGUMENT REQUESTED** |
| Defendants. | : |

-------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW OF DEFENDANTS MIZUHO BANK, LTD. AND MIZUHO TRUST AND BANKING CO., LTD. IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR A STAY OF DISCOVERY**

**TABLE OF CONTENTS**

                                                                                                                                     **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

       I.       THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER MIZUHO BANK AND MIZUHO TRUST ................................................................ 2

       II.      THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER MIZUHO BANK AND MIZUHO TRUST ................................................................ 2

       III.     THE PLAINTIFF'S ADDITIONAL THEORIES OF SPECIFIC JURISDICTION LACK LEGAL AND FACTUAL SUPPORT ............................ 3

              A.     The Plaintiff Cannot Establish Specific Jurisdiction Over Mizuho Bank Or Mizuho Trust Under The Effects Test .......................................... 3

              B.     The Plaintiff Cannot Establish Specific Jurisdiction Under The Conspiracy Theory Of Jurisdiction ............................................................. 5

              C.     The Plaintiff Cannot Establish Specific Jurisdiction Through An Alter Ego Theory Of Jurisdiction ........................................................................ 7

              D.     The Plaintiff Cannot Establish Specific Jurisdiction Based Upon Electronic Communications In The United States ...................................... 9

       IV.     JURISDICTIONAL DISCOVERY IS NOT WARRANTED AGAINST MIZUHO BANK AND MIZUHO TRUST ............................................................ 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases** **Page**

*Absolute Activist Master Value Fund, Ltd. v. Ficeto*,
   2013 WL 1286170 (S.D.N.Y. Mar. 28, 2013) ....................................................................7

*In re Amaranth Nat. Gas Commodities Litig.*,
   587 F. Supp. 2d 513 (S.D.N.Y. 2008)..............................................................................4, 5

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).........................................................................................................6, 9

*Calder v. Jones*,
   465 U.S. 783 (1984).........................................................................................................3, 4

*Daventree Ltd. v. Republic of Azerbaijan*,
   349 F. Supp. 2d 736 (S.D.N.Y. 2004).......................................................................5, 6, 9

*Davis v. A&J Elec.*,
   792 F.2d 74 (7th Cir. 1986) ..................................................................................................5

*Doe v. Del. State Police*,
   939 F. Supp. 2d 313 (S.D.N.Y. 2013)..................................................................................4

*Duravest, Inc. v. Viscardi, A.G.*,
   581 F. Supp. 2d 628 (S.D.N.Y. 2008)..................................................................................8

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
   218 F. Supp. 2d 369 (S.D.N.Y. 2002)........................................................................5, 6, 7

*J. McIntyre Mach., Ltd. v. Nicastro*,
   131 S. Ct. 2780 (2011).........................................................................................................2

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181 (2d Cir. 1998).................................................................................................8

*Klonis v. Nat'l Bank of Greece, S.A.*,
   492 F. Supp. 2d 293 (S.D.N.Y. 2007)..................................................................................8

*MacDermid, Inc. v. Deiter*,
   702 F.3d 725 (2d Cir. 2012).................................................................................................9

*Porina v. Marward Shipping Co., Ltd.*,
   521 F.3d 122 (2d Cir. 2008).................................................................................................8

*In re Satyam Computer Servs. Ltd. Sec. Litig.*,
   915 F. Supp. 2d 450 (S.D.N.Y. 2013)..................................................................................6

*Tarsavage v. Citic Trust Co., Ltd.*,
  2014 WL 956408 (S.D.N.Y. Mar. 11, 2014) ............................................................................6

*In re Terrorist Attacks on September 11, 2001*,
  714 F.3d 659 (2d Cir. 2013) .................................................................................................3, 4

*In re Terrorist Attacks on September 11, 2001*,
  740 F. Supp. 2d 494 (S.D.N.Y. 2010) .......................................................................................4

*Tymoshenko v. Firtash*,
  2013 WL 1234943 (S.D.N.Y. Mar. 27, 2013) ...........................................................................5

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ..............................................................................................................3

## Statutes

N.Y. C.P.L.R. § 302(a) ........................................................................................................................5

Defendants Mizuho Bank, Ltd. ("Mizuho Bank") and Mizuho Trust and Banking Co., Ltd. ("Mizuho Trust") respectfully submit this reply memorandum of law in further support of their motion to dismiss the plaintiff's Second Amended Class Action Complaint (the "Complaint" or "SAC") for lack of personal jurisdiction and to stay discovery.  (Dkt. 324-26.)[1]

## PRELIMINARY STATEMENT

To date, the plaintiff's strategy has been to take facts about a few defendants and assert them broadly against all "Defendants," even though he does not have a factual basis to do so. When confronted with a motion to dismiss for lack of personal jurisdiction, however, a plaintiff cannot hide behind general allegations about the "Defendants" and must present specific facts supporting jurisdiction over each defendant.  This requirement is fatal to the plaintiff's assertion of jurisdiction over Mizuho Bank and Mizuho Trust.  The only facts that the plaintiff offers in support of the assertion of jurisdiction over these two banks are irrelevant and insufficient.

Lacking specific facts supporting jurisdiction in the United States over Mizuho Bank and Mizuho Trust, the plaintiff advances a number of novel theories in an effort to impute the activities of subsidiaries and co-defendants to Mizuho Bank and Mizuho Trust.  But these theories do not confer jurisdiction over Mizuho Bank and Mizuho Trust, because they require a level of control over subsidiaries and knowledge of co-defendants' acts that is not present here. The plaintiff has not come close to meeting his burden of making a *prima facie* showing of jurisdiction over Mizuho Bank and Mizuho Trust, and the case against them should be dismissed with prejudice.

---

[1] Plaintiff's Memorandum of Law in Opposition to Stipulating Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for a Stay of Discovery, dated August 29, 2014 (Dkt. 367), is referred to as "SD Opp."  The Memorandum of Law of Defendants Mizuho Bank, Ltd. and Mizuho Trust and Banking Co., Ltd. in Support of their Motion to Dismiss for Lack of Personal Jurisdiction and for a Stay of Discovery, dated August 7, 2014 (Dkt. 324), is referred to as "Mizuho Br."

# ARGUMENT

## I. THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER MIZUHO BANK AND MIZUHO TRUST

The plaintiff concedes that this Court does not have general personal jurisdiction over Mizuho Bank and Mizuho Trust. (SD Opp. at 5.) He could not reasonably do otherwise. Mizuho Bank and Mizuho Trust are incorporated under the laws of Japan and have their principal places of business in Japan. Based on these facts and controlling Supreme Court precedent, Mizuho Bank and Mizuho Trust are not "at home" in New York or the United States, and the Court does not have general jurisdiction over them. (Mizuho Br. at 4-7.)

## II. THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER MIZUHO BANK AND MIZUHO TRUST

This Court also lacks specific personal jurisdiction over Mizuho Bank and Mizuho Trust. The plaintiff correctly states that, in order to have specific jurisdiction over a nonresident defendant, he must allege facts demonstrating that (i) the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" and (ii) the plaintiff's claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011). Despite articulating the correct legal standard, the plaintiff does not satisfy either prong of this test. A simple review of the paltry facts the plaintiff highlights in his opposition brief confirms that this Court has no basis to assert specific personal jurisdiction over Mizuho Trust or Mizuho Bank. (SD Opp. at 8-9.)

The plaintiff identifies three facts that purportedly support the assertion of specific jurisdiction over Mizuho Trust and Mizuho Bank: (1) Mizuho Trust has a wholly owned subsidiary that operates in New York (*i.e.*, Mizuho Trust and Banking Co. Ltd. (USA) ("Mizuho Trust USA")); (2) Mizuho Bank has agreements with three U.S. banks to "market and develop

2

asset management and securities service"; and (3) Mizuho Trust and Mizuho Bank serve as trading and clearing members on the Tokyo Financial Exchange. (SD Opp. at 8-9.)[2] None of these facts demonstrates that either Mizuho Trust or Mizuho Bank (as opposed to separate corporate entities) "purposefully availed" itself of the privilege of conducting business in the United States. Even if they did, the plaintiff's claims do not arise out of any of these facts. Accordingly, the plaintiff's claims against them must be dismissed.[3]

## III. THE PLAINTIFF'S ADDITIONAL THEORIES OF SPECIFIC JURISDICTION LACK LEGAL AND FACTUAL SUPPORT

### A. The Plaintiff Cannot Establish Specific Jurisdiction Over Mizuho Bank Or Mizuho Trust Under The Effects Test

The plaintiff cannot establish specific personal jurisdiction through the "effects test" because he has not alleged a single fact showing that Mizuho Bank or Mizuho Trust took "intentional" actions "expressly aimed" at the forum. *Walden v. Fiore*, 134 S. Ct. 1115, 1124 n.7 (2014). The plaintiff incorrectly asserts that he can satisfy the effects test because certain actions by "Defendants" had "unmistakable foreseeable effects" in the United States. (SD Opp. at 11.) But "the mere fact that [the defendant] can 'foresee' that" its actions will have an effect on the forum "is not sufficient for an assertion of jurisdiction." *Calder v. Jones*, 465 U.S. 783, 789 (1984); *see also In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013).

The more fundamental problem is that the plaintiff makes general allegations against the "Defendants," but does not allege any specific facts regarding Mizuho Bank and Mizuho Trust.

---

[2] The plaintiff also notes that Mizuho Bank merged with Mizuho Corporate Bank, Ltd. eighteen months after the plaintiff filed his original complaint. For the reasons stated in our opening brief (Mizuho Br. at 5-6) and below, events that occurred after the plaintiff filed the original complaint are irrelevant to the jurisdictional analysis.

[3] Lacking any relevant facts against Mizuho Bank and Mizuho Trust, the plaintiff misleadingly includes a separate fact section for Mizuho Corporate Bank, Ltd., even though the plaintiff repeatedly states that his opposition brief does not apply to Mizuho Corporate Bank, Ltd. and that he addresses Mizuho Corporate Bank, Ltd.'s motion in a separate opposition brief related to the "Non-Stipulating Defendants." (SD Opp. at 1, n.1, 7-8, n. 5.) This brief is filed on behalf of Mizuho Bank and Mizuho Trust only. Mizuho Corporate Bank, Ltd. filed a separate motion to dismiss with the Japanese Banks (Dkt. No. 316) and has filed a separate reply brief with the Japanese Banks.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff cannot rely on group pleading, but must allege specific facts against each defendant. *See Calder*, 465 U.S. at 790 ("[e]ach defendant's contacts with the forum must be assessed individually"); *Doe v. Del. St. Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013) (plaintiff cannot "lump" defendants together when pleading jurisdiction); *In re Terrorist Attacks on Sept. 11, 2001*, 740 F. Supp. 2d 494, 507 (S.D.N.Y. 2010) (plaintiff must allege "specific factual allegations" against each defendant).

Here, the plaintiff has not alleged any facts showing that Mizuho Bank and Mizuho Trust manipulated Euroyen TIBOR or Yen LIBOR; he has not alleged any facts showing that they intentionally directed Euroyen TIBOR futures transactions at individuals and entities in the U.S.; and he has not alleged any facts showing that they intentionally submitted false information through servers in the U.S. In fact, the plaintiff asks the Court to permit discovery in order to determine "whether" any of these things happened. (SD Br. at 23.) In other words, the plaintiff admits that he has no specific facts supporting jurisdiction over Mizuho Bank and Mizuho Trust, but merely hopes that he will find some through discovery. Because the plaintiff has failed to plead specific facts showing that Mizuho Bank or Mizuho Trust took "intentional" actions "expressly aimed" at the United States, the plaintiff cannot establish specific jurisdiction through the effects test. *See In re Terrorist Attacks*, 714 F.3d at 676 (affirming motion to dismiss because plaintiff failed to plead nonconclusory facts that defendants' actions were "expressly aimed" at the United States); *Tarsavage v. Citic Trust Co., Ltd.*, 2014 WL 956408, at *5-6 (S.D.N.Y. Mar. 11, 2014) (granting motion to dismiss because plaintiff failed to provide "non-speculative allegations" of conduct "expressly aimed" at the United States).[4]

---

[4] The cases cited by the plaintiff are distinguishable because they include specific facts to support the effects test that are missing against Mizuho Bank and Mizuho Trust. For example, in *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 536 (S.D.N.Y. 2008), the plaintiff identified specific transactions on specific dates,

4

### B. The Plaintiff Cannot Establish Specific Jurisdiction Under The Conspiracy Theory Of Jurisdiction

The plaintiff has not alleged any facts against Mizuho Bank and Mizuho Trust that would warrant the application of the conspiracy theory of jurisdiction.[5]  First, there is no legal basis to impute one alleged co-conspirator's conduct to another where, as here, the plaintiff is not relying on New York's long-arm statute.  (SD Opp. at 5 (stating that he is relying on the Commodity Exchange Act as his basis for jurisdiction).)  The legal underpinning for the conspiracy theory of jurisdiction is C.P.L.R. § 302(a), which explicitly states that a court may exercise personal jurisdiction over a nondomiciliary based on the actions of an "agent."[6]  Outside of New York's long-arm statute, there is no statutory or legal basis for the conspiracy theory of jurisdiction.  *See Tymoshenko v. Firtash*, 2013 WL 1234943, at *4 (S.D.N.Y. Mar. 27, 2013) (stating that the use of the conspiracy theory outside of New York's long-arm statute "has been widely criticized by courts and scholars"); *Daventree*, 349 F. Supp. at 764 (questioning the validity of the conspiracy theory outside of New York's long-arm statute); *see also Davis v. A&J Elec.*, 792 F.2d 74, 76 (7th Cir. 1986) (holding that there is no "independent federal 'civil co-conspirator' theory of personal jurisdiction").  Because the plaintiff is not relying on New York's long-arm statute as the basis for personal jurisdiction, the conspiracy theory of personal jurisdiction does not apply.

Second, even if the plaintiff had a legal basis to invoke the conspiracy theory of jurisdiction, he has not alleged any specific facts that would justify the application of the doctrine

---

explained what techniques the defendant used to manipulate natural gas future contracts, and how the manipulative transactions affected the U.S. market.  No such facts are alleged here.

[5] The plaintiff misleadingly states that the conspiracy theory of jurisdiction can be based on "aiding and abetting." (SD Opp. at 12-15.)  The plaintiff, however, does not cite any cases that recognize the "aiding and abetting" theory jurisdiction, and we are not aware of any.

[6] *See First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 394 (S.D.N.Y. 2002) (explaining that the legal basis for the conspiracy theory of jurisdiction is C.P.L.R. § 302(a), which explicitly considers the actions of the defendant and its "agent"); *Daventree Ltd. v. Rep. of Azerbaijan*, 349 F. Supp. 2d 736, 759 (S.D.N.Y. 2004) (same).

5

to Mizuho Bank and Mizuho Trust.  In order to invoke the conspiracy theory of jurisdiction, "the plaintiff must (1) establish a *prima facie* case of conspiracy, (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy, (3) demonstrate the commission of a tortious act in the forum, and (4) demonstrate the requisite agency relationship between the nondomiciliary defendant and the in-state tortfeasor." *See First Capital*, 218 F. Supp. 2d at 394; *Daventree*, 349 F. Supp. 2d at 759.[7]  The plaintiff cannot meet this standard.

The only facts the plaintiff has alleged against Mizuho Trust and Mizuho Bank are that Mizuho Trust has a U.S. subsidiary, Mizuho Bank has entered into certain asset management agreements with U.S. banks, Mizuho Bank merged with Mizuho Corporate Bank, Ltd. after the Complaint was filed, and they are both members of the Tokyo Financial Exchange.  (SD Opp. at 8-9.)  These facts do not come close to showing that Mizuho Bank and Mizuho Trust entered into a conspiratorial agreement with a U.S.-based co-defendant or that they knew that a co-defendant engaged in fraudulent activity in the United States.  Accordingly, the plaintiff cannot rely on the conspiracy theory to assert specific jurisdiction over Mizuho Bank and Mizuho Trust.  *See Tarsavage*, 2014 WL 956408, at *8 (rejecting the conspiracy theory because the plaintiff failed to plead sufficient facts to establish the required elements); *In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d at 485 (rejecting the conspiracy theory of jurisdiction because the plaintiff's conclusory allegations were insufficient to connect the defendants to transactions in the United States); *Daventree*, 349 F. Supp. 2d at 762-63 (rejecting the conspiracy theory because the plaintiff failed to allege that the defendant knew of the co-conspirator's fraudulent

---

[7] Some courts have weakened the fourth element by simply requiring the plaintiff to "set forth evidentiary facts to connect the defendants with transactions occurring in the United States." *In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 484 (S.D.N.Y. 2013).  This formulation is inconsistent with the bedrock due process principle that a court cannot exercise specific jurisdiction unless the defendant "purposefully directed" activity at the forum.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Evidence that a defendant was "connected" to a transaction in the United States is generally insufficient to demonstrate "purposeful availment."

conduct in the forum); *First Capital*, 218 F. Supp. 2d at 394-95 (rejecting the conspiracy theory of jurisdiction because there was no evidence that the defendant directed the co-defendant's fraudulent activity in the forum).[8]

### C. The Plaintiff Cannot Establish Specific Jurisdiction Through An Alter Ego Theory Of Jurisdiction

The plaintiff also cannot establish specific jurisdiction over Mizuho Trust and Mizuho Bank based on an alter ego theory.[9] In order for a subsidiary's contacts with the forum to be imputed to a parent, the subsidiary must be a "mere department" of the parent corporation. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). In determining whether a subsidiary is a "mere department," courts consider four factors: (1) "common ownership," (2) "financial dependency of the subsidiary on the parent corporation," (3) "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities," and (4) "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." *Id.* at 185. The plaintiff cannot satisfy these criteria.

As explained in the declaration of Masahiro Gao, Mizuho Trust and Mizuho Trust (USA) are separate corporate entities that observe all corporate formalities; they are governed by distinct boards of directors; they do not share officers and directors; Mizuho Trust (USA)

---

[8] The cases cited by the plaintiff are distinguishable because they include specific factual allegations of conspiracy that are completely lacking against Mizuho Bank and Mizuho Trust. For example, in *Absolute Activist Master Value Fund, Ltd. v. Ficeto*, 2013 WL 1286170, at *13 n.13 (S.D.N.Y. Mar. 28, 2013), the Court found that the plaintiff alleged specific facts demonstrating that certain nonresident defendants had knowledge of the conspiracy, took active steps to further it by wiring money to the U.S. and intimidating witnesses in the U.S., and knew that a co-defendant was regularly engaging in fraudulent penny stock transactions in the U.S. The Court found that these facts demonstrated that the nonresident defendant "purposefully directed activity at the U.S. that furthered the fraudulent scheme." *Id.* at *13. The plaintiff has not alleged similar facts here.

[9] The plaintiff's effort to use the alter ego theory to establish specific jurisdiction is misplaced. Plaintiffs typically attempt to impute a subsidiary's contacts with the forum in order to demonstrate that the parent is doing business in the forum for purposes of establishing general jurisdiction. In fact, every case cited by the plaintiff in support of its alter ego theory is a general jurisdiction case. The doctrine is irrelevant to establishing specific jurisdiction.

generates its own revenue and is not dependent on Mizuho Trust for funds to run its operations; and Mizuho Trust does not exercise control over Mizuho Trust (USA)'s day-to-day operations. (Gao Decl. at ¶¶ 15-19; Dkt. No. 326.)  In factually similar situations where the parent and subsidiary operate independently, courts uniformly refuse to impute a U.S. subsidiary's contacts with the United States to a foreign parent.  *See Jazini*, 148 F.3d at 185 (refusing to impute U.S. subsidiary's contacts to a parent where the subsidiary was not financially dependent on the parent and where the parent exercised minimal control over the subsidiary's operations); *Klonis v. Nat'l Bank of Greece, S.A.*, 492 F. Supp. 2d 293, 300-01 (S.D.N.Y. 2007) (same).

The allegations against Mizuho Bank are even more deficient.  The plaintiff alleges that the U.S. activities of Mizuho Corporate Bank, Ltd. should be imputed to Mizuho Bank based on a merger that took place between Mizuho Bank and Mizuho Corporate Bank, Ltd. in July 2013. (SD Opp. at 8.)  As explained in Mizuho Bank's opening brief, the Second Circuit has held that a court's jurisdiction over a defendant is determined based on a defendant's contacts with the forum "up to and including the date the suit was filed."  *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 128 (2d Cir. 2008); (Mizuho Br. at 5-6.)  Events that "occur[] *after* the Complaint [is] filed . . . are therefore irrelevant" to the jurisdictional inquiry.  *Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 639 (S.D.N.Y. 2008) (emphasis in original).

Here, there is no dispute that, at the time the plaintiff filed his complaint on April 30, 2012, Mizuho Bank had not merged with Mizuho Corporate Bank, Ltd., and the two banks were separate entities.  (SAC ¶ 57), (Okamoto Decl. at ¶ 14; Dkt. 325.)  In fact, the two banks did not merge until July 2013 – eighteen months after the plaintiff filed his complaint.  Under controlling Second Circuit precedent, the Court should not consider any facts related to Mizuho Corporate Bank, Ltd. in determining whether it has jurisdiction over Mizuho Bank.  (Mizuho Br. at 5-6.)

      **D.**      **The Plaintiff Cannot Establish Specific Jurisdiction Based Upon Electronic Communications In The United States**

The plaintiff advances the novel theory that he can establish specific personal jurisdiction over Mizuho Bank and Mizuho Trust because they may have used a Bloomberg service that had computer servers in the United States. (SD Opp. at 18-20.) For one thing, the plaintiff has not identified any communication or transaction by Mizuho Bank or Mizuho Trust that used a Bloomberg service. Even if he did, the assertion of specific personal jurisdiction based on such communications would clearly violate due process. An essential constitutional requirement for specific jurisdiction is that a defendant must "purposefully direct[] his activities toward forum residents." *Burger King*, 471 U.S. at 474. "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 475. Here, if any electronic communications passed through computer servers in the U.S., it was simply a "random" and "fortuitous" act and not the result of "purposefully directed" activity by Mizuho Bank or Mizuho Trust. As a result, electronic communications cannot provide a basis for specific jurisdiction.[10]

**IV.**    **JURISDICTIONAL DISCOVERY IS NOT WARRANTED AGAINST MIZUHO BANK AND MIZUHO TRUST**

The plaintiff concedes that he has not made a *prima facie* showing of personal jurisdiction and requests discovery to try to help him come up with one, but that is not the purpose of jurisdictional discovery. As the plaintiff correctly points out in his brief, jurisdictional discovery should be limited to situations where there is a "genuine issue of jurisdictional fact" that "cannot be resolved on the pleadings and affidavits alone." (SD Opp. at

---

[10] The cases cited by the plaintiff are distinguishable because, in each case, the court ruled that the defendant "purposefully directed" computer activity toward the forum. For example, in *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 730 (2d Cir. 2012), the court ruled that the defendant "purposefully directed" her activity to the forum by intentionally logging into her company's servers, which she knew were located in the forum, and stealing proprietary information and trade secrets from her company. No such allegations are present here.

9

22 n.19 (citing *Daventree*, 349 F. Supp. 2d at 765).)  Here, there are no "genuine issues of jurisdictional fact," and the plaintiff's request for discovery should therefore be denied.

The plaintiff asserts that he needs discovery to determine whether Mizuho Trust "controlled" its U.S. subsidiary or was the "alter ego" of a U.S.-based subsidy.  (SD Opp. at 23.)  But as explained in this brief, Mizuho Trust did not "control" its U.S. subsidiary and was not an "alter ego."  (Gao Decl. at ¶¶ 15-19; Dkt. No. 326.)  The plaintiff also asserts that he needs discovery to determine whether Mizuho Bank and Mizuho Trust traded foreign currency with U.S. banks or U.S. residents.  (SD Opp. at 23.)  But this information is irrelevant to the case, which is about the alleged manipulation of Euroyen TIBOR and Yen LIBOR, and Euroyen TIBOR futures contracts, and could not provide a basis for specific jurisdiction anyway.  Finally, the plaintiff requests discovery to determine whether Mizuho Bank and Mizuho Trust aided and abetted U.S. institutions in the manipulation of Euroyen TIBOR and Yen LIBOR, transacted in Euroyen TIBOR futures contracts with U.S. entities, and sent false information regarding Yen LIBOR and Euroyen TIBOR over U.S. servers.  (SD Opp. at 23.)  But these requests go to the merits of the case and further demonstrate that the plaintiff is trying to use jurisdictional discovery to find a claim.  The plaintiff has not made a *prima facie* showing of jurisdiction against Mizuho Bank and Mizuho Trust and his request for discovery should be denied.  (Mizuho Br. at 11-12 (citing cases denying jurisdictional discovery).)

## CONCLUSION

For the foregoing reasons and the reasons set forth in Mizuho Bank's and Mizuho Trust's opening brief, this Court should issue an order dismissing the Complaint with prejudice against Mizuho Bank and Mizuho Trust.[11]

---

[11] We also respectfully request that the Court extend the stay of discovery until the disposition of this motion.

10

Dated: New York, New York
September 15, 2014

        SHEARMAN & STERLING LLP

        By: /s/ Jerome S. Fortinsky
            Jerome S. Fortinsky
            John A. Nathanson
            Jeffrey J. Resetarits

        599 Lexington Avenue
        New York, NY 10022-6069
        Telephone: 212-848-4000
        Facsimile: 212-848-7179
        jfortinsky@shearman.com
        john.nathanson@shearman.com
        jeffrey.resetarits@shearman.com

        *Attorneys for Defendants Mizuho Bank, Ltd. and Mizuho Trust and Banking Co., Ltd.*