UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFREY LAYDON, on behalf of himself and all :
others similarly situated, :
                                              :
                Plaintiff, : Case No. 12-cv-3419 (GBD)
                                              :
              v. : **ECF CASE**
                                              :
MIZUHO BANK, LTD., THE BANK OF TOKYO- :
MITSUBISHI UFJ, LTD., THE SUMITOMO : **ORAL ARGUMENT REQUESTED**
TRUST AND BANKING CO., LTD., THE :
NORINCHUKIN BANK, MITSUBISHI UFJ :
TRUST AND BANKING CORPORATION, : **REPLY MEMORANDUM OF LAW IN**
SUMITOMO MITSUI BANKING : **SUPPORT OF ICAP PLC'S MOTION**
CORPORATION, RESONA BANK, LTD., J.P. : **TO DISMISS FOR LACK OF**
MORGAN CHASE & CO., J.P. MORGAN CHASE : **PERSONAL JURISDICTION**
BANK, NATIONAL ASSOCIATION, J.P. :
MORGAN SECURITIES PLC, MIZUHO :
CORPORATE BANK, LTD., DEUTSCHE BANK :
AG, MIZUHO TRUST AND BANKING CO., :
LTD., THE SHOKO CHUKIN BANK, LTD., :
SHINKIN CENTRAL BANK, UBS AG, UBS :
SECURITIES JAPAN CO. LTD., THE BANK OF :
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, :
THE ROYAL BANK OF SCOTLAND GROUP :
PLC, ROYAL BANK OF SCOTLAND PLC, RBS :
SECURITIES JAPAN LIMITED, BARCLAYS :
BANK PLC, CITIBANK, NA, CITIGROUP, INC., :
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL :
MARKETS JAPAN, INC., COÖPERATIEVE :
CENTRALE RAIFFEISEN-BOERENLEENBANK :
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, :
ICAP PLC, R.P. MARTIN HOLDINGS LIMITED :
and JOHN DOE NOS. 1-50, :
                                              :
                Defendants. :
------------------------------------------------------------- x

                                                 RICHARDS KIBBE & ORBE LLP
                                                 200 Liberty Street
                                                 New York, NY  10281-1003
                                                 Telephone: 212.530.1800

Date: September 15, 2014                    *Attorneys for Defendant* ICAP plc

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    I.    Plaintiff Cannot Meet His Burden to Establish Specific Personal Jurisdiction Under *Walden*. ................................................................................................. 1

    II.    Plaintiff Has Failed to Plead a "Substantial Connection" Between ICAP plc and the United States That Is Related to the Litigation. ......................................... 2

    III.    Allegations Regarding ICAP plc's Subsidiaries Cannot Be Imputed to ICAP plc and Are Insufficient to Support Specific Jurisdiction. ............................. 4

        A.    The Alleged Conduct of its Subsidiaries Cannot Be Imputed to ICAP plc. ................................................................................................. 4

        B.    Plaintiff's Attempt to Rely on Aiding and Abetting, Conspiracy and/or Electronic Communications Theories Are Insufficient to Establish Personal Jurisdiction. ................................................................................ 7

    IV.    The Exercise of Specific Jurisdiction Over ICAP plc Is Not Reasonable. ............... 8

    V.    Plaintiff Has Failed to Demonstrate That He Should Be Permitted to Take Jurisdictional Discovery ....................................................................................... 9

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557
  (E.D.N.Y. 2011) ...................................................................................................................9

*Animal Sci. Prods. Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*,
  No. 06-MD-1738, 2012 U.S. Dist. LEXIS 187063 (E.D.N.Y. Aug. 8, 2012) ..........................3

*Arandell Corp. v. Xcel Energy, Inc. (In re W. State Wholesale Natural Gas Antitrust
  Litig.)*, 605 F. Supp. 2d. 1118 (D. Nev. 2009) ...................................................................6

*Catlin Ins. Co. (UK) v. Bernuth Lines Ltd. (In re MS Angeln GmbH & Co. KG)*,
  No. 10-CV-4820, 2012 WL 1080300 (S.D.N.Y. Mar. 29, 2012) ............................................9

*Eastman Kodak Co. v. Asia Optical Co.*, No. 11-CV-6036, 2012 WL 2148198
  (S.D.N.Y. June 13, 2012) ..................................................................................................3 n.3

*Franklin v. Burlington N. & Santa Fe R.R. Co.*, No. 4:10-CV-618, 2010 WL 4877279
  (N.D. Tex. Dec. 1, 2010) .......................................................................................................5

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 959 F. Supp. 2d 476
  (S.D.N.Y. 2013) ....................................................................................................................6

*In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126, 2013 U.S. Dist. LEXIS
  65797 (S.D.N.Y. Dec. 20, 2013) ...........................................................................................6

*In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456 (S.D.N.Y. 2010) ......................8, 9

*Jazini v. Nissan Motor Co.,* 148 F.3d 181 (2d Cir. 1998) .............................................................5, 9

*John Wiley & Sons, Inc. v. John Does Nos. 1-27*, No. 11-CV-7627, 2012 WL 364048
  (S.D.N.Y. Feb. 3, 2012) ......................................................................................................8 n.8

*Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44 (2d Cir. 1991) .............................................3 n.3

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996) ................................8, 9

*NovelAire Techs., L.L.C. v. Munters AB*, No. 13-CV-472, 2013 WL 6182938
  (S.D.N.Y. Nov. 21, 2013) .....................................................................................................6

*Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d 140 (S.D.N.Y. 2004) ..............................................6

Page(s)

*Stutts v. De Dietrich Grp.,* 465 F. Supp. 2d 156 (E.D.N.Y. 2006) .................................................9

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117 (2d Cir. 1984) .......5, 6

*Walden v. Fiore,* 134 S. Ct. 1115 (2014) ............................................................................. *passim*

Defendant ICAP plc respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss for lack of personal jurisdiction the remaining claims brought against it by plaintiff Jeffrey Laydon ("Plaintiff") in the Second Amended Class Action Complaint (the "SAC").

## PRELIMINARY STATEMENT

Plaintiff concedes that the Court does not have general jurisdiction over ICAP plc. (Opp. Br. at 5.)[1] Moreover, Plaintiff has failed to meet his burden to make a prima facie showing that the Court may exercise specific personal jurisdiction over ICAP plc. The exercise of specific personal jurisdiction over ICAP plc, a United Kingdom–based non-operational holding company, does not comport with constitutional due process standards. Plaintiff has not demonstrated a substantial connection between ICAP plc, the United States and Plaintiff's claims arising out of the alleged manipulation of benchmark rates in London and Tokyo, as required by the Supreme Court's recent decision in *Walden v. Fiore,* 134 S. Ct. 1115 (2014). Indeed, in the SAC and his opposition papers, Plaintiff has failed to make any allegations specific to ICAP plc and has failed to provide any basis for imputing the conduct of any of its subsidiaries such that the Court could assert jurisdiction over ICAP plc.

## ARGUMENT

I. Plaintiff Cannot Meet His Burden to Establish Specific Personal Jurisdiction Under *Walden*.

The "minimum contacts" standard required by due process to assert specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121 (internal citations omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State," which must "arise out of contacts that the defendant *himself* creates

---

[1] The Memorandum of Law in Opposition to Stipulating Defendants' Motions to Dismiss for Lack of Personal Jurisdiction, dated August 29, 2005 (Doc. 367) (the "Opp. Br.").

with the forum State." *Id.* at 1121-22 (emphasis in original) (internal citations omitted). The Court's analysis must look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," as "the plaintiff cannot be the only link between the Defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 1122. The mere fact that a plaintiff was injured in the forum state is insufficient to create specific jurisdiction. *Id*. at 1125.

Here, there is *no* conduct by ICAP plc. And even if the alleged acts did apply to ICAP plc, *arguendo*, Plaintiffs do not establish that any suit-related conduct created a *substantial connection* to the forum; Plaintiff instead focuses exclusively on the purported direction, effects and harm of the alleged conduct. (Opp. Br. at 10-12, 16.) The Supreme Court made clear in *Walden* that the impacts of conduct in the forum, without other substantial connections to the forum created by the defendant itself through its suit-related conduct, are insufficient to permit this Court's exercise of personal jurisdiction over ICAP plc.

II.  Plaintiff Has Failed to Plead a "Substantial Connection" Between ICAP plc and the United States That Is Related to the Litigation.

None of the conduct that Plaintiff has alleged in the SAC could have been conducted by ICAP plc, as demonstrated in the Torrens Declaration.[2] Plaintiff has therefore failed to establish a "substantial connection" between ICAP plc and the United States that relates to the litigation, as is necessary to satisfy the minimum contacts requirement of constitutional due process.

---

[2] The Declaration of Iain Torrens in Support of ICAP plc's Motion to Dismiss for Lack of Personal Jurisdiction, dated August 7, 2014 (Doc. 332) (the "Torrens Declaration" or "Torrens Decl.").

ICAP plc is a non-operational holding company that has no employees, does not broker trades, and does not communicate with panel banks regarding Yen Libor or Euroyen Tibor submissions.[3] (Torrens Decl. ¶¶ 6, 11.)  Plaintiff's allegations regarding entities other than ICAP plc, including those related to Darrell Read, Daniel Wilkinson and Colin Goodman – none of whom was an employee at ICAP plc – are not relevant to whether personal jurisdiction lies over ICAP plc.  *See Animal Sci. Prods. Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*, No. 06-MD-1738, 2012 U.S. Dist. LEXIS 187063, at *36-39 (E.D.N.Y. Aug. 8, 2012) (dismissing for lack of personal jurisdiction claims against two entities for plaintiffs' failure to aver specific facts).

Plaintiff makes no effort to rebut ICAP plc's showing.  The only allegation relied upon by Plaintiff that relates to ICAP plc arises from a Commodity Futures Trading Commission Order[4] in which ICAP plc, as the ultimate parent company to ICAP Europe Ltd., agreed to certain undertakings concerning policies, procedures and controls for a subsidiary.  (Opp. Br. at 7; *see also* Torrens Decl. ¶ 12.)  The Order, however, does not allege that ICAP plc participated in any of the conduct described therein.  It therefore provides no support for the exercise of specific jurisdiction over ICAP plc in this litigation.

The additional evidence offered by Plaintiff not only undercuts his own arguments but in fact confirms ICAP plc's assertion that it is a non-operational holding company over which specific jurisdiction is improper.  To wit:

---

[3]  Whether ICAP plc conceded jurisdiction in an unrelated case ten years ago involving conduct and entities not at issue here is irrelevant to the analysis of whether ICAP plc is subject to specific jurisdiction as a result of the conduct alleged in the SAC.  *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case . . . extends to that case alone."); *Eastman Kodak Co. v. Asia Optical Co.*, No. 11-CV-6036, 2012 WL 2148198, at *6 (S.D.N.Y. June 13, 2012) (consent to jurisdiction in one case is not relevant to whether jurisdiction is proper in litigation at issue).

[4]  The Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act Making Findings and Imposing Remedial Sanctions Against ICAP Europe Limited, issued by the Commodity Futures Trading Commission on September 25, 2013 (the "Order").

- Briganti Decl. Ex. 3,[5] Excerpt from ICAP Annual Report (March 31, 2006) at 127: "In this document, according to context, the expressions 'ICAP' and the 'Group' are also used to mean the ICAP plc group as a whole, or ICAP plc and/or its relevant subsidiaries. *The business of ICAP plc is solely that of a holding company. ICAP plc itself conducts no broking or other activities.*" (Emphasis added.)

- Briganti Decl. Ex. 4, Excerpt from *United States v. Darrell Read et al.*, Complaint ¶ 14: "Hayes routinely engaged the services of inter-dealer brokerage firms, including *subsidiaries* of ICAP plc. . . ." (Emphasis added.)

- Briganti Decl. Ex. 5, Order at 47 n.14: "ICAP plc, a company registered in the United Kingdom, is a holding company which is the parent of numerous subsidiaries that are the world's largest interdealer brokers and providers of post-trade risk and information services . . . . ICAP plc is headquartered in London and its *subsidiaries* maintain offices in London, New York, Jersey City, and Tokyo . . . . *ICAP plc is not registered with the Commission in any capacity.*" (Emphasis added.)

- Briganti Decl. Ex. 7, Excerpt from ICAP Annual Report (2012) at 139: "In this document, according to context, the expressions ICAP and the Group are also used to mean the ICAP plc Group as a whole, or ICAP plc and/or its relevant subsidiaries. *The business of ICAP plc is solely that of a holding company. ICAP plc itself conducts no broking or other activities.*" (Emphasis added.)

Given that Plaintiff's own evidence proves that ICAP plc is a non-operational holding company, the exercise of specific jurisdiction over it by this Court would violate the requirement that "a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S. Ct. at 1123 (internal quotation marks omitted).

III. Allegations Regarding ICAP plc's Subsidiaries Cannot Be Imputed to ICAP plc and Are Insufficient to Support Specific Jurisdiction.

   A. The Alleged Conduct of its Subsidiaries Cannot Be Imputed to ICAP plc.

A subsidiary's contacts with the United States may not be imputed to ICAP plc, as a parent company, unless Plaintiff demonstrates, with specific facts, that a subsidiary acted as an alter ego or

---

[5] The Declaration of Vincent Briganti in Support of Plaintiff's Memoranda of Law in Opposition to Defendants' Motions To Dismiss For Lack of Personal Jurisdiction And For A Stay of Discovery, dated August 29, 2014 (Doc. 368) (the "Briganti Decl.").

4

agent for the parent.[6] *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (no personal jurisdiction over parent where plaintiff failed to plead with factual specificity that subsidiary was an "agent" or "mere department" of parent); *Franklin v. Burlington N. & Santa Fe R.R. Co.*, No. 4:10-CV-618, 2010 WL 4877279, at *5 (N.D. Tex. Dec. 1, 2010) (no personal jurisdiction over parent based on conduct of subsidiary where plaintiff failed to overcome "the presumption of corporate separateness"). Plaintiff alleges *no* facts that would support such a conclusion.

Plaintiff cites *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984) to support his argument that ICAP plc may be subject to specific jurisdiction as a result of the actions of unnamed subsidiaries. (Opp. Br. at 16.) *Beech Aircraft* requires the consideration of four factors: (1) "common ownership"; (2) "financial dependency of the subsidiary on the parent corporation"; (3) "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities"; and (4) "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent." *Beech Aircraft*, 751 F.2d at 120-22.

But Plaintiff has not even attempted to apply the *Beech Aircraft* factors to ICAP plc, and relies entirely on ICAP plc's mere ownership of subsidiaries. Indeed, he does not even allege that those unnamed subsidiaries are subject to jurisdiction in the United States.[7] The Second Circuit has made clear that simple ownership, without more, is an insufficient basis to support personal jurisdiction. *Beech* Aircraft, 751 F.2d at 120 ("The officers of any corporation that owns the stock of another necessarily exercise a considerable degree of control over the subsidiary corporation and the discharge

---

[6] ICAP plc is in no way conceding that personal jurisdiction over any other ICAP entity or subsidiary would be proper in this litigation.

[7] Plaintiff never identifies the name(s) of the subsidiary or subsidiaries whose actions should purportedly be imputed to ICAP plc. If Plaintiff is referring to ICAP Europe Ltd., that entity is not based in the United States. (*See* Briganti Decl. Ex. 5 at p. 4 ("ICAP Europe Limited . . . is headquartered in London, England[.]")).

of that supervision alone is not enough to subject the parent" to personal jurisdiction.). It is only proper to assert jurisdiction where "the activities of the parent show a disregard for the separate corporate existence of the subsidiary. . . ." *Id.*; *see Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d 140, 156 (S.D.N.Y. 2004) ("A parent cannot assume the jurisdictional status of its subsidiary unless factors beyond common ownership suggest that their separate corporate identities are a mere facade."); *Arandell Corp. v. Xcel Energy, Inc. (In re W. State Wholesale Natural Gas Antitrust Litig.)*, 605 F. Supp. 2d. 1118, 1132-33 (D. Nev. 2009) ("[T]he two companies [must] share such unity of interest and ownership that the companies' separateness no longer exists and failure to disregard their separate identities would result in fraud or injustice.") (alteration and internal quotation marks omitted). Plaintiff has not made any allegations – or offered any evidence suggesting – that ICAP plc disregarded the corporate separateness of any of its subsidiaries.

Plaintiff also argues that ICAP plc, in accurately asserting its status as a holding company, is somehow trying to "immunize" itself from the jurisdiction of the Court. (Opp. Br. at 17.) The law in this District is clear, however, that jurisdiction over a holding company must be independently established. In the absence of any alleged contacts in the United States related to Plaintiff's claims, ICAP plc should not be subject to specific jurisdiction in the United States. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 959 F. Supp. 2d 476, 492 (S.D.N.Y. 2013) (plaintiff failed to allege any contacts with the forum sufficient to exercise specific jurisdiction over holding company); *NovelAire Techs., L.L.C. v. Munters AB*, No. 13-CV-472, 2013 WL 6182938, at *10 (S.D.N.Y. Nov. 21, 2013) (no specific jurisdiction where plaintiff did not allege facts supporting holding company's participation in conduct at issue). *Cf. In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126, 2013 U.S. Dist. LEXIS 65797, at *90 (S.D.N.Y. Dec. 20, 2013) (personal jurisdiction proper in

6

claim alleging manipulation of cotton futures where parent company had extensive involvement in cotton production and origination).

      B.    <u>Plaintiff's Attempt to Rely on Aiding and Abetting, Conspiracy and/or Electronic Communications Theories Are Insufficient to Establish Personal Jurisdiction.</u>

Plaintiff's additional makeweight arguments regarding specific jurisdiction based on theories of aiding and abetting, conspiracy and/or electronic communications fail for the same reason his other arguments fail: the factual allegations do not apply to ICAP plc.

Plaintiff has not alleged – and cannot allege – a single fact supporting his argument that ICAP plc either aided and abetted or participated in a conspiracy. The basis of Plaintiff's contention that specific jurisdiction is supported by aiding and abetting and/or conspiracy theories is that "ICAP" brokers received requests to participate in the manipulation of Yen Libor, circulated emails to panel banks with suggested Yen Libor rates and communicated with counter-parties regarding Yen Libor submissions. (Opp. Br. at 15.) *None* of these allegations concern ICAP plc, its officers, directors or employees. Again, ICAP plc does not employ brokers and does not communicate with panel banks regarding Yen Libor submissions. (Torrens Decl. ¶¶ 6, 11.)

Moreover, even if the alleged conduct could be imputed to ICAP plc, it is insufficient to establish specific personal jurisdiction under the *Walden* standard, because all of the alleged conduct described was directed at the United Kingdom. Plaintiff has alleged no intentional conduct by ICAP plc (or even of any ICAP subsidiaries) directed at the United States that form the "substantial connection" with the United States required to exercise specific jurisdiction. *Walden,* 134 S. Ct. at 1123.

Plaintiff's allegations regarding electronic communications fail for the same reasons. First, Plaintiff has failed to alleged any electronic communications sent to or received by officers, directors

7

and/or employees of ICAP plc.[8] Any electronic communications by individuals employed by an ICAP plc subsidiary would be insufficient to establish personal jurisdiction even if they could be imputed to ICAP plc (which they cannot be). Plaintiff cites a complaint filed by the Department of Justice against three individuals who were not employees of ICAP plc. (Opp. Br. at 19 n.12; Briganti Decl. Ex. 4.) Those alleged communications are not attributable to ICAP plc and, therefore, cannot create a "substantial connection" between ICAP plc, the United States and the claims in the SAC sufficient to satisfy the *Walden* standard.

IV. <u>The Exercise of Specific Jurisdiction Over ICAP plc Is Not Reasonable.</u>

Because Plaintiff has failed to meet the "minimum contacts" standard, it is not necessary for the Court to review the second prong of the constitutional analysis, namely, whether the exercise of personal jurisdiction is reasonable under due process. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) ("[I]f the constitutionally necessary first-tier minimum is lacking, the inquiry ends.") (internal quotation marks omitted); *In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456, 469 (S.D.N.Y. 2010) (Daniels, J.) ("If it is determined that a defendant lacks the requisite minimal contacts for either general or specific jurisdiction, the Court need not consider the second prong of the due process test in order to determine whether the exercise of jurisdiction would be reasonable under the particular circumstances of the case."). In any case, the exercise of specific jurisdiction over ICAP plc, a United Kingdom–based non-operational holding company without any employees, with respect to claims related entirely to alleged conduct that took place outside the United

---

[8] Plaintiff's argument that the use of Bloomberg networks or United States–based IP addresses is sufficient for personal jurisdiction is without support. The only case cited, *John Wiley & Sons, Inc. v. John Does Nos. 1-27*, No. 11-CV-7627, 2012 WL 364048, at *1-2 (S.D.N.Y. Feb. 3, 2012), is a copyright case in which the sole information plaintiff had about defendant was its IP address. Under these unique circumstances, the Court permitted plaintiff's "good faith" allegations regarding defendant's location to stand as the basis for jurisdiction. Here, ICAP plc's location and business activities are known to be in the United Kingdom and outside of the United States. (Torrens Decl. ¶¶ 3, 4.)

States, is anything but reasonable and fails to meet the due process standard. *See Metro Life.*, 84 F.3d at 575 (subjecting defendant to jurisdiction in forum state would not "merely be inconvenient" but would "violate our basic sense of fair play and substantial justice").

V.      Plaintiff Has Failed to Demonstrate That He Should Be Permitted to Take Jurisdictional Discovery.

Plaintiff has failed to make the *prima facie* showing that specific jurisdiction is proper and therefore is not entitled to jurisdictional discovery under the law of this Circuit. *See In re Terrorist Attacks*, 718 F. Supp. 2d at 488 (appropriate to dismiss claims without affording jurisdictional discovery); *see also Jazini*, 148 F.3d at 186 (district court did not err in denying discovery where Plaintiff failed to establish a *prima facie* case for personal jurisdiction); *Catlin Ins. Co. (UK) v. Bernuth Lines Ltd. (In re MS Angeln GmbH & Co. KG),* No. 10-CV-4820, 2012 WL 1080300, at *7 (S.D.N.Y. Mar. 29, 2012) (denying jurisdictional discovery where it "will not alter the jurisdictional analysis"); *Stutts v. De Dietrich Grp.,* 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) ("District courts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of jurisdiction.").

Jurisdictional discovery is not permitted where, as here, the Torrens Declaration submitted by ICAP plc "provides all the necessary facts and answers all the questions regarding jurisdiction." *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011). As stated in the Torrens Declaration, ICAP plc is a non-operational holding company based in the United Kingdom that has conducted no business related to Plaintiff's claims. Plaintiff has failed to refute these basic facts, and his own evidence confirms the averments in the Torrens Declaration. Plaintiff has utterly failed to meet his burden to show jurisdictional discovery is proper.

## **CONCLUSION**

For the reasons stated above and in ICAP plc's Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, filed on August 7, 2014, the Court should dismiss Plaintiff's claims against ICAP plc with prejudice for lack of personal jurisdiction.

Dated:   New York, New York
        September 15, 2014

RICHARDS KIBBE & ORBE LLP

By: /s/ Brian S. Fraser
    Brian S. Fraser (*bfraser@rkollp.com*)
    Shari A. Brandt (*sbrandt@rkollp.com*)
    H. Rowan Gaither (*rgaither@rkollp.com*)
    Katherine Kern Harrington
    (*kharrington@rkollp.com*)
    200 Liberty Street
    New York, NY  10281-1003
    Telephone: 212.530.1800
    Facsimile: 212.530.1801

*Attorneys for Defendant* ICAP plc