## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      -against-<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOES NOS. 1-50,<br><br>            Defendants. | Docket No. 12-cv-3419 (GBD)<br><br>ECF Case |

## DEFENDANT DEUTSCHE BANK AG'S REPLY BRIEF
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR
## <u>LACK OF PERSONAL JURISDICTION AND FOR A STAY OF DISCOVERY</u>

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Defendant Deutsche Bank AG*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT FOR THIS COURT
     TO EXERCISE GENERAL JURISDICTION OVER DEUTSCHE BANK AG ............. 2

     A.   *Daimler*'s Rejection of the "Doing Business" Test ................................................. 2

     B.   Plaintiff Presents No Basis to Support the Assertion
          of General Jurisdiction Over Deutsche Bank AG .................................................. 5

II.  PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT FOR THIS COURT TO
     EXERCISE SPECIFIC JURISDICTION OVER DEUTSCHE BANK AG ...................... 6

III. DEUTSCHE BANK AG HAS NOT WAIVED ITS DEFENSE ....................................... 8

IV.  DISCOVERY AGAINST DEUTSCHE BANK AG SHOULD BE STAYED ................ 10

CONCLUSION .............................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Absolute Activist Master Value Fund, Ltd.* v. *Ficeto*,
    09 Civ. 8862 (GBD), 2013 WL 1286170 (S.D.N.Y. Mar. 28, 2013) .......................................7

*Calder* v. *Jones*,
    465 U.S. 783 (1984).................................................................................................................7

*Daimler AG* v. *Bauman*,
    134 S. Ct. 746 (2014).................................................................................................1, 3, 5, 6

*Del Medical Imaging Corp.* v. *CR Tech USA, Inc.*,
    08 Civ. 8556 (LAP), 2010 WL 1487994 (S.D.N.Y. Apr. 13, 2010)........................................9

*Gilmore* v. *Palestinian Interim Self-Gov't Authority*,
    Civ. No 1-853 (GK), 2014 WL 2865538 (D.D.C. June 23, 2014) ......................................8, 9

*Gliklad* v. *Bank Hapoalim B.M.*,
    No. 155195/2014, 2014 WL 3899209 (N.Y. Sup. Ct. Aug. 4, 2014)......................................4

*Hamilton* v. *Atlas Turner, Inc.*,
    197 F.3d 58 (2d Cir. 1999).....................................................................................................2

*Goodyear Dunlop Tires Operations, S.A.* v. *Brown*,
    131 S. Ct. 2846 (2011)...........................................................................................................2

*Hawknet, Ltd.* v. *Overseas Shipping Agencies*,
    590 F.3d 87 (2d Cir. 2009).....................................................................................................8

*Hong Leong Fin. Ltd.* v. *Pinnacle Performance Ltd.*,
    297 F.R.D. 69 (S.D.N.Y. 2013) ............................................................................................10

*Licci* v. *Canadian Bank*,
    732 F.3d 161 (2d Cir. 2013)...................................................................................................7

*In re Roman Catholic Diocese of Albany, New York, Inc.*,
    745 F.3d 30 (2d Cir. 2014).....................................................................................................4

*Sonera Holding B.V.* v. *Cukurova Holding A.S.*,
    750 F.3d 221 (2d Cir. 2014)...................................................................................................4

*Tauza* v. *Susquehanna Coal Co.*,
    220 N.Y. 259 (N.Y. 1917) (Cardozo, J.).................................................................................3

## TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

OTHER AUTHORITIES

Fed. R. Civ. P. 12 ................................................................................................8

David D. Siegel, *Supreme Court Says P's Gambling Winnings, Seized by Drug Agent in State A, Can't Support Jurisdiction of Agent in State B*, 267 Siegel's Prac. Rev. 4 (2014) ...............................................................................................................4

Judy M. Cornett & Michael H. Hoffheimer, *Good-Bye Significant Contacts: General Personal Jurisdiction After* Daimler AG v. Bauman, Ohio St. L.J. (forthcoming) (Univ. of Tenn. Legal Studies Research Paper No. 240) (June 2014) .....................4

Leslie R. Bennett, *Daimler Decision Topples Longstanding New York Cases*, N.Y.L.J. (Jan. 24, 2014) ................................................................................................4

Patrick M. Connors, *Impact of Recent U.S. Supreme Court Decisions on Practice in New York*, N.Y.L.J. (July 21, 2014) ...................................................................4

Tanya J. Monestier, *Where is Home Depot 'At Home'?* Daimler v. Bauman *and the End of Doing Business Jurisdiction*, 66 Hastings L.J. (forthcoming 2014) .....................4

Defendant Deutsche Bank Aktiengesellshaft ("Deutsche Bank AG") respectfully submits this reply brief in further support of its motion to dismiss plaintiff's Second Amended Complaint (the "SAC") for lack of personal jurisdiction and to stay discovery.

## PRELIMINARY STATEMENT

Plaintiff's opposition to Deutsche Bank AG's motion ("Pl. Br.") leaves little doubt that this Court lacks personal jurisdiction over Deutsche Bank AG in this case.

Notwithstanding plaintiff's claims to the contrary, the U.S. Supreme Court's decision earlier this year in *Daimler AG* v. *Bauman*, 134 S. Ct. 746 (2014), marks a radical departure from the standards long held to govern general jurisdiction—and, in particular, New York's longstanding "doing business" test, which previously allowed courts in the state to exercise general jurisdiction over a foreign corporation simply if it conducted business in the state through a local office.  Under *Daimler*, a corporation conducting even substantial business in a state can now be subject to general jurisdiction only if that is the state of its incorporation or its principal place of business, unless there are rare and exceptional circumstances in which a defendant's contacts with the forum state "are so constant and pervasive" as to "render [it] essentially at home."  *Id.* at 751.  Here, Deutsche Bank AG is incorporated and has its principal place of business in Germany, not New York, and plaintiff fails to present any facts (either in the SAC or in its opposition brief) otherwise sufficient to satisfy the *Daimler* standard, which requires "an appraisal of [a foreign] corporation's activities in their entirety, nationwide and worldwide."  *Id.* at 762 n.20.  Indeed, plaintiff's opposition brief itself relies on a document indicating that Deutsche Bank AG derives less than 26% of its revenues from the U.S. as a whole.

Plaintiff likewise fails to present any facts sufficient to support the assertion of specific jurisdiction over Deutsche Bank AG: None of the purported misconduct in the SAC

involving Deutsche Bank AG is alleged to have taken place anywhere in the U.S. or to have involved any employees based in or otherwise having any connection whatsoever to the U.S. (let alone New York).

Plaintiff's contention that Deutsche Bank AG waived this defense is similarly meritless, since (a) Deutsche Bank AG filed its motion on precisely the date set by this Court for any such motions and (b) the defense was not available when Deutsche Bank AG made its original Rule 12(b)(6) motion to dismiss, which was prior to the decision in *Daimler* (and would have been directly contrary to longstanding and controlling case law). Accordingly, the remaining claims against Deutsche Bank AG should be dismissed, and, pending resolution of its motion to dismiss, discovery against Deutsche Bank AG should be stayed.

## ARGUMENT

I.   **PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT FOR THIS COURT TO EXERCISE GENERAL JURISDICTION OVER DEUTSCHE BANK AG**

A.   ***Daimler*'s Rejection of the "Doing Business" Test**

The entirety of plaintiff's opposition to Deutsche Bank AG's motion is built on a demonstrably incorrect premise—namely, that in *Daimler* the Supreme Court merely rearticulated a so-called "at home" standard for the assertion of general jurisdiction over foreign defendants. In fact, the Court repudiated decades of case law holding that merely "doing business" in a state is sufficient for a court to exercise general jurisdiction over a foreign corporate defendant.

In particular, plaintiff argues that *Daimler* simply reaffirmed principles that the Court had articulated in its decision in *Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 131 S. Ct. 2846 (2011), in which the Court held that a group of foreign defendants were not "at home" in the forum state at issue in that case and that the state's courts therefore could not

2

exercise general jurisdiction over them.  Crucially, however, the facts in *Goodyear* involved a group of foreign defendants that were not conducting *any* business in the state—they had "no place of business, employees, or bank accounts" there.  *Id.* at 2852.  The *Goodyear* Court therefore had no reason to consider the question of whether a foreign defendant could be subject to general jurisdiction in a state in which it conducts (perhaps substantial) business—circumstances that, for decades prior, had been regarded as sufficient for courts to exercise general jurisdiction.

     *Daimler*, by contrast, considered precisely the scenario involving a foreign corporation doing significant business in the forum state—in particular, a defendant car manufacturer with "multiple California-based facilities" that was "the largest supplier of luxury vehicles to the California market."  134 S. Ct. at 752.  In holding that there was no basis for general jurisdiction over the defendant notwithstanding these facts, *Daimler* set forth a new standard applicable to foreign corporations that have a meaningful business presence in the forum state.  In the process, the Court effectively repudiated New York's longstanding "doing business" test, which allowed a court to exercise general jurisdiction over a corporation doing business in the state through a local office.  *See, e.g.*, *Tauza* v. *Susquehanna Coal Co.*, 220 N.Y. 259 (N.Y. 1917) (Cardozo, J.).  The *Daimler* Court explained for the first time that this long line of cases should no longer "attract heavy reliance" and that a corporation conducting even substantial business in a state is not subject to general personal jurisdiction, absent rare circumstances, unless it is incorporated or has its principal place of business in that state.  134 S. Ct. at 762 n.18, n.19.

     Contrary to plaintiff's account, the fact that *Daimler* effected a radical change in the law of personal jurisdiction has been widely recognized.  Just last month, a New York court applied *Daimler* in a case involving a foreign financial institution doing business in New York—

an Israeli bank with its U.S. center of operations in New York—and concluded that there was no

basis to assert general jurisdiction over the defendant. *See Gliklad* v. *Bank Hapoalim B.M.*,

No. 155195/2014, 2014 WL 3899209, at *1 (N.Y. Sup. Ct. Aug. 4, 2014).  The court held that

there was no basis for asserting general jurisdiction over the foreign bank since New York was

neither the defendant's state of incorporation or principal place of business, and went on to note

that "[t]o allow the exercise of general jurisdiction in a state where a corporation only engages in

a substantial and continuous course of business has been found to be 'unacceptably grasping.'"

*Id.* (citing *Daimler*, 134 S. Ct. at 761).  As discussed in Deutsche Bank AG's opening brief, the

Second Circuit Court of Appeals has also twice applied the new standard under *Daimler* in order

to dismiss claims against corporate defendants.[1]  And, since *Daimler*, a broad swathe of

commentators has discussed the dramatic change in the law and, in particular, the fact that it

"officially sounds the death knell for doing business jurisdiction in the United States."  Tanya J.

Monestier, *Where is Home Depot 'At Home'? Daimler v. Bauman and the End of Doing

Business Jurisdiction*, 66 Hastings L.J. (forthcoming 2014) at 47, *available at*

http://ssrn.com/abstract=2423438.[2]

---

[1]  *See Sonera Holding B.V.* v. *Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) (holding that general jurisdiction could not be exercised over a Turkish company with its "operations, properties and assets predominantly located in Turkey" and noting that "even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum") (internal quotations omitted); *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 38 (2d Cir. 2014) (applying *Daimler* and noting that "[p]rincipal place of business and state of incorporation have the virtue of being unique— that is, each ordinarily indicates only one place—as well as easily ascertainable").

[2]  *See also* Leslie R. Bennett, *Daimler Decision Topples Longstanding New York Cases*, N.Y.L.J., Jan. 24, 2014, at 4 ("*Daimler* has . . . radically undone and rearranged the application of general jurisdiction to foreign corporations in New York, and elsewhere."); Judy M. Cornett & Michael H. Hoffheimer, *Good-Bye Significant Contacts: General Personal Jurisdiction After* Daimler AG v. Bauman, Ohio St. L.J. (forthcoming) at 4 (Univ. of Tenn. Legal Studies Research Paper No. 240, June 2014), *available at* http://ssrn.com/abstract=2432216 ("*Daimler AG* is a game changer. . . . [It] shrinks the place of general jurisdiction against many large corporations to one or two states."); David D. Siegel, *Supreme Court Says P's Gambling Winnings, Seized by Drug Agent in State A, Can't Support Jurisdiction of Agent in State B*, 267 Siegel's Prac. Rev. 4 (2014) ("[*Daimler* and *Walden*] mark a stricter standard for courts' extraterritorial jurisdiction than many among bench and bar had become used to."); Patrick M. Connors, *Impact of Recent U.S. Supreme Court Decisions on Practice in New York*, N.Y.L.J., July 21, 2014, at 3 ("Despite our increasingly global economy, the decisions in *Daimler* and *Walden* significantly limit the ability of a plaintiff to commence an action in the state of her residence. . . .").

**B.    Plaintiff Presents No Basis to Support the Assertion of General Jurisdiction Over Deutsche Bank AG**

*Daimler* makes clear that plaintiff has failed to plead facts sufficient to support the assertion of general jurisdiction over Deutsche Bank AG.  Indeed, plaintiff's opposition brief purports to present (for the first time) a number of facts supporting the assertion of general jurisdiction over Deutsche Bank AG, but the apparently random assortment of factual claims does not come close to meeting the standard now applicable under *Daimler*.

Plaintiff has conceded that Deutsche Bank AG is incorporated in and has its principal place of business in Germany, not New York.  (SAC ¶ 66.)  Under *Daimler*, a court may otherwise "assert jurisdiction over a foreign corporation . . . only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State."  134 S. Ct. at 751 (internal quotations omitted).  This inquiry cannot "focu[s] solely on the magnitude of the defendant's in-state contacts" but, rather, requires "an appraisal of the corporation's activities *in their entirety, nationwide and worldwide*."  *Id.* at 762 n.20 (emphasis added).

To start, plaintiff relies on a Deutsche Bank website for the apparent proposition that Deutsche Bank AG has a sizable office in New York.  (Pl. Br. at 11.)  That fact is, of course, by itself irrelevant under *Daimler*, but plaintiff fails to note that the website goes on to state that "Deutsche Bank Americas contributes *around 26%* of total [Deutsche Bank] Group revenues" (Briganti Decl. Ex. 21 at 3) (emphasis added).  In other words, one of the very documents that plaintiff relies upon makes clear that the vast majority of Deutsche Bank AG's revenues are generated outside of the U.S., let alone New York.  And in fact, if anything, this figure overstates Deutsche Bank AG's relative footprint here, since (a) it is not limited to revenue generated in New York, or even just the U.S., but rather "the Americas" region as a whole, and (b) it does not

5

distinguish between Deutsche Bank AG and its subsidiaries.  (*See id.* (entitled "Deutsche Bank in the USA").)

The remainder of plaintiff's recitation of facts regarding Deutsche Bank AG is similarly deficient under *Daimler*.  For instance, many of the assertions—that Deutsche Bank AG established a branch in New York 30 years ago located at 60 Wall Street, that it "is the only investment bank physically located on Wall Street," and that it (apparently including U.S. subsidiaries) employs over 11,000 employees in 28 states in the U.S. (Pl. Br. at 14)—amount to nothing more than observing that Deutsche Bank AG is doing business in New York and has operations elsewhere in the U.S.  Plaintiff also notes that Deutsche Bank AG participated in a 2010 survey by the Federal Reserve Bank of New York concerning turnover in "U.S.-based over-the-counter ('OTC') foreign exchange and interest rate markets" and that it "submitted a 'Resolution Plan' to the Board of Governors of the Federal Reserve" (*id.* at 12, 14)—facts which are likewise irrelevant under *Daimler*.  Plaintiff goes on to list various types of business that Deutsche Bank AG and its subsidiaries conduct in New York and elsewhere in the U.S.— including trading in various derivatives and other financial instruments and providing clearing and execution services "for clients on all U.S. *and global* exchanges."  (*Id.* at 15-16 (emphasis added).)  But even if these activities all took place in New York—and as plaintiff's own brief makes clear, they do not—they are meaningless absent the requisite "appraisal of the corporation's activities in their entirety, nationwide and worldwide," 134 S. Ct. at 762 n.20, which neither the SAC or plaintiff's opposition brief even attempts to conduct.

## II.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT FOR THIS COURT TO EXERCISE SPECIFIC JURISDICTION OVER DEUTSCHE BANK AG

In a brief footnote at the end of its brief (Pl. Br. at 25 n.7), plaintiff also asserts that this Court can assert specific jurisdiction over Deutsche Bank AG.  However, as plaintiff's

own recitation of the applicable standard in its opposition to the "Stipulating Defendants'"

motions to dismiss makes clear (*see* Dkt. No. 397 at 5), this argument is similarly meritless.

In order for a court to assert specific jurisdiction over a defendant, (1) the

litigation must "arise[] out of, or relate[] to, the Defendant's contacts with the forum," and

(2) the defendant must "purposefully avail[] itself of the privilege of doing business in the forum

[such that it] could foresee being haled into court there."  *Licci* v. *Canadian Bank*, 732 F.3d 161,

170 (2d Cir. 2013) (internal quotations omitted).  Citing to pre-*Daimler* case law, plaintiff

contends that under the Commodity Exchange Act, the relevant analysis should evaluate

"contacts with the United States as a whole" (Dkt. No. 397 at 5), notwithstanding that, post-

*Daimler*, this would turn the law on its head by providing a broader basis for specific than

general jurisdiction.  Even if this were correct, plaintiff fails to meet its own standard, since

nothing in the SAC or plaintiff's opposition brief remotely suggests that this litigation arose out

of or relates to Deutsche Bank AG's contacts with the U.S.:  None of the misconduct alleged

against Deutsche Bank AG—which involves the bank's submissions to benchmarks set in Japan

and the United Kingdom—is alleged to have taken place in the U.S., and plaintiff does not allege

that any of the Deutsche Bank AG employees engaged in the purported misconduct worked in

the U.S. or otherwise had any connection to the U.S.[3]

---

[3]  Plaintiff also contends in opposition to the motions by the "Stipulating Defendants" that specific jurisdiction can
be asserted based on "effects" of alleged misconduct in the U.S. or otherwise by "imput[ing]" domestic banks'
contacts to other defendants.  (Dkt. No. 367 at 10, 12.)  Jurisdiction based on the "effects" test is permitted only
when the alleged misconduct is "expressly aimed" at the forum, *Calder* v. *Jones*, 465 U.S. 783, 789-90 (1984)—
which plaintiff does not allege as to Deutsche Bank.  Jurisdiction also cannot be asserted over Deutsche Bank AG
by "imput[ing]" domestic banks' contacts to it where (as here) plaintiff fails to allege that Deutsche Bank AG
"conspir[ed]" with a domestic bank and that "the [alleged] co-conspirator committed acts in furtherance of the
conspiracy in the forum."  *Absolute Activist Master Value Fund, Ltd.* v. *Ficeto*, 09 Civ. 8862 (GBD), 2013 WL
1286170, at *13 n.13 (S.D.N.Y. Mar. 28, 2013).

### III.   DEUTSCHE BANK AG HAS NOT WAIVED ITS DEFENSE

Plaintiff's claim that Deutsche Bank AG waived its personal jurisdiction defense by failing to raise it earlier is equally baseless.  To start, Deutsche Bank AG filed its motion on precisely the date set by the Court for the filing of any such motions.[4]

Moreover, the timeliness of Deutsche Bank AG's motion is governed by the Second Circuit's decision in *Hawknet, Ltd.* v. *Overseas Shipping Agencies*, 590 F.3d 87 (2d Cir. 2009), which held that "objections or defenses which were not known to be available at the time they could first have been made" are not waived.  *Id.* at 92.  Plaintiff argues that *Hawknet* is inapposite because it did not involve a motion to dismiss under Fed. R. Civ. P. 12 (Pl. Br. at 3), but in fact that case, just like this one, involved a defense based on lack of personal jurisdiction that "would have been directly contrary to controlling precedent" earlier in the proceeding and that was based on a development in the law that "provided defendant with a new objection to the District Court's jurisdiction over it."  *Id.*  The defense in *Hawknet*, given the particular factual circumstances at issue, was asserted under the Federal Rules for Admiralty or Maritime Claims, but there is no reason to reach a different conclusion concerning a personal jurisdiction defense asserted under the Federal Rules of Civil Procedure, and tellingly, plaintiff offers none.

Plaintiff also argues that the defense asserted here was, in fact, available prior to *Daimler*, but this is plainly incorrect for the reasons set forth above, since *Daimler* for the first time repudiated the longstanding "doing business" standard that previously governed the assertion of general jurisdiction in New York.  (*See supra* Point I.A.)  Plaintiff's sole support for this contention is *Gilmore* v. *Palestinian Interim Self-Gov't Authority*, Civ. No 1-853 (GK), 2014

---

[4]   The Court had originally set a deadline this year of July 31, 2014 for the filing of motions asserting personal jurisdiction defenses.  *See* April 28, 2014 Hr'g Tr. (Dkt. No. 288) at 26:5-9 ("THE COURT: I'm going to set July 31st for the date any personal jurisdictional motions are to be made.  So if you intend to make such a motion, then I want to know what the nature of that motion is and I want to see that motion . . . .).  That date was subsequently postponed to August 7, 2014 by order of the Court on June 6, 2014.  (*See* Dkt. No. 297.)

WL 2865538 (D.D.C. June 23, 2014), a case involving claims against the Palestinian Interim

Self-Government Authority (the "PISGA") in which the defendant argued that a motion to

dismiss for lack of personal jurisdiction had not been available to it until the decision in *Daimler*.

*Id.* at *5.  *Daimler*, however, could not have been relevant to the PISGA's defense, since the

PISGA was not alleged to have conducted any activities in the U.S., and thus the merits of its

defense (if any) would have been controlled by the Supreme Court's earlier decision in

*Goodyear*.  In fact, the Court in *Gilmore* acknowledged that Justice Sotomayor's concurring

opinion in *Daimler* had observed that the Court adopted a "new rule" that a foreign defendant's

contacts with the forum must be "viewed in comparison to the company's nationwide and

worldwide activities."  *Id.* at *4 n.2 (citing *Daimler*, 134 S. Ct. at 770, 773 (Sotomayor, J.,

concurring)).  This is precisely the "new rule" of *Daimler* that precludes general jurisdiction over

Deutsche Bank AG.[5]

There is similarly no basis for concluding that Deutsche Bank AG waived its

personal jurisdiction defense by its participation in this litigation to date.  It is black-letter law

that a defendant does not waive a personal jurisdiction defense merely by participating in pre-

trial proceedings.  *See, e.g.*, *Del Medical Imaging Corp.* v. *CR Tech USA, Inc.*, 08 Civ. 8556

(LAP), 2010 WL 1487994, at *10 (S.D.N.Y. Apr. 13, 2010) (citing *Hamilton* v. *Atlas Turner,*

*Inc.,* 197 F.3d 58, 61-62 (2d Cir. 1999) ("[Defendant] participated in pretrial proceedings but

never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do

so during the four-year interval after filing its answer.)).

---

[5]  In support of its contention that Deutsche Bank AG could have asserted a personal jurisdiction defense earlier in
this proceeding, plaintiff also points to a brief filed by the undersigned law firm in October 2012 that cited the
personal jurisdiction standard articulated in *Goodyear*.  (Pl. Br. at 6.)  The argument, again, fails to recognize that
it is *Daimler*, and not *Goodyear*, that provides the basis for Deutsche Bank AG's motion in this case.

**IV.    DISCOVERY AGAINST DEUTSCHE BANK AG SHOULD BE STAYED**

Finally, although plaintiff does not address the issue in its opposition to Deutsche Bank AG's motion, plaintiff contends in its opposition to the "Stipulating Defendants'" motions that there is no basis to stay discovery because "the parties are imminently commencing merits discovery."  (Dkt. No. 367 at 23.)  It is well-settled, however, that courts have an "obligation not to proceed unnecessarily with merits discovery" in cases over which they may lack jurisdiction. *See Hong Leong Fin. Ltd.* v. *Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting defendants' motion for a stay of discovery pending disposition of a motion to dismiss).

When deciding whether to stay discovery, courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* All of these factors support a stay here.  Plaintiff in this case has sought (and will, if allowed, no doubt continue to seek) sweeping discovery concerning Deutsche Bank AG's operations abroad—indeed, at the very least, in Japan and the United Kingdom (where TIBOR and LIBOR are set).  No prejudice would result where, as here, discovery is already stayed, and where there are pending motions for reconsideration of the Court's March 28, 2014 decision that could, in any event, result in the dismissal of plaintiff's remaining claims.  Finally, for the reasons explained above, Deutsche Bank AG respectfully submits that its motion to dismiss for lack of personal jurisdiction raises a dispositive defense under *Daimler*—one whose strength, at a minimum, weighs heavily against requiring Deutsche Bank AG to engage in costly and time-consuming discovery prior to a ruling on it by the Court.

## CONCLUSION

For all of the reasons set forth above and in its opening memorandum, Deutsche Bank AG respectfully requests that the Court grant its motion to dismiss the SAC for lack of personal jurisdiction and, in the interim, stay any discovery against Deutsche Bank AG.

Dated: September 15, 2014          Respectfully submitted,

/s/ Moses Silverman
Moses Silverman
Andrew C. Finch
Ankush Khardori
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
msilverman@paulweiss.com
afinch@paulweiss.com
akhardori@paulweiss.com

*Attorneys for Defendant Deutsche Bank AG*

11