UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                     :

JEFFREY LAYDON, on behalf of himself and   :
all others similarly situated,
                                                                     :

                        Plaintiff,    :   Case No: 12-cv-3419 (GBD)

                      v.                       :

MIZUHO BANK, LTD., THE BANK OF         :   **ORAL ARGUMENT REQUESTED**
TOKYO-MITSUBISHI UFJ, LTD, THE
SUMITOMO TRUST AND BANKING CO.,
LTD., THE NORINCHUKIN BANK,
MITSUBISHI UFJ TRUST AND BANKING
CORPORATION, SUMITOMO MITSUI
BANKING CORPORATION, RESONA
BANK, LTD., J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION, J.P. MORGAN SECURITIES
PLC, MIZUHO CORPORATE BANK, LTD.,
DEUTSCHE BANK AG, MIZUHO TRUST
AND BANKING CO., LTD., THE SHOKO
CHUKIN BANK, LTD., SHINKIN CENTRAL
BANK, UBS AG, UBS SECURITIES JAPAN
CO. LTD., THE BANK OF YOKOHAMA,
LTD., SOCIÉTÉ GÉNÉRALE SA, THE
ROYAL BANK OF SCOTLAND GROUP,
PLC, ROYAL BANK OF SCOTLAND PLC,
RBS SECURITIES JAPAN LIMITED,
BARCLAYS BANK PLC, CITIBANK, NA,
CITIGROUP, INC., CITIBANK, JAPAN LTD.,
CITIGROUP GLOBAL MARKETS JAPAN,
INC., COÖPERATIEVE CENTRALE
RAIFFEISEN-BOERENLEENBANK B.A.,
HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, R.P. MARTIN HOLDINGS
LIMITED AND JOHN DOES NOS. 1-50,

                        Defendants.
-------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
JAPANESE BANK DEFENDANTS' MOTION TO DISMISS FOR
<u>LACK OF PERSONAL JURISDICTION AND FOR A STAY OF DISCOVERY</u>**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | THE JAPANESE BANKS DID NOT WAIVE PERSONAL JURISDICTION | 1 |
| | A. The Japanese Banks Had No Personal Jurisdiction Defense Before *Daimler* | 1 |
| | B. Plaintiff's Waiver Arguments Lack Merit | 2 |
| II. | PLAINTIFF FAILS TO MAKE A *PRIMA FACIE* SHOWING OF GENERAL JURISDICTION OVER THE JAPANESE BANKS | 4 |
| III. | PLAINTIFF FAILS TO MAKE A *PRIMA FACIE* SHOWING OF SPECIFIC JURISDICTION OVER THE JAPANESE BANKS | 7 |
| | A. Plaintiff's Claims Do Not Arise Out of the New York or United States Activities of Any Japanese Bank | 7 |
| | B. Plaintiff's Specific Jurisdiction Arguments Lack Merit | 7 |
| IV. | JURISDICTIONAL DISCOVERY SHOULD BE DENIED | 10 |
| CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

**CASES**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2d Cir. 2011) ......................................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................ 9

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................................ 8

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ..................................................................... passim

*Doe v. Del. State Police*, 939 F. Supp. 2d 313 (S.D.N.Y. 2013) ..................................................... 8

*Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234 (S.D.N.Y. 2011) ........................................ 3

*Gilmore v. Palestinian Interim Self-Gov't Auth.*, 2014 WL 2865538 (D.D.C. June 23, 2014) .................................................................................................................................... 3, 4

*Gliklad v. Bank Hapoalim*, No. 155195/2014, 2014 N.Y. Misc. LEXIS 3600 (N.Y. Sup. Ct. Aug. 11, 2014) .................................................................................................................. 2, 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) .............................. 3, 4

*Hawknet Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87 (2d Cir. 2009) .................................... 2

*In re MS Angeln GmbH & Co. KG*, 2012 WL 1080300 (S.D.N.Y. Mar. 29, 2012) (Daniels, J.), *aff'd*, 510 F. App'x 90 (2d Cir. 2013) .................................................................. 10

*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659 (2d Cir. 2013) ......................................... 8

*In re Terrorist Attacks on Sept. 11, 2001*, 740 F. Supp. 2d 494 (S.D.N.Y. 2010) .......................... 9

*In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011) ............................ 2

*Indelible Media Corp. v. Meat & Potatoes, Inc.*, 2012 WL 3893523 (S.D.N.Y. Sept. 7, 2012) (Daniels, J.) ............................................................................................................... 10

*J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) ......................................................... 7

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) .................................................... 10

*Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, 2011 WL 381612 (E.D.N.Y. Feb. 2, 2011) ......................................................................................................................................10

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ....................................................... 6

*Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221 (2d Cir. 2014) ............................... 6

*Tiffany (NJ) LLC v. Forbse*, 2012 WL 1918866 (S.D.N.Y. May 23, 2012) ................................... 3

*Tymoshenko v. Firtash*, 2013 WL 1234943 (S.D.N.Y. Mar. 27, 2013) ........................................10

**STATUTES**

12 C.F.R. § 243.3 .............................................................................................................................5

12 C.F.R. § 381.3 .............................................................................................................................5

N.Y. Banking Law § 200 .................................................................................................................5

Fed. R. Civ. P. 12(b)(2) ...................................................................................................................3

Fed. R. Civ. P. 12(g)(2) ...................................................................................................................2

Fed. R. Civ. P. 12(h)(1) ................................................................................................................3, 4

**OTHER AUTHORITIES**

L. Bennett, *Daimler Decision Topples Longstanding New York Cases*, N.Y.L.J., Jan. 24, 2014 ..........................................................................................................................................1

P. Connors, *Impact of Recent U.S. Supreme Court Decisions on Practice in New York*, N.Y.L.J ........................................................................................................................................1

D. Goldman & A. Braverman, *Eroding Theory of General Personal Jurisdiction: Effect of 'Bauman'*, N.Y.L.J., Feb. 3, 2014 ........................................................................................1

T. Monestier, *Where is Home Depot 'At Home'?* Daimler v. Bauman *and the End of Doing Business Jurisdiction*, 66 Hastings L.J. (forthcoming 2014), *available at* http://ssrn.com/ abstract=2423438 .............................................................................................1

The Japanese Banks – Mizuho Corporate Bank, Shoko Chukin Bank, Bank of Yokohama, Shinkin Central Bank, Sumitomo Mitsui Trust Bank, and Sumitomo Mitsui Banking Corporation – respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction and to stay discovery.  Dkt. 316-322.  Contrary to plaintiff's contentions, the Japanese Banks did not waive their jurisdictional defenses; nor is there any basis for asserting general or specific jurisdiction over these defendants or ordering jurisdictional discovery with respect to them.

## I.  THE JAPANESE BANKS DID NOT WAIVE PERSONAL JURISDICTION

### A.  The Japanese Banks Had No Personal Jurisdiction Defense Before *Daimler*

The Japanese Banks' opening brief (Dkt. 316, "JB Br.") demonstrated that a personal jurisdiction defense was not available to them until the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  *See* JB Br. at 8–10.  That decision undermined prior law in this Circuit holding that a defendant's operation of an office in New York was sufficient to support general jurisdiction.  *See id.* at 4–6.  The Second Circuit and district courts in this Circuit have recognized that *Daimler* changed the law.  *See id.* at 9 (discussing cases).  Commentators have also noted that *Daimler* "effectively invalidates 47 years of general jurisdiction law in the state of New York," and "[m]oving forward, it will be extremely difficult for plaintiffs to establish general jurisdiction over foreign corporations that are neither incorporated nor have their principal place of business in the state."  D. Goldman & A. Braverman, *Eroding Theory of General Personal Jurisdiction: Effect of 'Bauman'*, N.Y.L.J., Feb. 3, 2014, at 4.[1]

---

[1] *Accord, e.g.*, T. Monestier, *Where is Home Depot 'At Home'?* Daimler v. Bauman *and the End of Doing Business Jurisdiction*, 66 Hastings L.J. (forthcoming 2014) at 1, *available at* http://ssrn.com/abstract=2423438 ("*Daimler* officially sounds the death knell for doing business jurisdiction in the United States"); L. Bennett, *Daimler Decision Topples Longstanding New York Cases*, N.Y.L.J., Jan. 24, 2014, at 4 (*Daimler* has "radically undone and rearranged the application of general jurisdiction to foreign corporations in New York"); P. Connors, *Impact of Recent U.S. Supreme Court Decisions on Practice in New York*, N.Y.L.J., June 18, 2014, at 1 ("[t]he standard used for decades to measure whether a corporate defendant is subject to general jurisdiction in New York . . . the famous 'corporate presence' or 'doing business' test, has been all but declared unconstitutional by the Supreme Court" in *Daimler*).

A New York court recently applied this change in the law in *Gliklad v. Bank Hapoalim*, No. 155195/2014, 2014 N.Y. Misc. LEXIS 3600 (N.Y. Sup. Ct. Aug. 11, 2014).  There, the plaintiff sought to assert general jurisdiction over Bank Hapoalim, which was "incorporated in Israel" and had "its principal place of business . . . in Tel Aviv."  *Id.* at *5.  The plaintiff argued that service of a subpoena "upon Bank Hapoalim's branch in New York is enough to confer jurisdiction over Bank Hapoalim in Israel," and that "this has been the law in New York for some time."  *Id.* at *3.  The court, recognizing the impact of *Daimler* as applied "to a foreign bank with a branch in New York," held that there was "no basis for the exercise of general jurisdiction over Bank Hapoalim."  *Id.* at *5, 7.

      **B.**     **Plaintiff's Waiver Arguments Lack Merit**

Plaintiff's opposition (Dkt. 366, "NSD Opp.") argues that the Japanese Banks waived their personal jurisdiction defenses, but none of plaintiff's arguments has merit.

<u>First</u>, plaintiff argues that the defense was waived under Rule 12 because it was not asserted in the Japanese Banks' prior motion to dismiss.  NSD Opp. at 1–3.  But Rule 12's waiver provision applies *only* to a personal jurisdiction defense "that was *available to the party* but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2) (emphasis added).  A similar "known to be available" waiver rule applies to defenses generally in the Second Circuit.  *Hawknet Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009).  A personal jurisdiction defense was not available to the Japanese Banks when they filed their prior motion to dismiss in 2013.  The defense became available only after *Daimler* was decided in 2014, and so was not waived because of the prior motion.  *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*,

2

765 F. Supp. 2d 512, 531 (S.D.N.Y. 2011) ("Vivendi did not waive its right to seek dismissal" under Rule 12 based on "a defense that arose from intervening Supreme Court authority").[2]

Second, plaintiff asserts that the "at home" rule for general jurisdiction was available to the Japanese Banks when they filed their motion to dismiss in 2013, based on *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011). But while *Goodyear* discussed an "at home" rule generally, it did not present or address the issue of whether a defendant is "at home" in a state where it had an office and did business. Instead, *Goodyear* considered whether foreign subsidiaries of a U.S. parent corporation were "at home" and could be sued in North Carolina because of the "placement of their tires in the 'stream of commerce'" there. 131 S. Ct. at 2854. It was not until *Daimler* that the Supreme Court applied the "at home" rule to declare that courts "should not" rely on prior cases that "upheld the exercise of general jurisdiction based on the presence of a local office." *Daimler*, 134 S. Ct. at 761 n.18.

Accordingly, after *Goodyear* and before *Daimler*, courts in this Circuit continued to conclude that the presence of a foreign bank's branch office in New York was sufficient to make the bank "at home" and subject to general jurisdiction there. *See, e.g.*, *Tiffany (NJ) LLC v. Forbse*, 2012 WL 1918866, at *3 (S.D.N.Y. May 23, 2012) (Chinese Banks' "New York branches" gave court "personal jurisdiction over the Banks as corporate entities"); *Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234, 239 (S.D.N.Y. 2011) ("Bank of India is subject to general personal jurisdiction in New York, based on its continuous operation of a branch here").

Plaintiff's reliance on *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 2014 WL 2865538 (D.D.C. June 23, 2014), and defense counsel briefs filed in other cases for other clients, does not

---

[2] The Japanese Banks likewise did not waive a defense based on lack of specific jurisdiction, as plaintiff claims. *See* NSD Opp. at 8. The "defense" that a defendant must raise under Rule 12, if available, is one for "lack of personal jurisdiction" on *any* ground. Fed. R. Civ. P. 12(b)(2) & (h)(1). Because the law pre-*Daimler* held that the Japanese Banks' U.S. offices supported general jurisdiction, a challenge to specific jurisdiction alone would have been futile.

support his argument. *See* NSD Opp. at 3–8. In *Gilmore*, the court found that Palestinian organizations had waived a personal jurisdiction defense based on the "at home" rule *as it was applied and available* to them based on *Goodyear*. *See* 2014 WL 2865538, at *4–5. The court did not – and could not – hold that *Goodyear* decided that a defendant should no longer be found "at home" in states where it had an office. Nor did the defense briefs that plaintiff cites (which do not bind the Japanese Banks in any event) argue that *Goodyear* decided that issue. *See* Dkt. 369-40 to 42 (Briganti Decl. Ex. 51 at 22–35, Ex. 52 at 3–15, Ex. 53 at 6–10).

<u>Third</u>, plaintiff argues that defendants' participation in this litigation constitutes an implied waiver and consent to personal jurisdiction. *See* NSD Opp. at 9–11. But pursuant to Rule 12, a personal jurisdiction defense is preserved if asserted in the first motion to dismiss when the defense is available, or in a responsive pleading or amendment thereto. *See* Fed. R. Civ. P. 12(h)(1). Accordingly, "[c]ourts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense can still be preserved." 5C C. Wright *et al.*, Fed. Prac. & Proc. Civ. § 1391 (3d ed. 2014). The Japanese Banks properly preserved their personal jurisdiction defense by asserting it in a motion to dismiss after it became available based on *Daimler*, and within the Court's deadline for filing personal jurisdiction motions.

## II. PLAINTIFF FAILS TO MAKE A *PRIMA FACIE* SHOWING OF GENERAL JURISDICTION OVER THE JAPANESE BANKS

Plaintiff's opposition fails to establish a *prima facie* basis for general jurisdiction over any of the Japanese Banks. Plaintiff repeatedly asserts that each Japanese Bank was a "reference bank" on the Euroyen TIBOR or Yen LIBOR panel and was a "trading and clearing member" of the Tokyo Financial Exchange, which allegedly "provides U.S.-based customers access" to Euroyen futures contracts in "European and American time-zone" markets. NSD Opp. at 13–14,

4

21–25.  But because those activities took place in Japan or England, they cannot establish a basis for general jurisdiction over the Japanese Banks in the United States.  *See* JB Br. at 4 & n.4.

Plaintiff does not and cannot dispute that each of the Japanese Banks is incorporated in and has its principal place of business in Japan.  *See* JB Br. at 5 & n.6.  Nor does plaintiff dispute that, after *Daimler*, his allegations that each Japanese Bank has had an office in New York are no longer sufficient to establish general jurisdiction.  *See* NSD Opp. at 11–12; JB Br. at 4–6.  That is exactly the conclusion that the New York court recently reached in *Gliklad*.

The additional facts that plaintiff asserts about various of the Japanese Banks are not sufficient to make a *prima facie* showing of general jurisdiction.  *See* NSD Opp. at 12–14, 21-25.  For example, plaintiff asserts that the parent companies of some of the Japanese Banks submitted a "Resolution Plan" with the Federal Reserve that identified their New York office as a "material entity."  NSD Opp. at 14, 21, 23, 24.  Those Resolution Plans are statutorily mandated filings under the Dodd-Frank Act, *see* 12 C.F.R. §§ 243.3, 381.3, whose regulations define a "material entity" as "a subsidiary or foreign office of the covered company that is significant to the activities of a critical operation or core business line."  *See id.* §§ 243.2(l), 381.2(l).  The fact that an office is "significant" for Dodd-Frank does not make it "so substantial and of such a nature as to render the corporation at home" in New York.  *Daimler*, 134 S. Ct. at 761 n.19.

Plaintiff also asserts that two of the Japanese Banks are registered with the New York State Department of Financial Services.  *See* NSD Opp. at 13, 24.  That does not constitute consent to general jurisdiction.  Such registration requires appointment of the superintendent to receive process only for an "action or proceeding against [a foreign banking corporation] on a cause of action *arising out of a transaction with its New York agency or agencies or branch or branches*."  N.Y. Banking Law § 200 (emphasis added).

5

Nor do plaintiff's allegations regarding the business conducted by each Japanese Bank in the United States, or some banks' participation in surveys in the United States, establish that this is "an *exceptional* case" that would permit a finding of general jurisdiction beyond the Japanese Banks' "formal place of incorporation or principal place of business." *Daimler*, 134 S. Ct. at 761 n.19. The "exceptional case" identified in *Daimler* involved a company incorporated and based in the Philippines that had temporarily relocated to Ohio after it ceased all operations abroad during World War II. *See id.* (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952)). Plaintiff alleges nothing like that with respect to any of the Japanese Banks. *See* NSD Opp. at 12–14, 21–25. In *Daimler*, even where the defendant's U.S. subsidiary had "multiple California-based facilities," including at least three offices, the Court found "no basis to subject [the defendant] to general jurisdiction in California." 134 S. Ct. at 752, 760.[3]

In sum, plaintiff's assertions fall far short of showing that this is "an exceptional case" that would allow this Court to "adjudicate *all* claims against [the Japanese Banks] – even those entirely unrelated to [their] contacts with the state." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). Plaintiff thus has failed to establish a *prima facie* basis for general jurisdiction over any of the Japanese Banks.

---

[3] None of plaintiffs' allegations concerning individual Japanese Banks establishes a *prima facie* basis for general jurisdiction. *See* NSD Opp. at 13–14, 21–25. For example, plaintiff asserts that Shoko Chukin Bank's New York branch provides "'access to U.S. financial markets'" and "'lending services,'" and had "$461 million in total assets." *Id.* at 21–22. But under *Daimler*, the fact that a bank engages in banking activities in the forum is not enough. It is undisputed that the Shoko Chukin branch's primary business is lending rather than trading, and that it has been responsible for less than 1% of the loan business of Shoko Chukin Bank and less than 1.1% of its assets. *See* Dkt. 320 (Nakajima Decl. ¶ 5); Dkt. 360-30 (Briganti Decl. Ex. 41 at 3). In *Daimler*, where Daimler's U.S. subsidiary "account[ed] for 2.4% of Daimler's worldwide sales," the Supreme Court concluded that even if the subsidiary's "contacts are imputable to Daimler, there still would be no basis to subject Daimler to general jurisdiction." 134 S. Ct. at 752, 760. Likewise, it is undisputed that the New York offices of Shinkin Central Bank and Bank of Yokohama (whose office generates no revenues) have engaged in only very limited activities that do not involve reference rate submissions. *See* Dkt. 319 (Kishi Decl. ¶¶ 6–7); Dkt. 318 (Takahashi Decl. ¶¶ 4–6).

### III. PLAINTIFF FAILS TO MAKE A *PRIMA FACIE* SHOWING OF SPECIFIC JURISDICTION OVER THE JAPANESE BANKS

In a footnote at the end of his opposition, NSD Opp. at 25 n.7, plaintiff incorporates by reference the arguments as to specific jurisdiction in his opposition to the "stipulating" banks' personal jurisdiction motions (Dkt. 367, "SD Opp."). Those arguments could not establish a *prima facie* basis for specific jurisdiction over any of the Japanese Banks.

#### A. Plaintiff's Claims Do Not Arise Out of the New York or United States Activities of Any Japanese Bank

Plaintiff concedes that to establish specific jurisdiction, he must allege facts establishing not only that the foreign defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum," but also that the claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787–88 (2011). *See* SD Opp. at 5. Plaintiff does not dispute the Japanese Banks' showing that their New York offices had nothing to do with the submission of rates used to calculate Euroyen TIBOR or Yen LIBOR, on which plaintiff bases his claims. *See* JB Br. at 7 (citing declarations). Nor do any Japanese Bank's asserted activities in the United States relate to plaintiff's claim that he was injured in his trades on the Chicago Mercantile Exchange. *See* NSD Opp. at 12–14, 21–25. Because plaintiff has not alleged that his claims arise out of the Japanese Banks' contacts with the forum, his assertion of specific jurisdiction fails.

#### B. Plaintiff's Specific Jurisdiction Arguments Lack Merit

Plaintiff offers several theories as to why specific jurisdiction exists, but those theories do not apply to the Japanese Banks.[4]

First, plaintiff argues that specific jurisdiction exists under an "effects test" when a defendant's foreign conduct was "expressly aimed" at the United States. *See* SD Opp. at 10–12.

---

[4] The Japanese Banks also incorporate by reference the arguments regarding lack of specific jurisdiction made in the reply memoranda of the other defendants that filed personal jurisdiction motions.

7

Plaintiff alleges that the Japanese Banks submitted rates used to calculate Euroyen TIBOR in Tokyo or Yen LIBOR in London, and served as trading and clearing members of the Tokyo Financial Exchange. *See* NSD Opp. at 13–14, 21–25. But submitting rates and clearing trades in Tokyo or London are not activities "expressly aimed" at the United States.

Recognizing that, plaintiff suggests it is sufficient for a defendant's actions to have "unmistakable foreseeable effects" in the United States. SD Opp. at 11. But "the mere fact that [the defendant] can 'foresee' that" its actions will have an effect on the forum "is not sufficient for an assertion of jurisdiction." *Calder v. Jones*, 465 U.S. 783, 789 (1984); *see also In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) (affirming dismissal because "[t]he fact that harm in the forum is foreseeable . . . is insufficient for purpose of establishing specific personal jurisdiction over a defendant").

Second, plaintiff argues that specific jurisdiction exists when a foreign defendant has conspired with domestic banks. SD Opp. at 12; *see also id.* at 13–15. But even with the benefit of extensive disclosures in numerous regulatory settlements, plaintiff cannot allege *any* communication between a Japanese Bank and a domestic bank defendant regarding Euroyen TIBOR or Yen LIBOR, or any other conduct that would show a Japanese Bank conspired with a domestic bank defendant. *See* NSD Opp. at 12–14, 21–25. Plaintiff points to statements regarding "defendants" in the Court's decision on the motion to dismiss, *see* SD Opp. at 13–14, but personal jurisdiction cannot be established through generic statements about "defendants." It must be specifically pled as to each defendant. *See Calder*, 465 U.S. at 790 ("[e]ach defendant's contacts with the forum State must be assessed individually"); *Doe v. Del. State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013) (plaintiff cannot "lump" defendants together for purposes of

8

pleading jurisdiction); *In re Terrorist Attacks on Sept. 11, 2001*, 740 F. Supp. 2d 494, 507 (S.D.N.Y. 2010) (plaintiff must allege "specific factual allegations" against each defendant).[5]

Third, plaintiff argues that specific jurisdiction can be based on the acts of a defendant's subsidiary in the United States when it is a mere department or alter ego of the parent company. *See* SD Opp. at 15–17. But he does not identify any activities of the U.S. subsidiaries of two Japanese Banks that relate to his claims, and he does not allege any facts that could show that the subsidiaries were "mere departments" of those Japanese Banks. *See* NSD Opp. at 14, 24.

Fourth, plaintiff argues that the regulatory settlements demonstrate that "defendants" communicated, planned, and executed trades in furtherance of the claimed conspiracy over Bloomberg Professional Service "IP addresses" in the United States. SD Opp. at 18–20. But plaintiff does not and cannot allege that those settlements reference *any* conduct of the Japanese Banks. *See* NSD Opp. at 13–14, 21–25. Nor does plaintiff identify any facts showing that utilization of the Bloomberg Professional Service by a Japanese Bank in a foreign country could be something "purposefully directing [its] activities toward forum residents," like plaintiff, as required for specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

---

[5] Plaintiff's statements that Mizuho Corporate Bank, Ltd. ("Mizuho Corporate") and Sumitomo Mitsui Banking Corporation ("SMBC") were among the banks that artificially lowered their Yen-LIBOR submissions on March 31, 2009 at the request of UBS, NSD Opp. at 13, 23, are blatantly inaccurate and should be disregarded. As plaintiff knows, the details of the March 31, 2009 Yen LIBOR submission are derived from a section of the UBS DOJ Statement of Facts ("DOJ SOF") entitled: "Use of Brokers to Disseminate Misinformation." Dkt. 207, Ex. A. at 18. The DOJ did not suggest in that section that the banks that submitted lower rates on March 31, 2009 participated in a conspiracy. Rather, the DOJ used the example to illustrate how cash brokers purportedly spread misinformation to panel banks that were *not* part of the alleged conspiracy. *Id.* ¶ 42. To the extent that the DOJ had any examples of purported collusion, it provided them in the next section of the DOJ SOF entitled: "Efforts to Collude with Other Banks to Manipulate Yen LIBOR." *Id.* at 26-30. Neither SMBC nor Mizuho Corporate is mentioned in that section. The Court should therefore not credit plaintiff's unsupported assertion that Mizuho Corporate "aided and abetted" Tom Hayes or that SMBC lowered its submission "after being solicited to do so" by UBS. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) (where an "allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true").

## IV. JURISDICTIONAL DISCOVERY SHOULD BE DENIED

Plaintiff's perfunctory request for jurisdictional discovery against the Japanese Banks should be denied. *See* NSD Opp. at 11–12. This Court has denied jurisdictional discovery when the plaintiff "has failed to set forth a *prima facie* case of jurisdiction." *In re MS Angeln GmbH & Co. KG*, 2012 WL 1080300, at *7 (S.D.N.Y. Mar. 29, 2012) (Daniels, J.), *aff'd*, 510 F. App'x 90 (2d Cir. 2013); *accord Indelible Media Corp. v. Meat & Potatoes, Inc.*, 2012 WL 3893523, at *7 (S.D.N.Y. Sept. 7, 2012) (Daniels, J.). As shown above, plaintiff has failed to set forth such a *prima facie* case for jurisdiction over the Japanese Banks.[6]

Moreover, plaintiff has not challenged any of the testimony in the Japanese Banks' affidavits regarding their lack of relevant activity in the United States. There is no need for jurisdictional discovery where the motion places in issue only "the legal sufficiency of the jurisdictional allegations" rather than the asserted factual basis for jurisdiction. *See*, *e.g.*, *Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, 2011 WL 381612, at *10 (E.D.N.Y. Feb. 2, 2011). And the fact that the Japanese Banks are foreign corporations further "disfavors jurisdictional discovery." *Tymoshenko v. Firtash*, 2013 WL 1234943, at *7 (S.D.N.Y. Mar. 27, 2013); *accord Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185–86 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Japanese Banks' opening brief, this Court should extend the stay of discovery until the resolution of this motion and dismiss the Second Amended Complaint with prejudice as against the Japanese Banks.

---

[6] Plaintiff suggests that he need only make a sufficient start toward establishing personal jurisdiction. NSD Opp. 11; SD Opp. at 22. But, in the cases on which plaintiff relies, the courts permitted limited jurisdictional discovery to determine whether domestic entities' contacts should be imputed to foreign defendants, because the plaintiffs were unable to show the degree of control held by the foreign defendants without limited jurisdictional discovery. Here, plaintiff's claims do not arise from the activities of the Japanese Banks' U.S. offices or subsidiaries, so whether those activities can be imputed to the Japanese Banks is irrelevant.

Dated:   New York, New York
             September 15, 2014

**SHEARMAN & STERLING LLP**

By: /s/ Jerome S. Fortinsky
Jerome S. Fortinsky
John A. Nathanson
Jeffrey J. Resetarits
599 Lexington Avenue
New York, NY  10022-6069
212-848-4000
jfortinsky@shearman.com
john.nathanson@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendant Mizuho Corporate Bank, Ltd.*

**ARNOLD & PORTER LLP**

By:  /s/ Robert C. Mason
Robert C. Mason
399 Park Avenue
New York, NY   10022
212-715-1000
robert.mason@aporter.com

James W. Thomas, Jr.
Bret A. Finkelstein
555 Twelfth Street, NW
Washington, DC   20004
(202) 942-5000
james.thomas@aporter.com
bret.finkelstein@aporter.com

*Attorneys for Defendant The Shoko Chukin Bank, Ltd.*

11

**DEBEVOISE & PLIMPTON LLP**

By:  /s/ Gary W. Kubek
Gary W. Kubek
Erica S. Weisgerber
919 Third Avenue
New York, NY   10022
212-909-6000
gwkubek@debevoise.com
eweisgerber@debevoise.com

*Attorneys for Defendant The Bank of Yokohama, Ltd.*


**PILLSBURY WINTHROP SHAW
   PITTMAN LLP**

By:  /s/ Frederick A. Brodie
Frederick A. Brodie
Andrew J. Kim
1540 Broadway
New York, NY   10036
212-858-1000
fab@pillsburylaw.com
Andrew.kim@pillsburylaw.com

*Attorneys for Defendant Shinkin Central Bank*


**SEWARD & KISSEL LLP**

By:  /s/ Dale C. Christensen, Jr.
Dale C. Christensen, Jr.
Michael B. Weitman
One Battery Park Plaza
New York, NY   10004
212-574-1200
Christensen@sewkis.com
Weitman@sewkis.com

*Attorneys for Defendant Sumitomo Mitsui Trust Bank, Ltd.*

12

**BINGHAM MCCUTCHEN LLP**

By: /s/ Jon R. Roellke
Jon R. Roellke
2020 K Street, N.W.
Washington, D.C. 20006-1806
jon.roellke@bingham.com
Telephone: (202) 373-6000
Fax: (202) 373-6001

Michael L. Spafford
PAUL HASTINGS LLP
michaelspafford@paulhastings.com
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Fax: (202) 551-1705

*Attorneys for Defendant Sumitomo Mitsui Banking Corporation*