# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| JEFFREY LAYDON, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:12-cv-03419-GBD |
| | : | |
| v. | : | |
| | : | |
| MIZUHO BANK, LTD., *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## REPLY MEMORANDUM OF THE NORINCHUKIN BANK IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND TO STAY DISCOVERY

Defendant The Norinchukin Bank ("Norinchukin") respectfully submits this reply in further support of its motion to dismiss plaintiff's Second Amended Class Action Complaint ("SAC") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and to stay discovery.

## PRELIMINARY STATEMENT

As Norinchukin and the Japanese Banks[1] demonstrated in their opening memoranda, a general personal jurisdiction defense was not available to Norinchukin when it filed its original motions pursuant to Rule 12 last year, and as such, it cannot have waived that defense. Plaintiff's allegations fail to show that Norinchukin is subject to general personal jurisdiction in New York because Norinchukin is "at home" in Japan, not in New York. Further, plaintiff has not pled a basis for specific jurisdiction because none of plaintiff's substantive allegations in this action relate, in any way, to Norinchukin's limited connection to New York. In addition to its

---

[1] Mizuho Corporate Bank, Shoko Chukin Bank, Bank of Yokohama, Shinkin Central Bank, Sumitomo Mitsui Trust Bank, and Sumitomo Mitsui Banking Corporation.

arguments below, Norinchukin respectfully joins the arguments set forth in sections I, III, and IV of the Japanese Banks' Reply Memorandum filed today and incorporates by reference all such arguments as if fully set forth herein.

## ARGUMENT

### I. THE NORINCHUKIN BANK DID NOT WAIVE ITS PERSONAL JURISDICTION DEFENSE.

Norinchukin respectfully joins the arguments set forth in section I of the Japanese Banks' Reply Memorandum filed today and incorporates all such arguments herein.

### II. PLAINTIFF FAILS TO MAKE A *PRIMA FACIE* SHOWING THAT GENERAL PERSONAL JURISDICTION EXISTS OVER NORINCHUKIN.

Plaintiff generally alleges that Norinchukin had a branch in New York (SAC ¶ 60), but also admits that "[t]he Norinchukin Bank is a Japanese cooperative bank headquartered in Tokyo, Japan." (*Id.*)  These meager allegations are plainly an insufficient basis to conclude that Norinchukin is subject to general personal jurisdiction in New York because Norinchukin is "at home" in Japan, not in New York.

In his opposition, Plaintiff resorts to a laundry list of attenuated "contacts" between Norinchukin and New York that he claims support the exercise of general jurisdiction over Norinchukin in this State.  (*See* Pl.'s Mem. 16-18.)  But these contacts, which are entirely unrelated to the alleged conduct described in the SAC, do not come close to satisfying the requirement of *Daimler v. Bauman*, 134 S. Ct. 746 (2014), that Norinchukin's operations in New York be so "substantial" as to render it "at home" in this state.

Many of the facts upon which Plaintiff relies simply have no nexus with the state of New York.  For instance, Plaintiff states that Norinchukin is a member of the Tokyo Financial Exchange, Inc. ("TFX"), an organization established and operating in Japan, and that TFX

allows U.S.-based customers to access Euroyen futures contracts.  (Pl.'s Mem. 16-17.)  Plaintiff

also recycles his allegation that Norinchukin "artificially lower[ed]" its Yen-LIBOR contribution

rate on two separate occasions at the request of another bank and a broker.  (*Id.* at 17.)  However,

neither Norinchukin's association with a third-party Japanese trading organization nor its

contacts with other banks and brokers *in London* would make Norinchukin "at home" in New

York even if those parties' activities could be attributed to Norinchukin (which they cannot).  *See*

*Daimler*, 134 S. Ct. at 761 ("neither Daimler nor [its subsidiary] is incorporated in California,

nor does either entity have its principal place of business there. . . . It was therefore error for the

Ninth Circuit to conclude that Daimler, even with [its subsidiary's] contacts attributed to it, was

at home in California[.]").  These allegations, therefore, provide no basis for the exercise of

jurisdiction.

　　　　Plaintiff's reliance on out-of-context snippets from publicly-available documents likewise

do not establish that Norinchukin has such substantial contacts with New York State that it may

be deemed to be "at home" there.  Plaintiff cites a "U.S. Resolution Plan" submitted by

Norinchukin to certain U.S. regulators for the proposition that Norinchukin provides funds to its

"Japanese customers" in cooperation with its New York branch and that Norinchukin reported ¥3

billion of derivatives exposure "in the Americas."  The full context of this document makes

clear, however, that the "short-term funding activities of [Norinchukin's] New York Branch do

not constitute a core business line" of the bank.  (Briganti Decl., Ex. 26 at 4.)  For the fiscal year

ended March 31, 2013, merely 0.4% of Norinchukin's income came from the "Americas," which

included both the United States and the Cayman Islands.  (Briganti Decl., Ex. 25 at 10.)  "Most

of the Bank's income comes from its operations in Japan."  (*Id.*)  In any event, *Daimler* dictates

that the piecemeal contacts listed in Plaintiff's opposition, even if "sizeable," do not establish

general personal jurisdiction because Norinchukin is not "at home" in New York and hence is not subject to suit in New York on claims "having nothing to do with anything that occurred or had its principal impact in [New York]." *Daimler*, 134 S. Ct. at 762.

## III.   PLAINTIFF FAILS TO MAKE A PRIMA FACIE SHOWING THAT SPECIFIC PERSONAL JURISDICTION EXISTS OVER NORINCHUKIN.

Norinchukin respectfully joins the arguments set forth in section III of the Japanese Banks' Reply Memorandum filed today and incorporates by reference all such arguments as if fully set forth, with respect to Norinchukin, herein.[2]

As discussed above, Plaintiff strains to allege *any* contacts between Norinchukin and New York, but he completely fails to demonstrate a connection between these few, limited contacts and the substantive allegations in this action.  In his memorandum, plaintiff now contends that Norinchukin's New York office engages in U.S. dollar denominated interest rate swaps and futures for hedging purposes and short-term U.S. dollar funding in support of its securities investment activities, holds $81 billion in assets, and maintains memberships to the Fedwire Funds Service and Fixed Income Clearing Corporation.  (Pl.'s Mem. 17.)  None of these activities, in any way, relate to plaintiff's substantive allegations relating to the setting of Euroyen TIBOR in Tokyo or Yen LIBOR in London.   Specific jurisdiction, therefore, does not exist.

---

[2] In addition, Norinchukin respectfully joins and adopts the arguments made in the so-called Stipulating Defendants' reply memoranda in support of their motions to dismiss for lack of personal jurisdiction, which explain in detail why all of plaintiff's arguments in support of specific personal jurisdiction are without merit.

**IV.    PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED.**

Norinchukin respectfully joins the arguments set forth in section IV of the Japanese

Banks' Reply Memorandum filed today and incorporates all such arguments herein.

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in the moving memorandum and the

memoranda of the Japanese Banks, the Court should stay all discovery with respect to

Norinchukin pending disposition of this motion, and dismiss the Second Amended Complaint as

against Norinchukin with prejudice.

Dated:          September 15, 2014
                New York, New York

                                                        /s/ Andrew W. Stern
                                                        Andrew W. Stern
                                                        Alan M. Unger
                                                        Tom A. Paskowitz
                                                        Benjamin Hoffart
                                                        SIDLEY AUSTIN LLP
                                                        787 Seventh Avenue
                                                        New York, NY  10019
                                                        Telephone:  212-839-5300
                                                        Facsimile:  212-839-5599
                                                        aunger@sidley.com
                                                        astern@sidley.com
                                                        tpaskowitz@sidley.com
                                                        bhoffart@sidley.com

                                                        *Attorneys for Defendant The
                                                        Norinchukin Bank*