# pillsbury

Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway | New York, NY 10036-4039 | tel 212.858.1000 | fax 212.858.1500

Frederick A. Brodie<br>
Partner<br>
tel 212.858.1628<br>
fab@pillsburylaw.com

September 19, 2014

**BY COURIER**

The Honorable George B. Daniels
Daniel Patrick Moynihan U.S. Courthouse
Courtroom 11A
500 Pearl St.
New York, NY 10007-1312

    Re:    Notice of Supplemental Authority in
                    *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD)

Dear Judge Daniels:

I am counsel to defendant Shinkin Central Bank in the above litigation. I submit this letter on behalf of Shinkin Central Bank and eleven other defendants who have moved to dismiss for lack of personal jurisdiction, identified in the footnote below.[1]

Presently pending before the Court are defendants' motions to dismiss for lack of personal jurisdiction and for a stay of discovery. This letter is respectfully submitted to bring to the Court's attention a controlling decision issued by the U.S. Court of Appeals for the Second Circuit on September 17, 2014, after the completion of briefing on the personal jurisdiction motions in this case: *Gucci America, Inc. v. Weixing Li*, Nos. 11-3934-cv, 12-4557-cv (2d Cir. Sept. 17, 2014) (copy enclosed).

In *Gucci America,* the District Court exercised general jurisdiction over Bank of China because it had two branch offices in New York (pp. 7, 28).

---

[1] The following defendants join in this letter: The Bank of Tokyo Mitsubishi UFJ, Ltd.; The Bank of Yokohama, Ltd.; Deutsche Bank AG; Mitsubishi UFJ Trust and Banking Corporation; Mizuho Bank, Ltd.; Mizuho Corporate Bank, Ltd.; Mizuho Trust and Banking Co., Ltd.; The Norinchukin Bank; The Shoko Chukin Bank, Ltd.; Sumitomo Mitsui Banking Corporation; and Sumitomo Mitsui Trust Bank, Ltd.

The Second Circuit held:

- In light of *Daimler AG v. Bauman*, 134 S.Ct.746 (2014), the District Court erred in holding Bank of China subject to its general jurisdiction because "the district court may not properly exercise general jurisdiction" over a bank that "has branch offices in the forum, but is incorporated and headquartered elsewhere" (p. 28; *see also* pp. 5 n.2, 13, 25-29).

- Bank of China did not waive its jurisdictional defense by appearing in the District Court without objecting to personal jurisdiction. "Prior to *Daimler*, controlling precedent in this Circuit made it clear that a foreign bank with a branch in New York *was* properly subject to general personal jurisdiction here." (P. 30; emphasis in original). The Bank could not have waived its jurisdictional defense, because that defense was "not known to be available" to it before *Daimler* (p. 29, citing *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)).

Respectfully,

Frederick A. Brodie

Enclosure

cc: All Counsel (via ECF)