UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JEFFREY LAYDON, on behalf of himself and all :
others similarly situated, :
:
                           Plaintiff, :
:
            -against- :
:
:
MIZUHO BANK, LTD., et al., :
:
                          Defendants. :
:
:
:
------------------------------------- x

ORDER

12 Civ. 3419 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendants move for reconsideration of this Court's March 28, 2014 Memorandum Decision and Order ("Order," ECF No. 270). (See ECF Nos. 275, 277, 278, and 282). That decision granted Defendants' motions to dismiss Plaintiff's vicarious liability, antitrust, and unjust enrichment claims, and denied Defendants' motions to dismiss Plaintiff's claims under the Commodity Exchange Act, 7 U.S.C. § 1 et seq. ("CEA"), for price manipulation and aiding and abetting (counts one and three).

Defendants now move for reconsideration of this Court's denial as to those remaining CEA claims.[1] Certain Defendants argue that this Court overlooked controlling authority that requires Plaintiff to prove a factual basis for scienter under the CEA as to each defendant.[2] (ECF

---

[1] All Defendants who joined in the motions to dismiss join at least one of the instant motions, except UBS Securities Japan Co. Ltd., which does not move for reconsideration.

[2] Defendants HSBC Holdings plc and HSBC Bank plc also argue that Plaintiff has not pleaded any injury that could have been caused by the HSBC defendants, as required by the CEA. Defendants Citibank NA, Citigroup Inc., J.P. Morgan Securities plc, JPMorgan Chase & Co., JP Morgan Chase Bank, NA, and Deutsche Bank AG join this motion. (ECF No. 278).

Nos. 275, 278, and 282). Defendants also argue that this Court's decision failed to consider the statutory requirement that Plaintiff plead "actual damages" (net loss) to demonstrate his standing to proceed with his private action under the CEA. (ECF No. 277). Because Defendants have failed to identify any material matters of fact or controlling law overlooked by this Court, the motions for reconsideration are DENIED.

To establish grounds for reconsideration, a defendant must show that the court overlooked a material matter of fact or controlling law in rendering its decision. *See Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). Alternatively, a party seeking reconsideration may show that there has been "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). The standard for granting a motion for reconsideration is "strict," and reconsideration should be denied where the movant simply seeks to relitigate an issue already decided by the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendants raise no new cases or arguments that were not previously considered by this Court in ruling on Defendants' motions to dismiss. Instead, they seek to raise the same arguments offered on the original motions. This Court considered the myriad factual allegations raised in the Second Amended Class Action Complaint and at oral argument on Defendants' motions to dismiss that—when taken together and accepted as true—defeat Defendants' position that their arguments regarding standing, causation, and scienter under the CEA were overlooked.[3]

---

[3] For example, this Court held that the Complaint contains sufficient—and in some instances, overwhelming—allegations that "Plaintiff has standing to sue under the CEA" (*id.* at 8); "Defendants stood to gain tremendous

## CONCLUSION

The Defendants' motions for reconsideration are therefore DENIED. The Clerk of the Court is instructed to close the motions at ECF Nos. 275, 277, 278, and 282.

Dated: New York, New York
      October 20, 2014

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

profits from manipulating Euroyen TIBOR and Yen-LIBOR" (*id.* at 10); "individual traders had the motive to commit fraud because their compensation was tied to success in trading financial products" (*id.*); there were grounds for "manipulative intent, particularly based on direct evidence from certain Defendants' communications" (*id.* at 11); and "Defendants knew of the other Defendants' unlawful and manipulative conduct and assisted each other in the furtherance of the violation" (*id.* at 12).