

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

914-997-0500 Telephone
914-997-0035 Fax

www.lowey.com

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohoken, PA 19428-2977

610-941-2760 Telephone
610-862-9777 Fax

October 21, 2014

<u>VIA ECF</u>
The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (HBP)

Dear Judge Daniels:

We represent Plaintiff and the proposed class.

On October 16, 2014, the United States Department of Justice ("DOJ") charged two additional former employees of Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. ("Rabobank") in a superseding indictment filed in this District (attached hereto) with conspiracy to commit wire fraud and bank fraud as well as substantive counts of wire fraud.

Relevant to Plaintiff's motion for leave to amend his complaint (ECF 301) and Defendants' motions to dismiss for lack of personal jurisdiction pending before Your Honor (*e.g.*, ECF 341-342), the superseding indictment includes numerous allegations of manipulation and wire fraud directed to the United States and directed at United States counterparties.[1] For example, the superseding indictment alleges that on March 19, 2008, Rabobank (with the assistance of Defendant Lloyds) manipulated six-month Yen-LIBOR to increase the profitability of its interest swap agreement with Bank B, a Charlotte, North Carolina bank (likely Bank of America). ¶¶ 21, 107-14; *see also* ¶ 28 (Rabobank employees knew that Rabobank had U.S. counterparties that would be adversely affected by their manipulation of Yen-LIBOR).[2]

Respectfully submitted,

Vincent Briganti

cc: Counsel of Record (via ECF)

---

[1] For example, the indictment's pleading of U.S.-based and directed conduct rebuts Defendants' arguments that (i) plaintiffs' proposed RICO claims seek an impermissible application of U.S. law (*see, e.g.*, ECF 361, at pp. 20-22) and (ii) "not a single jurisdictionally relevant fact" connecting defendants to New York exists. (ECF 342, at pp.6-7).

[2] The superseding indictment identifies other instances of Rabobank making false Yen-LIBOR submissions that were electronically transmitted to New York. *See, e.g.*, ¶¶ 3, 156-57 (identifying submissions on September 5-6, 2005; May 10, 2006; October 31, 2006; November 9, 2006; December 18, 2006; April 10, 2007; August 9, 2007; September 19, 2007; October 17, 2007; October 30, 2007; July 24, 2008; and October 7, 2008).