November 5, 2014

<u>Via ECF and Hand Delivery</u>

Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007-1312

      Re:    <u>Laydon v. Mizuho Bank, Ltd., et al.</u>, 12-cv-3419 (GBD)

Dear Judge Daniels:

      Defendants Barclays Bank PLC, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., HSBC Bank Plc., HSBC Holdings plc., and Société Générale (together, the "Requesting Defendants") jointly seek leave to move the Court for dismissal of the above-captioned action for lack of personal jurisdiction.  If leave is granted, the Requesting Defendants will submit their motion papers no later than November 10, 2014.

      The Requesting Defendants recognize that other defendants in this action have filed similar motions that have been fully briefed and argued, but not yet decided.  The Requesting Defendants do not propose to raise any new legal arguments if permitted to move on the same grounds:  their motion papers would address issues that fully overlap with those already briefed and argued—namely, the operation of significant, recently changed governing law.  In light of the short time between the argument and this request, the absence of any significant developments in this case in the intervening period, and the absence of any resulting prejudice to Plaintiff, the Requesting Defendants respectfully submit they should be permitted to move against the complaint on the basis of a lack of personal jurisdiction.

      As this Court is aware, earlier this year, the Supreme Court issued *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), a decision that significantly altered the law of personal jurisdiction.  Specifically, the *Daimler* Court explained that a corporation is subject to general jurisdiction only in (i) its state of incorporation, (ii) the state of its principal place of business, or, in the exceptional case (iii) a state where the corporation's operations are "so constant and pervasive 'as to render [it] essentially at home'" in the state.  *Id.* at 751 (citation omitted).  The Court did not expound upon the precise meaning of its newly articulated "at home" standard, or provide guidance to litigants as to how they should interpret it.  *See id.* at 761 n.19; *see also id.* at 770 (Sotomayor, J., concurring).

Given the lack of clarity in the law at the time, the Requesting Defendants elected not to move this Court to dismiss the action for lack of personal jurisdiction when other defendants filed similar motions on August 7, 2014. Since then, however, the U.S. Court of Appeals for the Second Circuit has clarified the meaning of the standard articulated in *Daimler*. On September 17, 2014, the Second Circuit issued *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), a controlling decision in which the court determined that a foreign bank with branches in New York is not subject to general jurisdiction in New York, despite its significant presence there, because its New York operations pale in comparison to its operations in other forums, including its principal place of business. On that comparative analysis, the Second Circuit determined that "there is no basis consistent with due process for the district court to have exercised general jurisdiction over" the foreign bank. *Id.* at 135.

The Requesting Defendants have undertaken the comparative analysis employed by the *Gucci* Court and determined that, under the Second Circuit's recently announced standard, there is no basis for the exercise of personal jurisdiction over them in New York. The Requesting Defendants accordingly seek leave to move against the complaint on personal jurisdiction grounds no later than November 10, 2014. *See Gucci*, 768 F.3d at 135-36 (where personal jurisdiction defense may have been previously foreclosed by controlling precedent, defendant did not waive defense by asserting it for the first time after governing law changed); *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981) ("[T]he mere failure to interpose [a personal jurisdiction] defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground. . . ." (quoting *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143 (1967)).

As a result, the Requesting Defendants also join the argument opposing Plaintiffs' Motion for Leave to Amend the Complaint based on the absence of personal jurisdiction over the defendants and the resulting futility of the proposed amendment.

Again, granting this request will result in no prejudice to Plaintiff. Related motions to dismiss for lack of personal are currently pending before the Court, and the Requesting Defendants' motion papers will present identical legal issues and can be decided at the same time as the pending motions. Moreover, the case has not developed significantly since the filing and briefing of the pending motions, and the Requesting Defendants are prepared to move promptly to ensure that no delay ensues.

Respectfully submitted,

By: */s/* Edwin R. DeYoung
Edwin R. DeYoung
Roger B. Cowie

LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Tel.: 214-740-8000
Fax: 214-740-8800
edeyoung@lockelord.com
rcowie@lockelord.com

Gregory T. Casamento

Three World Financial Center
New York, New York 10281-2101
Tel.: 212-415-8600
Fax: 212-303-2754
gcasamento@lockelord.com

*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc*

By: */s/* Jeffrey T. Scott
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: 212-558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, New York 10022
Tel.: 212-446-2300
Fax: 212-446-2350
jschiller@bsfllp.com
lnathanson@bsfllp.com

*Attorneys for Defendant Barclays Bank PLC*

By: */s/* David R. Gelfand
David R. Gelfand
Sean M. Murphy

MILBANK TWEED HADLEY & MCCLOY LLP
One Chase Manhattan Plaza
New York, New York 10005
Tel.: 212-530-5000
dgelfand@milbank.com
smurphy@milbank.com

*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.*

By: */s/* Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel.: 212-506-2500
Fax: 212-262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

cc:  Counsel of Record (via ECF)