November 10, 2014

<u>Via ECF and Hand Delivery</u>

Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007-1312

Re:     <u>*Laydon v. Mizuho Bank, Ltd., et al.*</u>, 12-cv-3419 (GBD)

Dear Judge Daniels:

Defendants Barclays Bank PLC, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., HSBC Bank Plc., HSBC Holdings plc., and Société Générale (the "Requesting Defendants") jointly write in response to Plaintiff's letter, dated November 7, 2014, ECF Dkt. No. 406, and in further support of the Requesting Defendants' application for leave to move to dismiss for lack of personal jurisdiction, filed on November 5, 2014, ECF Dkt. No. 404.

Plaintiff's argument that the Requesting Defendants have "waived their personal jurisdiction defenses" is meritless.  A defendant has not waived its personal jurisdiction defense if its earlier assertion would have been directly contrary to controlling precedent in this Circuit.  *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135-36 (2d Cir. 2014).  Although *Daimler* articulated a "new rule" that significantly altered the law of personal jurisdiction, it did not expressly overrule controlling Second Circuit authority that a foreign corporation doing business through a local office or other physical presence in New York was subject to general jurisdiction in New York.  *See, e.g.*, *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 93-95 (2d Cir. 2000); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57-58 (2d Cir. 1985).  *Gucci* did expressly overrule that controlling law (*id.* at 136), which made a personal jurisdiction defense available to the Requesting Defendants.  Indeed, the Requesting Defendants all have a presence, though limited, in New York, including, in most instances, branch offices.  That other, differently situated Defendants advanced a *Daimler* argument prior to the issuance of *Gucci* does not change the analysis.

Equally unavailing is Plaintiff's argument that the Requesting Defendants' application should be denied because "seven weeks" have lapsed since the Second Circuit issued *Gucci*.  Subsequent to *Gucci*, the Requesting Defendants analyzed relevant facts and the application of *Gucci* to those facts, and then notified the Court of their intention to seek dismissal on jurisdictional grounds as soon as practicable.  That seven weeks passed does not warrant a finding of waiver.  *See Hack v. Stang*, 2014 WL 4652596, at *3 (S.D.N.Y. Sept. 18, 2014) ("[w]aiver is more appropriate in cases in which the defense is not raised for months or even years.").

Further, permitting the Requesting Defendants to file their motion papers will result in no prejudice to Plaintiff whatsoever, particularly considering that Your Honor recently

stayed all discovery in this action through at least January 15, 2014.  That ruling ensures the Court will have more than sufficient time to consider the Requesting Defendants' motion papers and any opposition by Plaintiff before discovery could possibly proceed.  *See Hack*, 2014 WL 4652596, at *3 (finding that defendant's personal jurisdiction defense was not waived where plaintiff was unable to "point[] to any prejudice resulting from" defendant's delay in asserting the defense).  Indeed, because the Court has indicated that discovery may commence soon after the January 15 conference, the Court should reject Plaintiff's proposal that the Court defer briefing of the Requesting Defendants' personal jurisdiction motions until after the Court rules on the other Defendants' pending personal jurisdiction motions.

For these reasons, the Requesting Defendants respectfully request permission to move against the Complaint for lack of personal jurisdiction.

Respectfully submitted,


By: /s/ Edwin R. DeYoung
Edwin R. DeYoung
Roger B. Cowie

LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Tel.: 214-740-8000
Fax: 214-740-8800
edeyoung@lockelord.com
rcowie@lockelord.com

Gregory T. Casamento

Three World Financial Center
New York, New York 10281-2101
Tel.: 212-415-8600
Fax: 212-303-2754
gcasamento@lockelord.com

*Attorneys for Defendants HSBC Holdings plc
and HSBC Bank plc*


By: /s/ Jeffrey T. Scott
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: 212-558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

Jonathan D. Schiller
Leigh M. Nathanson

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, New York 10022
Tel.: 212-446-2300
Fax: 212-446-2350
jschiller@bsfllp.com
lnathanson@bsfllp.com

*Attorneys for Defendant Barclays Bank PLC*

By: _/s/ David R. Gelfand_                       By: _/s/ Steven Wolowitz_
David R. Gelfand                                    Steven Wolowitz
Sean M. Murphy                                 Henninger S. Bullock
                                           Andrew J. Calica

MILBANK TWEED HADLEY &
MCCLOY LLP                                     MAYER BROWN LLP
One Chase Manhattan Plaza               1675 Broadway
New York, New York 10005               New York, New York 10019
Tel.: 212-530-5000                             Tel.: 212-506-2500
dgelfand@milbank.com                     Fax: 212-262-1910
smurphy@milbank.com                      swolowitz@mayerbrown.com
                                           hbullock@mayerbrown.com
                                           acalica@mayerbrown.com

_Attorneys for Defendant Coöperatieve_ 
_Centrale Raiffeisen-Boerenleenbank B.A._        _Attorneys for Defendant Société Générale_

cc:  Counsel of Record (via ECF)