

**Lowey Dannenberg Cohen & Hart, P.C.**

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310
914-997-0500 Telephone
914-997-0035 Fax
www.lowey.com

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohoken, PA 19428-2977
610-941-2760 Telephone
610-862-9777 Fax

November 11, 2014

**VIA ECF**
The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:   *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (HBP)

Dear Judge Daniels:

      We represent Plaintiff and the proposed Class.

      On November 7, 2014, the United States Department of Justice ("DOJ") filed its opposition to a motion to dismiss its criminal complaint against former UBS Yen-LIBOR submitter and Yen short-term interest rates trader Roger Darin. The DOJ's opposition is attached as Exhibit A ("Ex. A"). This document supports Plaintiff's allegations of personal jurisdiction and motion for leave to amend his complaint to allege violations of the Racketeer Influenced and Corrupt Organizations Act. ECF No. 301.

      In its submission, the DOJ publicly revealed for the first time that Mr. Darin alone entered into $8.7 billion (notional value) of Yen interest rate derivatives trades with United States counterparties. Ex. A, p. 23, n. 16. This evidence is consistent with Plaintiff's September 30, 2014 argument that Defendants intended that their conduct directly affect U.S. commerce. *See* Sept. 30, 2014 Mot. Hr'g Tr. 78-85:10. Plaintiff is confident that further corroborating evidence will be revealed after a reasonable opportunity for jurisdictional discovery.

      The DOJ also specifically references this action to show that Defendants were well aware that their Yen manipulation would have direct and significant effects on U.S. financial markets. *See* Ex. A, p. 22, n. 14.

      Further, the DOJ, like Plaintiff here, alleges that Defendants "used communication facilities and wire transmissions in the United States in furtherance of a scheme to manipulate Yen LIBOR rates in order to defraud counterparties based in the Southern District of New York and elsewhere." Ex. A, p. 2. *See* Proposed Third Amended Complaint, ECF No. 302-2, ¶¶52, 70, 73, 84, 473-76, 645-70, 764.

      Respectfully submitted,

Peter D. St. Phillip

cc: Counsel of Record (via ECF)