# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

jfortinsky@shearman.com
212-848-4900

November 14, 2014

By Hand

Hon. George B. Daniels
United States Courthouse
500 Pearl St., Room 630
New York, New York 10007

*Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD)

Dear Judge Daniels:

On behalf of Mizuho Corporate Bank, Ltd., Mizuho Bank, Ltd., and Mizuho Trust & Banking, Ltd., as well as the other defendants who filed motions to dismiss for lack of personal jurisdiction (collectively, the "Moving Defendants"),[1] we write to respond briefly to the plaintiff's letter dated November 11, 2014 (Dkt. No. 408).

There is no basis for the plaintiff's assertion that the brief of the Department of Justice ("DOJ") in opposition to Roger Darin's motion to dismiss his criminal complaint somehow supports the plaintiff's opposition to the Moving Defendants' objections to personal jurisdiction in this civil action. Most fundamentally, the DOJ's brief is not a judicial decision; rather, it is a piece of advocacy filed by one party in a different case opposing a motion that has yet to be adjudicated. Beyond that basic failing, the DOJ's brief does not support the plaintiff's arguments in opposition to the pending personal jurisdiction motions for four other reasons.

First, Mr. Darin is not an employee or former employee of any of the Moving Defendants. As a result, his possible exposure to criminal liability does not have any bearing on whether the Moving Defendants are subject to the Court's jurisdiction.

---

[1] The other defendants joining in this letter include: Resona Bank, Ltd., The Bank of Tokyo Mitsubishi UFJ, Ltd., The Bank of Yokohama, Ltd., Mitsubishi UFJ Trust and Banking Corporation, The Norinchukin Bank, Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitono Mitsui Trust Bank, Ltd., Sumitomo Mitsui Banking Corporation, ICAP plc, and Deutsche Bank AG.

ABU DHABI | BEIJING | BRUSSELS | FRANKFURT | HONG KONG | LONDON | MILAN | NEW YORK | PALO ALTO
PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

Honorable George B. Daniels  
Page 2

November 14, 2014

Second, Mr. Darin's actions cannot be imputed to any of the Moving Defendants because there are no factual allegations in the plaintiff's complaint or the DOJ's brief that Mr. Darin conspired, or even communicated, with any of the Moving Defendants. (Dkt. No. 376 at 5-7 (rebutting the plaintiff's "conspiracy theory" of jurisdiction)).

Third, the plaintiff's effort to link the Moving Defendants to Mr. Darin by referring to all defendants in this case collectively as "Defendants" and then quoting allegations in the DOJ's brief that do not pertain to the Moving Defendants does not establish jurisdiction for the reasons stated by the Supreme Court and in our moving papers. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("[e]ach defendant's contacts with the forum must be assessed individually"); (Dkt. No. 376 at 4 (citing cases)).

Finally, the DOJ's brief is not relevant to the pending personal jurisdiction motions because, as the DOJ explained, the standard for evaluating a due process violation in criminal cases is different from the standard for establishing personal jurisdiction in a civil case. (Dkt. No. 408, Ex. A at 17-18.)

The plaintiff is therefore incorrect in contending that the DOJ's brief has any relevance to, much less undermines, the Moving Defendants' personal jurisdiction motions. For the reasons set forth in the Moving Defendants' briefs and at oral argument, the Court should grant the pending personal jurisdiction motions and dismiss the case against the Moving Defendants with prejudice.

Respectfully submitted,

Jerome S. Fortinsky

cc: All counsel (with enclosures)