# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 30, 2015

By Hand and Via ECF

The Honorable George B. Daniels,
    Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street,
           New York, New York 10007-1312.

      Re:   *Laydon* v. *Mizuho Bank, Ltd., et al.*, No. 1:12-cv-03419-GBD
             (S.D.N.Y.): Response to Plaintiff's January 26, 2015 Letter

Dear Judge Daniels:

        We represent defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and
Mitsubishi UFJ Trust and Banking Corporation in the above-referenced action. We write
on behalf of all defendants to briefly respond to plaintiff's counsel's January 26, 2015
letter, which attached the U.K. Financial Conduct Authority's "Final Notices" against
two former executives of non-party Martin Brokers UK Ltd. (Dkt. No. 431.) Plaintiff
argues that allegations in these notices of a handful of trips to the United States by
*unidentified* employees of *unidentified* banks are relevant to defendants' motions to
dismiss for lack of personal jurisdiction (Dkt. Nos. 310, 315, 323, 327, 331, 337, 341, and
344) and plaintiff's motion to amend to add RICO claims (Dkt. No. 301). They are not.

        As plaintiff acknowledges in a footnote (Pl.'s Ltr. at 3 n.4), the Final
Notices do not identify any particular bank whose employee(s) allegedly traveled to the
United States. The notices thus do nothing to help plaintiff show that his claims against
each defendant that moved to dismiss for lack of personal jurisdiction "aris[e] out of or
relate[] to" that defendant's contacts with the United States, as plaintiff must do to
demonstrate specific personal jurisdiction. *J. McIntyre Machinery* v. *Nicastro*, 131 S. Ct.
2780, 2788 (2011) (internal quotation marks omitted); *see also Calder* v. *Jones*, 465 U.S.
783, 790 (1984) ("Each defendant's contacts with the forum must be assessed
individually."). Even if the Final Notices did identify particular bank employees, they
still would be irrelevant to personal jurisdiction because plaintiff's claims do not arise out
of the alleged travel to the United States, and such contacts with the United States are too
attenuated to support personal jurisdiction. *See Burger King Corp.* v. *Rudzewicz*, 471

The Honorable George B. Daniels                                                    -2-

U.S. 462, 475 (1985).  The Final Notices are of no help to plaintiff's attempt to connect his claims to any moving defendant's contacts with the United States, and could not possibly show that plaintiff's claims against the Tibor-only banks[1] arise out of or relate to those banks' contacts with the United States, since the conduct described in the notices concerns only *Yen Libor*, a rate that the Tibor-only banks had no role in determining.[2]

      The Final Notices also do nothing to cure one of several fundamental defects in the RICO claims in plaintiff's proposed amended complaint, as a mere "domestic connection" (Pl.'s Ltr. at 2) is insufficient to support extraterritorial application of RICO.  The Second Circuit has held that RICO may apply extraterritorially where plaintiff has alleged facts demonstrating that "every essential element" of the supposed predicate acts (here, wire fraud) occurred in the United States.  *European Cmty.* v. *RJR Nabisco, Inc.*, 764 F.3d 129, 142 (2d Cir. 2014) (cited in Pl.'s Ltr. at 2).  The elements of wire fraud are (i) a scheme to defraud (ii) to get money or property (iii) furthered by the use of an interstate wire.  *United States* v. *Pierce*, 224 F.3d 158, 165 (2d Cir. 2000).  The allegations in the Final Notices of a few trips to the United States do not show that any scheme to defraud was hatched in the United States, much less that all of the elements of wire fraud occurred in the United States.[3]  Indeed, nothing in the Final Notices changes the fact that the alleged fraudulent scheme – the making of purportedly false Libor and Tibor submissions in London and Tokyo – occurred outside of the United States.  (*See* Dkt. No. 361 at 20-22.)

---

[1] The Tibor-only banks are Mitsubishi UFJ Trust and Banking Corporation, The Bank of Yokohama, Ltd., Resona Bank, Ltd., Shinkin Central Bank, Sumitomo Mitsui Trust Bank, Ltd., The Shoko Chukin Bank, Ltd., Mizuho Bank, Ltd., and Mizuho Trust & Banking Co., Ltd.

[2] Plaintiff cannot overcome his failure to plead facts demonstrating personal jurisdiction over each moving defendant by asserting that any "deficit will be cured during discovery." (*See* Pl.'s Ltr. at 3 n.4.)  Plaintiff is not entitled to discovery unless he alleges a *"prima facie* case of jurisdiction," *In re MS Angeln GmbH & Co. KG*, 2012 WL 1080300, at *7 (S.D.N.Y. Mar. 29, 2012), which he has not done.

[3] These trips to the United States also are irrelevant because plaintiff does not suggest that any alleged collusive conduct occurred during such trips.  Rather, plaintiff alleges (based on the Final Notices) that they were rewards for collusive conduct occurring elsewhere.  The happenstance that such a trip was to the United States is no more relevant to plaintiff's RICO claims than if the alleged compensation happened to be made in U.S. Dollars or a gift made in the United States.

The Honorable George B. Daniels                                              -3-

        Defendants' motions to dismiss for lack of personal jurisdiction should be granted, and plaintiff's motion for leave to amend denied.  Counsel are available at the convenience of the Court to address these or any other matters.

                                Respectfully submitted,

                                Daryl A. Libow

cc:     *All Counsel (via ECF)*