

**New York**
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310
914-997-0500 Telephone
914-997-0035 Fax
www.lowey.com

**Pennsylvania**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohoken, PA 19428-2977
610-941-2760 Telephone
610-862-9777 Fax

March 18, 2015

<u>Via ECF</u>
The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (HBP)

Dear Judge Daniels,

  As counsel for Plaintiff, we respectfully bring to the Court's attention Judge Hellerstein's March 17, 2015 decision in *Aldo Vera v. Republic of Cuba*, 12 Civ. 1596 (AKH), 2015 U.S. Dist. LEXIS 32846 (S.D.N.Y. Mar. 17, 2015)("*Aldo Vera*"), a copy of which is enclosed as Exhibit A. Plaintiff believes this decision is outcome determinative with respect to all but two of Defendants' pending motions to dismiss for lack of personal jurisdiction.

  In *Aldo Vera*, Judge Hellerstein answered the question "explicitly left open" by the Second Circuit in *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014): whether a foreign bank's registration to do business in New York constitutes consent to personal jurisdiction in New York. *Id.*, at *20. Judge Hellerstein answered this question affirmatively, holding that a foreign bank that registers to do business in New York <u>consents</u> to personal jurisdiction in New York, reasoning as follows:

> The state of New York in general, and New York City in particular, is a leading world financial center. In order to benefit from the advantages of transacting business in this forum, a foreign bank must register with and obtain a license from the Superintendent of the Department of Financial Services ("DFS"), and file a written instrument "appointing the superintendent and his or her successors its true and lawful attorney, upon whom all process in any action or proceeding against it on a cause of action arising out of a transaction with its New York agency or agencies or branch or branches". N.Y. Bnk. Law § 200(a). BBVA[1] is registered with the DFS as a foreign branch. The Second Circuit recognized that the privileges and benefits associated with a foreign bank operating a branch in New York give rise to commensurate, reciprocal obligations. Foreign corporations which do business in New York are bound by the laws of both the

---

[1] BBVA refers to Respondent Banco Bilbao Vizcaya Argentina (S.A.), a bank headquartered and incorporated in Spain that maintains an office branch in New York. *Aldo Vera*, 2015 U.S. Dist. LEXIS 32846, at *11, 24.

Case 1:12-cv-03419-GBD-HBP   Document 440   Filed 03/18/15   Page 2 of 2



state of New York and the United States, and are bound by the same judicial constraints as domestic corporations. Under New York Banking Law, foreign banks operating local branches in New York can both sue and be sued. *See, e.g., Greenbaum v. Handlesbanken*, 26 F.Supp.2d 649 (S.D.N.Y. 1998). This legal status also confers obligations to participate as third-parties in lawsuits which involve assets under their management.

Contrary to BBVA's suggestions, *Daimler* and *Gucci* should not be read so broadly as to eliminate the necessary regulatory oversight into foreign entities that operate within the boundaries of the United States. There is no reason to give advantage to a foreign bank with a branch in New York, over a domestic bank.

*Id.*, at *24-25.

Here, all moving Defendants (except ICAP plc and Resona Bank, Ltd.) registered with and obtained a license from the DFS to operate a branch in New York.[2] These Defendants have therefore consented to personal jurisdiction under New York law.

Respectfully submitted,

Vincent Briganti

cc:  Counsel of Record (via ECF)

---

[2] *See, e.g.,* Declaration of Vincent Briganti, ECF No. 368, ¶78 (Mizuho Trust & Banking Co., Ltd.); ¶87 (Mizuho Corporate Bank, Ltd.); ¶92 (Mizuho Bank, Ltd.); ¶106 (Deutsche Bank AG); ¶123 (The Norinchukin Bank); ¶145, 152 (The Bank of Tokyo Mitsubishi UFJ, Ltd.); ¶165-67 (Mitsubishi UFJ Trust and Banking Corporation); ¶194 (Sumitomo Mitsui Trust Bank, Ltd.); ¶205 (Sumitomo Mitsui Banking Corporation). *See also* NYS DFS website, http://www.dfs.ny.gov/about/whowesupervise/sifbranc.htm (listing Defendant The Shoko Chukin Bank, Ltd. as registered with the DFS to operate a local branch in New York pursuant to N.Y. Bnk. Law § 200(a)); http://www.dfs.ny.gov/about/whowesupervise/silicrepo.htm (same for Defendant Bank of Yokohama, Ltd. and Defendant Shinkin Central Bank).