# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330

WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

───────

NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 24, 2015

<u>By Hand and Via ECF</u>

The Honorable George B. Daniels,
    Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street,
            New York, New York 10007-1312.

        Re:    *Laydon* v. *Mizuho Bank, Ltd., et al.*, No. 1:12-cv-03419-GBD
               <u>(S.D.N.Y.):  Response to Plaintiff's March 18, 2015 Letter    </u>

Dear Judge Daniels:

        We represent defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation in the above-referenced action.  We write in response to plaintiff's counsel's March 18, 2015 letter (Dkt. No. 440) on behalf of all defendants who have moved to dismiss for lack of personal jurisdiction (other than Resona Bank, Ltd and ICAP plc).[1]  Contrary to plaintiff's assertion, the recent opinion in *Aldo Vera* v. *Republic of Cuba*, No. 12 Civ. 1596 (AKH), 2015 U.S. Dist. LEXIS 32846 (S.D.N.Y. Mar. 17, 2015), not only is not "outcome determinative" of defendants' motions, it has no relevance to those motions.

        In *Aldo Vera*, plaintiff subpoenaed the New York branch of non-party Banco Bilbao Vizcaya Argentina (S.A.) ("BBVA"), a bank incorporated and with its

---

[1] Plaintiff's counsel acknowledges in his letter that the arguments made therein are inapplicable to Resona Bank and ICAP.  Plaintiff's counsel also incorrectly asserts that Mizuho Trust & Banking Co., Ltd. ("MHTB") and Mizuho Bank, Ltd. registered with the New York Department of Financial Services ("DFS") to operate a branch in New York.  (3/18/15 Ltr. at 2 n.2.)  As stated in plaintiff's counsel's own declaration, a subsidiary of MHTB—not MHTB itself—is licensed by the DFS.  (Dkt. No. 368, ¶ 78.)  Mizuho Bank, Ltd. did not operate a New York branch and did not register with the DFS during the alleged class period.  (*Id.*, ¶¶ 91-2.)

The Honorable George B. Daniels                                                                                        -2-

principal place of business outside of the United States, for information necessary to execute on a judgment entered against the Republic of Cuba.  BBVA provided plaintiff with relevant information pertaining to accounts at its New York branch, but not its international branches.  *Id*. at *11.  When plaintiff moved to compel production, the court rejected BBVA's argument that the Court lacked jurisdiction over it and thus could not order it to provide the subpoenaed information.  *Aldo Vera* v. *Republic of Cuba*, No. 12 Civ. 1596 (AKH) (S.D.N.Y. Sept. 10, 2014) (Dkt. No. 677).  BBVA thereafter moved for reconsideration, citing the Second Circuit's decision in *Gucci America, Inc.* v. *Li*, 768 F.3d 122 (2d Cir. 2014).

       The court denied the motion for reconsideration, first reaffirming its prior ruling that "[t]he question of where a corporation may be sued, the question addressed in *Daimler*, has no bearing on the situation" in *Aldo Vera*, which involved the enforcement of a subpoena.  *Aldo Vera*, 2015 U.S. Dist. LEXIS 32846, at *9-10 (internal quotation marks omitted).  Thus, by its own terms, the *Aldo Vera* decision "has no bearing" on the question of this Court's exercise of general personal jurisdiction over the moving defendants in this action, which *is* governed by *Daimler*.[2]

       The court in *Aldo Vera* then considered the effect of BBVA's having appointed the New York Superintendent of Financial Services as agent for service of process "on a cause of action *arising out of a transaction with its New York agency or agencies or branch or branches*" when it obtained a license from and registered with the DFS under Section 200 of the New York Banking Law.  *Id*. at *24-26 (quoting N.Y. Banking Law § 200) (emphasis added).  Because the requested information was in the custody and control of BBVA's New York branch, the court concluded that the limited consent to personal jurisdiction in Section 200 applied and BBVA was "subject to jurisdiction requiring it to comply with the [subpoena]."  *Id*. at 26.

       Plaintiff's counsel fails to mention in his letter that any alleged consent to jurisdiction based on Section 200 of the Banking Law expressly is limited to causes of action that arise out of a transaction with a bank's New York agency or branch, a limitation that makes Section 200 and the decision in *Aldo Vera* irrelevant to defendants' motions to dismiss this action for lack of personal jurisdiction.[3]  The causes of action

---

[2] Plaintiff also conceded at oral argument on defendants' motions that this Court lacks general personal jurisdiction over all but one moving defendant (Deutsche Bank AG).  (9/30/14 Hr'g Tr. at 66, 68.)

[3] Section 200 does not apply to banks like moving defendants The Bank of Yokohama, Ltd. and Shinkin Central Bank, which have representative offices, not a branch or agency, in New York.  Those banks are governed by Section 221-c of the Banking Law, which contains a similar provision appointing the Superintendent of

The Honorable George B. Daniels -3-

here—alleged violations of the Commodity Exchange Act based on Libor and Tibor submissions made to banking organizations located in the United Kingdom and Japan—do not arise out of a transaction with any moving defendants' New York agency, branch or representative office.  Indeed, moving defendants demonstrated in the declarations filed in support of their motions to dismiss that their Libor and Tibor submissions were made from the United Kingdom and Japan, respectively, and that their New York agencies, branches or representative offices had nothing to do with those submissions. (Dkt. Nos. 317-22, 325-26, 329, 339, 346.)  Plaintiff never has attempted to rebut defendants' showing.  Accordingly, *Aldo Vera* is of no help to plaintiff.

Defendants' motions to dismiss for lack of personal jurisdiction should be granted.  Counsel are available at the convenience of the Court to address this matter.

Respectfully submitted,

/s/ Daryl A. Libow

Daryl A. Libow

cc: *All counsel* (via ECF)

---

Financial Services as agent for service of process in "any action or proceeding against the foreign banking corporation relating to any cause of action which may *arise out of a transaction with its New York representative office*."  N.Y. Banking Law § 221-c (emphasis added).