**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>     - against -<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOE NOS. 1-50,<br><br>        Defendants. | Docket No. 12-cv-3419 (GBD) (HBP) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

As further supplemental authority in opposition to Defendants' motions to dismiss for lack of personal jurisdiction (ECF Nos. 366 and 367) and in support of Plaintiff's motion for leave to amend (ECF No. 301), Plaintiff respectfully submits the attached March 20, 2015 Memorandum and Order issued by the Honorable James C. Francis IV in *United States of America vs. Tom Alexander William Hayes and Roger Darin*, 12 MJ 3229, slip op. (S.D.N.Y. Mar. 20, 2015) ("*Darin*").

Defendant Roger Darin, a former UBS Japanese Yen-LIBOR trader and submitter, moved to dismiss a criminal complaint charging him with conspiring with another UBS Yen-LIBOR trader, Tom Alexander William Hayes ("Hayes"), to commit wire fraud by manipulating Yen-LIBOR.[1] Darin, a Swiss citizen living in Switzerland, argued that the Government's case would violate both: (1) the presumption against extraterritorial application of United States law; and (2) the Due Process Clause of the Fifth Amendment as there was an insufficient nexus between him and his acts and the United States, rendering the prosecution fundamentally unfair. *Darin*, at 4. The Court rejected these arguments and denied the motion.

Because the Government had alleged that Darin and his co-conspirators had utilized domestic wires in furtherance of their scheme, the Court rejected Darin's extraterritoriality argument as "irrelevant to both the wire fraud and the conspiracy" charges against him. *Darin*, at 24. Noting that Darin and his co-conspirators "purportedly caused the manipulated LIBOR to be published to servers in the United States and used United States wires to memorialize trades affected by that rate," the Court concluded that "[t]he culpable conduct underlying the substantive count . . . occurred in the United States." *Darin*, at 21-23, citing *United States v. Gilboe*, 684 F. 2d 235, 237 (2d Cir. 1982)("The allegation that a defendant who is charged with violation of the fraud statute used domestic wires to carry out the fraudulent scheme is 'clearly sufficient to sustain jurisdiction.'")

---

[1] Both Mr. Darin and Mr. Hayes worked at UBS and traded in short-term interest rate derivatives. Mr. Hayes was a senior Yen swaps trader at UBS in Tokyo; Mr. Darin traded in short-term interest rate derivatives at UBS in Singapore, Tokyo, and Zurich, and was responsible for the bank's Yen-LIBOR submissions to the British Bankers' Association. *Darin*, at 2.

Plaintiff makes identical allegations regarding defendants' use of domestic wires in furtherance of their manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-based derivatives. *See, e.g.*, Second Amended Class Action Complaint ("Complaint"), ECF No. 150, ¶¶55, 135-36, 301, 437, 487 (alleging defendants transmitted false Yen-LIBOR and Euroyen TIBOR in the United States); ¶¶137, 220-22, 331, 386, 477 (alleging defendants transacted with U.S. counterparties). The allegations, as examined by the *Darin* Court, do not plead extraterritorial conduct, but domestic conduct that fully supports jurisdiction over the defendants herein.

The *Darin* Court also rejected the argument that as a "foreign national charged with conspiring to manipulate a foreign financial benchmark, for a foreign currency, while working for a foreign bank, in a foreign country," he lacked sufficient connections to the United States to support due process. *Darin*, at 4. Finding that "[t]he nexus analysis does not get Mr. Darin very far," the *Darin* Court concluded that the scheme was designed to benefit Darin and others at the expense of U.S. counterparties. *Darin*, at 25-26.

Further, the Court highlighted that "Mr. Darin was aware that the Yen LIBOR was published in the United States, and it is a reasonable inference from the Complaint that, as a trader in short-term interest rates (like the Yen LIBOR), he was aware that such trades would likely have counterparties in the United States and particularly in a center of international finance like New York." *Id*. at 26. These facts provided a sufficient "nexus" to satisfy due process.

The Court also rejected Darin's argument that he should be insulated from prosecution by the Government because the "aim of [his] activity [was not] to cause harm inside the United States or to U.S. citizens or interests." *Id*. The Court cautioned that such a view "would work to insulate from prosecution those accused of wide-ranging frauds merely because of their expansive scope" and agreed that "one who enters in a conspiracy with a global scale 'risk[s]

2

being held to account for his illegal actions where[ever] his [] manipulation efforts had effects.'" *Id.* at 27, n.4.[2]

The foregoing precisely echoes Plaintiff's argument to Your Honor at the September 30, 2014 hearing that Defendants should not escape liability on jurisdictional grounds because the alleged manipulation had worldwide effect.  *See* Sept. 30, 2014 Mot. Hr'g Tr. at 77:16-85:10 ("MR. ST. PHILLIP: "We think that the *Calder* test, your Honor, which is aiming something into a jurisdiction is satisfied when you aim it into New York, Australia, Japan, everything else at once.").[3]

Finally, the Court rejected Darin's argument that his connections to the United States must be viewed in isolation, separate and apart from the acts of his co-conspirators or the conspiracy as a whole, in evaluating Constitutional due process.  *Darin*, at 27-31 (citing *Ford v. United States*, 273 U.S. 593, 601, 619-20 (1927) (determining that the acts of a co-conspirator may be attributed to a foreign national - even one who has never entered the U.S. - for jurisdictional purposes when the conspiracy is directed towards, or violates the law of, the U.S.); *Darin*, at 31 ("allegations as to Mr. Hayes' conduct in the charged conspiracy may be evaluated in determining whether there is a 'sufficient nexus' between Mr. Darin and the United States.").

Here, Plaintiff's well-pleaded averments (and admissions) of defendants' knowing and substantial assistance of each other in furtherance of the alleged violations of U.S. law is therefore properly considered in the Court's jurisdictional analysis.

---

[2] Plaintiff has made identical jurisdictional allegations that Defendants' manipulation of Yen-LIBOR and Euroyen TIBOR directly impacted, as intended, the United States financial markets and U.S. based counterparties.  *See, e.g.*, Complaint, ¶¶55, 135-37, 220-22.

[3] The facts of both *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) and its companion case decided on the same day, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984), confirm this view—the circulation of the allegedly libeling publications in both cases were not limited to the jurisdictions in suit.

4

Dated: White Plains, New York  
       March 24, 2015

LOWEY DANNENBERG COHEN  
& HART, P.C.

By: /s/ Vincent Briganti
Vincent Briganti  
Geoffrey M. Horn  
Peter D. St. Phillip  
Raymond Girnys  
One North Broadway  
White Plains, New York 10601  
Tel.: 914-997-0500  
Fax: 914-997-0035

*Interim Lead Class Counsel*