# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

jfortinsky@shearman.com
212-848-4900

March 30, 2015

By Hand and Via ECF

Hon. George B. Daniels
United States Courthouse
500 Pearl St., Room 630
New York, New York 10007

<u>Laydon v. Mizuho Bank, Ltd., et al., No. 12-cv-3419 (GBD)</u>

Dear Judge Daniels:

On behalf of Mizuho Corporate Bank, Ltd., Mizuho Bank, Ltd., and Mizuho Trust & Banking Co., Ltd., as well as the other defendants who filed motions to dismiss for lack of personal jurisdiction (collectively, the "Moving Defendants"),[1] we write to respond briefly to the Plaintiff's Notice of Supplemental Authority dated March 25, 2015. (Dkt. No. 442.) Contrary to the plaintiff's assertion, the decision in *United States v. Tom Alexander William Hayes and Roger Darin*, 12 MJ 3229, slip op. (S.D.N.Y. Mar. 20, 2015) ("*Darin*"), has no bearing on the pending personal jurisdiction motions in this case.

The issue addressed in *Darin* was whether the Government's criminal complaint against a Swiss citizen was an improper extraterritorial application of the wire fraud statute, 18 U.S.C. § 1349, inconsistent with due process under the Fifth Amendment. *Darin*, at 4. As the court in *Darin* itself made clear, "the law of personal jurisdiction developed in civil cases . . . is not relevant" to criminal due process issues. *Id.*, at 27 n.4, citing *United States v. Ali*, 718 F.3d 929, 944 (D.C. Cir. 2013)(holding that that "the law of personal jurisdiction is simply inapposite" to the due process constraints on the extraterritorial application of a statute).

One significant difference is that, unlike the extraterritorial due process standards applied in *Darin*, the law of personal jurisdiction holds that "[t]he mere fact that [a defendant] can 'foresee'

---

[1] The other defendants joining in this letter include: Resona Bank, Ltd., The Bank of Tokyo Mitsubishi UFJ, Ltd., The Bank of Yokohama, Ltd., Mitsubishi UFJ Trust and Banking Corporation, The Norinchukin Bank, Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Trust Bank, Ltd., Sumitomo Mitsui Banking Corporation, ICAP plc and Deutsche Bank AG.

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

Hon. George B. Daniels  March 30, 2015
Page 2

that" its actions will have an effect on the forum "is not sufficient for an assertion of jurisdiction." *Calder v. Jones*, 465 U.S. 783, 789 (1984).  Instead, personal jurisdiction under the "effects" test is permitted only where the alleged misconduct is "expressly aimed" at the forum. *Id.*, at 789-90.  The plaintiff's allegations in this case plainly fail to meet that standard. (Dkt. 376 at 7-8.)  And the court in *Darin* was clear in concluding that this standard did not apply to the issues of extraterritoriality before it. *Darin*, at 27, n.4.[2]

In sum, the decision in *Darin* is not relevant to the pending personal jurisdiction motions in this case because the standard for evaluating the due process constraints on the extraterritorial application of a statute is different from, and immaterial to, the standard for establishing personal jurisdiction over a foreign defendant.  Indeed, the defendant in *Darin* did not even challenge personal jurisdiction in his motion to dismiss.  Instead, he sought to dismiss the charges against him on the merits, and asserted that United States law did not apply to his alleged conduct.[3]

For the reasons set forth in the Moving Defendants' briefs and at oral argument, the Court should grant the pending personal jurisdiction motions and dismiss the case against the Moving Defendants with prejudice.

Respectfully submitted,

*[signature]*

Jerome S. Fortinsky

cc (via ECF):  All counsel

---

[2] The Moving Defendants have previously explained why there is no merit to the plaintiff's argument that jurisdiction over the Moving Defendants can be based on alleged acts of other defendants in the United States. (Dkt. No. 376 at 5-7; Dkt. No. 439.)

[3] Mr. Darin's counsel has filed notice of his intention to file objections to the decision of the magistrate judge. (*Darin*, 12 MJ 3229, Dkt. No. 29.)