

**Locke Lord LLP**
Attorneys & Counselors

Three World Financial Center
New York, New York 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-415-7525
Direct Fax: 212-303-27540
gcasamento@lockelord.com

March 31, 2015

Via ECF

The Honorable District Judge George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Laydon v. Mizuho Bank, Ltd. et al., No. 1:12-cv-03419-GBD
     Response to Plaintiff's January 23, 2015 Letter

Dear Judge Daniels:

We represent the HSBC Defendants in the above-referenced action. In preparation for the upcoming conference scheduled for April 7, 2015, we write on behalf of all defendants in response to plaintiff's letter dated January 23, 2015 (Dkt 430) requesting a pre-motion conference concerning plaintiff's anticipated motion to compel production of documents.

Defendants do not oppose plaintiff's request for a pre-motion conference, but defendants dispute plaintiff's assertion that the discovery issues raised in his letter are "ripe" for a Court decision. Although each defendant has asserted separate and individual objections to plaintiff's production requests, defendants summarize briefly below their general position and the need for briefing that properly addresses the variety of issues applicable to the 32 defendants in this matter.

**Defendants Have Not Refused to Produce Documents.** Plaintiff's statement that "[n]o Defendant has agreed to produce any documents" is misleading, as is his assertion that the Court "ordered Defendants to serve formal responses and objections to plaintiff's document request." (Dkt 430 at 1-2). The Court directed defendants to serve only objections, not responses (see Nov. 6, 2014 Transcript, Dkt 412, at 35:4-7, 14-15), although some defendants, in their discretion, chose to serve both. Defendants have not yet been required to respond to the Document Requests, and will do so at the proper time after their objections are resolved. Indeed, no defendant refuses to produce properly discoverable documents at an appropriate time.

**Plaintiff Improperly Groups All Defendants Together.** Although plaintiff has served the same request for production to all 32 defendants – i.e., all documents produced by each defendant to any government regulators relating to Yen LIBOR or Euroyen TIBOR – this request impacts each of the 32 defendants in materially different ways because:

Hon. Judge George B. Daniels
March 31, 2015
Page 2

- The document requests from regulators and the nature and scope of defendants' responses vary significantly from defendant to defendant and from regulator to regulator;
- The defendants and regulators are geographically dispersed throughout the world, and different laws apply to each regulator's document request and each defendant's resulting production;
- The magnitude, substance, and relevance of each defendant's production to regulators vary significantly from defendant to defendant and regulator to regulator;
- The nature and extent of the foreign data privacy laws applicable to each defendant vary significantly from defendant to defendant and from country to country; and
- Certain defendants are contesting personal jurisdiction in this case. These defendants continue to maintain that discovery should be stayed as to them pending the Court's decision on whether it has personal jurisdiction over them.

As a result of these differences, defendants are not identically situated for discovery purposes and their respective objections to plaintiff's request for production are not uniform. Plaintiff's refusal to recognize the differences among defendants—exemplified by his persistent reference to "Defendants" collectively and his apparent consternation that defendants responded to his requests individually—is troubling and ignores the nuances of the issues bullet pointed above, and discussed further below. Both plaintiff and the Court must consider each defendant's unique circumstances in evaluating objections to plaintiff's requests for production of documents.

**Comity Requires A Careful Analysis Of Foreign Legal Obligations That Prohibit Production.** Plaintiff's request for production implicates a variety of foreign data privacy laws. In his request for a pre-motion conference, plaintiff glosses over these laws as if they are all the same. (Dkt 430 at 3). They are not. As explained in defendants' individual objections served in December 2014, the foreign data privacy laws of countries where defendants are based or maintain potentially responsive documents vary substantially and must be evaluated on an individual basis. For example, United Kingdom data privacy laws differ materially from Japanese data privacy laws, which in turn are materially different from Swiss privacy laws.

Plaintiff has requested that the Court order production despite the fact that doing so may cause defendants to violate foreign laws. The significant comity concerns that such an order would raise require, at a minimum, that each country's restrictions be examined and independently weighed against plaintiff's asserted interest in production. *See, e.g., Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522 (1987). The Supreme Court's comity analysis requires this Court to evaluate the following seven factors before determining whether to order a production of documents that may contravene foreign law:

1. the importance to the investigation or litigation of the documents or other information requested;
2. the specificity of the request;
3. whether the information originated in the United States;
4. the availability of an alternative means of securing the information;
5. the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the foreign state where the information is located;

Hon. Judge George B. Daniels
March 31, 2015
Page 3

6. the hardship of compliance on the party or witness from whom discovery is sought; and
7. the good faith of the party resisting discovery.

*Id.* at 544 n.28 (citing Restatement (Third) of Foreign Relations Law). Any motion to compel must address **each** of these factors with respect to the differently situated defendants and the variety of foreign laws that govern their respective productions. The summary treatment provided in plaintiff's request for a pre-motion conference is patently insufficient; the principle of comity compels a significantly more detailed analysis and could only be accomplished through the briefing of this issue.

Notably, plaintiff mischaracterizes certain aspects of particular foreign data privacy laws in his attempt to downplay their significance. For example, plaintiff states that an order from this Court would exempt defendants from the non-disclosure proscriptions of the United Kingdom's Data Privacy Act because Section 8(e) of the Act provides an exemption for disclosures made "by the order of a court." (Dkt 430 at 3) (citing Data Protection Act of 1998, § 8(e)). That is not correct.

The United Kingdom's Data Protection Act was enacted to comply with an EU Directive, and the EU's Data Protection Working Party is accordingly tasked with interpreting the Act. The Working Party has definitively explained that, contrary to plaintiff's assurances, Section 8(e)'s exemption for disclosure made pursuant to "the order of a court" refers to the order of a *domestic* court in the UK, not a foreign court. *See* Article 29 Data Protection Working Party, Opinion 1/2006 on the Application of EU Data Protection Rules to Internal Accounting Controls, Auditing Matters, Fight Against Bribery, Banking and Financial Crime (Feb. 1, 2006), (00195/06EN WP 117) (WP 117 at 8), *available at* http://ec.europa.eu/justice/policies/privacy/docs/wpdocs/2006/wp117_en.pdf (finding that "any other interpretation would make it easy for foreign rules to circumvent the EU rules laid down in Directive 95/46/EC"). Defendants' legitimate concerns regarding exposure under the UK's Data Protection Act—and other data privacy laws throughout the world—must be fully briefed before they are ruled on, and they cannot be brushed away based on plaintiff's superficial analysis.

Plaintiff also erroneously asserts that under *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165 (2d Cir. 2003), foreign data privacy and bank secrecy laws do not protect from disclosure documents forwarded to U.S. legal counsel and produced to the DOJ. (Dkt 430 at 3). *Ratliff* did not involve the application of foreign data privacy or bank secrecy laws. Although it discussed waiver of privilege under U.S. law, that analysis is irrelevant because the protections afforded by foreign data privacy and bank secrecy laws are not waived by prior disclosures.

**Production Should Not Be Required Until The Court Has The Opportunity To Hear and Respond To Foreign Regulators' Concerns and the DOJ's Motion to Stay.** Plaintiff also mischaracterizes the objections to production raised by various foreign governmental regulators. Plaintiff's request for production is most certainly not limited to the documents certain regulators have agreed may be produced. For example, the Japan Financial Services Agency ("JFSA") objects to the production of inspection- and supervision-related communications with regulated Japanese entities. With respect to inspection-related materials, the JFSA generally does not even permit counsel to inspected entities to have access to these materials, and the JFSA, exercising its authority under Japanese law, has directed these entities not to disclose these materials. Until the Court can consider and rule on the objections raised by foreign governmental regulators, as well as the DOJ's pending motion to stay discovery, it is premature to consider any motion to compel the defendants to produce documents.

Hon. Judge George B. Daniels
March 31, 2015
Page 4

**Plaintiff's Requests For Production Are Not Narrowly Tailored.** Many defendants have asserted objections to plaintiff's request for production because it does not attempt to limit itself to documents that are relevant or reasonably calculated to lead to the discovery of evidence admissible in plaintiff's case. Instead, plaintiff seeks the production of all Yen-LIBOR and/or Euroyen TIBOR-related documents produced by defendants to regulators worldwide, regardless of the scope or purpose of those productions. The nature and scope of each defendant's production vary substantially from defendant to defendant and from regulator to regulator, and plaintiff provides no basis for the potential relevance of any or all of these productions to his case. Once again, this issue cannot be resolved by a "one size fits all" approach.

**Any Motion To Compel Must Be Fully Briefed.** The issues raised in each of the 32 defendants' objections are sufficiently nuanced to merit substantive briefing prior to any ruling on plaintiff's prospective motion to compel. Because briefing is required to fully explore the individualized and fact-specific objections raised by the 32 defendants, compelling any production at the upcoming April 7, 2015 conference would be premature. Should plaintiff still desire to file a motion to compel after a pre-motion conference, defendants request that a reasonable briefing schedule and a date for oral argument be set.

**When Discovery Starts, It Should Not Proceed In A One-Sided Fashion.** Finally, when the Court decides that discovery in this case is appropriate, defendants respectfully request that the Court address the first set of requests for production that several defendants served on plaintiff more than eight months ago. To date, plaintiff has not yet objected or otherwise responded to the requests for production. Defendants further request that, once the discovery process begins, the Court order plaintiff and RP Martin to give defendants access to the thirty terabytes of discovery that RP Martin has already produced to plaintiff under its proposed class settlement (which has not yet been approved by the Court). Allowing plaintiff to have premature, one-sided access to RP Martin's discovery is unfair and prejudicial to the defendants.

We thank the Court for its attention to this matter.

Respectfully submitted,

Gregory T. Casamento
Counsel for HSBC Defendants

cc: All Counsel of Record (by email)