UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY LAYDON, on behalf of himself and all
others similarly situated,

                       Plaintiff,

              v.

MIZUHO BANK, LTD., THE BANK OF TOKYO-
MITSUBISHI UFJ, LTD, THE SUMITOMO
TRUST AND BANKING CO., LTD., THE
NORINCHUKIN BANK, MITSUBISHI UFJ
TRUST AND BANKING CORPORATION,
SUMITOMO MITSUI BANKING
CORPORATION, RESONA BANK, LTD., J.P.
MORGAN CHASE & CO., J.P. MORGAN CHASE
BANK, NATIONAL ASSOCIATION, J.P.
MORGAN SECURITIES PLC, MIZUHO
CORPORATE BANK, LTD., DEUTSCHE BANK
AG, MIZUHO TRUST AND BANKING CO.,
LTD., THE SHOKO CHUKIN BANK, LTD.,
SHINKIN CENTRAL BANK, UBS AG, UBS
SECURITIES JAPAN CO. LTD., THE BANK OF
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA,
THE ROYAL BANK OF SCOTLAND GROUP,
PLC, ROYAL BANK OF SCOTLAND PLC, RBS
SECURITIES JAPAN LIMITED, BARCLAYS
BANK PLC, CITIBANK, NA, CITIGROUP, INC.,
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL
MARKETS JAPAN, INC., COÖPERATIEVE
CENTRALE RAIFFEISEN-BORENLEENBANK
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, R.P. MARTIN HOLDINGS
LIMITED AND JOHN DOES NOS. 1-50,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM
DECISION AND ORDER

12 Civ. 3419 (GBD)

GEORGE B. DANIELS, District Judge:

Defendants Mizuho Bank, Ltd., The Shoko Chukin Bank, Ltd., The Bank of Yokohama, Ltd., Shinkin Central Bank, Sumitomo Mitsui Banking Corporation, Sumitomo Mitsui Trust Bank, Ltd., Mizuho Corporate Bank, Ltd., Mizuho Trust & Banking Co., Ltd., The Bank of Tokyo-Mitsubishi UFJ, Ltd., The Norinchukin Bank, Mitsubishi UFJ Trust and Banking Corporation, Resona Bank, Ltd., Deutsche Bank AG, and ICAP plc, (the "Moving Defendants"), are various banks and financial institutions that move to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (*See* Motions to Dismiss, (ECF Nos. 310, 315, 323, 327, 331, 337, 341, 344).)[1] Four of the fourteen Moving Defendants, Defendants Mizuho Bank, Ltd., Mizuho Trust & Banking Co., Ltd., Resona Bank, Ltd., and ICAP plc, (the "Stipulating Defendants"), entered into a so-ordered stipulation with Plaintiff that expressly preserved their right to make Rule 12(b)(2) motions until after this Court rendered a decision on Defendants' motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Stipulation, (ECF No. 160).) The other ten Moving Defendants, (the "Non-Stipulating Defendants"), did not enter such a stipulation or otherwise take any action to preserve this right.

The Non-Stipulating Defendants argue that a Rule 12(b)(2) lack of personal jurisdiction defense was not available to them until the Supreme Court issued its January 2014 decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Seven months following that decision, the Non-Stipulating Defendants filed the instant jurisdictional motions. The Non-Stipulating Defendants' conduct during those months and their failure to promptly raise the issue of personal jurisdiction after *Daimler* constitute a waiver of the Rule 12(b)(2) jurisdictional defense.

The Non-Stipulating Defendants' motions to dismiss for lack of personal jurisdiction are

---

[1] The Moving Defendants also move for a stay of discovery until resolution of the instant motions. The motions to stay are DENIED as moot because discovery is stayed by order of this Court until at least April 7, 2015. (*See* Order, (ECF No. 432).)

therefore DENIED.[2]

## PROCEDURAL HISTORY

Plaintiff originally brought this action in 2012 on behalf of himself and all others similarly situated. (*See* Complaint, (ECF No. 1).) Plaintiff claims that he suffered losses when he initiated short positions in Euroyen TIBOR (the Tokyo Interbank Offered Rate) futures contracts, allegedly due to the presence of artificial Euroyen TIBOR future prices proximately caused by Defendants' unlawful manipulation and restraint of trade.

On April 15, 2013, Plaintiff filed his Second Amended Class Action Complaint, in which he alleged violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1 *et seq.*, the Sherman Act, 15 U.S.C. § 1, *et seq.*, and common law. (Second Amended Class Action Complaint, (ECF No. 150).)

On May 24, 2013, the Stipulating Defendants entered into a joint stipulation with Plaintiff, (the "May 2013 Stipulation"). (Stipulation, (ECF No. 160).) The May 2013 Stipulation states that, in the parties' judgment, "it would be more efficient to postpone the briefing related to the motions to dismiss for lack of personal jurisdiction until after the Court rules on the motions to dismiss for failure to state a claim." (*Id.* at 1.) The Stipulating Defendants, thus, sought permission to potentially raise a Rule 12(b)(2) defense at a later date. The May 2013 Stipulation further states that if the Stipulating Defendants pursue Rule 12(b)(2) motions, they will submit to this Court a proposed briefing schedule for motions within fourteen (14) days after this Court rules on the then-forthcoming Rule 12(b)(6) motions. (*Id.* ¶ 3.) This

---

[2] The Stipulating Defendants' motions to dismiss for lack of personal jurisdiction will be addressed by separate order.

Court so-ordered the Stipulating Defendants' May 2013 Stipulation.  (*Id.* at 5.)[3]

On June 3, 2013, Defendants UBS Securities Japan Co. Ltd., RBS Securities Japan Limited, and R.P. Martin Holdings Limited entered into a nearly-identical stipulation with Plaintiff, (the "June 2013 Stipulation"), to preserve their Rule 12(b)(2) defenses.  (Stipulation, (ECF No. 194).)  This Court so-ordered that stipulation on June 11, 2013.  (*Id.* at 5.)  Despite preserving a Rule 12(b)(2) defense, these three defendants did not bring Rule 12(b)(2) motions and their time to do so has passed.  Thus, of the seven defendants that preserved their right by so-ordered stipulation to file Rule 12(b)(2) motions after a decision on Defendants' Rule 12(b)(6) motions, only those four defendants that joined the May 2013 Stipulation availed themselves of this preserved right.

On June 14, 2013, all defendants moved under Rule 12(b)(6) to dismiss the Second Amended Class Action Complaint.  (*See* Joint Motion to Dismiss, (ECF No. 204).)   The Stipulating Defendants also filed notices of their motions to dismiss for lack of personal jurisdiction, further demonstrating that they intended to preserve that defense.  (*See* ECF Nos. 215, 216, and 219.)

On January 14, 2014, the Supreme Court issued its decision in *Daimler AG v. Bauman*, 134 S. Ct. at 746.  In *Daimler*, Plaintiff sought jurisdiction in California over the defendant, a German corporation, based on the California contacts of the defendant's United States subsidiary.  *Id.* at 750-51.  Applying the "at home" test first raised in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), the Supreme Court held that a court may not exercise general jurisdiction over a foreign corporation unless that corporation's "affiliations

---

[3] In a letter to this Court on behalf of all defendants, dated June 3, 2013, the HSBC Defendants' counsel wrote: "Motions to dismiss for lack of personal jurisdiction will be governed by the Court's order dated May 24, 2013 and any subsequent orders issued regarding motions to dismiss for lack of personal jurisdiction."  (Letter from Gregory T. Casamento, (ECF No. 189).)

with the [forum] are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *See Daimler*, 134 S. Ct. at 754 (quoting *Goodyear*, 131 S. Ct. at 2851). In the more than a month and a half between that decision and oral argument on Defendants' Rule 12(b)(6) motions, no defendant argued to this Court that *Daimler* impacted this action, or sought to rely upon the decision in any way.

On March 5, 2014, this Court heard oral argument on Defendants' Rule 12(b)(6) motions. The Supreme Court's decision in *Daimler* was not raised at that time by any party. On March 26, 2014, counsel for Defendant Barclays Bank PLC wrote this Court on behalf of all defendants regarding issues raised by Plaintiff's counsel during the oral argument. (Letter from Jonathan D. Schiller, (ECF No. 268).) Again, no defendant raised the Supreme Court's decision in *Daimler*.

On March 28, 2014, this Court issued its decision on Defendants' Rule 12(b)(6) motions. Defendants' motions to dismiss the CEA claims for price manipulation and aiding and abetting were denied. Defendants' motions to dismiss Plaintiff's vicarious liability, antitrust, and unjust enrichment claims were granted. (*See* Memorandum Decision and Order, (ECF No. 270).)

Within fourteen (14) days of this Court's decision regarding the Rule 12(b)(6) motions, the seven defendants that joined the May and June 2013 Stipulations submitted to this Court a proposed order, dated April 11, 2014, to adjourn *sine die* the date for filing their Rule 12(b)(2) motions.

On April 11, 2014, all but one defendant, UBS Securities Japan Co. Ltd., moved this Court to reconsider that portion of its decision that denied Defendants' Rule 12(b)(6) motions to dismiss. At this time, none of the Non-Stipulating Defendants informed the Court that they believed they had grounds for Rule 12(b)(2) motions based on the January *Daimler* decision or

otherwise.[4]  Instead, they asked this Court to reconsider dismissing the remaining claims on the merits.

On April 28, 2014, this Court held a Federal Rule of Civil Procedure 16 conference with the parties primarily to discuss moving forward with discovery.  The issue of potential Rule 12(b)(2) jurisdictional motions was raised by this Court.  The only representation made by any defense counsel to this Court, and at multiple times, was that *only* those defendants that entered into the May and June 2013 Stipulations intended to bring motions to dismiss for lack of personal jurisdiction:

- "Mr. Lesser: Your Honor, the proposal on filing motions on personal jurisdiction grounds was arrived at by stipulation between the parties."  (*See* Tr: 10:24-11:1.)[5]

- "The Court: Is it appropriate for me even to opine on the complaint against your client, if I have no personal jurisdiction over you?  Mr. Lesser: Yes, because the parties agreed to defer briefing on that."  (*Id.* 12:12-16.)

- "Mr. Lesser: Certain entities would file motions on personal jurisdiction, but that would only pertain to a subset of entities."  (*Id.* 14:7-9.)

- "Mr. Fraser: Your Honor, there are six entities[6] out of the 30-plus defendants that have preserved objections on personal jurisdiction grounds.  Your Honor so ordered a stipulation in June of 2013 adjourning any motions for personal jurisdiction until after the decision on the 12(b)(6) motions."  (*Id.* 14:22-15:1.)[7]

- "Mr. Fraser: But the members with personal jurisdiction are the small minority of

---

[4] Certain defendants that entered the May and June 2013 Stipulations expressly reminded the Court that they may bring Rule 12(b)(2) motions by stating that they "submit this memorandum without waiver of any potential defenses based upon the lack of personal jurisdiction as further set forth in this Court's Orders of May 24, 2013 (Dkt. No. 160) and June 11, 2013 (Dkt No. 194)."  (*See* ECF No. 280, at n.1.) None of the Non-Stipulating Defendants made any statement raising a potential Rule 12(b)(2) defense.

[5] Mr. Lesser represents the RBS defendants.  RBS Securities Japan Limited entered into the June 2013 Stipulation.

[6] The reference to six, rather than seven, entities is likely due to the fact that two of the Stipulating Defendants, Mizuho Bank, Ltd. and Mizuho Trust & Banking Co. Ltd., are collectively referred to as "Mizuho" in the May 2013 Stipulation.  (*See* Stipulation, (ECF No. 160), at 2.)

[7] Mr. Fraser represents ICAP plc, a Stipulating Defendant.

defendants in this case." (*Id.* 16:9-10.)

- "The Court: And how many defendants intend to make personal jurisdiction motions? Mr. Fraser: The current defendants in the case, your Honor. There are six." (*Id.* 18:5-8.)

Counsel for all Non-Stipulating Defendants were present at the conference, (*see id.* at 2-4), and no one stated that any defendant, other than those that joined the two so-ordered stipulations, wanted to bring the instant motions.   Moreover, this Court received no correspondence from the Non-Stipulating Defendants' counsel disagreeing with any representations made at the Rule 16 conference.[8]

At the Rule 16 conference, this Court did not grant the April 11 request by the defendants that entered the May and June 2013 Stipulations to adjourn *sine die* the date to file any Rule 12(b)(2) motions to dismiss.  Instead, this Court set a July 31, 2014 deadline to file their motions. (*See id.* 26:5-7.)  By letter dated June 3, 2014, Plaintiff's counsel wrote: "Defendants have requested, and Plaintiff does not oppose, that the deadline for filing motions to dismiss for lack of personal jurisdiction be extended by one-week, from July 31 to August 7, 2014." (*See* Letter from Vincent Briganti, (ECF No. 297).)  This Court granted that request, with the continued understanding that any extension would only apply to the seven defendants that entered the May and June 2013 Stipulations.

On June 17, 2014, Plaintiff moved for leave to amend the Second Amended Class Action Complaint.  (Motion to Amend/Correct, (ECF Nos. 301 & 302).)  Defendants filed a joint opposition to this motion.  (Def. Opp. Mem., (ECF No. 361) (dated Aug. 15, 2014).)[9]

On August 7, 2014, seven months after the Supreme Court's decision in *Daimler*, fourteen defendants filed motions to dismiss for lack of personal jurisdiction: four Stipulating

---

[8] The transcript from this conference has been available to all counsel on the electronic docket (the Case Management/Electronic Case Files (CM/ECF) system) since May 8, 2014.  (*See* ECF No. 288.)

[9] This pending motion will be addressed by a separate decision of this Court.

Defendants who entered the May 2013 Stipulation and ten Non-Stipulating Defendants. There had been no prior notice to this Court that the Non-Stipulating Defendants intended to raise a Rule 12(b)(2) jurisdictional defense.

On September 17, 2014, the Second Circuit issued its decision in *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014). In *Gucci*, the court held that the district court could not exercise general personal jurisdiction over a foreign bank in light of the Supreme Court's decision in *Daimler*. *Id.* at 135. The court in *Gucci* explained that after *Daimler*, "[a]side from an 'exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or principal place of business." *Id.* (citing *Daimler*, 134 S. Ct. at 761 & n.19). The court "conclude[d] that applying the Court's recent decision in *Daimler*, the district court may not properly exercise general personal jurisdiction over the Bank" because it "has branch offices in the forum, but is incorporated and headquartered elsewhere." *Id.*[10] Following *Gucci*, twelve of the Moving Defendants filed a letter notice of supplemental authority bringing the decision to this Court's attention. (*See* Letter from Frederick A. Brodie, (ECF No. 386).)

This Court heard oral argument on the Moving Defendants' Rule 12(b)(2) motions on September 30, 2014. The Non-Stipulating Defendants argued that before *Daimler*, they did not think they had a viable motion under Rule 12(b)(2): they assumed there was general jurisdiction because all entities "have either a representative of the branch, or representative office, or a

---

[10] The Supreme Court's decision in *Daimler* was issued a month after the Second Circuit heard oral argument in *Gucci*. Within two weeks of the *Daimler* decision, the Appellant-Banks filed a Federal Rule of Appellate Procedure 28(j) letter citing *Daimler* and arguing that it provides additional grounds for reversal. On March 21, 2014, the Appellant-Banks moved the Second Circuit to grant them leave to file a supplemental brief addressing *Daimler*, which the court granted. Thus, unlike the Non-Stipulating Defendants, the banks in *Gucci* promptly cited to the decision in *Daimler* to argue that it should have a bearing on their appeal.

branch of some sort in the jurisdiction." (*See* Tr. 4:21-23.)  Therefore, even though they believed

this Court did not have specific jurisdiction over them, they did not raise pre-*Daimler* what they

thought would be a futile Rule 12(b)(2) defense in conjunction with their Rule 12(b)(6) defense.

At the September 30 oral argument, defense counsel argued:

> Mr. Kubek: [W]e made the [Rule 12(b)(2)] motion as soon as the motion date
> arrived.  *Daimler* was decided in January.  The only activities that the [Non-
> Stipulating Banks] engaged in after that related to the existing motions to dismiss,
> which by their nature, by their terms, had already excluded anything related to
> jurisdiction.  We continued with those.  Your Honor made the decision on those.
> We made a motion for reconsideration.  We knew that there was a date out there
> for jurisdictional motions to be made.  At some point each of us had an
> opportunity to consult with our clients, many of whom are not at all familiar with
> the U.S. legal system, we worked our way through that, made the decision, yes,
> with them, that we should make this motion and present it to your Honor.  And we
> believe that none of that constitutes waiver.

(*Id.* 104:1-14.)[11]

Plaintiff's counsel conceded that Plaintiff was abandoning his general jurisdiction

argument as to all Moving Defendants except Deutsche Bank AG.  (*Id.* 66:5-11.)  Otherwise,

Plaintiff asserts that this Court has specific jurisdiction over all of the Moving Defendants.  (*Id.*)

On November 5, 2014, almost two months after *Gucci* was decided and over a month

after oral argument on the Moving Defendants' motions to dismiss for lack of personal

jurisdiction, additional defendants, Barclays Bank PLC, Coöperatieve Centrale Raiffeisen-

Boerenleenbank B.A., HSBC Bank Plc., HSBC Holdings plc., and Société Générale, requested

by letter leave to file Rule 12(b)(2) motions in light of *Daimler* and *Gucci*.  (*See* Letter, (ECF

No. 404).)  This Court denied that request by order as untimely.  (*See* Order, (ECF No. 409).)

### NON-STIPULATING DEFENDANTS' RULE 12(B)(2) MOTIONS

"The requirement that a court have personal jurisdiction is a due process right that may

---

[11] Mr. Kubek represents the Bank of Yokohama, Ltd., a Non-Stipulating Defendant.

be waived either explicitly or implicitly." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05 (1982)). Plaintiff argues that the Non-Stipulating Defendants have waived their Rule 12(b)(2) defense. As a general matter, a defense under Rule 12(b)(2) is waived if it is "not included in a preliminary motion under Rule 12 as required by Rule 12(g)." Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.). Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available to the party* but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). Rule 12(h) states that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." *Id.* 12(h)(1)(A). Thus, "Rule 12(h)(1) does not provide for waiver if the omitted defense was unavailable when the party answered." 5C Fed. Prac. & Proc. Civ. § 1391. Taken together, Rules 12(g) and 12(h) provide that a party waives its Rule 12(b)(2) defense if it previously made a Rule 12(b) motion, the Rule 12(b)(2) defense was available to the moving party at that time, and the moving party omitted that defense from its motion.

A party's conduct may also result in the waiver of a Rule 12(b) defense. *See Ins. Corp. of Ireland*, 456 U.S. at 704-05 ("The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not."); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) ("[I]t may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 2009) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party

during litigation."); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60-62 (2d Cir. 1999) (finding Defendant forfeited his personal jurisdiction defense where it "participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so"); 5C Fed. Prac. & Proc. Civ. § 1391 ("[A] party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case."); *cf. United States v. Brow*, 01-CV-4797(NGG)(JMA), 2011 WL 7562706, at *5 (E.D.N.Y. Dec. 28, 2011) (citing *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 480-81 (S.D.N.Y. 1985)) ("Service that is made but does not fully comply with the statutory requirements indicate[s] a lack of personal jurisdiction over a party, unless that party's conduct waives the personal jurisdiction objection.").

A party therefore must raise a previously-unavailable defense as soon as practicable. *See Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981) ("In any event a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent."); *see also Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F. Supp. 3d 9, 15 (D.D.C. 2014) (holding that "even if Defendants had not waived the defense under Rule 12(h)(1)(A), they have waived it by failing to promptly assert it").

Here, the Non-Stipulating Defendants' Rule 12(b)(2) jurisdictional defenses are waived if (1) they were available to them in June of 2013 when they brought their Rule 12(b)(6) motions; or (2) they became available at a later date, but the Non-Stipulating Defendants did not promptly raise them. *See Holzsager*, 646 F.2d at 796.

This Court agrees with the Non-Stipulating Defendants that their Rule 12(b)(2) jurisdictional defense was not available before *Daimler.* As in *Gucci*, "[u]nder prior controlling

11

precedent of this Circuit, the Bank[s] w[ere] subject to general jurisdiction because through the activity of [their] New York branch[es], [they] engaged in a 'continuous and systematic course of doing business in New York.'" *Gucci*, 768 F.3d at 136 (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985)). "A party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made." *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) (citations omitted). Therefore, this Court does not rule that the Non-Stipulating Defendants waived their personal jurisdiction defenses because they failed to raise them in their June 2013 motions to dismiss.

The Non-Stipulating Defendants waived any personal jurisdiction defense, however, through their conduct after *Daimler* was issued. Rather than "promptly assert" their Rule 12(b)(2) defense thereafter, the Non-Stipulating Defendants continued to ask this Court to assert jurisdiction over them for purposes of their Rule 12(b)(6) motions. As discussed above, at the oral argument on their Rule 12(b)(6) motions, almost two months after the Supreme Court decided *Daimler*, the Non-Stipulating Defendants did not raise the issue of jurisdiction. Moreover, over a month later, they asked this Court to reconsider on the merits those portions of the decision denying their motions to dismiss. At the April 2014 Rule 16 conference, defense counsel affirmatively and logically represented to this Court that *only* the defendants that were parties to the May and June 2013 Stipulations intended to bring Rule 12(b)(2) motions raising the issue of personal jurisdiction. At that time, this Court set a requested briefing schedule for those seven defendants' motions. At the September 2014 oral argument, Defense counsel acknowledged that the Non-Stipulating Defendants "knew that there was a date out there for jurisdictional motions to be made" by the Stipulating Defendants. (Tr: 104:7-9). To rely on that

date as creating or preserving the Non-Stipulating Defendants' right to make a similar motion as an argument against waiver is wholly disingenuous. It was clear in the context of that conference—especially given defense counsel's prior representations—that the "date out there" was the filing deadline available only to those defendants that entered into the two stipulations so ordered by this Court.

It usually is not proper for this Court to opine on the merits of a case where it lacks jurisdiction. *See, e.g.*, *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim . . . ."). This Court provided a limited exception for those defendants that entered the May and June 2013 Stipulations, with the understanding that just those seven—of the thirty-plus Defendants—might brief Rule 12(b)(2) motions at a later time with the consent of Plaintiff. If the Non-Stipulating Defendants wanted to promptly make jurisdictional motions after *Daimler*, they should have raised the issue with this Court as soon as possible. At a minimum, they should have asked this Court for leave to address any Rule 12(b)(2) defenses before asking this Court to reconsider on the merits its decision regarding their Rule 12(b)(6) motions to dismiss for failure to state a claim.

The Non-Stipulating Defendants' conduct in the seven months following *Daimler* gave this Court and Plaintiff only one impression: that they had foregone the instant personal jurisdiction defense notwithstanding *Daimler*. Therefore, the Non-Stipulating Defendants waived their personal jurisdiction defenses by failing to promptly assert them after *Daimler* was decided.

## CONCLUSION

The Non-Stipulating Defendants' motions to dismiss for lack of personal jurisdiction are DENIED.

The Clerk of the Court is instructed to close the motions at ECF Nos. 315, 327, 337, 341, and 344.

Dated:  March 31, 2015
       New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge