UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY LAYDON, on behalf of himself and
all others similarly situated,

                     Plaintiff,

              v.

MIZUHO BANK, LTD., *et al.*,

                     Defendants.

Case No. 12-cv-03419 (GBD)

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION OR FOR CERTIFICATION UNDER
28 U.S.C. § 1292(b) OF THE COURT'S MARCH 31, 2015 ORDER DENYING
THEIR MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ..................................................................................................................... 3

   I.    RECONSIDERATION OR REARGUMENT OF THE COURT'S ORDER IS
WARRANTED ......................................................................................................... 3

        A.    The Second Circuit Has Held That A Defendant Does Not Waive A Personal
Jurisdiction Defense Not Available Under Controlling Precedent In This Circuit ..... 3

        B.    A Defendant's Litigation Of An Action Results In Waiver Only When It Prejudices
The Plaintiff Or Results In Extensive Pre-Trial Proceedings And Discovery That
Might Otherwise Have Been Avoided ....................................................................... 5

   II.    CERTIFICATION OF THE COURT'S ORDER UNDER 28 U.S.C. § 1292(b) IS
WARRANTED ......................................................................................................... 9

        A.    The Court's Order Involves A Controlling Question Of Law.................................... 9

        B.    There Is Substantial Ground For Difference Of Opinion ......................................... 10

        C.    An Immediate Appeal From The Court's Order May Materially Advance The
Ultimate Termination Of The Litigation ................................................................. 11

CONCLUSION................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                **Page**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
   2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ............................................................. *passim*

*Burton v. N. Dutchess Hosp.*,
   106 F.R.D. 477 (S.D.N.Y. 1985) .............................................................................. 8

*City of New York v. Mickalis Pawn Shop*,
   645 F.3d 114 (2d Cir. 2011) .................................................................................... 8

*Curtis Pub. Co. v. Butts*,
   388 U.S. 130 (1967) ................................................................................................. 7

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ......................................................................................... *passim*

*Datskow v. Teledyne, Inc.*,
   899 F.2d 1298 (2d Cir. 1990) ................................................................................ 5

*Durant v. Traditional Invs., Ltd.*,
   1990 WL 33611 (S.D.N.Y. Mar. 22, 1990) ..................................................... 6, 7

*In re Dynex Capital, Inc. Sec. Litig.*,
   2006 WL 1517580 (S.D.N.Y. June 2, 2006) .................................................... 11

*Gilmore v. Palestinian Interim Self-Governing Authority*,
   8 F. Supp. 3d 9 (D.D.C. 2014) ............................................................................. 8

*Gucci Am., Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014) ............................................................................ *passim*

*Hamilton v. Atlas Turner, Inc.*,
   197 F.3d 59 (2d Cir. 1999) ......................................................................... 2, 5, 6, 8

*Hawknet, Ltd. v. Overseas Shipping Agencies*,
   590 F.3d 87 (2d Cir. 2009) .................................................................................. 1, 4

*Infinity Consulting Grp., LLC v. Am. Cybersystems, Inc.*,
   2010 WL 2267470 (E.D.N.Y. May 30, 2010) ..................................................... 6

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée*,
   456 U.S. 694 (1982) ................................................................................................ 8

*Kam Shing Chan v. City of New York*,
   803 F. Supp. 710 (S.D.N.Y. 1992) ...................................................................... 9

*Klinghoffer* v. *S.N.C. Achille Lauro*,
   921 F.2d 21 (2d Cir. 1990)..............................................................9, 11, 12

*In re Lloyd's Am. Trust Fund Litig.*,
   1997 WL 458739 (S.D.N.Y. Aug. 12, 1997)................................9, 10, 11

*Meyer v. Bd. of Regents of Univ. of Okla.*,
   2014 WL 2039654 (S.D.N.Y. May 14, 2014) .......................................4, 7

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*,
   308 U.S. 165 (1939)..........................................................................8

*Peterson v. Highland Music, Inc.*,
   140 F.3d 1313 (9th Cir. 1998) .............................................................7

*In re Roman Catholic Diocese of Albany, New York, Inc.*,
   745 F.3d 30 (2d Cir. 2014)................................................................12

*In re SAIC, Inc. Sec. Litig.*,
   2014 WL 407050 (S.D.N.Y. Jan. 30, 2014) .........................................3

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)................................................................3

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014)............................................................4, 7

*United Rope Distributors, Inc. v. Kimberly Line*,
   785 F. Supp. 446 (S.D.N.Y. 1992)................................................11, 12

*United States v. Brow*,
   2011 WL 7562706 (E.D.N.Y. Dec. 28, 2011) .....................................8

**Statutes**

28 U.S.C. § 1292(b) ..............................................................1, 2, 9, 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)....................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................1, 7

S.D.N.Y. Local Civil Rule 6.3 ...........................................................1

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 6.3 and Rule 12(b)(2) of the Federal Rules of Civil Procedure, the undersigned defendants ("Moving Defendants") submit this memorandum in support of their motion for reconsideration of this Court's order that they waived their personal jurisdiction defense. (Memorandum Decision and Order, Mar. 31, 2015 (Dkt. No. 446) (the "Order").) Alternatively, if this Court adheres to the Order, the Moving Defendants respectfully request that the Court certify the Order for an interlocutory appeal on the waiver issue pursuant to 28 U.S.C. § 1292(b).

The Court concluded that all Moving Defendants waived their personal jurisdiction defense by failing to raise it more promptly after the Supreme Court's decision in January 2014 in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). *See* Order at 12-13. Specifically, the Court found that the Moving Defendants waived their jurisdictional defense by participating in proceedings relating to their previously filed Rule 12(b)(6) motions in March 2014 and in the subsequent April 2014 Rule 16 conference without asserting that defense. *Id.* at 12.

The Moving Defendants respectfully submit that reconsideration is warranted for two reasons. First, the Second Circuit repeatedly has held that "a defendant does not waive a personal jurisdiction argument . . . if the 'argument that the court lacked jurisdiction over the defendant would have been directly contrary to controlling precedent in this Circuit.'" *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135-36 (2d Cir. 2014) (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)). While *Daimler* cast doubt on the controlling precedent in this Circuit that allowed personal jurisdiction to be based on a bank defendant's office in the forum, *Daimler* did not address that issue or expressly overrule that controlling precedent. *See Daimler*, 134 S. Ct. at 761 n.18. That controlling precedent was not overturned until the Second Circuit's decision in *Gucci* in September 2014, six weeks *after* the Moving

Defendants filed their motions to dismiss.  Indeed, in a decision in another LIBOR case issued on

the same day as this Court's Order, Judge Paul G. Gardephe relied on *Gucci* to conclude that the

personal jurisdiction defense was not waived, including as to three of the Moving Defendants

here, even though it was not raised until after the *Gucci* decision.  *See 7 W. 57th St. Realty Co.,*

*LLC v. Citigroup, Inc.*, 2015 WL 1514539, at *5-7 (S.D.N.Y. Mar. 31, 2015).

 Second, courts in this Circuit have found that a defendant's conduct may waive a

personal jurisdiction defense only when the defendant, despite "numerous opportunities to move

to dismiss," participated in "extensive pretrial proceedings" — typically including years of

discovery — and caused prejudice to the plaintiff.  *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 59,

60-62 (2d Cir. 1999).  Here, even if the Moving Defendants *could* have waived their personal

jurisdiction defense prior to *Gucci*, they did not waive it because there was neither any

participation by the Moving Defendants in pretrial discovery nor prejudice to the plaintiff.  The

Moving Defendants filed their personal jurisdiction motions at the same time as other

defendants, before any discovery had commenced, and while the plaintiff's motion to amend his

complaint was still being briefed.  None of the cases cited by the Court in its Order found waiver

in circumstances even remotely similar to those present here.

 In the event that the Court declines to reconsider its Order, the Moving Defendants ask

that the Court certify its Order for an interlocutory appeal on the waiver issue.  Certification is

warranted when an order "involves a controlling question of law as to which there is substantial

ground for difference of opinion" and an immediate appeal "may materially advance the ultimate

termination of the litigation."  28 U.S.C. § 1292(b).  Here, the Moving Defendants respectfully

submit that there is a substantial basis for difference of opinion on the controlling legal standards

for waiver, and whether the defendants could have waived their personal jurisdiction defenses

prior to *Gucci*.  Moreover, the plaintiff conceded that the Court lacks general jurisdiction over

nine of the Moving Defendants in light of *Gucci* and *Daimler*, and made the same specific

jurisdiction arguments as to the Moving Defendants that the Court rejected in granting the

personal jurisdiction motions of the "Stipulating Defendants."  Therefore, the waiver issue is a

controlling issue of law that determines whether the Court has personal jurisdiction over the

Moving Defendants, and whether they should be dismissed from this action or be compelled to

engage in years of burdensome and costly discovery involving numerous parties, documents in

different languages, and witnesses in multiple countries.

## ARGUMENT

### I.   RECONSIDERATION OR REARGUMENT OF THE COURT'S ORDER IS WARRANTED

Reconsideration may be granted "where the moving party can demonstrate that the court

overlooked decisions or information" that might "reasonably be expected to alter the conclusion

reached by the court," or where reconsideration is "necessary to correct a clear error or prevent

manifest injustice."  *In re SAIC, Inc. Sec. Litig.*, 2014 WL 407050, at *2 (S.D.N.Y. Jan. 30,

2014) (internal quotations omitted); *see also*, *e.g.*, *Shrader v. CSX Transp.*, *Inc.*, 70 F.3d 255,

257 (2d Cir. 1995).  The Moving Defendants respectfully submit that reconsideration is

warranted here because the Court may have overlooked, or not fully considered, decisions

regarding the legal standards to be applied in addressing whether the Moving Defendants waived

their personal jurisdiction defense.

#### A.   The Second Circuit Has Held That A Defendant Does Not Waive A Personal Jurisdiction Defense Not Available Under Controlling Precedent In This Circuit

In *Gucci*, the Second Circuit squarely addressed when waiver of a previously unavailable

defense occurs.  It reaffirmed that "a defendant does not waive a personal jurisdiction defense

. . . if the 'argument that the court lacked jurisdiction over [the] defendant *would have been*

*directly contrary to controlling precedent in this Circuit.*'"  *Gucci*, 768 F.3d at 135-36 (emphasis

added) (quoting *Hawknet*, 590 F.3d at 92).  Addressing precisely the same jurisdictional question

presented here, the Second Circuit held that "[p]rior to *Daimler*, controlling precedent in this

Circuit made it clear that a foreign bank with a branch in New York *was* properly subject to

general personal jurisdiction here."  *Id.* at 136 (emphasis in original).

That controlling precedent was not overruled until *Gucci*.  As the Second Circuit

recognized, *Daimler* "cast doubt on" the controlling precedent that "permitted general

jurisdiction on the basis that a foreign corporation was doing business through a local branch

office in the forum."  *Gucci*, 768 F.3d at 135 (citing *Daimler*, 134 S. Ct. at 761 n.18).  But the

issue of whether a foreign bank with a branch in New York was subject to personal jurisdiction

was not presented in *Daimler*.  *See Gucci*, 768 F.3d at 134-35; *Daimler*, 134 S. Ct. at 760-62.

Indeed, in a decision issued prior to *Gucci* and just before the April 2014 status conference in

this matter, the Second Circuit noted only that there was "some tension" between its controlling

precedent and *Daimler*, and suggested that *Daimler* "may lead" courts to "revisit" the controlling

precedent.  *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 n.2 (2d Cir.

2014); *see also Meyer v. Bd. of Regents of Univ. of Okla.*, 2014 WL 2039654, at *4 (S.D.N.Y.

May 14, 2014) (noting only that *Daimler* "calls into question" the controlling precedent).[1]

The unsettled status of *Daimler*'s impact on the controlling precedent in this Circuit, prior

to *Gucci*, also was recognized by the plaintiff in this case.  The plaintiff's brief in opposition to

the Moving Defendants' personal jurisdiction motions, filed prior to the *Gucci* decision, argued

that even after *Daimler*, plaintiff had made a *prima facie* showing of jurisdiction over the

Moving Defendants.  (Dkt. No. 366 at 11-23.)  It was only after *Gucci* was decided that

---

[1]  These questions about the continued validity of the relevant Second Circuit precedent provided an
impetus for the Moving Defendants' motion to dismiss in August 2014, even before *Gucci* was decided.

plaintiff's counsel conceded at oral argument that the Court lacked general jurisdiction over nine of the Moving Defendants.  (Hrg. Tr. at 66 and 68, Sept. 30, 2014, Dkt. No. 392.)

The change in controlling precedent is also reflected in a decision in another LIBOR case, issued on the same day as the Court's Order.  There, Judge Gardephe concluded that the defendants — including three of the Moving Defendants in this action — did not waive their personal jurisdiction defense when it was asserted promptly after *Gucci*.  *See 7 W. 57th St. Realty*, 2015 WL 1514539, at *5-7.  Relying on *Gucci*, Judge Gardephe rejected the plaintiffs' waiver arguments, finding that the defense was timely raised a month after *Gucci* had held that there was a change in the law — and more than two months after the Moving Defendants filed their personal jurisdiction motions in this case.  *See id.*

In short, it was not until the Second Circuit decided *Gucci* that it overruled the "controlling precedent in this Circuit" allowing personal jurisdiction over a foreign bank with an office in the forum.  *Gucci*, 768 F.3d at 135-36.  Under Second Circuit law, the Moving Defendants could not have waived their personal jurisdiction defense prior to the *Gucci* decision.

**B.**   **A Defendant's Litigation Of An Action Results In Waiver Only When It Prejudices The Plaintiff Or Results In Extensive Pre-Trial Proceedings And Discovery That Might Otherwise Have Been Avoided**

Even if the Moving Defendants could have waived their personal jurisdiction defense before *Gucci*, the Second Circuit has held that courts should approach claims of conduct-based waiver with "enhanced caution" and should be "'slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court'" than where a defendant merely contends that service was improper.  *Hamilton*, 197 F.3d at 60 (quoting *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990)).  Consistent with that maxim, courts in the Second Circuit have found a waiver only in extreme circumstances, when a defendant "participat[ed] in *extensive* pretrial proceedings . . . forgoing *numerous* opportunities to move to dismiss" on

personal jurisdiction grounds, or where the extensive delay resulted in unfair prejudice to the

plaintiff.  *Hamilton*, 197 F.3d at 59 (emphasis added); *see also Datskow*, 899 F.2d at 1303.

In applying that legal standard, "[t]ypically, courts have found forfeiture [of a

jurisdictional defense] only if the party waited years before moving" or "engaged in substantial

pre-trial activity" that included discovery on the merits.  *Infinity Consulting Grp., LLC v. Am.

Cybersystems, Inc.*, 2010 WL 2267470, at *2 & *2 n.2 (E.D.N.Y. May 30, 2010) (collecting

cases).  "Conversely, courts have generally declined to find forfeiture when a party waited only

months, absent significant pretrial activity."  *Id.* at *2.  Applying that standard, courts have held

ten months of participation in non-discovery pre-trial activities insufficient to establish waiver.

*See, e.g.*, *7 W. 57th St. Realty*, 2015 WL 1514539, at *5-7 (finding no waiver of personal

jurisdiction defense asserted 10 months after conclusion of briefing on Rule 12(b)(6) motions);

*Infinity Consulting*, 2010 WL 2267470, at *2 (finding no waiver where defendants "waited less

than ten months" to assert personal jurisdiction defense, in the absence of evidence that

defendants had participated in discovery proceedings); *Durant v. Traditional Invs., Ltd.*, 1990

WL 33611, at *2-3 (S.D.N.Y. Mar. 22, 1990) (finding no waiver where defendants "waited

approximately ten months to file a motion," during which they "engage[d] in settlement

discussions" but no discovery).

Here, less than seven months elapsed after *Daimler* before the Moving Defendants filed

their personal jurisdiction motions.  At that time, briefing on the plaintiff's motion to amend his

complaint was not yet complete and discovery had not yet commenced.  Indeed, filing the

personal jurisdiction motions earlier would not have changed the path of this litigation in any

respect.  Earlier filings would not have obviated the need for a decision on the defendants' Rule

12(b)(6) motions, since those motions were filed by all defendants, including the "Stipulating

Defendants" that had expressly reserved their personal jurisdiction motions before *Daimler*.  And

earlier filings would not have eliminated the Rule 12(b)(6) reconsideration motions because, again, those motions were filed by all defendants. *See Durant*, 1990 WL 33611, at *3 (finding no waiver where "the orderly progress of the litigation has not been substantially disturbed").

Nor was the plaintiff prejudiced by the timing of the Moving Defendants' personal jurisdiction motions. The Moving Defendants filed their motions at the same time as the "Stipulating Defendants," which enabled the plaintiff to submit interrelated and cross-referenced opposition briefs and address all jurisdictional issues at the same time. If the Moving Defendants had notified the plaintiff that they planned to file personal jurisdiction motions earlier, it is unlikely that the briefing on the motion would have unfolded any differently. *See, e.g.*, *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 145 (1967) (permitting the assertion of a newly available defense where plaintiff "was not prejudiced by the time at which [defendant] raised its argument, for it cannot be asserted that an earlier interposition would have resulted in any different proceedings below"); *Durant*, 1990 WL 33611, at *2-3 (finding no waiver where, although "it may be an inconvenience for plaintiffs to oppose a motion . . . plaintiffs have not been unfairly prejudiced due to the delay, and the orderly process of the litigation has not been substantially disturbed").

In addition, the plaintiff cannot point to any gamesmanship or effort by the Moving Defendants to "sandbag" the Court or the plaintiff. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). As noted above, following *Daimler*, courts in this Circuit questioned, but did not decide, whether *Daimler* should be read to overrule the Second Circuit's controlling precedent allowing personal jurisdiction over a foreign bank with an office in the forum. *See Sonera Holding*, 750 F.3d at 224 n.2; *Meyer*, 2014 WL 2039654, at *4. In July 2014, the Moving Defendants learned that the issue was pending before the Second Circuit in *Gucci*. The plaintiff was promptly informed that additional defendants would be making

7

personal jurisdiction motions in a July 31 draft of the joint initial discovery plan, which was filed with the Court on August 4.

Finally, the circumstances present here do not resemble the extreme circumstances where courts have found waiver or forfeiture, as in the cases cited by the Court in its Order. *See* Order at 12-13. For example, in *Hamilton*, the Second Circuit found a personal jurisdiction defense waived only after "[c]onsiderable pretrial activity . . . including merits discovery and settlement conferences" over a "four-year interval." 197 F.3d at 61. In *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477 (S.D.N.Y. 1985), the court found waiver only where "a prompt motion to dismiss would have saved all parties and the court the expense of [three and one-half] years of discovery, pre-trial conferences and motions relating to discovery and to the merits of the complaint." *Id.* at 481. In *Gilmore v. Palestinian Interim Self-Governing Authority*, 8 F. Supp. 3d 9 (D.D.C. 2014), the court found waiver only because the defendants "litigated [the] case on its merits for more than two and a half years and asked the Court to grant summary judgment in their favor before ever seeking dismissal on jurisdictional grounds." *Id.* at 16.[2]

In sum, the Moving Defendants respectfully submit that the Court should reconsider its waiver decision under the legal standards described above, and with the "enhanced caution" required by Second Circuit precedent.

---

[2] *See also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707-08 (1982) (finding waiver where defendants repeatedly ignored court's orders to produce jurisdictional discovery and warnings that failure to comply could result in waiver); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 174-75 (1939) (finding waiver where defendant expressly consented to jurisdiction under a state statute); *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 134-35 (2d Cir. 2011) (finding waiver where defendant "appear[ed] before a district court to press [its jurisdictional] defense but then willfully withdr[ew] from the litigation and default[ed], even after being warned of the consequences of doing so"); *United States v. Brow*, 2011 WL 7562706, at *5 (E.D.N.Y. Dec. 28, 2011) (finding waiver where defendants failed to pursue personal jurisdiction defense for "ten years").

## II.   CERTIFICATION OF THE COURT'S ORDER UNDER 28 U.S.C. § 1292(b) IS WARRANTED

In the alternative, the Moving Defendants respectfully submit that the waiver issue in the

Court's Order should be certified for an interlocutory appeal.  A district court should certify an

order for an immediate appeal when it (1) "involves a controlling question of law," (2) "as to

which there is substantial ground for difference of opinion," and (3) "an immediate appeal from

the order may materially advance the ultimate termination of the litigation."  28 U.S.C.

§ 1292(b); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23 (2d Cir. 1990).  The

"district court's efficiency concerns are greatest in large, complex cases," and thus, "certification

may be more freely granted in so-called 'big' cases."  *In re Lloyd's Am. Trust Fund Litig.*, 1997

WL 458739, at \*4 (S.D.N.Y. Aug. 12, 1997).

All of these criteria are satisfied with respect to the waiver issue in the Court's Order

here.

### A.   The Court's Order Involves A Controlling Question Of Law

First, the waiver issue is a controlling question of law.  A question of law is controlling if

"reversal of the district court's opinion could result in dismissal of the action" or "could

significantly affect the conduct of the action."  *Lloyd's*, 1997 WL 458739, at \*4; *see also, e.g.*,

*Klinghoffer*, 921 F.2d at 24; *Kam Shing Chan v. City of New York*, 803 F. Supp. 710, 733

(S.D.N.Y. 1992).  That standard is satisfied here because a reversal of the Court's Order on the

waiver issue should result in the termination of this action against the Moving Defendants.

As this Court recognized in its Order, because of the *Daimler* and *Gucci* decisions,

"[p]laintiff's counsel conceded that [p]laintiff was abandoning his general jurisdiction argument

9

as to all [m]oving [d]efendants except Deutsche Bank AG." Order at 9.[3] Moreover, the

plaintiff's specific jurisdiction arguments as to the "Non-Stipulating Defendants" — the Moving

Defendants here — were the same as those asserted as to the "Stipulating Defendants," which the

Court held were insufficient to establish personal jurisdiction. (Memorandum Decision and

Order, Mar. 31, 2015, Dkt. No. 447.) Indeed, the plaintiff's opposition to the Moving

Defendants' personal jurisdiction motions did not even separately argue specific jurisdiction, but

in a footnote simply incorporated by reference his specific jurisdiction arguments with respect to

the "Stipulating Defendants." (Dkt. No. 366 at 25 n.7.) Thus, if the Court were to reach the

merits of the Moving Defendants' motions, it is likely that the Court would find in the Moving

Defendants' favor and dismiss them from this action.

### B.     There Is Substantial Ground For Difference Of Opinion

Second, the Moving Defendants respectfully submit that there is a substantial ground for

difference of opinion on the issue of waiver. A substantial ground exists when "there is

conflicting authority on the issue" or "the issue is particularly difficult and of first impression for

the Second Circuit." *Lloyd's*, 1997 WL 458739, at *5. Here, as demonstrated at pages 5-8

above, there is a substantial basis for difference of opinion on whether waiver can be found

under the legal standards applicable in this Circuit. As discussed, that difference of opinion is

demonstrated by Judge Gardephe's decision in *7 West 57th Street Realty*, in which he found that

the defendants' personal jurisdiction motions were timely even though they were filed ten

months after *Daimler*. *See 7 W. 57th St. Realty*, 2015 WL 1514539, at *5-7.

---

[3]  This Court has not yet ruled on the sufficiency of Deutsche Bank AG's general personal jurisdiction
     defense, but pursuant to the arguments presented in Deutsche Bank AG's personal jurisdiction motion,
     plaintiff has not asserted facts sufficient to support general jurisdiction over Deutsche Bank AG. (Dkt.
     No. 342 and 379.)

C.     **An Immediate Appeal From The Court's Order May Materially Advance The Ultimate Termination Of The Litigation**

Third, an immediate appeal will materially advance the ultimate termination of the litigation where, as here, appellate review would involve a threshold jurisdictional issue. *See Klinghoffer*, 921 F.2d at 24 (affirming that "if we find that there is no jurisdiction over [one defendant], that finding will greatly assist the ultimate termination of the litigation"); *see also United Rope Distributors, Inc. v. Kimberly Line*, 785 F. Supp. 446, 453 (S.D.N.Y. 1992) ("[t]he denial of a motion to dismiss on the ground of lack of *in personam* jurisdiction" with respect to some defendants "is properly certifiable pursuant to the statute"). This criterion is satisfied even where appellate review would terminate the litigation as to only a subset of defendants. *See, e.g.*, *Klinghoffer*, 921 F.2d at 24; *United Rope Distributors*, 785 F. Supp. at 453. Where "substantial resources may be expended in vain both by the parties and th[e] Court if [the Court's] initial conclusion proves incorrect." *In re Dynex Capital, Inc. Sec. Litig.*, 2006 WL 1517580, at *3 (S.D.N.Y. June 2, 2006), "early appellate review" is appropriate to "avoid protracted and expensive litigation," *Lloyd's*, 1997 WL 458739, at *3 (internal quotation omitted).

If certification is granted on the waiver issue, and the Second Circuit disagrees with the legal standard applied by the Court, the plaintiff's claims against the Moving Defendants should be dismissed. But if certification is denied, the Moving Defendants will be forced to engage in what will unquestionably be years of costly and burdensome discovery alongside more than twenty other defendants, involving voluminous documents in different languages and parties and witnesses in numerous countries.

Therefore, under these circumstances, the Moving Defendants submit that certification of the Court's Order for an interlocutory appeal on the waiver issue is warranted. *See Klinghoffer*, 921 F.2d at 25; *United Rope Distributors*, 785 F. Supp. at 453; *see also In re Roman Catholic*

*Diocese of Albany, New York, Inc.*, 745 F.3d 30, 37 (2d Cir. 2014) (issuing writ of mandamus despite district court's denial of certification for interlocutory appeal to determine jurisdictional issues post-*Daimler* where continued litigation would result in invasive discovery of confidential information).

### <u>CONCLUSION</u>

For the foregoing reasons, the Moving Defendants respectfully request that the Court (1) grant reconsideration or reargument of its Order on the waiver issue, and enter an order that grants the Moving Defendants' motions to dismiss for lack of personal jurisdiction, or (2) amend its Order to state that the Court finds that the waiver issue satisfies the standard for an interlocutory appeal under 28 U.S.C. § 1292(b).

Dated:  April 14, 2015

**SHEARMAN & STERLING LLP**

By:  \_\_/s/Jerome S. Fortinsky_____
        Jerome S. Fortinsky
        John A. Nathanson
        Jeffrey J. Resetarits
        599 Lexington Avenue
        New York, NY  10022
        (212) 848-4000
        jfortinsky@shearman.com
        john.nathanson@shearman.com
        jeffrey.resetarits@shearman.com

*Attorneys for Defendant Mizuho Corporate Bank, Ltd.*

**DEBEVOISE & PLIMPTON LLP**

By:   /s/ Gary W. Kubek
      Gary W. Kubek
      Erica Weisgerber
      919 Third Avenue
      New York, NY  10022
      (212) 909-6000
      gwkubek@debevoise.com
      eweisgerber@debevoise.com

*Attorneys for Defendant The Bank of Yokohama, Ltd.*


**ARNOLD & PORTER LLP**

By:   /s/ Robert C. Mason
      Robert C. Mason
      399 Park Avenue
      New York, NY  10022
      (212) 715-1000
      robert.mason@aporter.com

      James W. Thomas, Jr.
      Bret A. Finkelstein
      555 Twelfth Street, NW
      Washington, DC   20004
      (202) 942-5000
      james.thomas@aporter.com
      bret.finkelstein@aporter.com

*Attorneys for Defendant The Shoko Chukin Bank, Ltd.*

**PILLSBURY WINTHROP SHAW
PITTMAN LLP**

By:   /s/ Andrew C. Smith
      Andrew C. Smith
      Andrew J. Kim
      1540 Broadway
      New York, NY  10036
      (212) 858-1000
      andrew.smith@pillsburylaw.com
      andrew.kim@pillsburylaw.com

*Attorneys for Defendant Shinkin Central Bank*


**SEWARD & KISSEL LLP**

By:   /s/ Dale C. Christensen, Jr.
      Dale C. Christensen, Jr.
      Michael B. Weitman
      One Battery Park Plaza
      New York, NY  10004
      (212) 574-1200
      Christensen@sewkis.com
      Weitman@sewkis.com

*Attorneys for Defendant Sumitomo Mitsui
Trust Bank, Ltd.*

**MORGAN, LEWIS & BOCKIUS LLP**

By:   /s/ Jon R. Roellke
      Jon R. Roellke
      2020 K Street, NW
      Washington, DC 20006
      (202) 373-6000
      jon.roellke@morganlewis.com

      Michael L. Spafford
      PAUL HASTINGS LLP
      875 15th Street, NW
      Washington, DC  20005
      (202) 551-1700
      michaelspafford@paulhastings.com

*Attorneys for Defendant Sumitomo Mitsui
Banking Corporation*

14

**SIDLEY AUSTIN LLP**

By:  /s/ Andrew W. Stern
      Andrew W. Stern
      Alan M. Unger
      Tom A. Paskowitz
      787 Seventh Avenue
      New York, NY  10019
      (212) 839-5300
      astern@sidley.com
      aunger@sidley.com
      tpaskowitz@sidley.com

*Attorneys for Defendant The Norinchukin Bank*

**SULLIVAN & CROMWELL LLP**

By:  /s/ Daryl A. Libow
      Daryl A. Libow
      Christopher M. Viapiano
      1700 New York Avenue, NW, Suite 700
      Washington, DC  20006
      (202) 956-7500
      libowd@sullcrom.com
      viapianoc@sullcrom.com

*Attorneys for Defendants The Bank of Tokyo-*
*Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust*
*and Banking Corporation*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   /s/ Moses Silverman
       Moses Silverman
       Andrew C. Finch
       Michael J. Biondi
       1285 Avenue of the Americas
       New York, NY  10019
       (212) 373-3000
       msilverman@paulwiess.com
       afinch@paulweiss.com
       mbiondi@paulweiss.com

*Attorneys for Defendant Deutsche Bank AG*

16