IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>     – against –<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOE NOS. 1-50,<br><br>       Defendants. | Docket No. 12-cv-3419(GBD)(HBP)<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR ENTRY OF
FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ....................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    I.   The Court Should Certify the Portion of the March 31 Order That Dismissed Stipulating Defendants. ................................................................................................................... 3

        A.  There are multiple parties and multiple claims. ........................................................... 3

        B.  The rights and liabilities of the Stipulating Defendants are fully adjudicated. ............. 4

        C.  There is no just reason to delay. ..................................................................................... 4

CONCLUSION .............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Adv. Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997) ................................ 5

*Aldo Vera v. Republic of Cuba*, 12 Civ. 1596 (AKH), 2015 U.S. Dist. LEXIS 32846 (S.D.N.Y. Mar. 17, 2015) ................................................................................................................ 2

*Chapple v. Levinsky*, 961 F.2d 372 (2d Cir. 1992) ....................................................................... 3

*Chloe v. Queen Bee of Beverly Hills, LLC*, 630 F. Supp. 2d 350 (S.D.N.Y. 2009) ........................ 4

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980) ...................................................... 5

*Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238, 2005 U.S. Dist. LEXIS 22867 (S.D.N.Y. Oct. 4, 2005) ................................................................................................. 4, 5

*Ginett v. Computer Task Grp*, 962 F.2d 1085 (2d Cir. 1992) ........................................................ 3

*Grand River Enters. Six Nations, Ltd. v. Pryor*, No. 02 Civ. 5068, 2004 U.S. Dist. LEXIS 22289 (S.D.N.Y. Nov. 3, 2004) ................................................................................................ 4, 6

*In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391 (S.D.N.Y. 2003) .................................. 6

*In re Magnetic Audiotape Antitrust Litig.*, No. 99 Civ. 1580, 2002 U.S. Dist. LEXIS 8362 (S.D.N.Y. May 9, 2002) ..................................................................................................... 4

*In re S. African Apartheid Litig.*, No. 02 MDL 1499, 2009 U.S. Dist. LEXIS 96478 (S.D.N.Y. Oct. 19, 2009) ................................................................................................................... 3

*In re Terrorist Attacks on September 11, 2001*, 03-md-01570 (S.D.N.Y. July 13, 2011) .......... 4, 5

*Laydon v. Mizuho Bank Ltd.*, No. 12 Civ. 3419, 2014 U.S. Dist. LEXIS 46368 (S.D.N.Y. Mar. 28, 2014) ........................................................................................................................... 2

*Sears, Roebuch & Co. v. Mackey*, 351 U.S. 427 (1956) ................................................................ 3

*St. Paul Mercury Ins. Co. v. FDIC*, No. 08 Civ. 21192, 2011 U.S. Dist. LEXIS 63183 (S.D. Fla. June 10, 2011) .................................................................................................................. 6

**Rules**

FED. R. CIV. P. 54(b) .............................................................................................................. *passim*

Plaintiff Jeffrey Laydon ("Plaintiff") submits this memorandum of law in support of his motion seeking entry of a final judgment, pursuant to FED. R. CIV. P. 54(b), as to the Court's March 31, 2015 Memorandum Decision and Order (the "March 31 Order"). (ECF No. 447.) The March 31 Order granted Defendants Mizuho Bank, Ltd.'s ("Mizuho Bank"), Mizuho Trust and Banking Co., Ltd.'s ("Mizuho Trust"), Resona Bank, Ltd.'s ("Resona"), and ICAP plc's ("ICAP") (collectively, "Stipulating Defendants") motions to dismiss the Second Amended Class Action Complaint ("SAC") for lack of personal jurisdiction. Plaintiff intends to immediately appeal this judgment and in the interest of efficiency and justice, this motion should be granted.

## PRELIMINARY STATEMENT

As Plaintiff alleges, Stipulating Defendants, together with the remaining Defendants, engaged in a far-reaching conspiracy to manipulate Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-based derivatives. But for the March 31 Order, Plaintiff's Commodity Exchange Act ("CEA") claims against Stipulating Defendants would proceed alongside the identical claims alleged against the remaining Defendants. Because Stipulated Defendants are, however, dismissed, there is a significant risk of inconsistent judgments if Plaintiff must wait until the claims against the remaining defendants are resolved before he can appeal the dismissal of Stipulating Defendants on personal jurisdiction grounds.

Discovery will soon commence and this case will likely continue for years without a final judgment. Discovery is expected to be wide-ranging, involving documents spanning many years from multiple countries. During this time, Stipulating Defendants will not have repose. If Plaintiff must wait until the conclusion of the extant litigation and thereafter ultimately prevails on his personal jurisdiction appeal, Plaintiff and this Court will repeat the same, expansive discovery process unnecessarily, followed by a separate trial against Stipulating Defendants. This is the duplication and inefficiency that a Rule 54(b) certification motion avoids. As such,

1

the Court should find there is no just reason for delay and enter final judgment as to Stipulating Defendants.

## FACTUAL BACKGROUND

Plaintiff filed his SAC on April 15, 2013, detailing allegations against thirty-two sophisticated market participants that abused their positions on the Yen-LIBOR and Euroyen TIBOR panels, their brokerage roles, and their relationships with interdealer brokers to manipulate the two benchmarks and gain illicit profits in the Euroyen-based derivatives market. (ECF No. 150.)  Defendants moved to dismiss the SAC under Rule 12(b)(6). (ECF Nos. 205, 206, 208, 209, 210, 211, 212, 213, 214, 217, 218, 220, 221.) The Court granted-in-part and denied-in-part Defendants' thirteen motions to dismiss in a March 28, 2014 Memorandum Decision and Order. *See Laydon v. Mizuho Bank Ltd.*, No. 12 Civ. 3419, 2014 U.S. Dist. LEXIS 46368 (S.D.N.Y. Mar. 28, 2014) [ECF No. 270].  Specifically, the Court sustained Plaintiff's claims for primary and aiding and abetting violations of the CEA against all Defendants, including Stipulating Defendants.  *Id.*

Stipulating Defendants then moved to dismiss Plaintiff's CEA claims for lack of personal jurisdiction. (ECF Nos. 312, 324, 333.)  In opposing the motions, Plaintiff argued that Stipulating Defendants are subject to personal jurisdiction in this Court, based on (i) the foreseeability of the effects of their global conspiracy; (ii) their trades with U.S.-based counterparties; (iii) imputation of the domestic banks' contacts under an aiding and abetting theory; (iv) an alter ego theory between Stipulating Defendants and their U.S. banking and brokerage subsidiaries; and (v) their use of electronic communications through U.S. wires.[1]  (ECF 367.)  In the March 31 Order, the

---

[1] Plaintiff also argued that Mizuho Bank and Mizuho Trust consented to personal jurisdiction by registering and obtaining a license from the New York State Department of Financial Services in light of *Aldo Vera v. Republic of Cuba*, 12 Civ. 1596 (AKH), 2015 U.S. Dist. LEXIS 32846 (S.D.N.Y. Mar. 17, 2015). (ECF No. 440.)

Court held that Stipulating Defendants are not subject to personal jurisdiction. (ECF No. 447.[2])
The Court denied Plaintiff's request for jurisdictional discovery. (*Id.*)

## ARGUMENT

I. **The Court Should Certify the Portion of the March 31 Order That Dismissed Stipulating Defendants.**

An appellate court lacks jurisdiction to hear an appeal of an order "dismissing fewer than all defendants" absent a Rule 54(b) certification. *Chapple v. Levinsky*, 961 F.2d 372, 374 (2d Cir. 1992). Rule 54(b) is a practical and flexible means to balance the benefits of a single appeal with a litigant's needs in multiple-claim and multiple-party cases. *See Sears, Roebuch & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *Ginett v. Computer Task Grp*, 962 F.2d 1085, 1094 (2d Cir. 1992). Rule 54(b) provides that "a district court may certify a final judgment where: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is an express determination that there is no just reason for delay.'" *In re S. African Apartheid Litig.*, No. 02 MDL 1499, 2009 U.S. Dist. LEXIS 96478, at *3-4 (S.D.N.Y. Oct. 19, 2009). Each of these three elements are satisfied here.

A. **There are multiple parties and multiple claims.**

This action involves multiple parties: the Court has personal jurisdiction over the twenty-eight remaining Defendants named in the SAC. (ECF No. 150; *see also* ECF No. 446 (holding that the ten Non-Stipulating Defendants[3] are subject to personal jurisdiction in this action).) Plaintiff's claims against all Defendants for primary and aiding and abetting violations of the CEA were sustained over a year ago, on March 28, 2014. (ECF No. 270.) Thus, the case is

---

[2] That same day, the Court granted-in-part and denied-in-part Plaintiff's Motion for Leave to Amend the SAC. (ECF No. 448.)

[3] The Non-Stipulating Defendants are: (1) Deutsche Bank AG; (2) The Bank of Tokyo Mitsubishi UFJ, Ltd.; (3) The Bank of Yokohama, Ltd.; (4) Mitsubishi UFJ Trust and Banking Corporation; (5) Mizuho Corporate Bank, Ltd.; (6) The Norinchukin Bank; (7) Shinkin Central Bank; (8) The Shoko Chukin Bank, Ltd.; (9) Sumitomo Mitsui Trust Bank, Ltd.; and (10) Sumitomo Mitsui Banking Corporation.

moving forward and there are currently live claims against multiple parties, satisfying Rule 54(b)'s first element.

### B. The rights and liabilities of the Stipulating Defendants are fully adjudicated.

The functional result of the Court's March 31 Order dismissing Stipulating Defendants for lack of personal jurisdiction is that the rights and liabilities of each of these four Defendants have been fully adjudicated by this Court. *See Grand River Enters. Six Nations, Ltd. v. Pryor*, No. 02 Civ. 5068, 2004 U.S. Dist. LEXIS 22289, at *7 (S.D.N.Y. Nov. 3, 2004) (finding that dismissal of the non-New York defendants due to lack of personal jurisdiction determined all claims against them). Stipulating Defendants cannot be held liable for the alleged manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-based derivatives because the Court concluded they are not subject to its jurisdiction. The March 31 Order, therefore, terminated the litigation concerning the Stipulating Defendants, leaving nothing remaining to do other than to execute a judgment. The second Rule 54(b) factor is satisfied.

### C. There is no just reason to delay.

While many other types of orders are inappropriate for appellate review, courts in this District routinely find no just reason to delay entry of judgment dismissing parties due to lack of personal jurisdiction. *See In re Terrorist Attacks on September 11, 2001*, 03-md-01570 [ECF No. 2445] (S.D.N.Y. July 13, 2011) (Daniels, J.); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, 630 F. Supp. 2d 350, 356 (S.D.N.Y. 2009) (Holwell, J.); *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238, 2005 U.S. Dist. LEXIS 22867, at *9 (S.D.N.Y. Oct. 4, 2005) (Lynch, J.); *Grand River Enters. Six Nations, Ltd. v. Pryor*, 2004 U.S. Dist. LEXIS 22289, at *12 (Keenan, J.); *In re Magnetic Audiotape Antitrust Litig.*, No. 99 Civ. 1580, 2002 U.S. Dist. LEXIS 8362, at *4-5 (S.D.N.Y. May 9, 2002) (McKenna, J.).

To determine whether there is no just reason for delay, the district court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Delay is unwarranted where "some danger of hardship or injustice through delay" is present. *Adv. Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). Such danger exists "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.*

1. **Judicial economy and the equities of this case weigh in favor of immediate review.**

Discovery has yet to begin in this matter and it will likely take years for the case to complete. Plaintiff is filing an amended complaint, which the remaining Defendants will answer. This action must make its way through discovery, class certification, certification of experts, summary judgment, trial, and judgment. As the Court previously reasoned:

> Absent the entry of Rule 54(b) judgments, it could be several more years before all claims against defendants are resolved – the claims against non-dismissed defendants are still in the early stages of discovery, and are complicated by the fact that many of the relevant documents are located abroad and are in foreign languages. In the meantime, the already-dismissed defendants will be unable to obtain repose, and the plaintiffs will be unable to seek appellate review of the Court's prior dismissal orders.

*In re Terrorist Attacks on September 11, 2001*, 03-md-1570 [ECF 2445 at 1]. The same concerns are present here: discovery is complicated by the fact that, according to Defendants, responsive documents are located in eleven countries and are in foreign languages. If judgment is not entered immediately, Plaintiff will have to redevelop his case against Stipulating Defendants if the Second Circuit reverses their dismissal.

An immediate appeal would not delay the adjudication of Plaintiff's sustained CEA claims against the remaining Defendants. *Freeplay Music*, 2005 U.S. Dist. LEXIS 22867, at *8

5

("The jurisdictional issue is entirely distinct from the merits of those claims."). Litigation against the remaining Defendants will proceed, with document discovery commencing as scheduled on May 15, 2015. (*See* ECF No. 451.) While document discovery continues, the Second Circuit would be able to review the March 31 Order.

If the Second Circuit determines that the Stipulating Defendants are properly subject to the jurisdiction of this Court, Plaintiff's CEA claims would advance simultaneously against the remaining Defendants and Stipulating Defendants as a whole, avoiding the substantial duplication of effort that would result from waiting until the Court issues a final decision years from now. *See Grand River*, 2004 U.S. Dist. LEXIS 22289, at *7-8 ("Rule 54(b) certification and immediate appeal of the dismissed [personal jurisdiction] claims would avoid the need for separate trial in the event of a reversal."); *see also In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 397 (S.D.N.Y. 2003) (finding judicial economy supported a Rule 54(b) certification because "a second trial and duplicative discovery may have to take place as to the erroneously dismissed defendants.").

Further, waiting to appeal runs the risk of spoliation of evidence. In the years Plaintiff will spend litigating his CEA claims, relevant documents in Stipulating Defendants' possession could be lost or destroyed and relevant witnesses may become unavailable or their memories may fade. *See St. Paul Mercury Ins. Co. v. FDIC*, No. 08 Civ. 21192, 2011 U.S. Dist. LEXIS 63183, at *8 (S.D. Fla. June 10, 2011) ("further delay could subject the FDIC to such issues as the fading memories of the witnesses involved in this case."). An immediate appeal would accelerate the notice that the Stipulating Defendants would have concerning whether they will be required to produce discovery in this matter.

Immediate appeal would not prejudice any party. To the contrary, Stipulating Defendants would receive repose in a timely fashion, rather than having to defend an appeal years from now after the question of liability has been resolved for the remaining Defendants.  A Rule 54(b) certification would not cause an incremental appellate burden. The dismissal of Stipulating Defendants is relevant to the litigation, regardless of when the appeal is heard.  The appeal presents relatively discrete questions: whether the foreign-based banks and brokers have sufficient U.S. contacts to subject them to personal jurisdiction and whether Plaintiff has met his pleading burden to secure discovery on the question.  To the extent there are any incremental burdens associated with an immediate appeal, they are outweighed by the prejudice to Plaintiff in depriving him of a chance to seek prompt appellate review and possibly advance his claims against the Stipulating Defendants concurrently with the remaining Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order (1) directing that the Clerk certify that the portion of the March 31 Order dismissing Mizuho Bank, Mizuho Trust, Resona, and ICAP from this action be entered as a as a final judgment pursuant to FED. R. CIV. P. 54(b); and (2) expressly determining that no just reason for delay exists for entry of final judgment with respect to the March 31 Order.

Dated: April 28, 2015
White Plains, New York

**LOWEY DANNENBERG COHEN & HART, P.C.**

By: */s/ Vincent Briganti*
Vincent Briganti
Geoffrey M. Horn
Peter D. St. Phillip
Thomas Skelton
Raymond Girnys
Christian Levis
One North Broadway
White Plains, New York 10601
Tel.: 914-997-0500
Fax: 914-997-0035
vbriganti@lowey.com
pstphillip@lowey.com
tskelton@lowey.com
rgirnys@lowey.com
clevis@lowey.com

*Interim Lead Class Counsel*

Nicole Lavallee
Todd A. Seaver
**BERMAN DEVALERIO**
One California Street, Suite 900  San Francisco, CA  94111
Telephone: (415) 433-3200
Facsimile:  (415) 433-6282
nlavallee@bermandevalerio.com
tseaver@bermandevalerio.com

Patrick T. Egan (PE-6812)
**BERMAN DEVALERIO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermandevalerio.com

*Additional Counsel for Plaintiffs*