UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>MIZUHO BANK, LTD., *et al.*,<br><br>                    Defendants. | Case No. 12-cv-03419 (GBD) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION OR FOR CERTIFICATION UNDER
28 U.S.C. § 1292(b) OF THE COURT'S MARCH 31, 2015 ORDER DENYING
THEIR MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    I.    RECONSIDERATION OR REARGUMENT OF THE COURT'S ORDER IS WARRANTED .................................................................................................. 1

        A.    Plaintiff Does Not Deny That A Defendant Cannot Waive A Personal Jurisdiction Defense That Is Contrary To Controlling Precedent .................................................. 1

        B.    Plaintiff Identifies No Case Finding Waiver When There Was Only Limited Participation In Pre-Trial Activities Prior To Discovery And No Unfair Prejudice To The Plaintiff ....................................................................................... 4

    II.    CERTIFICATION OF THE COURT'S ORDER UNDER 28 U.S.C. § 1292(b) IS WARRANTED .................................................................................................. 6

        A.    The Court's Order Involves Controlling Questions Of Law ..................................... 6

        B.    A Substantial Ground For Difference Of Opinion Exists .......................................... 8

        C.    An Immediate Appeal May Materially Advance The Ultimate Termination Of The Litigation................................................................................................. 9

CONCLUSION............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                   **Page(s)**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
   2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ....................................................................3, 8

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ................................................................................................... *passim*

*Datskow v. Teledyne, Inc., Cont'l Prods. Div.*,
   899 F.2d 1298 (2d Cir. 1990) ..........................................................................................5

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
   511 U.S. 863 (1994) .........................................................................................................7

*Grammenos v. Lemos*,
   457 F.2d 1067 (2d Cir. 1972) ..........................................................................................4

*Gucci America, Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014) ..................................................................................... *passim*

*Hamilton v. Atlas Turner, Inc.*,
   197 F.3d 58 (2d Cir. 1999) ..............................................................................................5

*Hawknet, Ltd. v. Overseas Shipping Agencies*,
   590 F.3d 87 (2d Cir. 2009) ..........................................................................................2, 6

*Ins. Corp. of Ir. v. Compagnie des Bauxites de Guineé*,
   456 U.S. 694 (1982) .........................................................................................................5

*In re Lloyd's Am. Trust Fund Litig.*,
   1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ...................................................................8

*Klinghoffer v. S.N.C. Achille Lauro*,
   921 F.2d 21 (2d Cir. 1990) ..............................................................................................9

*Meyer v. Bd. of Regents of Univ. of Okla.*,
   2014 WL 2039654 (S.D.N.Y. May 14, 2014) .................................................................2

*United Rope Distribs., Inc. v. Kimberly Line*,
   785 F. Supp. 446 (S.D.N.Y. 1992) ..................................................................................9

**Statutes**

28 U.S.C. § 1292..................................................................................................................6, 7, 10

**PRELIMINARY STATEMENT**

The undersigned defendants ("Moving Defendants") submit this reply memorandum in further support of their motion for reconsideration of the Court's Order that they waived their personal jurisdiction defenses, or alternatively, certification of that Order for an interlocutory appeal.  (*See* Defendants' Memorandum in Support of their Motion, Apr. 14, 2015 (Dkt. No. 453) ("Mov. Defs. Br.").)  Plaintiff's opposition does not refute the controlling legal principles that support reconsideration or an interlocutory appeal and offers no legitimate reason to deny the relief this motion seeks.  (*See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion, Apr. 29, 2015 (Dkt. No. 459) ("Opp. Br.").)

**ARGUMENT**

**I.   RECONSIDERATION OR REARGUMENT OF THE COURT'S ORDER IS WARRANTED**

   **A.   Plaintiff Does Not Deny That A Defendant Cannot Waive A Personal Jurisdiction Defense That Is Contrary To Controlling Precedent**

Plaintiff does not deny the legal principle that anchored our argument:  a defendant cannot waive a personal jurisdiction defense when that defense is contrary to controlling precedent in this Circuit.  (*See* Opp. Br. at 1-8.)  Rather, plaintiff claims that the Moving Defendants have done a "complete about-face" and are "barred by principles of judicial estoppel" from seeking reconsideration.  (Opp Br. at 1.)  Plaintiff argues that the Moving Defendants asserted that *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) "gave them a previously unavailable personal jurisdiction defense," but now assert that they could not have waived that defense before the Second Circuit's decision in *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014).  (Opp. Br. at 1; *see also id.* at 2-4.)  But the Moving Defendants have not done an "about-face" or anything else that could support judicial estoppel.  Instead, plaintiff's argument confuses the availability of a possible argument with the waiver of a defense.

1

The Moving Defendants do not deny that the *Daimler* decision provided a basis to *argue* that the Second Circuit's controlling precedent — which held that "a foreign bank with a branch in New York *was* properly subject to general personal jurisdiction here," *Gucci*, 768 F.3d at 136 (emphasis in original) — should be overruled. The Moving Defendants themselves made that argument. But the fact that a defense became *arguable* does not mean that it could be *waived* where, as here, the argument remained contrary to controlling precedent in this Circuit.

The Second Circuit has made clear, and plaintiff does not deny, that a defendant "does not waive a personal jurisdiction argument . . . if the 'argument . . . would have been directly contrary to controlling precedent in this Circuit.'" *Gucci*, 768 F.3d at 135–36 (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)). In *Gucci*, the Second Circuit stated that *Daimler* "cast doubt on" that controlling precedent — not that *Daimler* had overruled that controlling precedent. *Gucci*, 768 F.3d at 135; *see also Meyer v. Bd. of Regents of Univ. of Okla.*, 2014 WL 2039654, at *4 (S.D.N.Y. May 14, 2014) (*Daimler* "calls into question" controlling precedent that "doing business in" New York is constitutionally compliant). The Second Circuit overruled that controlling precedent only in *Gucci*, where it "appl[ied] the Court's recent decision in *Daimler*" to hold that, absent exceptional circumstances, a court could no longer exercise general jurisdiction over a bank that has branch offices in the forum, but is incorporated and headquartered elsewhere. *See Gucci*, 768 F.3d at 135. Thus, even though the Moving Defendants had a basis for a new argument after *Daimler*, the Moving Defendants could not be held to have *waived* it until after the *Gucci* decision.[1]

---

[1] The Supreme Court often articulates general principles that the lower courts then must interpret and apply to particular factual situations. Here, the Supreme Court articulated a broad principle about general jurisdiction in *Daimler*, but it was not until the Second Circuit interpreted and applied that principle in *Gucci* to foreign banks with branches or offices in New York that controlling precedent in this Circuit was overturned.

2

The plaintiff's own conduct in this case confirms as much, and it is plaintiff who has done an "about-face" on these issues. Although plaintiff now asserts that *Daimler* overruled the prior Second Circuit precedent, he previously claimed that, notwithstanding *Daimler*, he had made a *prima facie* showing of general jurisdiction over the Moving Defendants. (Plaintiff's Memorandum of Law in Opposition to Non-Stipulating Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and for a Stay of Discovery, Aug. 29, 2014, Dkt. No. 366 at 11-23.) Only *after* the Second Circuit's ruling in *Gucci* did plaintiff's counsel concede, during oral argument, that the Court lacked general jurisdiction over all but one of the Moving Defendants. (Hrg. Tr. at 66, 68, Sept. 30, 2014, Dkt. No. 392.)

The result in this case should be the same as in *7 West 57th St. Realty Co., LLC v. Citigroup, Inc.*, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015), which was decided the same day the Court handed down the Order at issue here. In *7 West 57th St. Realty Co.*, the court held that the defendants — including several of the Moving Defendants — did not waive the same objection to personal jurisdiction made here, even though those defendants did not assert their objections until after the Second Circuit's decision in *Gucci*, nearly ten months after *Daimler* was decided and several months after the Moving Defendants here filed their motions to dismiss for lack of personal jurisdiction. There, as here, the prior precedent holding foreign banks subject to jurisdiction based on the operation of a local branch or office remained controlling in this Circuit until *Gucci* expressly overruled it. And there, as here, the defendants could not have waived their personal jurisdiction defenses that were contrary to that controlling precedent until after *Gucci* was decided.

### B. Plaintiff Identifies No Case Finding Waiver When There Was Only Limited Participation In Pre-Trial Activities Prior To Discovery And No Unfair Prejudice To The Plaintiff

Plaintiff does not dispute that the Second Circuit requires courts to approach conduct-based waiver of personal jurisdiction with "enhanced caution" and to be "slower" to find waiver by a defendant contesting a court's personal jurisdiction rather than service of process. (Opp. Br. at 4-5.) Plaintiff claims that the Court exercised "enhanced caution" when it listed a few occasions during which the Moving Defendants could have told the Court and plaintiff that they might file personal jurisdiction motions. (*See* Opp. Br. at 5-6.) But plaintiff does not and cannot deny that other courts have found conduct-based waiver only in much more extreme circumstances — where, for example, a defendant participated in substantial pretrial proceedings including discovery on the merits, or when a defendant's extensive delay unfairly prejudiced the plaintiff. (*See* Mov. Defs. Br. at 5-8.) Neither of those bases for waiver is present here.

Plaintiff identifies no case finding waiver based on anything like the limited pretrial activities of the Moving Defendants before they filed their personal jurisdiction motions — that is, while briefing on plaintiff's motion to amend his complaint was still incomplete, other defendants were moving to dismiss on personal jurisdiction grounds, and discovery had not yet commenced. (*See* Opp. Br. at 7-8.) The only two cases that plaintiff cites not only provide no support for waiver under these circumstances, but also reinforce why this Court should reconsider its Order.

Plaintiff first cites a case decided more than four decades ago, *Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972), in which the Second Circuit concluded that the defendants *did not waive* a defense of *insufficient service of process*. *See id.* at 1070. The Second Circuit noted that waiver may occur "[i]f a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way." *Id.* But this statement is hardly surprising,

4

because the purpose of service of process is to put a defendant on notice of the lawsuit, and if the defendant "enters a case [and] makes no objection," that defendant should not be able to later assert a lack of notice. The Second Circuit more recently has highlighted the distinction between waiver of a defective service defense and waiver of a personal jurisdiction defense, and concluded that there should be a higher bar for finding waiver of a personal jurisdiction defense. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999) (courts should be "'slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court'") (quoting *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990)).

Plaintiff also cites *Insurance Corporation of Ireland v. Compagnie des Bauxites de Guineé*, 456 U.S. 694 (1982), for the general proposition that a defendant's "actions . . . may amount to a legal submission to the jurisdiction of the court." (Opp. Br. at 7, n.33.) But in *Compagnie*, the Supreme Court affirmed a sanction against the defendants, which resulted in the waiver of their personal jurisdiction defense, because the defendants repeatedly (1) failed to comply with the trial court's orders, (2) failed to produce information relevant to the personal jurisdiction defense, and (3) ignored the trial court's warnings that they would be sanctioned if they failed to follow the court's orders. *Compagnie*, 456 U.S. at 708. No such circumstances are present here, and *Compagnie* underscores the kind of extreme circumstances required for waiver.

In addition, in *Compagnie*, the Supreme Court emphasized that a sanction that resulted in a finding of personal jurisdiction must be "just." *Id.* at 707. Here, it is not disputed that the Moving Defendants asserted their personal jurisdiction defense prior to any discovery, at the same time as other defendants, and did not delay their motions to obtain some unfair advantage or prejudice plaintiff. (*See* Mov. Defs. Br. at 6-8; Opp. Br. at 4-8.) Yet a finding of waiver would force the ten foreign banks that are the Moving Defendants to expend enormous resources

5

on years of fact discovery, class certification proceedings, expert discovery, summary judgment, and perhaps trial, even though absent a finding of waiver, this Court lacks personal jurisdiction over them. The Moving Defendants respectfully submit that such a ruling is not "just," and reconsideration should be granted in these circumstances.

## II.     CERTIFICATION OF THE COURT'S ORDER UNDER 28 U.S.C. § 1292(b) IS WARRANTED

Plaintiff concedes in his own separate motion seeking an interlocutory appeal of the Court's order on his motion to amend that "large, complex cases present greater efficiency concerns so certification [for interlocutory appeal] may be more freely granted in so-called 'big' cases." (Memorandum in Support of Plaintiff's Motion for Interlocutory Appeal, Apr. 30, 2015 (Dkt. No. 462) at 3 (internal quotation omitted).) And plaintiff himself wants to immediately appeal the Court's order granting the personal jurisdiction motions of the "Stipulating Defendants." (*See* Plaintiff's Memorandum in Support of His Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b), Apr. 28, 2015 (Dkt. No. 458).)  His opposition fails to reconcile his own requests for immediate appeals with his objection to the relief the Moving Defendants seek and, fundamentally, fails to rebut the reasons that support that relief.

### A.     The Court's Order Involves Controlling Questions Of Law

Plaintiff argues that the Moving Defendants "fail to present a controlling question of law" because they "do not disagree with the waiver standard this Court applied." (Opp. Br. at 8-9.) That is incorrect.

First, the Moving Defendants respectfully submit that this Court should have applied the legal standard — which plaintiff does not dispute — that a defendant "does not waive a personal jurisdiction argument . . . if the 'argument . . . would have been directly contrary to controlling precedent in this Circuit.'" *Gucci*, 768 F.3d at 135-36 (quoting *Hawknet*, 590 F.3d at 92). As set

out above, that legal standard requires a finding that the Moving Defendants could not have waived their personal jurisdiction arguments because they were directly contrary to controlling Second Circuit precedent at the time the Moving Defendants filed their personal jurisdiction motions.  (*See* pages 1-3 above; Mov. Defs. Br. at 4-5, 8; *Gucci*, 768 F.3d at 135-36.)  The existence of that controlling legal standard (which bars a finding of waiver) is a pure question of law and plaintiff does not assert otherwise.  (*See* Opp. Br. at 8-9.)

Second, the Moving Defendants respectfully submit that even if waiver were possible before the decision in *Gucci*, the Court should have applied the controlling legal standard for conduct-based waiver.  That legal standard permits waiver only when a defendant participates in substantial pretrial proceedings including discovery on the merits, or when a defendant's extensive delay unfairly prejudices the plaintiff.  (*See* pages 3-5 above; Mov. Defs. Br. at 5-8.)  That controlling legal standard bars a finding of waiver where, as here, the Moving Defendants filed their personal jurisdiction motions *before* briefing on plaintiff's motion to amend his complaint was concluded, *at the same time* other defendants were moving to dismiss on personal jurisdiction grounds, and when *no discovery* had been taken in the case.  (*See id.*)

Plaintiff asserts that application of this legal standard is "a mixed question of law and fact, *i.e.*, whether [the Moving Defendants'] post-*Daimler* litigation conduct (facts) amounted to a waiver."  (Opp. Br. at 9.)  But whether this Court applied the proper legal standard to those facts is a question of law appropriate for an interlocutory appeal under § 1292(b).  *See*, *e.g.*, *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994) (appellant's "insistence that the District Court applied a fundamentally wrong legal standard . . . is relevant to the availability of the discretionary interlocutory appeal . . . provided for in § 1292(b)").  Moreover, there is no factual dispute as to the post-*Daimler* conduct in which the Moving Defendants engaged prior to filing their personal jurisdiction motions.  Whether the controlling legal

7

standard permits a finding of waiver based on those undisputed facts is a question of law that an interlocutory appeal would resolve.

In addition, both of the foregoing questions of law are controlling because reversal of the Court's Order "could result in dismissal of the action" with respect to the Moving Defendants and "significantly affect the conduct of the action." *In re Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997). Absent waiver, the Court likely would have dismissed this action against Moving Defendants on the same basis as the Court dismissed the "Stipulating Defendants." (*See* Mov. Defs. Br. at 9-10.)

### B. A Substantial Ground For Difference Of Opinion Exists

Plaintiff argues that "[s]ince there is no controlling question of law," there also "cannot be a substantial ground for difference of opinion." (Opp. Br. at 9.) But as shown above, the Court's Order does involve controlling questions of law, and there plainly is substantial ground for difference of opinion on whether the application of those controlling legal principles permits a finding of waiver in this case.

Moreover, plaintiff correctly concedes that there is a "substantial ground for difference of opinion" when there is "conflicting authority on the issue." (*Id.* (internal quotation omitted).) But he incorrectly asserts that *7 West 57th Street Realty* does not conflict with the Court's Order because the plaintiffs in that case "*did not argue* that defendants waived their personal jurisdiction defenses by conduct." (*Id.* (emphasis in original).) The plaintiff in that case *did* argue conduct-based waiver, asserting that "*Daimler* and *Walden* were decided in January and February, respectively, [and] [d]efendants have no excuse for delaying nearly ten months to raise these objections." *7 W. 57th St. Realty*, No. 13-cv-0981, Pl. Opp. to Defs.' Mot. to Dismiss at 19, ECF No. 157 at 19. Judge Gardephe summarily rejected that conduct-based waiver argument

and addressed the merits of the defendants' personal jurisdiction motions. *See 7 W. 57th St. Realty*, 2015 WL 1514539, at *5-7.

### C. An Immediate Appeal May Materially Advance The Ultimate Termination Of The Litigation

Finally, plaintiff argues that an immediate appeal "would not materially advance this litigation" because "over a dozen defendants do not join the motion" and they "will remain litigating in this Court." (Opp. Br. at 10.) However, as the Moving Defendants demonstrated, courts hold that an immediate appeal of a threshold jurisdictional issue *will* materially advance the ultimate termination of the litigation even where only some defendants seek dismissal on personal jurisdiction grounds. (*See* Mov. Defs. Br. at 11 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), and *United Rope Distribs., Inc. v. Kimberly Line*, 785 F. Supp. 446, 453 (S.D.N.Y. 1992)).) Plaintiff cites no contrary authority. (*See* Opp. Br. at 10.)

Plaintiff also argues that even if the Second Circuit were to find a lack of waiver, on remand "[t]he Court would still need to perform a defendant-by-defendant analysis as to whether this Court has specific jurisdiction" over the Moving Defendants "on the record as it exists after remand." (*Id.*) But plaintiff concedes that general jurisdiction is lacking. (*See* Mov. Defs. Br. at 9-10.) And the Court already rejected plaintiff's arguments as to specific jurisdiction over the similarly situated "Stipulating Defendants," and concluded that plaintiff did not show that any relevant facts might be found through discovery. (*See* Mov. Defs. Br. at 9-10; Memorandum Decision and Order, March 31, 2015, Dkt. No. 447, at 5-13.)

9

**CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully request that the Court (1) grant reconsideration or reargument of its Order on the waiver issue, and enter an order that grants the Moving Defendants' motions to dismiss for lack of personal jurisdiction, or (2) amend its Order to state that the Court finds that the waiver issue satisfies the standard for an interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: May 11, 2015

**SHEARMAN & STERLING LLP**

By: /s/ Jerome S. Fortinsky
    Jerome S. Fortinsky
    John A. Nathanson
    Jeffrey J. Resetarits
    599 Lexington Avenue
    New York, NY 10022
    (212) 848-4000
    jfortinsky@shearman.com
    john.nathanson@shearman.com
    jeffrey.resetarits@shearman.com

*Attorneys for Defendant Mizuho Corporate Bank, Ltd.*

**DEBEVOISE & PLIMPTON LLP**

By: /s/ Gary W. Kubek
    Gary W. Kubek
    Erica Weisgerber
    919 Third Avenue
    New York, NY 10022
    (212) 909-6000
    gwkubek@debevoise.com
    eweisgerber@debevoise.com

*Attorneys for Defendant The Bank of Yokohama, Ltd.*

**ARNOLD & PORTER LLP**

By:   /s/ Robert C. Mason
     Robert C. Mason
     Bret A. Finkelstein
     399 Park Avenue
     New York, NY 10022
     (212) 715-1000
     robert.mason@aporter.com
     bret.finkelstein@aporter.com

     James W. Thomas, Jr.
     555 Twelfth Street, NW
     Washington, DC 20004
     (202) 942-5000
     james.thomas@aporter.com

*Attorneys for Defendant The Shoko Chukin Bank, Ltd.*

**PILLSBURY WINTHROP SHAW**
   **PITTMAN LLP**

By:   /s/ Andrew C. Smith
     Andrew C. Smith
     Andrew J. Kim
     1540 Broadway
     New York, NY 10036
     (212) 858-1000
     andrew.smith@pillsburylaw.com
     andrew.kim@pillsburylaw.com

*Attorneys for Defendant Shinkin Central Bank*

**SEWARD & KISSEL LLP**

By: /s/ Dale C. Christensen, Jr.
    Dale C. Christensen, Jr.
    Michael B. Weitman
    One Battery Park Plaza
    New York, NY 10004
    (212) 574-1200
    Christensen@sewkis.com
    Weitman@sewkis.com

*Attorneys for Defendant Sumitomo Mitsui Trust Bank, Ltd.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Jon R. Roellke
    Jon R. Roellke
    2020 K Street, NW
    Washington, DC 20006
    (202) 373-6000
    jon.roellke@morganlewis.com

    Michael L. Spafford
    PAUL HASTINGS LLP
    875 15th Street, NW
    Washington, DC 20005
    (202) 551-1700
    michaelspafford@paulhastings.com

*Attorneys for Defendant Sumitomo Mitsui Banking Corporation*

**SIDLEY AUSTIN LLP**

By:   /s/ Andrew W. Stern
     Andrew W. Stern
     Alan M. Unger
     Tom A. Paskowitz
     787 Seventh Avenue
     New York, NY  10019
     (212) 839-5300
     astern@sidley.com
     aunger@sidley.com
     tpaskowitz@sidley.com

*Attorneys for Defendant The Norinchukin Bank*


**SULLIVAN & CROMWELL LLP**

By:   /s/ Daryl A. Libow
     Daryl A. Libow
     Christopher M. Viapiano
     1700 New York Avenue, NW, Suite 700
     Washington, DC  20006
     (202) 956-7500
     libowd@sullcrom.com
     viapianoc@sullcrom.com

*Attorneys for Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation*


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   /s/ Moses Silverman
     Moses Silverman
     Andrew C. Finch
     Michael J. Biondi
     1285 Avenue of the Americas
     New York, NY  10019
     (212) 373-3000
     msilverman@paulwiess.com
     afinch@paulweiss.com
     mbiondi@paulweiss.com

*Attorneys for Defendant Deutsche Bank AG*