

RICHARDS KIBBE & ORBE LLP

Brian S. Fraser
D 212.530.1820
F 917.344.8820
bfraser@rkollp.com

May 12, 2015

**BY ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD)

Dear Judge Daniels:

    We represent former defendant ICAP plc ("ICAP") and proposed defendant ICAP Europe Ltd ("IEL"). We respectfully submit this letter to call the Court's attention to the inefficiencies that would result if Plaintiff is permitted to take an immediate appeal of the Court's recent jurisdictional ruling.

    On March 31, 2015, the Court held that it lacked personal jurisdiction over ICAP and dismissed ICAP as a defendant in this case. ECF No. 447 (the "March 31 Order"). On April 28, 2015, Plaintiff filed the instant Rule 54(b) motion for entry of a final judgment to allow him to "immediately appeal" the Court's dismissal of ICAP, as well as the other Stipulating Defendants, on personal jurisdiction grounds. ECF No. 457.[1] Because an immediate appeal of the March 31 Order would not materially advance the efficient administration of this case, Plaintiff's request for entry of a final judgment under Rule 54(b) should be denied.

    Rule 54(b) states, in relevant part, that where multiple parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only* if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). The Second Circuit has explained that "in light of the historic federal policy against piecemeal appeals, the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised sparingly." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quotation marks and citation omitted). In determining whether to certify a final judgment under Rule 54(b), a court "may properly make a finding that there is no just reason for delay *only* when there exists some danger of hardship or

---

[1] Two days later, on April 30, 2015, Plaintiff filed a separate motion for an interlocutory appeal under 28 U.S.C. § 1292(b) to appeal certain aspects of the Court's ruling on Plaintiff's motion to amend the complaint. ECF No. 461.

The Honorable George B. Daniels                                                                Page 2
May 12, 2015

injustice through delay which would be alleviated by immediate appeal." *Id.* (emphasis added) (quotation marks and citation omitted). Moreover, the Second Circuit has explained that in determining whether "there is no just reason for delay," courts must consider the "judicial administrative interests as well as the equities involved," as "[c]onsideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Novick v. AXA Network, LLC.*, 642 F.3d 304, 310-11 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)); *see also Ginett v. Computer Task Group., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992) (noting that the "proper guiding star" is the "interest of sound judicial administration") (quotation marks and citation omitted).

In applying these principles, the Second Circuit has held that Rule 54(b) certification should not be granted "if the same or closely related issues remain to be litigated." *Novick*, 642 F.3d at 311 (citation omitted). Thus, "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Id.* (quotation marks and citation omitted).

Here, an immediate appeal of the Court's March 31 Order would neither materially advance the litigation nor promote the interest of sound judicial administration. Plaintiff has expressed his intention to amend the Second Amended Complaint to add six new parties, including IEL, as defendants in this action.[2] For its part, IEL intends to move to dismiss the Third Amended Complaint for lack of personal jurisdiction once it has been served. Assuming IEL's motion to dismiss (and possibly those of other new defendants) is granted, Plaintiff will undoubtedly seek leave to immediately appeal that decision as well, leading to multiple piecemeal interlocutory appeals.

Plaintiff will not suffer any "danger or hardship or injustice" if his appeal of the March 31 Order proceeds in the ordinary course at the end of the case. But an immediate appeal will undermine the interest in sound judicial administration.

Respectfully submitted,

Brian S. Fraser

cc: All Counsel

---

[2] The additional defendants named in the Proposed Third Amended Complaint are IEL, Lloyds Banking Group, PLC, Tullett Prebon, PLC and Martin Brokers (UK) Ltd. ECF No. 302. Plaintiff's counsel also recently stated an intention in a letter to the Court to add an additional two defendants, Bank of America and DB Group Services (UK) Limited. ECF No. 460.