

**C. FAIRLEY SPILLMAN**
+1 202.887.4409/fax: +1 202.887.4288
fspillman@akingump.com

May 12, 2015

**BY ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Laydon v. Mizuho Bank, Ltd., et al., No. 12-cv-3419 (GBD)

Dear Judge Daniels:

    We represent former defendant Resona Bank, Ltd. ("Resona"), and respectfully submit this letter in response to Plaintiff's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).  Dkt. No. 458.

    On March 31, 2015, the Court held that it lacked personal jurisdiction over Resona and the other "Stipulating Defendants" that had expressly reserved their right to challenge personal jurisdiction.  Dkt. No. 447.  On April 28, 2015, Plaintiff filed the instant motion for entry of a final judgment to allow an immediate appeal of the Court's dismissal of Resona and the other Stipulating Defendants on personal jurisdiction grounds.  ECF No. 457.  Given the procedural complexity of this action and the possibility that additional defendants may be dismissed on jurisdictional grounds, immediate appeal of the March 31 order would not materially advance the efficient administration of this case, and Plaintiff's request for an entry of final judgment pursuant to Rule 54(b) should be denied.

    It is undisputed that a Rule 54(b) entry of judgment is an exception to the rule that "a final judgment is proper only after the rights and liabilities of all the parties to an action have been adjudicated."  *Hogan v. Consolidated Rail Corp*., 961 F.2d 1021, 1024-25 (2d Cir. 1992).  This rule "reflects the conclusion that '[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation."  *Bullard v. Blue Hills Bank*, 575 U.S. ___, 135 S.Ct. 1686, No. 14-116, slip op. at 4 (May 4, 2015) (quoting *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).  Such exceptions are not to be granted



The Honorable George B. Daniels
May 12, 2015
Page 2

lightly, as "federal policy generally disfavors 'piecemeal' appellate litigation." *Ginett v. Computer Task Grp., Inc*., 962 F.2d 1085, 1093 (2d Cir. 1992). "Rather, certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Ruffolo v. Oppenheimer & Co*., 949 F.2d 33, 36 (2d Cir. 1991) (internal citations omitted). The existence of individualized claims is insufficient on its own to warrant a final judgment. Indeed, the Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss–Wright Corp. v. General Electric Co*., 446 U.S. 1, 8, (1980)).

Against this backdrop entry of a final judgment as to the Stipulating Defendants is premature and could result in the very piecemeal appellate litigation the Second Circuit and the Supreme Court have repeatedly cautioned against.

The instant putative class action involves over two dozen defendants, and Plaintiff seeks to add additional claims, plaintiffs, and additional offshore defendants (including ICAP Europe Ltd., an affiliate of dismissed defendant ICAP plc). *See* Plaintiff's Memorandum in Support of Motion to Amend/Correct Amended Complaint (Dkt. No. 302); Plaintiff's April 29, 2015 Letter Re: CalSTRS' Letter Motion (Dkt. No. 460). Not only is Plaintiff is seeking permission to appeal the Court's partial denial of its motion for leave to amend, but the Non-Stipulating Defendants are additionally seeking reconsideration or appeal of the Court's denial of their own jurisdictional motions. *See* Motion for Leave to Appeal (Dkt. No. 461); Motion for Reconsideration or for Certification (Dkt. No. 452). Should Plaintiffs succeed in adding these additional defendants or the Non-Stipulating Defendants' jurisdictional motions be reconsidered by the Court, additional jurisdictional and non-jurisdictional appeals will likely follow seriatim. Given the size and nature of the case, appeal of the March 31 order would be premature and could result in non-consolidated appeals, needlessly increasing costs for both the parties and the courts. *See Curtiss-Wright*, 446 U.S. at 8 ("in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved"); *see also Ginett*, 962 F.2d at 1095 ("We should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot our decision on the appealed claim or require us to decide issues twice.").

For the foregoing reasons, Resona requests that Plaintiff's motion for entry of final judgment be denied.



The Honorable George B. Daniels
May 12, 2015
Page 3

Sincerely,

*C. Fairley Spillman* /NCH

C. Fairley Spillman

cc:     All counsel (via ECF)