# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————

JEFFREY LAYDON, on behalf of himself and all : \
others similarly situated, :
:
     Plaintiff, :
:
    v. :    Case No. 12-cv-3419 (GBD)
:
MIZUHO BANK, LTD., THE BANK OF TOKYO- :    ECF Case \
MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST :
AND BANKING CO., LTD., THE NORINCHUKIN :
BANK, MITSUBISHI UFJ TRUST AND BANKING :
CORPORATION, SUMITOMO MITSUI BANKING :
CORPORATION, RESONA BANK, LTD., J.P. :
MORGAN CHASE & CO., J.P. MORGAN CHASE :
BANK, NATIONAL ASSOCIATION, J.P. MORGAN :
SECURITIES PLC, MIZUHO CORPORATE BANK, :
LTD., CHUO MITSUI TRUST & BANKING CO. :
LTD., DEUTSCHE BANK AG, MIZUHO TRUST :
AND BANKING CO., LTD., THE SHOKO CHUKIN :
BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, :
UBS SECURITIES JAPAN LTD., THE BANK OF :
YOKOHAMA, LTD., SOCIETE GENERALE SA, THE :
ROYAL BANK OF SCOTLAND GROUP PLC, :
ROYAL BANK OF SCOTLAND PLC, BARCLAYS :
BANK PLC, CITIBANK, NA, CITIGROUP, INC., :
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL :
MARKETS JAPAN, INC., COÖPERATIEVE :
CENTRALE RAIFFEISEN-BOERENLEENBANK :
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC,: :
ICAP PLC, R.P. MARTIN HOLDINGS LIMITED :
AND JOHN DOE NOS. 1-50, :
:
     Defendants. :
——————————————————————— :

# DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
# MOTION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

## TABLE OF CONTENTS

**Page**

BACKGROUND ........................................................................................................1

LEGAL STANDARD ...............................................................................................2

ARGUMENT .............................................................................................................4

    I.   Interlocutory Review of the Court's Ruling Regarding the Extraterritoriality of Plaintiff's Proposed RICO Claim Is Not Appropriate. ........................................4

        A.  The ruling was not based on the question of law Plaintiff now claims is controlling. ...........................................................................................4

        B.  The question of law identified is not controlling. ..........................................6

        C.  There is no substantial ground for difference of opinion regarding the question presented. ..............................................................................................7

    II.  Interlocutory Review of the Court's RICO Standing Ruling Is Unwarranted. ...................8

        A.  The issue of RICO standing is not a controlling question of law. ................8

        B.  There is no substantial ground for a difference of opinion. ........................10

    III. This Court's Application of Rule 15(c) Does Not Raise Any Issues Requiring Certification. ...........................................................................................11

        A.  There is no controlling question of law. ..................................................12

        B.  There is no substantial ground for difference of opinion. ..........................13

    IV. Immediate Appeal Would Not Materially Advance Termination of the Litigation. .........15

    V.  Plaintiff Has Not Demonstrated that Exceptional Circumstances Exist. ...........................17

CONCLUSION.........................................................................................................18

# INDEX OF AUTHORITIES

**Page(s)**

CASES

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
    426 F. Supp. 2d 125 (S.D.N.Y. 2005)....................................................................11

*Beach v. Citigroup Alt. Invs. LLC*,
    No. 12-7717, 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014)..........................................13, 14, 15

*Becker v. Wells Fargo Bank*,
    No. 10-2799, 2012 WL 4364148 (E.D. Cal. Sept. 20, 2012) ...................................17

*Bishop v. Best Buy, Co., Inc.*,
    No. 08-8427, 2011 WL 4011449 (S.D.N.Y. Sept. 8, 2011) .....................................16

*Bush v. Adams*,
    629 F. Supp. 2d 468 (E.D. Pa. 2009) .......................................................................17

*Drennan v. PNC Bank, N.A.*,
    622 F.3d 275 (3d Cir. 2010)..................................................................................13, 14

*Dunn v. Chattanooga Publ'g Co.*,
    No. 12-252, 2013 WL 587493 (E.D. Tenn. Feb. 14, 2013)....................................16

*European Cmty. v. RJR Nabisco, Inc.*,
    764 F.3d 129 (2d Cir. 2014), *reh'g denied*, 764 F.3d 149 (2d Cir. 2014) .................5

*Florio v. City of New York*,
    No. 06-6473, 2008 WL 3068247 (S.D.N.Y. Aug. 5, 2008).......................................3

*Harriscom Svenska AB v. Harris Corp.*,
    947 F.2d 627 (2d Cir. 1991).......................................................................................17

*Holmes v. Sec. Inv. Prot. Corp.*,
    503 U.S. 258 (1992).........................................................................................9, 10, 11

*In re Buspirone Patent Litig.*,
    210 F.R.D. 43 (S.D.N.Y. 2002) .............................................................................7, 11

*In re Citigroup Pension Plan ERISA Litig.*,
    No. 05-5296, 2007 WL 1074912 (S.D.N.Y. Apr. 4, 2007) .....................................10

*In re Cross Media Mktg. Corp.*,
    No. 03-13901, 2007 WL 2743577 (S.D.N.Y. Sept. 19, 2007) .....................2, 3, 4, 17

*In re Enron Corp.*,
    No. M-47, 2008 WL 281972 (S.D.N.Y. Jan. 25, 2008)........................................................16

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014)..........................................................................3, 4, 18

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)..........................................................................................3, 7

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
    No. 10-3461, 2014 WL 5002090 (S.D.N.Y. Oct. 7, 2014)............................................ passim

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    935 F. Supp. 2d 666 (S.D.N.Y. 2013)...............................................................................8

*In re World Trade Ctr. Disaster Site Litig.*,
    469 F. Supp. 2d 134 (S.D.N.Y. 2007).............................................................................17

*In re Worldcom, Inc.*,
    No. M-47, 2003 WL 21498904 (S.D.N.Y. June 3, 2003).........................................................9

*Isra Fruit Ltd. v. Agrexco Agric. Exp. Co.*,
    804 F.2d 24 (2d Cir. 1986)..........................................................................................16

*Johnson v. City of Shelby*,
    135 S. Ct. 346 (2014)................................................................................................12

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)........................................................................................2, 6

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)..........................................................................................2

*Laydon v. Mizuho Bank, Ltd.*,
    No. 12-3419, 2015 WL 1515487 (S.D.N.Y. Mar. 31, 2015).......................................... passim

*Locke v. Tom James Co.*,
    No. 11-2961, 2014 WL 572574 (S.D.N.Y. Feb. 11, 2014)....................................................15

*Lutzeier v. Citigroup Inc.*,
    No. 14-183, 2015 WL 1821255 (E.D. Mo. Apr. 21, 2015) ...................................................16

*Murray v. UBS Sec., LLC*,
    No. 12-5914, 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014) ....................................3, 10, 13, 15

*N.F.L. Ins. Ltd. By Lines v. B&B Holdings, Inc.*,
    No. 91-8580, 1993 WL 255101 (S.D.N.Y. July 1, 1993)......................................................16

*Nat'l Asbestos Workers Med. Fund. v. Phillip Morris, Inc.*,
  71 F. Supp. 2d 139 (E.D.N.Y. 1999) ................................................................3, 9

*Picard v. Katz*,
  466 B.R. 208 (S.D.N.Y. 2012)................................................................................7

*Primavera Familienstifung v. Askin*,
  139 F. Supp. 2d 567 (S.D.N.Y. 2001)....................................................................6

*Redhead v. Conference of Seventh-Day Adventists*,
  No. 03-6187, 2006 WL 2729035 (E.D.N.Y. Sept. 25, 2006) ................................11

*Reich v. Lopez*,
  No. 13-5307, 2015 WL 1632332 (S.D.N.Y. Apr. 13, 2015) ..................................9

*Ryan, Beck & Co., LLC v. Fakih*,
  275 F. Supp. 2d 393 (E.D.N.Y. 2003) ..................................................................10

*SEC v. Credit Bancorp, Ltd.*,
  103 F. Supp. 2d 223 (S.D.N.Y. 2000)....................................................................6

*SEC v. Straub*,
  No. 11-9645, 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013)....................................2

*SEC v. U.S. Envtl., Inc.*,
  155 F.3d 107 (2d Cir. 1998)...................................................................................5

*Weber v. U.S. Trustee*,
  484 F.3d 154 (2d Cir. 2007)...................................................................................7

## STATUTES

28 U.S.C. § 1292.................................................................................................... passim

## OTHER AUTHORITIES

16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ...............................................................5

Plaintiff has not come close to satisfying the prerequisites for interlocutory appeal of this Court's order denying most parts of Plaintiff's motion for leave to file a Third Amended Complaint.[1]  Plaintiff asks the Court for exceptional relief—leave to "jump the line" and immediately appeal rulings with which he disagrees.  But Plaintiff's disagreements with the Court's rulings are far from exceptional—they are quintessentially typical of plaintiffs whose claims have been dismissed.  Such routine disagreement does not justify an interlocutory appeal. Plaintiff has not satisfied the stringent requirements for the exceptional relief that he requests, and his motion should be denied.

## BACKGROUND

Plaintiff Jeffrey Laydon moved to amend his Second Amended Complaint, submitting a Proposed Third Amended Complaint ("PTAC") that sought to: (a) add two new plaintiffs (Sullivan and OPPRS); (b) add four new defendants; and (c) add new legal claims for violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and breach of the implied covenant of good faith and fair dealing.  (*See* ECF No. 302).  On March 31, 2015, the Court issued an order granting in part and denying in part Plaintiff's motion for leave to amend. The Court granted Plaintiff's motion insofar as he sought to add four new defendants, and denied Plaintiff's motion insofar as he sought to add new plaintiffs and legal claims.  *Laydon v. Mizuho Bank, Ltd.*, No. 12-3419, 2015 WL 1515487, at *1 (S.D.N.Y. Mar. 31, 2015) (the "Order"). Plaintiff now asks the Court for permission to take an interlocutory appeal, well before the entry of a final judgment, from three portions of the Court's Order with which he disagrees: that (1)

---

[1] Plaintiff's motion for interlocutory appeal lists Stephen Sullivan ("Sullivan") and the Oklahoma Police Pension & Retirement System ("OPPRS") as plaintiffs in the caption, and purports to bring the motion on behalf of these entities as well.  Mot. at 1.  Sullivan and OPPRS are not and have never been plaintiffs, however.  For this reason, Defendants refer to "Plaintiff" as the movant in this response.

Plaintiff's proposed RICO claims would require an improper extraterritorial application of the RICO statute, (2) Plaintiff lacks standing to assert his proposed RICO claims, and (3) Sullivan's and OPPRS's proposed claims do not relate back to Plaintiff's initial complaint.

## LEGAL STANDARD

Litigants are generally required to wait for a final judgment before they may appeal.  *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  "Certification of an interlocutory appeal is a rare exception" to this rule.  *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-3461, 2014 WL 5002090, at *1 (S.D.N.Y. Oct. 7, 2014).  Section 1292(b) provides a means for appealing from interlocutory orders *only* where: (1) the order involves a controlling question of law; (2) as to which there is a substantial difference of opinion; *and* (3) an immediate appeal will materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  "These three criteria are conjunctive, not disjunctive, and courts may only certify an interlocutory appeal where all three are satisfied."  *SEC v. Straub*, No. 11-9645, 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013).

A controlling question of law is one "that the reviewing court could decide quickly and cleanly without having to study the record."  *In re Cross Media Mktg. Corp.*, No. 03-13901, 2007 WL 2743577, at *2 (S.D.N.Y. Sept. 19, 2007) (Daniels, J.).  In assessing whether a question of law is "controlling," the district court considers whether: (1) reversal could result in dismissal of the action; (2) reversal, even though not resulting in dismissal, could significantly affect the conduct of the action; or (3) the certified issue has precedential value for a large number of cases.  *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24-25 (2d Cir. 1990).  Requests for interlocutory appeal seeking to challenge the district court's application of the appropriate legal standard to the facts alleged do not involve a controlling question of law and

2

should be denied.  *In re Goldman Sachs*, 2014 WL 5002090 at *1; *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) ("questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)").

A substantial ground for difference of opinion exists where "there is conflicting authority on the issue." *In re Goldman Sachs*, 2014 WL 5002090 at *3.  "A mere disagreement or the possibility of a different outcome on appeal is not sufficient to show a substantial ground for difference of opinion. . . . ." *Id.*; *see also In re Cross Media Mktg. Corp.*, 2007 WL 2743577 at *2 (movant's disagreement with the court's decision is "insufficient to establish substantial ground for difference of opinion").  A substantial ground for difference of opinion may also exist where "the issue is particularly difficult and of first impression for the Second Circuit." *In re Goldman Sachs*, 2014 WL 5002090 at *3.  However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient. . . . ." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).  Rather, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (emphasis in original).

Immediate appeal will materially advance the ultimate termination of the litigation if it "promises to advance the time for trial or to shorten the time required for trial." *Florio v. City of New York,* No. 06-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008) (internal quotation marks omitted); *see also Murray v. UBS Sec., LLC*, No. 12-5914, 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014).

Merely establishing these three criteria is not sufficient to guarantee leave to file an interlocutory appeal. *Nat'l Asbestos Workers Med. Fund. v. Phillip Morris, Inc.*, 71 F. Supp. 2d

3

139, 145 (E.D.N.Y. 1999).  Even where the three criteria above are met, district courts retain

"unfettered discretion" to deny a request for interlocutory appeal for any reason.  *In re Facebook*,

986 F. Supp. 2d at 530.  Indeed, "[i]nterlocutory appeals are presumptively disfavored."  *In re*

*Goldman Sachs*, 2014 WL 5002090 at *1; *see also In re Facebook*, 986 F. Supp. 2d at 529-30.

"[T]he party seeking an interlocutory appeal has the burden of showing exceptional

circumstances, to overcome the general aversion to piecemeal litigation and to show that the

circumstances warrant a departure from the basic policy of postponing appellate review until

after entry of a final judgment."  *In re Cross Media Mktg. Corp.*, 2007 WL 2743577 at *2.

## ARGUMENT

Because Plaintiff has neither met the statutory prerequisites for Section 1292(b)

certification nor shown that the circumstances here are "exceptional," his request for certification

of an interlocutory appeal should be denied.

**I.**     **Interlocutory Review of the Court's Ruling Regarding the Extraterritoriality of Plaintiff's Proposed RICO Claim Is Not Appropriate.**

The first ruling Plaintiff seeks to appeal early is the Court's decision that, based on the

facts alleged, the proposed RICO claim would require an impermissible extraterritorial

application of the RICO statute.  Mot. at 5-7; *see also Laydon*, 2015 WL 1515487 at *8-9.

Plaintiff fails to satisfy any of the requirements for interlocutory appeal of this decision.

**A.**     **The ruling was not based on the question of law Plaintiff now claims is controlling.**

Immediate appeal of the Court's RICO extraterritoriality ruling is inappropriate because

the ruling does not involve the question Plaintiff presents for immediate appeal—*i.e.*, "whether

domestic conduct satisfying fewer than all of the [wire fraud] statute's essential elements could

constitute a [wire fraud] violation."  Mot. at 2.  Interlocutory review is inappropriate where the

4

order does not turn on the question of law presented by the movant.  *See* 28 U.S.C. § 1292(b); 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (3d ed. 2015) ("[Section 1292(b)] does not contemplate that a district court may simply certify a question without first deciding it."); *SEC v. U.S. Envtl., Inc.*, 155 F.3d 107, 112-13 (2d Cir. 1998) (concluding that district court did not dismiss plaintiff's claim on certain grounds and therefore not addressing those grounds on interlocutory review).

Here, the Court's Order does not turn on whether domestic conduct satisfying fewer than all of the wire fraud statute's essential elements could constitute a wire fraud violation.  Indeed, the Court observed that the Second Circuit has not decided the question, and did not hold that Plaintiff need allege domestic conduct satisfying every essential element of wire fraud.  *See Laydon*, 2015 WL 1515487 at *8 & n.20.  Instead, consistent with controlling Second Circuit precedent, the Court dismissed Plaintiff's proposed RICO claim as extraterritorial because (i) unlike the complaint in *RJR Nabisco*, the PTAC did not adequately allege that "'defendants hatched schemes to defraud in the United States, and [that] they used the U.S. . . . wires in furtherance of those schemes and with the intent to do so,'" and (ii) as in *Petróleos Mexicanos*, "'[a]bsent from the pleadings [were] any allegations that the scheme was directed from (or to) the United States' and 'the activities involved in the alleged scheme . . . took place outside the United States.'"  *Id.* at *8 (quoting *European Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 129, 142 (2d Cir. 2014), *reh'g denied*, 764 F.3d 149 (2d Cir. 2014), and *Petróleos Mexicanos v. Sk Eng'g & Constr. Co.*, 572 F. App'x 60, 61 (2d Cir. 2014)).  Because the Court's RICO extraterritoriality ruling does not involve the question Plaintiff presents for immediate appeal, certification is unwarranted.

**B.      The question of law identified is not controlling.**

Even if the Court's Order had involved the question Plaintiff presents, which it does not, that question would not be a "controlling question of law."  A question of law is "controlling" only if the district court concludes that: (1) reversal could result in dismissal of the action; (2) reversal, even though not resulting in dismissal, could significantly affect the conduct of the action; or (3) the certified issue has precedential value for a large number of cases.  *See Klinghoffer*, 921 F.2d at 24-25.  Plaintiff does not contend that a "controlling question of law exists" on the basis that reversal could result in dismissal of the action.  *See* Mot. at 6-7 (conceding that Laydon's "CEA claims are proceeding and certifying this issue of law will not terminate the action").  Nor does he contend that a controlling question of law exists on the basis that reversal could significantly affect the conduct of the action.[2]  Instead, Plaintiff contends that the question he presents is controlling simply because a Second Circuit ruling could have precedential value "given the vast number of RICO claims pled in the district courts of this circuit."  Mot. at 7.  The frequency of RICO claims does not suggest that a "large number" of RICO cases involve or will involve the specific issue Plaintiff seeks to certify.  *See Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 573 (S.D.N.Y. 2001) ("[I]t is rather speculative to say that the ruling has precedential value for a large number of cases when those cases have yet to be brought.").  Regardless, "[p]recedential value, while certainly something that should be considered, is not . . . per se sufficient to meet the 'controlling issue of law' standard."  *SEC v.*

---

[2] Plaintiff could not credibly contend otherwise.  *See infra* Part IV (addressing why immediate appeal here would not materially advance termination of this litigation).

*Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000).  Because the question Plaintiff

presents is not "controlling," certification is unwarranted.[3]

### C.   There is no substantial ground for difference of opinion regarding the question presented.

Plaintiff also fails to demonstrate that the question of law he presents—whether domestic

conduct satisfying fewer than all of the essential elements of wire fraud establishes a violation of

the wire fraud statute—is one as to which there is substantial ground for difference of opinion.

Fatally, Plaintiff points to no authority suggesting any substantial ground for difference of

opinion on this question.  *See Picard v. Katz*, 466 B.R. 208, 213-14 (S.D.N.Y. 2012) (finding no

"substantial ground for difference of opinion" as to the court's ruling where plaintiff was "unable

to muster any persuasive caselaw to the contrary").  Instead, Plaintiff asserts that this Section

1292(b) requirement is satisfied because the question he presents is one of first impression.  *See*

Mot. at 7.  The Second Circuit has explained, however, that "the mere presence of a disputed

issue that is a question of first impression, standing alone, is insufficient to demonstrate a

substantial ground for difference of opinion."  *In re Flor*, 79 F.3d at 284.  "Simply because a

question of law has not been authoritatively addressed . . . does not make the question grounds

for a substantial difference of opinion under 28 U.S.C. § 1292(b)."  *Weber v. U.S. Trustee*, 484

F.3d 154, 159 n.4 (2d Cir. 2007) (internal quotation and citation omitted).

---

[3] Furthermore, a question of law is unlikely to be "controlling" if the claim was dismissed on an independent ground.  In such instances, interlocutory appeals must be certified on each independent ground and the district court rulings on each must be reversed for there to be any material effect.  Therefore, "there is very little likelihood that an interlocutory appeal would materially advance [the] litigation.  *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 51 (S.D.N.Y. 2002) (denying certification of ruling dismissing antitrust claims on three independent grounds because each "would have to be reversed on appeal to terminate the claims … in their entirety").  This Court denied leave to include RICO claims on two separate bases—impermissible extraterritorial application of RICO, and lack of RICO standing.

Plaintiff also asserts that the requisite substantial ground for difference of opinion is demonstrated by the dissenting opinion of Judge Dennis Jacobs in the Second Circuit's recent denial of *en banc* review in *RJR Nabisco*, in which, according to Plaintiff, Judge Jacobs urged district courts to certify interlocutory appeals that pertain to the "exact issue" Plaintiff seeks to certify. *See* Mot. at 5. The issues Judge Jacobs identified as appropriate for interlocutory review, however, do *not* include the issue Plaintiff presents. Those issues are: (1) whether RICO can ever apply extraterritorially, and (2) whether the extraterritoriality of RICO turns on the locus of the *enterprise* or, as *RJR Nabisco* held, on the locus of the *predicate acts*. *See European Cmty. v. RJR Nabisco, Inc.*, No. 11-2475, 2015 WL 1609994, at *4 (2d Cir. Apr. 13, 2015) (Jacobs, J. dissenting). Plaintiff does not seek interlocutory review of these questions.[4] Because Plaintiff fails to demonstrate a substantial ground for difference of opinion on the question he presents, certification is unwarranted.

## II.     Interlocutory Review of the Court's RICO Standing Ruling Is Unwarranted.

The second ruling Plaintiff seeks to appeal early is the Court's decision that Plaintiff (and the proposed new plaintiffs, Sullivan and OPPRS) lacked standing to assert the proposed RICO claim based on the facts alleged. Mot. at 7-11; *see also Laydon*, 2015 WL 1515487 at *9-10.

### A.     The issue of RICO standing is not a controlling question of law.

Certification should be denied because the issue of RICO standing is not a pure question of law. For interlocutory appeal to be appropriate, the "controlling question of law" must be a

---

[4] Indeed, a Second Circuit ruling that the extraterritoriality of RICO turns on the locus of the alleged enterprise (and not, as *RJR Nabisco* held, on whether the predicate violations apply extraterritorially), would provide an *additional* basis for dismissal of Plaintiff's proposed RICO claim. *See Laydon*, 2015 WL 1515487 at *8 ("The parties do not dispute that the alleged enterprise is foreign."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 731-32 (S.D.N.Y. 2013) (dismissing RICO claims as seeking improper extraterritorial application of RICO because the alleged enterprise was foreign).

"pure" question of law—*i.e.*, one that "the reviewing court could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.*, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 3, 2003) (internal quotation marks omitted).  A question of law is not "pure" if "the Second Circuit would be required to review this Court's application of the law to the allegations in the amended complaint." *Reich v. Lopez*, No. 13-5307, 2015 WL 1632332, at *4 (S.D.N.Y. Apr. 13, 2015) (denying interlocutory appeal of partial grant of motion to dismiss because the issue was "one of mixed law and fact").

This Court did not announce any new or different legal standard for RICO standing in its rejection of Plaintiff's proposed claim; it simply applied the controlling proximate cause standard to the facts alleged in Plaintiff's PTAC and found them facially insufficient.  *Laydon*, 2015 WL 1515487 at *9-10 (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 267-28 (1992)); *see* Mot. at 9-10 (agreeing that the *Holmes* proximate causation standard is controlling).  Despite Plaintiff's conclusory assertion to the contrary, courts have repeatedly held that "what degree of directness (*i.e.*, proximate cause) must exist in a benchmark manipulation case to establish RICO standing" depends inherently on the facts alleged.  *See*, *e.g.*, *Nat'l Asbestos Workers Med. Fund*, 71 F. Supp. 2d at 166-67 (denying interlocutory appeal because "issues of [proximate] causation under RICO . . . require highly fact specific inquires").  To assess the "degree of directness," a reviewing panel would need to "study the record" to understand, among other things, the Yen LIBOR and Euroyen TIBOR submission, calculation, and publication processes, the various financial instruments Plaintiff and the proposed plaintiffs allegedly traded, how those instruments are priced, and the factors that affect their pricing.  Such a mixed question of law and fact is not appropriate for interlocutory review.  *See Reich*, 2015 WL 1632332 at *4.

9

The issue of RICO standing is also not "controlling" because, as discussed *infra* Section

IV, the appeal sought by Plaintiff would neither result in termination of this action (where CEA

claims are still pending) nor significantly affect the conduct of the action.  *See Murray*, 2014 WL

1316472 at *4 (finding issues not "controlling" because "[r]eversal . . . would not terminate the

action, but rather would return the action to this Court for litigation").  Additionally, the fact-

specific inquiry into proximate causation that Plaintiff seeks to certify is unique and unlikely to

have significant precedential value and, in any case, precedential value alone is insufficient to

make a question "controlling."  *See Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396

(E.D.N.Y. 2003) (denying motion for certification for interlocutory appeal because movant

"made no showing that reversal of the Court's limited ruling would [] have 'precedential value

for a large number of cases'").  The issue of RICO standing is therefore not "controlling," and

certification is unwarranted.

### B.      There is no substantial ground for a difference of opinion.

The requisite "'substantial ground for a difference of opinion' must arise out of a genuine

doubt as to whether the district court applied the correct legal standard in its order."  *In re*

*Citigroup Pension Plan ERISA Litig.*, No. 05-5296, 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4,

2007).  In assessing Plaintiff's RICO standing, this Court applied the proximate cause standard

set forth in *Holmes*, 503 U.S. at 267-68, which Plaintiff agrees is the controlling case law.  *See*

Mot. at 9-10.  The Court evaluated, based on the alleged facts, whether there was "some direct

relation between the injury asserted and the injurious conduct alleged," *Holmes*, 503 U.S. at 268,

and found the causal chain too indirect and attenuated because "at least four discrete links"

involving "a complicated series of market interactions" were necessary to connect the alleged

misconduct and injury.  *Laydon*, 2014 WL 1280464 at *9-10.  Plaintiff criticizes the Court for

analyzing "the steps a plaintiff must take to prove a causal chain" (Mot. at 10), but it was *Holmes* that cautioned that "[t]he general tendency of the law [for proximate causation] is not to go beyond the first step."  503 U.S. at 272.  Plaintiff disagrees with the result the Court reached, but a "mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion."  *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005); *Redhead v. Conference of Seventh-Day Adventists*, No. 03-6187, 2006 WL 2729035, at *2 (E.D.N.Y. Sept. 25, 2006).

Plaintiff also appears to argue that the entirety of the proximate causation analysis should be limited to "whether a claimed injury relies on an initial injury to a third party."  Mot. at 10-11. There is no support for this simplistic standard.  The cases Plaintiff cites stand only for the proposition that the relation between alleged misconduct and harm is too indirect when a plaintiff's injury flowed from harm to a third party (Mot. at 10); they do not hold that injury from a third party is the only form of indirect harm.  This Court has explained that Plaintiff's injury is too indirect and attenuated to support a finding of proximate cause because he "cannot point to any direct, clearly traceable means by which Defendants' alleged manipulation of one benchmark led to [his] loss."  *Laydon*, 2014 WL 1280464, at *9-10.  Plaintiff's authority does not contradict this Court's ruling, and therefore no substantial ground for a difference of opinion exists.  *See In re Buspirone Patent Litig.*, 210 F.R.D. at 50 (faulting movant for failing to cite any case that "directly contradict the Court's rulings").

## III.   This Court's Application of Rule 15(c) Does Not Raise Any Issues Requiring Certification.

The third and final ruling Plaintiff seeks permission to appeal early is the Court's ruling that Sullivan's and OPPRS's proposed claims do not relate back under Fed. R. Civ. 15(c) to Plaintiff's initial complaint.  Mot. at 11-13; *see also Laydon*, 2015 WL 1515487 at *4-5.  The

Court's ruling on this issue is not controversial.  The Court should ignore Plaintiff's attempts to characterize the Court's decision as anything more than what it is: a well-reasoned application of black-letter Rule 15(c) relation back principles.

### A.     There is no controlling question of law.

Plaintiff argues that the Court should certify for immediate appeal the question of whether claims of newly-named plaintiffs in the class action context relate back under Rule 15 to the original time of filing when those claims are based on a different theory of liability in light of the Supreme Court's opinion in *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014).  But *Johnson* has nothing to do with Rule 15; it relates only to Rule 8(a) pleading standards.  Petitioners in *Johnson* brought claims alleging violations of their Fourteenth Amendment due process rights against the city of Shelby, Mississippi, and the district court dismissed for plaintiffs' failure to expressly cite 42 U.S.C. § 1983 as the legal vehicle for their claims.  *Id.* at 346.  The Supreme Court held that because the City was on notice of the factual basis of Petitioners' claims, the failure to cite § 1983 was a technicality that did not justify dismissal.  *Id.*

This Court's decision, by contrast, was not based on a technicality.  Rather, the proposed new plaintiffs' claims do not relate back under Rule 15(c) because there is nothing in Plaintiff's prior complaint putting Defendants on notice, in any form, of Sullivan's and OPPRS's claims.  Neither Sullivan nor OPPRS is a member of the putative class defined in Plaintiff's complaint.  Neither transacted in financial instruments for which Yen LIBOR and Euroyen TIBOR served as the pricing benchmark.  Neither asserts claims based on the same conduct or transactions set forth in any of Plaintiff's prior complaints.  And none of those prior complaints provided Defendants with any notice that Plaintiff, at the eleventh hour and three years after this suit was filed, would attempt to drastically expand this case to include claims involving *all* Yen-related

12

financial products, regardless of their relationship (or lack thereof) to Yen LIBOR and Euroyen TIBOR. *Laydon*, 2015 WL 1515487 at *4-5.

>    **B.      There is no substantial ground for difference of opinion.**

Plaintiff contends that certification is appropriate because applying Rule 15(c) in the class action context presents a "difficult issue of first impression" in the Second Circuit. But even if the Second Circuit has not yet explicitly addressed Rule 15(c) in the class action context, there is nothing "difficult" about its application here for all the reasons identified by this Court. *Laydon*, 2015 WL 1515487 at *4-5; *Murray*, 2014 WL 1316472 at *6 (denying request for interlocutory appeal because "the issues themselves are not particularly difficult").

Plaintiff further argues that there is a split in authority between this Court's order, which relied on *Beach v. Citigroup Alternative Investments LLC*, No. 12-7717, 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014), and the Third Circuit's ruling in *Drennan v. PNC Bank, N.A.*, 622 F.3d 275 (3d Cir. 2010), on the issue of how similar the newly added plaintiff's claims must be to the existing class's claims under Rule 15(c)(1)(B). Plaintiff claims that *Beach* states that claims relate back only if they are "identical," 2014 WL 904650 at *20, whereas *Drennan* states that claims can relate back if they "share a common factual and legal nexus." 622 F.3d at 300.

The supposed split of authority that Plaintiff relies on is illusory and Plaintiff distorts both *Beach* and *Drennan* to create that illusion. First, there is no conflict between the holdings of the two courts on the proper application of Rule 15. While *Beach's* holding expressly concerns the Rule 15 issue, *Drennan's* holding concerned the issue of adequate representation under Rule 23. The Third Circuit expressly stated that its discussion of Rule 15 was *dicta*.

*Drennan*, 622 F.3d at 297 ("[W]e need not definitively resolve here this Rule 15(c) question.").[5]
Second, the primary focus of the Third Circuit's *dicta* was a different part of Rule 15(c)—
specifically, whether Rule 15(c)(1)(C)'s "mistaken identity" test applies to class actions.  *Id.* at
297-99.  This Court—and the *Beach* court—have concluded that it does not.[6]  *Laydon*, 2015 WL
1515487 at *4 n.7; *Beach*, 2014 WL 904650 at *19.  All that *Drennan* says regarding Rule
15(c)(1)(B)—which is the sole basis for relation back addressed in Plaintiff's motion—is that a
new plaintiff's claims relate back if they "arose out of the conduct, transaction, or occurrence set
out . . . in the original pleading."  622 F.3d at 297.  That is not analysis, however, but merely the
verbatim quotation of the language of Rule 15(c)(1)(B).  The *Beach* court applied the standard
spelled out by Rule 15 and quoted by the Third Circuit.  2014 WL 904650, at *19 (noting that
under Rule 15(c)(1)(B), "claims added through amendment will relate back . . . if the amendment
'asserts a claim or defense that arose out of the conduct, transaction, or occurrence . . . set out . . .
in the original pleading'").

     Finally, while attempting to manufacture a conflict, Plaintiff ignores that *Beach* expressly
considered *Drennan* and concluded that its holding was *consistent* with the Third Circuit's *dicta*.
2014 WL 904650, at *20 n.1 ("The Court notes that the conclusion reached in this case is
consistent with reasoning in . . . the Third Circuit.") (citing *Drennan*, 622 F.3d at 297-98).

---

[5] Moreover, *Drennan*'s  reference to the existence of a "common factual and legal nexus"—
which is the language on which Plaintiff premises his entire conflict theory—has nothing to do
with the court's discussion of Rule 15(c).  That language relates instead to the availability of
*American Pipe* tolling.  *Id.* at 300.  The Third Circuit's discussion of *American Pipe* tolling in
*Drennan* is also pure *dicta*.

[6] Defendants do not necessarily agree that Rule 15(c)(1)(C) is inapplicable in this case.  While
the mistaken identity requirement may not make sense when the proposed new plaintiff is a
member of the putative class—as "a new named plaintiff could never relate back to the initial
complaint—even where the substitution was necessary because the existing named plaintiff had
died or no longer had standing to pursue claims on behalf of the class," *Drennan*, 622 F.3d at
298—Sullivan and OPPRS were never, as this Court concluded, members of Laydon's putative
class.  *Laydon*, 2015 WL 1515487 at *4-5.

Plaintiff also ignores that—just like this Court—*Beach* does not require exact identity between the newly added plaintiff's claims and the class's claims. All *Beach* requires is that the newly added plaintiff's claims not "raise any new substantive issues or unfairly prejudice" defendants. *Id.* at *20. This is exactly the standard mandated by Rule 15(c)(1)(B) and correctly applied by this Court.

## IV.   Immediate Appeal Would Not Materially Advance Termination of the Litigation.

Because Plaintiff fails to identify any controlling question of law or show that there is substantial ground for a difference of opinion as to any supposed controlling question of law, it is unnecessary for this Court to address whether interlocutory appeal would advance the ultimate termination of the litigation. *See, e.g.*, *Locke v. Tom James Co.*, No. 11-2961, 2014 WL 572574, *2-3 (S.D.N.Y. Feb. 11, 2014) (Daniels, J.) (denying Section 1292(b) motion without analyzing this requirement because plaintiff failed to satisfy other Section 1292(b) requirements). Regardless, Plaintiff has failed to demonstrate that it would.

Plaintiff does not assert—nor could he—that the immediate appeal he requests will advance the time for trial. Instead, Plaintiff argues only that "[i]t would be inefficient and unduly costly" for the parties to conduct discovery regarding his surviving claims asserted under the CEA and bring them to trial if the Court's dismissal of Plaintiff's proposed RICO claims is ultimately reversed. Mot. at 4-5. To begin with, efficiency arguments that are dependent on a movant's success on appeal are insufficient to demonstrate that immediate appeal would advance the ultimate termination of the litigation. *See*, *e.g.*, *In re Goldman Sachs*, 2014 WL 5002090 at *2 ("This one-sided argument fails to take into account the (just as likely) possibility that certification will delay the action further."); *Murray*, 2014 WL 1316472 at *7 ("Plaintiff's argument prevails only if this Court's decision is reversed."). The mere possibility of multiple

15

trials is also insufficient to satisfy this element.  *See N.F.L. Ins. Ltd. By Lines v. B&B Holdings, Inc.*, No. 91-8580, 1993 WL 255101, at *3 (S.D.N.Y. July 1, 1993) (rejecting plaintiff's argument that certification of order dismissing a number of their claims may avoid the possibility of multiple trials, and noting that "it is by no means *likely* that permitting immediate appeal will avoid retrial" (emphasis in original)).  Notably, this Court has rejected the argument that interlocutory appeal should be granted to reduce discovery expenses or avoid "the prolonging of a final resolution" based on a movant's belief about the future success of their appeal.  *In re Enron Corp.*, No. M-47, 2008 WL 281972, *5 (S.D.N.Y. Jan. 25, 2008) (Daniels, J.).

Nor would immediate appeal *shorten* the time for trial.  A reversal of this Court's rulings by the Second Circuit would allow additional claims to move forward.  With or without additional claims, however, litigation will continue on Plaintiff's pending CEA claims which are focused on the same alleged conduct.  *See* Mot. at 5 (admitting that the proposed RICO claims and Plaintiff's CEA claims are "all . . . based on the same conduct").  Where, as here, the claims a plaintiff wishes to resurrect are substantially related to other claims that "will continue regardless of the disposition of" the proposed appeal, certification is not appropriate.  *Bishop v. Best Buy, Co., Inc.*, No. 08-8427, 2011 WL 4011449, at *15 (S.D.N.Y. Sept. 8, 2011) (internal quotations omitted) (denying plaintiff's motion to certify portions of order granting in part and denying in part motion to dismiss); *Isra Fruit Ltd. v. Agrexco Agric. Exp. Co.*, 804 F.2d 24, 25-26 (2d Cir. 1986) (finding "scant basis for believing that trial . . . would be concluded with any appreciable saving of time" because "[t]he discovery on all of the claims appears likely to overlap to a considerable extent").[7]

---

[7] *See also Lutzeier v. Citigroup Inc.*, No. 14-183, 2015 WL 1821255, at *2 (E.D. Mo. Apr. 21, 2015) (dismissed claim was "virtually coextensive" with surviving claims, and that plaintiff "has not identified any additional or unique area of discovery that would need to be pursued if" dismissed claim were resurrected); *Dunn v. Chattanooga Publ'g Co.*, No. 12-252, 2013 WL

16

Appeals from interlocutory orders often "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007). Here, interlocutory appeal would not promote efficiency and would only further delay a case that was originally filed in April 2012.[8]

## V.     Plaintiff Has Not Demonstrated that Exceptional Circumstances Exist.

Plaintiff also fails to meet his burden to demonstrate exceptional circumstances sufficient to overcome this Circuit's strong aversion to piecemeal litigation and appeals. *See In re Goldman Sachs*, 2014 WL 5002090 at *3 ("1292(b) certification is appropriate only in exceptional cases"). Interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *In re Goldman Sachs*, 2014 WL 5002090 at *1 (internal quotation marks omitted); *see also In re Cross Media Mktg. Corp.*, 2007 WL 2743577 at *3 (interlocutory appeal "is not intended 'to serve [as] an error-correction function'" (quoting *Weber v. United States*, 484 F. 3d 154, 159 n.3 (2d Cir. 2007) (alteration in original))). The

---

587493, at *2 (E.D. Tenn. Feb. 14, 2013) (denying plaintiff's motion to certify order dismissing claims which were "substantially related" to claims that survived motion to dismiss, explaining that interlocutory appeal would not materially advance termination of the litigation because "litigation would be conducted in substantially the same manner regardless of the Sixth Circuit's disposition of [plaintiff's] appeal"); *Becker v. Wells Fargo Bank*, No. 10-2799, 2012 WL 4364148, at *5 (E.D. Cal. Sept. 20, 2012) ("Plaintiff's proposed interlocutory appeal would not eliminate parties from the case and would not eliminate an entire class of claims against the remaining defendants," and "the discovery plaintiff describes will likely occur anyway"); *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (interlocutory appeal would not materially advance the ultimate termination of the litigation where parties would still have to litigate surviving claims regardless of result of interlocutory appeal, and proposed appeal would not affect the scope of discovery).

[8] *See, e.g., Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) (stating "it does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case").

sufficiency of pleadings "are not generally the appropriate subjects of interlocutory review," and mere disagreement with a ruling regarding the threshold sufficiency of a plaintiff's claims does not justify interlocutory appeal.  *In re Facebook*, 986 F. Supp. 2d at 530 ("Second Circuit interlocutory review of motion to dismiss decisions in securities cases is rarely granted."); *see also In re Goldman Sachs*, 2014 WL 5002090 at *3 (permitting interlocutory appeal of motion to dismiss ruling by unsuccessful party "would require frequent certification and render toothless the policy limiting section 1292(b) certification to exceptional circumstances").  Plaintiff makes no effort to show "exceptional circumstances" that justify interlocutory appeal, likely because no exceptional circumstance is presented here.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to pursue an interlocutory appeal under 28 U.S.C. § 1292(b) should be denied.


Dated:          May 28, 2015
                New York, New York


Respectfully submitted,

| | |
|---|---|
| /s/ Edwin R. DeYoung | /s/ Daryl A. Libow |
| Edwin R. DeYoung | Daryl A. Libow |
| Gregory T. Casamento | Christopher M. Viapiano |
| LOCKE LORD LLP | SULLIVAN & CROMWELL LLP |
| Three World Financial Center | 1700 New York Avenue, N.W., Suite 700 |
| New York, New York  10281 | Washington, D.C. 20006 |
| Tel.: (212) 415-8600 | Tel.:  (202) 956-6985 |
| Fax: (212) 303-2754 | Fax:  (202) 956-7056 |
| edeyoung@lockelord.com | libowd@sullcrom.com |
| gcasamento@lockelord.com | viapianoc@sullcrom.com |
| | |
| Roger B. Cowie | *Attorneys for Defendants The Bank of Tokyo-* |
| 2200 Ross Avenue, Suite 2200 | *Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust* |
| Dallas, Texas  75201 | *and Banking Corporation* |

Tel.: (214) 740-8000
Fax: (214) 740-8800
rcowie@lockelord.com

J. Matthew Goodin
Julie C. Webb
Chicago, Illinois 60606
Tel.: (312) 443-0700
Fax: (312) 896-6472
jmgoodin@lockelord.com
jwebb@lockelord.com

*Attorneys for Defendants HSBC Holdings plc
and HSBC Bank plc*

/s/ Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
One CityCenter
850 Tenth Street, NW
Washington, DC 20014
Tel.: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Tel.: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants Citibank, N.A. and
Citigroup Inc.*

/s/ Gary W. Kubek
Gary W. Kubek
Erica S. Weisgerber
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.:  (212) 909-6000
Fax:  (212) 909-6836
gwkubek@debevoise.com
eweisgerber@debevoise.com

*Attorneys for Defendant
The Bank of Yokohama, Ltd.*

/s/ Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, New York 10022
Tel.:  (212) 446-2300
Fax:  (212) 446-2350
jschiller@bsfllp.com
lnathanson@bsfllp.com

William A. Isaacson
Melissa Felder Zappala
5301 Wisconsin Avenue, NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131
wisaacson@bsfllp.com
mzappala@bsfllp.com

/s/ Yvonne S. Quinn
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.:  (212) 558-4000

braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC*

/s/ David R. Gelfand

David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY & McCLOY
LLP
One Chase Manhattan Plaza
New York, New York 10005
dgelfand@milbank.com
smurphy@milbank.com
Tel.: (212) 530-5000

*Attorneys for Defendant Coöperatieve
Centrale Raiffeisen-Boerenleenbank B.A.*

/s/ Moses Silverman

Moses Silverman
Andrew C. Finch
Ankush Khardori
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
msilverman@paulweiss.com
afinch@paulweiss.com
akhardori@paulweiss.com
Tel.: (212) 373-3355

*Attorneys for Defendant Deutsche Bank AG*

/s/ Thomas C. Rice

Thomas C. Rice
Paul C. Gluckow
Shannon P. Torres
Omari L. Mason
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel.: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
stores@stblaw.com
omason@stblaw.com

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A. and J.P.
Morgan Securities plc*

/s/ Jerome S. Fortinsky

Jerome S. Fortinsky
John A. Nathanson
Jeffrey J. Resetarits
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Tel.: 212-848-4000
Fax: 212-848-7179
jfortinsky@shearman.com
john.nathanson@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Mizuho Corporate
Bank, Ltd.*

/s/ Fraser L. Hunter, Jr.

Fraser L. Hunter, Jr.
David Sapir Lesser

20

/s/ Andrew W. Stern
Alan M. Unger
Andrew W. Stern
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com
ncrowell@sidley.com

*Attorneys for The Norinchukin Bank*

/s/ Andrew C. Smith
Andrew C. Smith
Andrew J. Kim
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1540 Broadway
New York, New York 10036
Tel.: (212) 858-1000
Fax: (212) 858-1500
andrew.smith@pillsburylaw.com
andrew.kim@pillsburylaw.com

*Attorneys for Defendant Shinkin Central Bank*

/s/ Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com

Alan E. Schoenfeld
Jamie Dycus
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800 (phone)
(212) 230-8888 (fax)
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com
jamie.dycus@wilmerhale.com

Robert G. Houck
Alejandra de Urioste
James D. Miller
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
 (212) 878-8000 (phone)
 (212) 878-8375 (fax)
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com
jim.miller@cliffordchance.com

*Counsel for The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, and RBS Securities Japan Limited*

/s/ Robert C. Mason
Robert C. Mason
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY   10022
Tel.:  (212) 715-1088
Fax:   (212) 715-1399
robert.mason@aporter.com

James W. Thomas, Jr. *(admitted pro hac vice)*
555 Twelfth Street, NW
Washington, DC   20004
Tel.:  (202) 942-5000

hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

/s/ Jon R. Roellke
_____
Jon R. Roellke
BINGHAM MCCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
jon.roellke@bingham.com
Telephone: (202) 373-6000
Fax: (202) 373-6001

Michael L. Spafford
PAUL HASTINGS LLP
michaelspafford@paulhastings.com
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Fax: (202) 551-1705

*Attorneys for Defendant Sumitomo Mitsui
Banking Corporation*

/s/ Peter Sullivan
_____
Peter Sullivan
Lawrence J. Zweifach
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
Fax: (212) 351-4035
psullivan@gibsondunn.com
lzweifach@gibsondunn.com

Joel S. Sanders (*admitted pro hac vice*)
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Tel.: (415) 393-8200
jsanders@gibsondunn.com

*Attorneys for Defendants
UBS AG and UBS Securities Japan Ltd.*

Fax: (202) 942-5999
james.thomas@aporter.com

*Attorneys for Defendant
The Shoko Chukin Bank, Ltd.*

/s/ Dale C. Christensen, Jr.
_____
Dale C. Christensen, Jr.
Michael B. Weitman
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Tel.: (212) 574-1200
Fax: (212) 480-8421
Christensen@sewkis.com
Weitman@sewkis.com

*Attorneys for Defendant
Sumitomo Mitsui Trust Bank, Ltd*

22