```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                      :
JEFFREY LAYDON, on behalf of himself  :
and all others similarly situated,    :
                                      :
                  Plaintiff,          :
                                      :          ORDER
       v.                             :
                                      :          12 Civ. 3419 (GBD)
THE BANK OF TOKYO-MITSUBISHI UFJ,     :
LTD., et al.,                         :
                                      :
                  Defendants.         :
                                      :
------------------------------------ x
```

GEORGE B. DANIELS, District Judge:

Plaintiff Jeffrey Laydon moves for entry of a final judgment as to this Court's March 31, 2015 Order ("March 31 Order II")[1] dismissing Defendants Mizuho Bank, Ltd., Mizuho Trust and Banking Co., Ltd., Resona Bank, Ltd., and ICAP plc (collectively, the "Stipulating Defendants") from this case. (*See* Plaintiff's Motion, (ECF Nos. 457 & 458).) There is just reason to withhold entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Absent the entry of a Rule 54(b) judgment, Plaintiff argues that it could be years before all claims against all defendants are resolved.[2] Plaintiff further argues that, in the meantime, he will

---

[1] This Court also issued a separate Memorandum Decision and Order in this case on March 31, 2015 denying ten defendants' (the "Non-Stipulating Defendants") Rule 12(b)(2) motions. That order is referred to by this Court as the "March 31 Order I." The Non-Stipulating Defendants move for reconsideration of the March 31 Order I. That motion is addressed by a separate order of this Court.

[2] Discovery here is complicated by the fact that many of the relevant documents are in the possession of financial institutions located abroad and are in foreign languages. In June, Magistrate Judge Pitman ordered briefing on the parties' discovery disputes regarding certain foreign data privacy and bank secrecy laws. (*See* ECF No. 483.)

be unable to seek appellate review of the March 31 Order II granting the Stipulating Defendants' Rule 12(b)(2) motions to dismiss. (*See* March 31 Order II, (ECF No. 447).)

However, there is a "historic federal policy against piecemeal appeals." *See Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Rule 54(b) serves as an exception to this general rule in limited circumstances. *See* Fed. R. Civ. P. 54(b). Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.* The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *See Novick*, 642 F.3d at 311 (citations and internal quotation marks omitted).

Plaintiff has indicated that he intends to file a Third Amended Complaint ("TAC") that adds at least four new defendants. At least one of those four defendants intends to move to dismiss the TAC for lack of personal jurisdiction once it has been served. (*See* Letter from Brian S. Fraser, counsel to Stipulating Defendant ICAP plc and proposed defendant ICAP Europe Ltd., (ECF No. 469), at 2.) While this Court takes no position at this juncture on the likely success of such a motion, it would be premature to enter a final judgment as to the Stipulating Defendants when additional defendants may also be dismissed from this case for lack of personal jurisdiction. It remains uncertain which additional defendants will be included in the TAC, which of those defendants intend to bring Rule 12(b)(2) motions, and whether any Rule 12(b)(2) motions will be meritorious. Therefore, there is a risk that granting the instant motion could lead to multiple piecemeal interlocutory appeals concerning the same issues. The Second Circuit has clearly stated that it is generally improper to enter a final judgment under such circumstances. *See Novick*, 642

F.3d at 310-11.

Accordingly, Plaintiff's motion for entry of a final judgment pursuant to Rule 54(b) is DENIED. The Clerk of the Court is directed to close the motion at ECF No. 457.

Dated: New York, New York
      July 24, 2015

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge