UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

JEFFREY LAYDON, on behalf of himself and all
others similarly situated,

                    Plaintiff,

            v.

MIZUHO BANK, LTD., THE BANK OF TOKYO-
MITSUBISHI UFJ, LTD., THE SUMITOMO
TRUST AND BANKING CO., LTD., THE
NORINCHUKIN BANK, MITSUBISHI UFJ
TRUST AND BANKING CORPORATION,
SUMITOMO MITSUI BANKING
CORPORATION, RESONA BANK, LTD., J.P.
MORGAN CHASE & CO., J.P. MORGAN CHASE
BANK, NATIONAL ASSOCIATION, J.P.
MORGAN SECURITIES PLC, MIZUHO
CORPORATE BANK, LTD., DEUTSCHE BANK
AG, MIZUHO TRUST AND BANKING CO.,
LTD., THE SHOKO CHUKIN BANK, LTD.,
SHINKIN CENTRAL BANK, UBS AG, UBS
SECURITIES JAPAN CO. LTD., THE BANK OF
YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA,
THE ROYAL BANK OF SCOTLAND GROUP,
PLC, ROYAL BANK OF SCOTLAND PLC, RBS
SECURITIES JAPAN LIMITED, BARCLAYS
BANK PLC, CITIBANK, NA, CITIGROUP, INC.,
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL
MARKETS JAPAN, INC., COÖPERATIEVE
CENTRALE RAIFFEISEN-BORENLEENBANK
B.A., HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, R.P. MARTIN HOLDINGS
LIMITED AND JOHN DOES NOS. 1-50,

                    Defendants.

------------------------------------ x

GEORGE B. DANIELS, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 24 2015

ORDER

12 Civ. 3419 (GBD)

Defendants The Shoko Chukin Bank, Ltd., The Bank of Yokohama, Ltd., Shinkin Central Bank, Sumitomo Mitsui Banking Corporation, Sumitomo Mitsui Trust Bank, Ltd., Mizuho Corporate Bank, Ltd., The Bank of Tokyo-Mitsubishi UFJ, Ltd., The Norinchukin Bank, Mitsubishi UFJ Trust and Banking Corporation, and Deutsche Bank AG (the "Non-Stipulating Defendants") move this Court pursuant to Local Civil Rule 6.3 to reconsider the March 31, 2015 Memorandum Decision and Order ("March 31 Order I," (ECF No. 446)), which denied the Non-Stipulating Defendants' Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for lack of personal jurisdiction.[1] The ten Non-Stipulating Defendants claim that this Court overlooked, or did not fully consider, Second Circuit precedent in ruling that the Non-Stipulating Defendants waived their personal jurisdiction defense after the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). (Defendants' Memorandum in Support ("Def. Mem."), (ECF No. 453), at 3.)[2] The Non-Stipulating Defendants' motion for reconsideration is DENIED.

In the alternative, the Non-Stipulating Defendants request that this Court certify the March 31 Order I for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That request is also DENIED.

### I. Motion for Reconsideration

The standard for granting a motion for reconsideration is "strict" and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

---

[1] Seven other defendants (Defendants Mizuho Bank, Ltd., Mizuho Trust and Banking Co., Ltd., Resona Bank, Ltd., ICAP plc, UBS Securities Japan Co. Ltd., RBS Securities Japan Limited, and R.P. Martin Holdings Limited) entered into one of two so-ordered stipulations with Plaintiff, dated May and June 2013, to preserve their right to make Rule 12(b)(2) motions until after this Court rendered a decision on Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim. Four of those seven defendants filed Rule 12(b)(2) motions for lack of personal jurisdiction on the agreed-upon date. Those four defendants' motions were granted, and they were dismissed from this case.

[2] This Order assumes the parties' familiarity with the facts and procedural history of this case and incorporates by reference the procedural history outlined in this Court's March 31 Order I.

2

reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Courts should deny the motion "where the moving party seeks solely to relitigate an issue already decided." *Id.* District courts have discretion to determine whether a defendant has waived a Rule 12(b)(2) defense, and the Second Circuit "review[s] a district court's ruling that a defendant waived or forfeited a personal jurisdiction defense for abuse of discretion." *Subway Int'l B.V. v. Bletas*, 512 F. App'x 82, 82 (2d Cir. 2013) (summary order) (*citing Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999)).

The Non-Stipulating Defendants raise two arguments in support of their motion for reconsideration: (1) the Non-Stipulating Defendants could not have forfeited their personal jurisdiction defense prior to *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), because the Second Circuit's "controlling precedent was not overruled until *Gucci*," (Def. Mem. at 4-5), and (2) a defendant's conduct only constitutes waiver of its Rule 12(b)(2) defense if the plaintiff is prejudiced or extensive pretrial proceedings and discovery have occurred that might otherwise have been avoided, (*id.* at 5-6).

The Non-Stipulating Defendants' first argument seems to imply that a decision by the Supreme Court does not control this Court until the Second Circuit so holds. That is clearly not the rule.[3] Moreover, the Non-Stipulating Defendants consistently argued in support of their Rule 12(b)(2) motions that their failure to raise these motions in conjunction with their Rule 12(b)(6) motions did not amount to a waiver of their personal jurisdiction defense because *Daimler* changed the personal jurisdiction law governing this Court.[4] This Court agreed with the Non-Stipulating

---

[3] The Second Circuit in *Gucci* held that *Daimler*, not *Gucci*, changed the law. *See Gucci*, 768 F.3d at 135 ("We conclude that applying the Court's recent decision in *Daimler*, the district court may not properly exercise general personal jurisdiction over the Bank.").

[4] In the memoranda in support of their Rule 12(b)(2) motions and at the September 30, 2014 oral argument, the Non-Stipulating Defendants argued consistently and repeatedly that *Daimler* provided the basis for

3

Defendants and explained that the waiver holding was not premised on the Non-Stipulating Defendants' failure to make Rule 12(b)(2) motions before the *Daimler* decision.[5] To argue now that *Gucci*, rather than *Daimler*, served as this change in the law is disingenuous. The Non-Stipulating Defendants filed their motions seven months after the *Daimler* decision and over a month before the *Gucci* decision. Their attempt to reconcile this about-face by arguing that *Daimler* merely served as "an impetus" for their Rule 12(b)(2) motions is not compelling. (*See id.* at 4 n.1.) It is axiomatic that the ground for the Non-Stipulating Defendants' Rule 12(b)(2) motions could not have been *Gucci* when they filed those motions prior to the *Gucci* decision. The Non-Stipulating Defendants cannot relitigate this issue by raising an argument that contradicts their previous position.

---

them to raise their Rule 12(b)(2) defense after filing their Rule 12(b)(6) motions. (*See, e.g.*, Deutsche Bank AG's Memorandum, (ECF No. 342), at 1 (*Daimler* represents a "sea change" in the law); Norinchukin Bank's Memorandum, (ECF No. 338), at 2 ("[T]he legal arguments made available to Norinchukin by the Supreme Court's recent *Daimler* and *Walden* decisions were not available at the time Norinchukin made its initial motion to dismiss . . . ."); Mitsubishi UFJ Trust and Banking Corp.'s Memorandum, (ECF No. 328), at 1 ("[U]nder the principles set forth in [*Daimler*], [Defendant] is not 'at home' in New York such that it is subject to general jurisdiction here."); Mizuho Bank, Ltd.'s and Mizuho Trust and Banking Co., Ltd.'s Memorandum, (ECF No. 324), at 5 ("Under the Supreme Court's recent decision in *Daimler*, Mizuho Bank is not 'at home' in the United States, and the Court cannot exercise general personal jurisdiction over it."); Japanese Bank Defendants' Memorandum, (ECF No. 316), at 1 ("[T]he Japanese Banks are not 'at home' in the United States under the new standard for general jurisdiction that the Supreme Court adopted this year in [*Daimler*].").)

[5] (*See* March 31 Order I at 11-12 ("This Court agrees with the Non-Stipulating Defendants that their Rule 12(b)(2) jurisdictional defense was not available before *Daimler*. . . . Therefore, this Court does not rule that the Non-Stipulating Defendants waived their personal jurisdiction defenses because they failed to raise them in their June 2013 motions to dismiss."). This Court's holding is consistent with Judge Gardephe's decision in *7 West 57th Street Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981(PGG), 2015 WL 1514539, at *5-7 (S.D.N.Y. Mar. 31, 2015), relied on by the Non-Stipulating Defendants in their instant motion. Judge Gardephe held that failure to raise a Rule 12(b)(2) defense in the original motion to dismiss did not constitute waiver under Rules 12(h)(1)(A) and 12(g)(2) because the defense was not available to the Foreign Banks when they made their original Rule 12(b) motion to dismiss. *Id.* at *5. This Court held the same. (*See* March 31 Order I at 10-12.) Upon the defendants' application in *7 West 57th Street Realty Co.*, Judge Gardephe gave the parties the opportunity to make their Rule 12(b)(2) motions. *See* No. 13 Civ. 981(PGG), ECF No. 135 (S.D.N.Y. Oct. 29, 2014) (available on ECF). Here, the Non-Stipulating Defendants never requested permission to make such motions.

The Non-Stipulating Defendants next claim that even if they could have waived their personal jurisdiction defense prior to *Gucci*, their conduct was not extreme enough to constitute waiver. Quoting selectively from *Hamilton*, the Non-Stipulating Defendants claim that "courts in the Second Circuit have found a waiver only in extreme circumstances, when a defendant participat[ed] in *extensive* pretrial proceedings . . . forgoing *numerous* opportunities to move to dismiss on personal jurisdiction grounds, or where the extensive delay resulted in unfair prejudice to the plaintiff." (*Id.* at 5-6 (emphasis in original) (citations and internal quotation marks omitted).) District courts have discretion to assess what constitutes a waiver or forfeiture of a personal jurisdiction defense, and no single factor is determinative in analyzing the defendant's conduct.[6]

The Non-Stipulating Defendants had many clear opportunities to raise their personal jurisdiction defense, including when this Court directly inquired of the parties and addressed the issue at the April 2014 Rule 16 Conference. (*See* March 31 Order I at 4-7.) The sole and repeated representation made by any defense counsel and relied upon by this Court was that *only* those defendants that entered into the May and June 2013 Stipulations intended to bring subsequent motions to dismiss for lack of personal jurisdiction. (*See id.* at 6-7.) Rather than promptly asserting a Rule 12(b)(2) defense, the Non-Stipulating Defendants made the deliberate, strategic decision to give this Court the impression that they had forgone making such motions.[7] They did

---

[6] For example, the Non-Stipulating Defendants seem to suggest that the time period between *Daimler* and their Rule 12(b)(2) motions (seven months) is not sufficient to constitute the extreme circumstances necessary to reach a waiver decision. However, no specific time period is dispositive. *See Hamilton*, 197 F.3d at 61 (citations omitted) ("[T]he passage of time . . . provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that was forgone."). Moreover, this case has been pending for over three years and litigated by voluminous motion practice in that time.

[7] The Non-Stipulating Defendants argue that "the plaintiff cannot point to any gamesmanship or effort by the [Non-Stipulating] Defendants to 'sandbag' the Court or the plaintiff." (Def. Mem. at 7.) This Court specifically expressed concern about addressing Defendants' merits-based motions before any intended jurisdictional motions. That concern was put to rest by defense counsel's April 28, 2014 representations that only the seven defendants that entered into the May and June 2013 Stipulations intended to make

5

nothing to counter that impression throughout the months post-*Daimler*. The Non-Stipulating Defendants state no valid ground for reconsideration, and their motion is therefore denied.

## II. Request for Certification of the March 31 Order I for Interlocutory Appeal

In the alternative, the Non-Stipulating Defendants ask this Court to certify for interlocutory appeal the March 31 Order I pursuant to 28 U.S.C. § 1292(b). There is a "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted). District courts are urged to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). A district court may certify an order for interlocutory appeal where such order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although Section 1292(b) sets out three criteria, district courts "retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999).

The two questions of law framed by the Non-Stipulating Defendants are not controlling. If the Court's March 31 Order I were reversed, the issue of specific personal jurisdiction would remain outstanding to be reviewed and decided by this Court as to each of the ten Non-Stipulating

---

jurisdictional motions. It is the height of gamesmanship for the Non-Stipulating Defendants to leave this Court and Plaintiff with such an impression, and then months later unexpectedly file jurisdictional motions. The Non-Stipulating Defendants argue that "[t]he plaintiff was promptly informed that additional defendants would be making personal jurisdiction motions in a July 31 draft of the joint initial discovery plan, which was filed with the Court on August 4," three days before the Rule 12(b)(2) motions were filed. Including in a footnote to the "joint report regarding proposed scheduling order and initial discovery plan" a list of defendants—including some of the Non-Stipulating Defendants—that "intend to challenge personal jurisdiction" does not allow the Non-Stipulating Defendants to avoid the consequences of the prior representations. (*See* Joint Report, (ECF No. 308-1), at 4, n.1.)

6

Defendants.[8]  Moreover, as discussed in Section I, these issues do not give rise to a substantial difference of opinion.  First, Judge Gardephe's decision is not inconsistent with the March 31 Order I.  (*See supra* note 5.)  Second, as discussed, the Non-Stipulating Defendants have not successfully argued that this Court applied the wrong Second Circuit precedent.

Finally, much has to be assumed and ignored to conclude that immediate appeal would materially advance the ultimate termination of this litigation.  It has to be assumed that the Second Circuit would reverse the March 31 Order I, and that this Court would, in turn, grant each Non-Stipulating Defendants' renewed motions to dismiss.  Moreover, it has to be ignored that the Non-Stipulating Defendants make up less than a third of the defendants named in the Proposed Third Amended Complaint, and the parties are proceeding with discovery in this case regardless of any future personal jurisdiction decisions rendered by this Court.  Such a scenario would only further delay the resolution of this case for the remaining parties.  The request that this Court certify the March 31 Order I for interlocutory appeal is therefore denied.

### III.    Conclusion

The Non-Stipulating Defendants' motion for reconsideration is DENIED.  In addition, the Non-Stipulating Defendants' request for certification of this Court's March 31 Order I for interlocutory appeal is also DENIED.

The Clerk of Court is instructed to close the motion at ECF No. 452.

Dated: New York, New York
       July 24, 2015

                                           SO ORDERED:

                                           *[signature: George B. Daniels]*
                                           GEORGE B. DANIELS
                                           United States District Judge

---

[8] This Court would also need to address Plaintiff's general jurisdiction arguments with respect to Defendant Deutsche Bank AG.

7