UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JEFFREY LAYDON, on behalf of himself and all
others similarly situated,

                Plaintiff,

           v.

THE BANK OF TOKYO-MITSUBISHI UFJ,
LTD., et al.,

                Defendants.

------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07 24 2015

ORDER

12 Civ. 3419 (GBD)

GEORGE B. DANIELS, District Judge:

    Plaintiff Jeffrey Laydon[1] moves this court to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the March 31, 2015 order denying in part his motion for leave to amend the Second Amended Class Action Complaint ("SAC"). (*See* Pl. Mot., (ECF Nos. 461 & 462); *see also* March 31, 2015 Order, ("March 31 Order III"),[2] (ECF No. 448).) Plaintiff's motion is DENIED.

    Under 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal an order that (1) involves a "controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the

---

[1] Plaintiff states that non-parties Stephen P. Sullivan ("Sullivan") and Oklahoma Police Pension & Retirement System ("OPPRS") join this motion.

[2] This Court issued three orders on March 31, 2015: (1) An order denying the "Non-Stipulating Defendants'" Rule 12(b)(2) motions ("March 31 Order I"), (2) an order dismissing the four "Stipulating Defendants" from this case ("March 31 Order II"), and (3) an order denying in part Plaintiff's motion for leave to amend the SAC ("March 31 Order III"). This order incorporates by reference the facts, procedural background, and defined terms as used in the three March 31, 2015 orders.

ultimate termination of the litigation." 28 U.S.C. § 1292(b). The "question of law" must be a "pure" question that the reviewing court "could decide quickly and cleanly without having to study the record." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (citation omitted). In determining whether the question of law is "controlling," district courts look at factors, including whether (1) reversal by the Circuit would result in termination of the litigation or (2) resolution of the question would have precedential value that would affect many cases. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24-25 (2d Cir. 1990).

A question of law may give rise to a substantial ground for difference of opinion where there is "conflicting authority on the issue," or "the issue is particularly difficult and of first impression for the Second Circuit." *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10 Civ. 3461 (PAC), 2014 WL 5002090, at *3 (S.D.N.Y. Oct. 7, 2014) (quoting *Capitol Records, LLC*, 972 F. Supp. 2d at 551).

Plaintiff disagrees with three conclusions reached by this Court in the March 31 Order III: (1) the proposed RICO claims require an impermissible extraterritorial application of United States law; (2) Plaintiff, OPPRS, and Sullivan lack standing to assert RICO claims; and (3) OPPRS's and Sullivan's claims do not "relate back" under Federal Rule of Civil Procedure 15(c) to Plaintiff's initial complaint. Plaintiff argues that these conclusions give rise to questions that are appropriate for interlocutory appeal.

Plaintiff suggests that denial of the RICO claim was based in part on this Court's conclusion that Plaintiff failed to allege domestic conduct that satisfies every statutorily-required element of wire fraud. (*See* Pl. Mot. at 5.) As this Court stated in the March 31 Order III, the Second Circuit did not reach the question in *European Community v. RJR Nabisco, Inc.* of "whether domestic conduct satisfying fewer than all of the statute's essential elements could

constitute a violation of such a statute." (*See* March 31 Order III at 16 n.20 (quoting 764 F.3d 129, 142 n.14 (2d Cir. 2014).)

This Court concluded that Plaintiff failed to allege facts sufficient to demonstrate that the scheme was directed from (or to) the United States, and by simply alleging that some domestic conduct occurred, Plaintiff did not save his claim. (March 31 Order III at 16-17.) This Court did not base its decision on Plaintiff's failure to allege domestic conduct as to *each* element of the wire fraud predicate. Thus, review of this Court's decision would require the Second Circuit to engage in the same fact-intensive inquiry that this Court already undertook in reaching its conclusion. Plaintiff has not demonstrated that there is substantial ground for difference of opinion as to this Court's case-specific conclusion, and review of this question would not substantially advance the ultimate termination of this litigation.[3]

Plaintiff also argues that this Court's decision that Plaintiff, Sullivan, and OPPRS lack standing to assert the proposed RICO claim is appropriate for interlocutory appeal. The controlling question that Plaintiff suggests is essentially: Can a defendant's alleged actions be deemed too remote under the proximate cause analysis in *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 267-69 (1992), "where a pleading articulates an impact that is not dependent upon the harm to a third party"? (*See* Pl. Mot. at 11.) Again, this inquiry into the dismissal of Plaintiff's RICO claim would require the Second Circuit to review the factual allegations in detail. In addition, Plaintiff does not argue that the March 31 Order III relied on the wrong authority, but rather that it misread, and therefore misapplied, the relevant precedent regarding the proximate causation standard. (*See id.* at 8-11.) Plaintiff's disagreement with this Court's decision does not

---

[3] Plaintiff relies on *United States v. Hayes*, 12 MJ 3229, 2015 U.S. Dist. LEXIS 35140, at *20-38 (S.D.N.Y. Mar. 20, 2015), a criminal wire fraud case. To be "within the domestic reach of the wire fraud statute," (*see* Pl. Reply Mem., (ECF No. 478), at 1), is not the same as overcoming the presumption against extraterritoriality in the RICO context.

3

amount to a substantial ground for difference of opinion concerning a controlling question of law, and immediate review by the Second Circuit would not advance the ultimate termination of this litigation.

Finally, Plaintiff argues that the Second Circuit should review whether claims of newly-named plaintiffs in the class action context relate back under Rule 15(c) when the newly-named plaintiffs' claims are based on a different theory of liability. (*See id.* at 12.) Specifically, Plaintiff states that "the Court should certify this question for review, as there is no controlling Second Circuit opinion on the issue." (*Id.* at 13.) This is neither the standard nor a compelling ground for certification of this issue for interlocutory appeal under Section 1292(b). *See Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) ("Simply because a question of law has not been authoritatively addressed . . . does not make the question grounds for a substantial difference of opinion [under 28 U.S.C. § 1292(b)]."). Plaintiff does not demonstrate that there is a substantial ground for difference of opinion on this issue,[4] and the Second Circuit's review of this issue would not materially advance the ultimate termination of this case.

---

[4] Plaintiff relies on *BPP Illinois, LLC v. Royal Bank of Scotland Group PLC*, 603 F. App'x 57 (2d Cir. 2015), to argue that there is substantial ground for difference of opinion. In *BPP*, the Second Circuit did not address whether proposed plaintiffs' claims "relate back" under Rule 15(c). The issue in *BPP* was whether the statute of limitations had expired, barring the plaintiffs' claims under Pennsylvania's "discovery rule." *Id.* at 58-59.

Plaintiff's request that this Court certify the March 31 Order III for interlocutory appeal is DENIED. The Clerk of the Court is instructed to close the motion at ECF No. 461.

Dated: New York, New York
      July 24, 2015

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge