

Three World Financial Center
New York, New York  10281-2101
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone:  212-415-7525
Direct Fax:  212-303-2754
gcasamento@lockelord.com

August 4, 2015

<u>Via ECF and Telecopier</u>

The Honorable District Judge George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Laydon v. Mizuho Bank, Ltd. et al*., No. 1:12-cv-03419-GBD

Dear Judge Daniels:

We represent the HSBC Defendants in the above-referenced action.  We write at the Court's request and on behalf of all defendants in the Laydon action in response to plaintiff's letter dated July 29, 2015 (ECF 493) requesting that the Court consolidate *Sonterra Capital Master Fund, Ltd. et al., v. UBS AG et al.*, No. 15-cv-5844, with this action.  This request is premature and should be denied.[1]

Procedurally, any request for consolidation should proceed by motion, in accordance with the governing rules.  See Fed. R. Civ. P. 42(a) (setting forth requirements for consolidation); *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) (moving party bears the burden of demonstrating that consolidation is appropriate).  Plaintiff has made no motion demonstrating that the requirements for consolidation are met.

Substantively, plaintiff's request appears to be nothing more than an attempt to circumvent this Court's decision denying, in part, plaintiff's motion for leave to amend his Second Amended Complaint (ECF 448), and its previous order dismissing plaintiff's antitrust and unjust enrichment claims (ECF 270).  For example, although the *Sonterra* action was filed by the same counsel and is based upon the same factual predicate as the *Laydon* action, it does not assert Commodity Exchange Act ("CEA") claims, the only claims pending in the *Laydon* action.  Instead, the *Sonterra* action asserts claims that Laydon was denied leave to assert (*i.e.*, RICO violations and breach of an implied covenant of good faith and fair dealing) and claims that the Court previously dismissed for failure to state a claim (*i.e.*, antitrust and unjust enrichment claims).

The absence of CEA claims is telling for an additional reason.  *Sonterra* seeks to expand the scope of the putative class alleged in the *Laydon* action to include persons who engaged in over-the-counter transactions and persons who transacted in instruments that are not indexed

---

[1] Defendants have not been served in the *Sonterra* action and expressly reserve all defenses they may have, including as to personal jurisdiction.

Hon. Judge George B. Daniels
August 4, 2015
Page 2

to Euroyen TIBOR, such as Yen currency forwards and Yen-LIBOR based interest rate swaps in which plaintiffs allegedly engaged. Plaintiff thus seeks to achieve through consolidation what he was unable to do through attempts at amendment. The Court has previously rejected plaintiff's attempt to expand the putative class beyond exchange-traded products. (ECF 448).

Plaintiff's letter relies on paragraph 4 of the Court's Order Appointing Interim Lead Class Counsel dated August 29, 2012 (ECF 99)(the "Interim Order") as support for consolidation. The purpose of the Interim Order was to provide a procedural mechanism for managing class actions that might be filed by third parties who were competing with Laydon and his counsel to represent the same putative class. Laydon cannot use the Interim Order to circumvent the Court's substantive orders limiting the scope of Laydon's claims and pleadings.

Moreover, the Interim Order provides for consolidation only of actions "on behalf of investors who transacted in exchange-traded Euroyen instruments." Interim Order ¶ 4. Plaintiffs in *Sonterra* allege that they traded in over-the-counter products, such as Yen currency forwards and Yen-LIBOR based interest rate swaps, which are not exchange-traded and are not at issue in *Laydon*, which concerns only Euroyen TIBOR futures traded on the Chicago Mercantile Exchange. The Interim Order thus does not provide a basis for consolidation of the *Sonterra* action with the *Laydon* action.

Defendants do agree with Plaintiff Laydon that the *Sonterra* action is sufficiently related to the *Laydon* action that it should be assigned to this Court for handling in coordination with the *Laydon* action. Defendants do not agree, however, that the Court should consider consolidating the two actions at this time, before Defendants have had an opportunity to brief, and the Court has had an opportunity to decide, at least certain threshold issues—including lack of personal jurisdiction over most of the defendants. Defendants are prepared to confer with Plaintiffs regarding an orderly and efficient manner in which to proceed with briefing various grounds for dismissal of the *Sonterra* action, with the objective of submitting a joint proposal to the Court, or competing proposals if no agreement can be reached, but Defendants respectfully request that the Court deny consolidation at this time.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Gregory T. Casamento*

Gregory T. Casamento
Counsel for HSBC Defendants

cc: All Counsel of Record (by email)