# Exhibit "B"

move to the right menu   move to the main contents

# Supreme Court of Japan

Jump menu

- Sitemap
- About this site
- Privacy Policy
- JAPANESE（日本語）

- Home

Search for [          ]   [Search]

文字サイズ調整 小 中 大

Jump menu

- About the Supreme Court
- Judicial System in Japan
- Publications
- Judgments of the Supreme Court
- The Legal Training and Research Institute of Japan
- The Training and Research Institute for Court Officials
- Supreme Court Library
- Links

Home > Supreme Court of Japan

## 2002 (Ju) 1656

→Back

| | |
|---|---|
| **Date of the judgment (decision)** | 2003.09.12 |
| **Case Number** | 2002 (Ju) 1656 |

| Reporter | Minshu Vol.57, No.8 at 973 |
|---|---|
| Title | Judgment upon the case concerning whether information on names, addresses, etc., of students who applied for participation in a lecture meeting held by a university can be protected by law |
| Case name | Case to seek damages |
| Result | Judgment of the Second Petty Bench, quashed and remanded |
| Court of the Second Instance | Tokyo High Court, Judgment of July 17, 2002 |
| Summary of the judgment (decision) | 1. Information on the matriculation numbers, names, addresses, and telephone numbers of applicants for participation that had been collected by a university when it, as a host, invited participants of a lecture meeting from among students is legally protected as information on privacy of the applicants for participation.<br>2. The act of the university that disclosed information on the matriculation numbers, names, addresses, and telephone numbers of applicants for participation to the police, which had been collected by the university when it, as a host, invited participants of a lecture meeting without prior consent of the applicants for participation, shall constitute tort because it infringed on the privacy of the applicants for participation given the fact that there were no special circumstances that made it difficult to ask the applicants for participation for prior consent.<br>(Concerning 2 there is a dissenting opinion.) |
| References | (Concerning 1 and 2)<br>Article 709 and Article 710 of the Civil Code<br>Article 709<br>A person who intentionally or negligently violates the |

| | |
|---|---|
| | right of another is bound to make compensation for damages arising therefrom.<br><br>Article 710<br>A person who is liable in compensation for damages in accordance with the provisions of the preceding Article shall make compensation therefore even in respect to nonpecuniary damages, irrespective of whether such injury was to the body, liberty, or reputation of another or to the person's property rights. |
| **Main text of the judgment (decision)** | Within the judgment of the second instance court, the part concerning the claim of damages on the grounds of infringement of privacy shall be quashed.<br>With respect to the part mentioned in the preceding paragraph, this case shall be remanded to the Tokyo High Court. |
| **Reasons** | Concerning the grounds for motion for acceptance of jokoku appeal by the jokoku appeal attorneys MIZUNAGA Seiji, WATANABE Chifuru, and HAYASHI Chiharu<br><br>1 The following is a summary of the facts determined by the second instance court.<br>(1) The jokoku appellee is an incorporated school that established Waseda University and other institutions. Waseda University has been holding lecture meetings on the occasion of important persons' visit to Japan from foreign countries. Around the end of July 1998, Waseda University received notification from the Chinese Embassy to the effect that the Chinese head of state Jiang Zemin would like to visit the university during his visit to Japan sometime in the fall of 1998, and the university then planned to hold a lecture meeting by him; after consulting with the Tokyo Metropolitan Police Department, Ministry of Foreign Affairs, and |

Chinese Embassy, the university consequently decided to hold a lecture meeting by him at the university's Okuma auditorium on November 28, 1998, and to invite participants from among its students.

(2) It was decided that the application for participation in the lecture meeting was to be carried out by entering applicants' names on the list of this case, which was placed in respective undergraduate offices, respective graduate offices, and the international education center for the period starting from November 18, 1998, until November 24, 1998. On the sheet of the list of this case, the title "Participants of a lecture meeting by the head of the People's Republic of China Jiang Zemin" was printed in the margin of the uppermost row; and beneath that, the rows for matriculation number, name, address, and telephone number were set up for horizontally written entry, and each of the rows was enclosed by a drawn horizontal line, line by line, so that the applicants for participation could individually enter the items. On the above sheet, fifteen sets of rows were set up per sheet so that fifteen applicants for participation could make their entries. A participation certificate was delivered to the students who had applied for participation in the lecture meeting of this case by making an entry of their names and other items.

(3) The jokoku appellants were students of Waseda University who had applied for participation in the lecture meeting of this case, entering their names and other items onto the list of this case, and received a participation certificate.

(4) In preparation for the lecture meeting, Waseda University was required by the Tokyo Metropolitan Police Department, Ministry of Foreign Affairs, and Chinese Embassy, etc., to make assurance doubly sure with respect to the security measures. Therefore, several preliminary discussions were held since around the end of July 1998 by the staff members of Waseda

Details of 2002 (Ju) 1656 | Judgments of the Supreme Court
Case 1:12-cv-03419-GBD-HBP Document 504-2 Filed 08/06/15 Page 6 of 12
Page 5 of 11

University, persons in charge of the issue at the Tokyo Metropolitan Police Department, and staff members from the Ministry of Foreign Affairs and the Chinese Embassy. In this process, Waseda University was required by the Tokyo Metropolitan Police Department to submit the list of participants of the lecture meeting of this case for the sake of security.

(5) Accepting the request, and then holding the internal discussion, Waseda University decided to submit the list of this case in order to entrust the police with security for the lecture meeting of this case. Consequently, the copy of the list of the case was submitted to the management division of the administration department that had been reported to a student affairs department from respective offices by November 25, 1998, and the staff members of the student division submitted the list to the Totsuka Police Station of the Tokyo Metropolitan Police Department on the day or in the night of November 26, 1998, with the respective lists of participants from among staff members of Waseda University, foreign students, members of the press, and other groups. Waseda University did not obtain consent from the jokoku appellants with respect to the submission of the copy of the list of this case.

(6) The jokoku appellants participated in the lecture meeting of this case, but during the lecture by the head of state Jiang Zemin, they stood from their seats, and shouted, "We oppose nuclear military expansion by China," and as a result of this, they were removed by plain-clothes policemen, taken outside the hall, and then arrested on the spot on the charge of intrusion into a structure and forcible obstruction of business. Afterwards, the jokoku appellants received a reprimand from Waseda University for disturbing the lecture meeting of this case.

2 This is a case where the jokoku appellants seek

damages against the jokoku appellee for an invalid reprimand that was carried out in cooperation with an illegal arrest, seek confirmation of invalidation of the reprimand, demand a written and posted apology, and along with this, the jokoku appellants seek damages for infringement of the jokoku appellants' privacy because, without their consent, the jokoku appellees submitted a copy of the list of this case to the Tokyo Metropolitan Police Department, on which the names of the applicants for participation in the lecture meeting of this case are written, including those of the jokoku appellants.

3 Under the aforementioned facts, the second instance court decided as follows with respect to the claim for damages on the ground of infringing privacy, and dismissed all of the jokoku appellants' claims of this case, including the said claim.
(1) The list of this case contains not only information on names and other items, but also information to the effect that "(the person) is a student who, through the person's own will, has applied for participation in the lecture meeting of this case," and this kind of personal information is to be regarded as legally protected as the right or interest of privacy, and the list of this case can be considered to contain such value of information.
(2) With respect to Waseda University's act of submitting the list of this case to the police, there is no evidence that suffices to recognize that the university has obtained the consent of applicants for participation in the lecture meeting of this case. However, it is unreasonable to conclude that the act of disclosing the information on one's private life would lead directly to illegality, and the person who disclosed the information owes tort liability instead, comprehensively taking various factors into consideration based on the sensibilities of a reasonable person; and in a case where

there is due reason for the act of the said disclosure and it can be socially accepted, it is to be decided that there is no illegality and the person does not assume tort liability; meanwhile, the personal information of this case is fundamentally simple information for identification of a person but is irrelevant to freedom of thought, belief, or association; in addition to this, the degree and level of sense of not being known by others is low in nature; the jokoku appellants cannot be recognized to have suffered concrete disadvantages by the disclosure of the personal information of this case; Waseda University made assurance doubly sure as a host of the lecture meeting of this case with respect to the security and escort of a foreign VIP, the lecturer, and there was a necessity in disclosing the personal information of this case for the purpose of preventing an unexpected contingency as well as ensuring the security of the person; furthermore, various factors can be seen, such as that the purpose of disclosure is justifiable, and there is a certain extent of relevancy between the purpose of collecting the personal information of this case and the purpose of its disclosure; and then, taking the aforementioned various factors comprehensively into consideration, although the university did not obtain the jokoku appellants' consent or permission beforehand, the act of disclosing the personal information of this case by the university cannot be regarded as an illegal act that exceeds the limit that is considered to be acceptable under social convention; therefore, the disclosure cannot be regarded as constituting tort against the jokoku appellants.

4 The jokoku appellants applied for a motion for acceptance of jokoku appeal by complaining about the part of the judgment of the second instance court concerning the claim for damages for the reason of infringement of privacy.

Details of 2002 (Ju) 1656 | Judgments of the Supreme Court
Case 1:12-cv-03419-GBD-HBP   Document 504-2   Filed 08/06/15   Page 9 of 12
Page 8 of 11

5 Within the aforementioned decision by the second instance court, the said item 3(1) can be accepted, while item 3(2) cannot. The reason is as follows.

(1) The personal information of this case is information that is requested of the students for submission to Waseda University, so that it would be known beforehand who the applicants for the lecture meeting by an important foreign state guest would be; and the matriculation numbers, names, addresses, and telephone numbers are simple information for Waseda University to identify individuals; therefore, to this extent, the necessity for concealment is not very high. It is the same with respect to the information to the effect that the person is a student who applied for participation in the lecture meeting. However, even with respect to the aforementioned personal information, it is natural that a principal would not want no more information than it is necessary to be disclosed to others whom the person would not let know, and this expectation should be protected; therefore, the personal information of this case should be legally protected as information concerning the jokoku appellants' privacy.

(2) The information concerning privacy may harm the personal characteristic rights and obligations depending on how it is handled; therefore, it should be handled carefully. Waseda University, who as a host of the lecture meeting of this case collected the jokoku appellants' personal information of this case in inviting participants, is not allowed to disclose more information to others than is necessary without being based on the jokoku appellants' intention; meanwhile, it can be considered easy for the university to ask for the consent of students with respect to the disclosure by clearly specifying that it would disclose the personal information of this case to the police, and then, make the applicants for participation in the lecture meeting of

this case fill in the list of this case; in this case, where there were no special circumstances making it difficult, the act of the university should be regarded as constituting tort because it did not take the measures of obtaining the jokoku appellants' consent, and without their consent it disclosed the personal information of this case to the police; these acts of the university contravene the rational expectation of the jokoku appellants that the voluntarily reported information concerning privacy will be adequately controlled. The circumstances that were mentioned in the judgment of the second instance court including the degree of concealment, non-existence of concrete disadvantages by disclosure, and justifiability and necessity of the purpose of disclosure are not sufficient to affect the above conclusion.

6 From all of the above, an apparent violation of laws can be seen in the above decision of the second instance court that may affect the judgment; therefore, the line of argument can be accepted. Within the second instance court judgment, the part concerning the claim for damages for the reason of infringement of privacy shall inevitably be quashed. As it is necessary to examine the part further, this case shall be remanded to the second instance court.

In the end, except for the dissenting opinion of Justice KAMEYAMA Tsugio and Justice KAJITANI Gen, the judgment was rendered in the form of the main text by the unanimous consent of the Justices.

The following is the dissenting opinion of Justice KAMEYAMA Tsugio and Justice KAJITANI Gen.

The disclosure of the personal information of this case to the Tokyo Metropolitan Police Department by

Waseda University shall not constitute tort against the jokoku appellants. The following is the reason for our opinion.

Although the personal information of this case is information concerning privacy, it is not in the nature of being completely concealed from others like information exclusively concerning the personal ideas of an individual, but it is the kind of information that the jokoku appellants would voluntarily reveal on necessity in basic social interactions or simple information used for personal identification; therefore, due to its nature, the degree of sense of expectation not to be known by others is low. The list of this case was formed in order to concretely identify the participants of the lecture meeting of this case and to smoothly carry out the management and administration of the lecture meeting of this case.

Meanwhile, the lecture meeting of this case is a lecture meeting by the head of the People's Republic of China, a state guest, and the necessity of the security is extremely high, therefore, there was a justifiable reason for Waseda University to submit the copy of the list of this case to the Tokyo Metropolitan Police Department, which was responsible for security, upon its request. Taking a look at the party to whom the personal information of this case was disclosed and the way of the disclosure, they were in accordance with the purpose of making assurance doubly sure as a host of the lecture meeting for the security of the lecturer, and substantial disadvantages for the jokoku appellants cannot be seen through the aforementioned disclosure.

Taking all of the above facts into consideration, the disclosure of the personal information of this case by Waseda University to the police lacked thoughtful

|  | consideration in some regards with respect to the fact that it did not take measures to obtain the jokoku appellants' prior consent, but it cannot be deemed an illegal act that exceeded the acceptable limit under social convention; therefore, it cannot be regarded as an act constituting tort against the jokoku appellants.<br><br>In conclusion, the decision of the second instance court, to the effect that neither of the claims by the jokoku appellants shall be dismissed, is justifiable and can be approved, and the jokoku appeal of this case shall be dismissed because the grounds were unfounded. |
|---|---|
| **Presiding Judge** | Justice TAKII Shigeo<br>Justice FUKUDA Hiroshi<br>Justice KITAGAWA Hiroharu<br>Justice KAMEYAMA Tsugio<br>Justice KAJITANI Gen |

(This translation is provisional and subject to revision.)

Copyrights (C) 2014 Supreme Court of Japan. All Rights Reserved.