

Three World Financial Center
New York, New York  10281-2101
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone:  212-415-7525
Direct Fax:  212-303-2754
gcasamento@lockelord.com

August 14, 2015

Via Facsimile

The Honorable Henry B. Pitman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Laydon v. Mizuho Bank, Ltd. et al.*, No. 1:12-cv-03419-GBD
Request for Pre-Motion Discovery Conference

Dear Judge Pitman:

We represent the HSBC Defendants in the above-referenced action. We write on behalf of the HSBC Defendants as well as Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JP Morgan Securities plc, Société Générale, Sumitomo Mitsui Banking Corporation, Sumitomo Mitsui Trust Bank, Ltd., Mizuho Corporate Bank, Ltd., The Bank of Tokyo-Mitsubishi UFJ, Ltd., The Bank of Yokohama, Ltd., Mistubishi UFJ Trust and Banking Corporation, The Norinchukin Bank, Shinkin Central Bank, The Shoko Chukin Bank, Ltd., and Deutsche Bank AG (referred to herein as the "Defendants") to request a pre-motion discovery conference. Within hours of the filing of Defendants' motion for an order sustaining objections to discovery under data privacy laws of the United Kingdom, Plaintiff's counsel emailed Defendants a Notice of Deposition for both of Defendants' United Kingdom data privacy law experts, Dr. Mark Watts and Professor Christopher Millard (the "UK Law Experts").[1] There was no mention by Plaintiff of its supposed need for such discovery, or how such discovery might affect the briefing schedule, during the June 25 conference or at any time prior to August 6, 2015. Counsel for Defendants promptly conferred with counsel for Plaintiff regarding the proposed depositions, and Plaintiff's counsel refused to withdraw the notices of deposition. For the reasons set forth below, Defendants anticipate filing a motion for protective order confirming that the proposed depositions of the UK and Japanese Law Experts are unnecessary and inappropriate.

Plaintiff purported to notice the UK and Japanese Law Experts' depositions pursuant to Federal Rule of Civil Procedure 26. But the plain language of Rule 26 makes clear that expert witness disclosure and deposition requirements apply only to expert witnesses parties expect to testify at trial. Fed. R. Civ. Proc. 26(a)(2)(B) (requiring that a party produce a written report and certain disclosures in connection with "any witness it may use at trial to present evidence under [FRE] 702, 703, and 705"); Fed. R. Civ. Proc. 26(b)(4)(A) (providing that a party may "depose any person who has been identified as an expert whose opinions may be presented at trial"). Plaintiff has not suggested that he anticipates the UK or Japanese Law Experts will be testifying

---

[1] On August 12, 2015, Plaintiff's counsel also emailed Defendants a Notice of Deposition for Japanese data privacy law expert, Hirotaka Uranka (the "Japanese Law Expert").

Hon. Judge Henry B. Pitman
August 14, 2015
Page 2

at trial in this action, and for good reason—it is eminently clear that the UK and Japanese Law Experts are not trial witnesses.

Rather, the UK and Japanese Law Experts' declarations were submitted for the purpose of informing the Court about foreign law, pursuant to Federal Rule of Civil Procedure 44.1. "When an issue of foreign law has been raised, the court is permitted to make a determination of that law as a matter of law." *Haywin Textile Prods., Inc. v. Int'l Fin. Investment*, 137 F. Supp. 2d 431, 434-35 (S.D.N.Y. 2001). The Court can rely on its own research and any submissions from the parties, including expert witness declarations such as the declarations submitted by Defendants from the UK and Japanese Law Experts, in determining the foreign law issue. Fed. R. Civ. P. 44.1; *see also HFGL Ltd. v. Alex Lyon & Son Sales Managers & Auctioneers, Inc.*, 264 F.R.D. 146, 148 (D. N.J. 2009). In fact, submission of affidavits of experts in the foreign law at issue—by both sides--is highly typical. *See, e.g., Sunstar, Inc. v. Alberto-Culver Co.*, 586 F.3d 487, 495 (7th Cir. 2009) ("Rule 44.1 … permits foreign law to be proved by testimony or affidavits of experts, and that is the route followed in most cases."); *Universe Sales Co., Ltd. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999) ("expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law").

The Court has discretion to disregard "even the uncontradicted conclusions of an expert witness and reach its own decisions on the basis of independent examination of foreign legal authorities." *HFGL*, 264 F.R.D. at 148. Accordingly, foreign law experts submitting affidavits under Rule 44.1 are not governed by Rule 26. *See, e.g., Trans Chem. Ltd. v. China Nat'l Machinery Import & Export Corp.*, 161 F.3d 314 (5th Cir. 1998) (affirming decision that expert witness on foreign law is not required to meet any special qualifications under Rule 44.1); *HFGL*, 264 F.R.D. at 149 ("The use of an expert report to assist the Court in its determination of foreign law is entirely different from the use of an expert report, pursuant to Rule 702, to aid the jury in determining the facts."); *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3, 9 (D.D.C. 1999) (Rule 44.1, "which permits expert testimony on" questions of foreign law, controls rather than Rule 26, such that expert disclosures and report are not required); *but see Silberman v. Innovation Luggage, Inc.*, No. 01-7109, 2002 WL 31175226, *1-3 (S.D.N.Y. Sept. 30, 2002) (finding that, *at summary judgment stage*, foreign legal experts are governed by Rule 26 and must submit expert report).[2]

---

[2] To the extent *Silberman* reaches a different conclusion, respectfully, the decision failed to fully evaluate the applicability of Rule 44.1 and appears to have been wrongly decided. Notably, none of the decisions relied upon by Magistrate Judge Freeman in *Silberman* involve discovery disputes. *See, e.g., Kranis v. Scott*, 178 F. Supp. 2d 330 (E.D.N.Y. 2002) (permitting a *pro se* malpractice plaintiff to hire an expert to testify at trial regarding professional standard of care); *Base Metal Trading v. Russian Aluminum*, No. 00-9627, 2002 WL 987257, *4 (S.D.N.Y. May 14, 2012) (addressing deposition of Russian law expert opining on the adequacy of the Russian legal system in context of *forum non conveniens* motion); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 245, 264 (D. N.J. 1997) (barring poor-quality Lithuanian law expert from testifying at trial). This Court would not be alone in questioning *Silberman*'s approach. *See Universal Trading & Inv. Co. v. Kiritchenko*, No. 99-03073, 2007 WL 2141296, *4 (N.D. Cal. July 25, 2007) (declining to order foreign law expert to comply with Rule 26 and observing that the *Kranis* decision "does not, as *Silberman* appears to assume, involve a legal expert providing information to the judge alone pursuant to Rule 44.1"); *see also Sosa v. Pfeiffer*, No. 10-0280, 2013 WL 5204104, *3 (S.D. Cal. Sept. 16, 2013) ("Defendants offer the opinion of their expert to assist this Court in determining foreign law when ruling on the motion for summary judgment which is permissible under Rule 44.1. The opinion is not being offered at trial and therefore, under the plain language of Rule 26(a)(2), is not subject to the disclosure requirement or the report requirement.").

Hon. Judge Henry B. Pitman
August 14, 2015
Page 3

Moreover, even in circumstances where expert depositions are theoretically permissible, courts can—and should—issue protective orders to prohibit discovery where it would result in harassment or undue expense, and where the burden and expense outweigh the likelihood that relevant evidence would be uncovered. *See, e.g., In re Joint Eastern & Southern Districts Asbestos Litig.*, 151 F.R.D. 540, 546 (S.D.N.Y. 1993).  Here, the burden and expense of depositions of the UK and Japanese Law Experts would be quite high. For instance, Plaintiff's counsel and counsel for each Defendant would need to travel to London and Tokyo.[3] Additionally, Plaintiff would have to pay the UK and Japanese Law Experts their hourly rate for their time spent preparing for and participating in the deposition. Fed. R. Civ. Proc. 26(b)(4)(E).[4] This high cost would eventually be borne by the class that Plaintiff proposes to represent if they prevail. In contrast, the likelihood of Plaintiff discovering any useful evidence from any of the depositions is extremely small. The UK and Japanese Law Experts disclosed their legal opinions in their declaration, which Plaintiff is free to rebut with his own expert's opinions. Any arguments Plaintiff may hope to develop that the UK and Japanese Law Experts are somehow unreliable, or that their opinions are inadmissible for some other reasons, would be futile because it is well established the Court can consider inadmissible materials under Rule 44.1.  *See HFGL*, 264 F.R.D. at 149. Allowing the depositions here could also discourage highly qualified experts, like the UK and Japanese Law Experts, from assisting the court in Rule 44.1 determinations of foreign law in the future.  *See In re Joint Eastern & Southern Districts Asbestos Litig.*, 151 F.R.D. at 546.  Accordingly, even if Rule 26 permitted Plaintiff to depose the UK and Japanese Law Experts (which it does not), the Court should issue a protective order because the proposed depositions are unnecessary and unlikely to lead to significant enough evidence to justify their substantial cost.

We look forward to discussing these issues with the Court at a pre-motion discovery conference, at a date and time of the Court's choosing.

Respectfully submitted,

*Gregory T. Casamento*

Gregory T. Casamento
Counsel for HSBC Defendants

cc:   The Honorable George B. Daniels (via facsimile, 212-805-6737)
      All Counsel of Record (by email)

---

[3] The Notices of Deposition list the location of the depositions as Plaintiff's counsel's office in White Plains, New York, but White Plains, New York is obviously well over 100 miles from the UK and Japanese Law Experts' residences.  Plaintiff has not provided any explanation as to why he believes the UK and Japanese Law Experts must travel to him for their depositions.

[4] Depending on the location of the deposition, Plaintiff may also need to pay the expense (including a reasonable hourly rate) of the attendance of one attorney for each of the Defendants at the deposition. *See* L. Civ. R. 30.1.