

| | |
|---|---|
| **New York**<br>White Plains Plaza<br>One North Broadway<br>White Plains, NY 10601-2310<br>914-997-0500 Telephone<br>914-997-0035 Fax<br>www.lowey.com | **Pennsylvania**<br>Four Tower Bridge<br>200 Barr Harbor Drive, Suite 400<br>West Conshohoken, PA 19428-2977<br>610-941-2760 Telephone<br>610-862-9777 Fax |

August 18, 2015

**VIA ECF**
The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (HBP); *Sonterra Capital Master Fund, Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (HBP)

Dear Judge Daniels:

      As counsel for Plaintiffs in the above-captioned actions, we write in response to Defendants' August 4, 2015 letter. *See* ECF No. 494.

      As an initial matter, Plaintiffs are in the process of serving Defendants in the *Sonterra* action, and as that process is completed, Plaintiffs are agreeable to entering into stipulations similar to those entered in the *Laydon* action which will adjourn *sine die* Defendants' time to answer or otherwise respond to the *Sonterra* action complaint until all parties can agree on an appropriate schedule for the filing of any amended consolidated complaint and defendants' responses thereto. Now that the *Sonterra* action has been assigned to Your Honor and accepted as related to the *Laydon* action, Plaintiffs are amenable to filing a motion to consolidate the two actions pursuant FED. R. CIV. P. 42(a). Plaintiffs did not previously file any such motion for the obvious reason that the *Sonterra* action, until August 5, remained unassigned.

      With respect to the arguments raised in Defendants' August 4 letter, we note that nothing in Rule 42(a) limits the procedure for consolidation as the Court may order consolidation *sua sponte*. *See* 1 Moore's Federal Rules Pamphlet § 42.3[1] (2013) ("Nothing in Rule 42(a) limits the procedure for consolidation. The court may order consolidation sua sponte or may await the motion of one or more parties"). *See also Prince of Peace Enters. v. Top Quality Food Mkt., LLC*, Nos. 07 Civ. 349 (RJH), 07 Civ. 6195 (RJH), 2007 U.S. Dist. LEXIS 59239, at *3 (S.D.N.Y. July 23, 2007) (quoting *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)) (consolidating *sua sponte* related trademark infringement cases involving differing claims but many of the same parties and nearly identical allegations).

      Here, the permissive Rule 42(a) standard for consolidation is easily satisfied.[1] The operative complaints demonstrate that the *Laydon* and *Sonterra* actions derive from an identical

---

[1] Consolidation under Rule 42(a) requires only a single common question of law or fact. FED. R. CIV. P. 42(a) (consolidation is appropriate if the actions "involve *a common question* of law or fact.") (emphasis added); *see also*



Letter to The Honorable George B. Daniels
August 18, 2015
Page 2

set of facts, including the same guilty pleas, government settlements, and admissions of Defendants rigging of Yen-LIBOR and Euroyen TIBOR, and assert overlapping claims against the same defendants, making consolidation eminently appropriate. Even if the actions did not share these uniformities, consolidation would nonetheless be appropriate. *See, e.g.*, *In re Facebook, Inc.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012) (consolidation appropriate even in cases where there "are differences in causes of action, defendants, or the class period") (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007)); *Malin v. CONRAIL*, Nos. 84 civ. 2189, 85 civ. 2785, 1986 U.S. Dist. LEXIS 25979, at *9 (E.D. Pa. May 2, 1986) (consolidating actions involving parties dismissed as defendants in original action, but later made third or fourth party defendants by remaining defendants).

Consolidation will also avoid inconsistent rulings and promote efficiency. Absent consolidation, overlapping and duplicative discovery disputes, and issues relating to class certification, motions for summary judgment, trial, and appeals would unnecessarily need to be briefed and decided by the Court separately. The Court has already rendered multiple decisions on multiple rounds of briefing on Defendants' motions to dismiss. It would make little sense to re-litigate the same legal disputes again.

That the plaintiffs in *Sonterra* transacted exclusively in over-the-counter instruments directly with Defendants (*e.g.*, Yen-LIBOR interest rate swaps and Yen FX forward agreements) is no bar to consolidation.[2] Defendants have admitted, and <u>both</u> the *Laydon*[3] and *Sonterra* actions, allege, that: (i) Yen-LIBOR and Euroyen TIBOR are a payment term in a wide variety of financial instruments, including the financial instruments traded by the named plaintiffs in the *Laydon* and *Sonterra* actions; (ii) the financial instruments traded by the named plaintiffs in the *Laydon* and *Sonterra* actions are priced based on Yen-LIBOR and Euroyen TIBOR; and (iii) Defendants manipulated Yen-LIBOR and Euroyen TIBOR for the express purpose of profiting on the very same over-the-counter instruments transacted by the *Sonterra* plaintiffs and exchange-traded financial instruments transacted in by Plaintiff Laydon. *See, e.g.*, United States

---

*Schreiber Trucking Co. v. Rail Trailer Co.*, 194 F. Supp. 164, 165 (E.D. Pa. 1961) ("Since there is a question of fact which is common to all the actions (the negligence in starting the fire) that is sufficient to make a consolidation possible. That there are other questions which are not common to all the actions does not remove the right to consolidate.").

[2] Courts in this District routinely consolidate actions which, as here, allege claims on behalf of both exchange traded (*i.e.*, futures contracts), and over-the-counter (*e.g.*, swaps) market participants. *See, e.g., In re Foreign Exchange Benchmark Rates Antitrust Litig.*, 13 Civ. 7789 (LGS), ECF No. 412, (S.D.N.Y. Aug. 13, 2015) (consolidating class actions including both exchange traded and over-the-counter market participants).

[3] Proposed intervenor CalSTRS also transacted directly with Defendants in over-the-counter instruments which were price impacted by Defendants' admitted manipulation of Yen-LIBOR. *See* ECF No. 388-1 (alleging that CalSTRS transacted in Yen currency forward agreements directly with Defendants UBS, RBS, JPMorgan, Deutsche, Citibank, Barclays, HSBC and Société Générale and directly linking CalSTRS transactions to specific dates Defendants' admitted to manipulating Yen-LIBOR). It's interests are therefore directly aligned with the Laydon and Sonterra plaintiffs.



Department of Justice, Criminal Division, Fraud Section Non-Prosecution Agreement and Appendix A Statement of Facts with UBS AG (Dec. 18, 2012) at 36, ¶¶ 93, 95 (the purpose of UBS' misconduct "was to manipulate benchmark submissions from UBS and other banks to influence the resulting fixes and thus to have a favorable effect on the derivatives traders' trading positions" including "interest rate derivatives transactions tied to LIBOR, Euroyen TIBOR…— such as derivatives, forward rate agreements, and futures…").

Plaintiffs look forward to addressing these issues at the October 8 conference. Of course, should the Court wish to speak with the parties sooner, we are available at the Court's convenience.

Respectfully submitted,

Vincent Briganti /RG

cc: Counsel of Record (via ECF)