# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 10, 2015

Via ECF

The Honorable George B. Daniels,
 United States District Judge,
  Daniel Patrick Moynihan United States Courthouse,
   500 Pearl Street,
    New York, New York 10007-1312.

  Re: *Laydon* v. *Mizuho Bank, Ltd. et al.*, No. 12-cv-03419 (S.D.N.Y.);
    *Sonterra Capital Master Fund Ltd. et al.* v. *UBS AG et al.*,
    No. 15-cv-05844 (S.D.N.Y.)

Dear Judge Daniels:

  Sullivan & Cromwell LLP is counsel to The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation in the above-captioned actions pending before Your Honor (the "Yen Libor Litigation").

  Tabitha Ferrer, one of your former law clerks, joined Sullivan & Cromwell LLP on September 8, 2015, as an associate in the firm's New York office.  We are writing to Your Honor pursuant to New York Rule of Professional Conduct 1.12, which (i) bars a former law clerk from representing a client in connection with a matter in which he or she participated personally and substantially while clerking, and (ii) describes notification and screening requirements that must be put in place to ensure that the former law clerk does not share information regarding the matter with others at the firm.  This letter sets out Sullivan & Cromwell LLP's compliance with the requirements of Rule 1.12.

  1. Sullivan & Cromwell LLP has taken the following steps to screen Ms. Ferrer from the Yen Libor Litigation:

    a. Our partner Steve Holley has notified Ms. Ferrer in writing that she is not to participate in the Yen Libor Litigation, discuss it with

The Honorable George B. Daniels -2-

    lawyers or nonlawyer personnel working on it, or review any documents relating to it.

  b. Mr. Holley has notified in writing all lawyers, legal analysts, legal assistants and lawyers' secretaries that they are not to discuss the Yen Libor Litigation with Ms. Ferrer or allow her access to documents concerning it.

  c. Mr. Holley has sent a memorandum to the firm's Records Department instructing it not to allow Ms. Ferrer to have access to any files relating to the Yen Libor Litigation. This triggers restrictions on Ms. Ferrer's access to electronic documents relating to that litigation.

 2. As Ms. Ferrer is a salaried employee, she will not share in any fees attributable to Sullivan & Cromwell LLP's work on the Yen Libor Litigation.

  If the Court requires any additional information concerning this matter, please let us know, and we will be happy to provide it.

            Respectfully submitted,

            /s/ Daryl A. Libow

            *Counsel to The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation*

cc: *All Counsel of Record* (via ECF)