MAYER·BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Steven Wolowitz**
Direct Tel +1 212 506 2535
Direct Fax +1 212 849 5535
swolowitz@mayerbrown.com

September 11, 2015

BY ECF AND FACSIMILE

The Honorable Henry B. Pitman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007
F:  (212) 805-6111

Re:   *Laydon v. Mizuho Bank, Ltd., et al.*, No. 1:12-cv-03419-GBD

Dear Judge Pitman:

We are counsel for Société Générale ("SG") in the above-referenced action. We write jointly on behalf of SG, The Bank of Tokyo-Mitsubishi UFJ, Ltd., The Bank of Yokohama, Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities, plc, Mitsubishi UFJ Trust and Banking Corporation, Mizuho Corporate Bank, Ltd., The Norinchukin Bank, Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Banking Corp. and Sumitomo Mitsui Trust Bank, Ltd. ("Defendants") and Plaintiff Jeffrey Laydon ("Plaintiff") to advise the Court of the parties' plan to address Defendants' Japanese data privacy law objections to Plaintiff's documents requests.[1]

By way of brief background, on June 18, 2014, Plaintiff served his First Request for Production of Documents Directed to Defendants (the "First Request"). At this time, Plaintiff is pursuing underlying and pre-existing documents responsive to Request No. 3, which seeks the production of "All documents produced by you to any regulatory body or government agency, including, without limitation, the DOJ, the CFTC, the EC, the FSA, the JSESC, the Swiss COMCO or the CCB concerning Yen-LIBOR and/or Euroyen TIBOR." Plaintiff has not waived his other requests. Defendants served their responses and objections on December 19, 2014 asserting, among others, objections based on Japan's Act on the Protection of Personal Information (Act No. 57 of 2003) (the "APPI"). Pursuant to the Court's June 26, 2015 Order, Defendants filed a motion to sustain their APPI objections and for certain additional relief. (ECF Nos. 501-04.) Plaintiff's deadline to respond has not yet passed. On August 12, 2015, Plaintiff served a notice of deposition for Defendants' Japanese data privacy law expert, Hirotaka Uranaka. Defendants sent a letter to the Court on August 14, 2015 requesting a pre-motion

---

[1] The agreement is directed to Defendants' Japanese data privacy law objections and does not address the U.K. data privacy law objections asserted by these or other defendants. Nor does the agreement address the request by certain defendants for a pre-motion conference to address the deposition notices issued by Plaintiff's counsel to certain of the defendants' experts on U.K. data privacy law.

Hon. Henry B. Pitman
September 11, 2015
Page 2

conference in order to seek leave to file a motion for a protective order confirming that the deposition is unnecessary. Plaintiff sent his letter response on August 17, 2015.

In an effort to resolve their discovery dispute concerning the applicability of the APPI to Plaintiff's Request No. 3 and to conserve judicial and party resources, Plaintiff and Defendants have agreed to proceed under the following framework with respect to Defendants' APPI objections:

- Defendants will withdraw their motion to sustain their APPI objections without prejudice.

- Plaintiff, in turn, will withdraw his Notice of Deposition of Mr. Uranaka without prejudice. Defendants preserve and do not waive any rights or objections that they may have with regard to such deposition.

- Defendants will redact (or otherwise anonymize or pseudonymize) personal data (as defined by the APPI) in their discretion from applicable documents responsive to Request No. 3 prior to production of such documents to Plaintiff.

- Defendants will produce to Plaintiff non-privileged underlying and pre-existing documents from Japan responsive to Request No. 3, that are not otherwise subject to an objection, including those with APPI redactions applied. Such productions shall be governed by the protective order entered in this case on August 8, 2014. Plaintiff and each Defendant will confer regarding the timing and the format of such productions.

- If, as a result of Plaintiffs' review of Defendants' respective document productions, Plaintiff identifies a question or concern regarding the redactions applied by a Defendant, then Plaintiff and that Defendant will engage in a meet and confer process to attempt to address such question or concern. Defendants will not be required to produce privacy logs at the time of their productions; however, as part of the meet and confer process, Defendants will, upon a request by Plaintiff, provide information sufficient for Plaintiff to evaluate any redaction, anonymization or pseudonymization. Plaintiff reserves the right to request a privacy log.

- If any unresolved issues remain following a meet and confer process, either Plaintiff or Defendant (or both) may, subject to Your Honor's individual practices, make an application to the Court for relief.

- For the avoidance of doubt, this agreement shall be without prejudice to (a) either Plaintiff's or Defendants' positions concerning the applicability of the APPI to documents sought by Request No. 3, (b) either Plaintiff's or Defendants' positions concerning the applicability of the APPI to the other documents sought by the First Request, (c) any other (non-APPI) objection that a Defendant is asserting to the First Request, or (d) any party's right to seek future relief from the Court, subject to the above.

Mayer Brown LLP

Hon. Henry B. Pitman
September 11, 2015
Page 3

    Plaintiff and Defendants believe that this framework will help to expedite the production of documents responsive to Request No. 3 (if any) by Defendants and provide a mechanism for addressing any disputes that may arise concerning redactions applied to such documents. The meet and confer process should narrow and focus any remaining issues for presentation to the Court, thereby lessening any burden on the Court.

    Counsel for Plaintiff and Defendants are available to discuss these issues at the Court's convenience. We thank the Court for its attention to this matter.

                                      Respectfully submitted,

                                      Steven Wolowitz

cc:    Mr. Peter St. Phillip (*via ECF*)

717633570