

|  |  |
|---|---|
| **New York** | **Pennsylvania** |
| White Plains Plaza | Four Tower Bridge |
| One North Broadway | 200 Barr Harbor Drive, Suite 400 |
| White Plains, NY 10601-2310 | West Conshohoken, PA 19428-2977 |
| 914-997-0500 Telephone | 610-941-2760 Telephone |
| 914-997-0035 Fax | 610-862-9777 Fax |
| www.lowey.com | |

October 13, 2015

<u>**VIA FACSIMILE AND ECF**</u>

The Honorable Henry B. Pitman
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD) (HBP); *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (HBP)

Dear Judge Pitman,

      On October 8, 2015, Judge Daniels ordered Plaintiffs in the *Laydon* and *Sonterra* actions to file amended complaints by December 1, 2015. Given this schedule, we request a conference as soon as possible to discuss the coordination of discovery between the two actions so that evidence relevant to the issue of personal jurisdiction may be included in these amended complaints.

      Since our last conference on June 25, 2015, only six out of seventeen Defendants have made partial productions of responsive documents in the *Laydon* action. The remaining defendants have not produced a single page, relying on foreign data privacy and other objections to withhold responsive documents.

      Discovery is critically relevant to Plaintiffs' amended complaints and opposition to Defendants' anticipated motions to dismiss for lack of personal jurisdiction. Among the areas to be tested by discovery are whether Defendants: (1) made requests for false Yen-LIBOR and Euroyen TIBOR submissions from within the United States; (2) transacted in Euroyen-based derivatives directly with U.S.-based counterparties; (3) knew that their manipulation of Yen-LIBOR would adversely impact the prices of Euroyen-based derivatives transacted by U.S.-based counterparties; (4) hatched at least part of their conspiracy from within the United States; (5) traveled to the United States in furtherance of their conspiracy; and (6) transmitted trade confirmations to U.S. counterparties based on a false Yen-LIBOR.

      For example, evidence introduced in the U.K. criminal trial of several ICAP, Tullet Prebon, and R.P. Martin brokers shows UBS trader Thomas Hayes, one of the masterminds of the conspiracy at issue in both *Laydon* and *Sonterra*, used U.S. wires to make requests for false Yen-LIBOR submissions while in Las Vegas, Nevada. Additionally, Defendant Rabobank

The Honorable Henry B. Pitman
United States Magistrate Judge
October 13, 2015
Page 2

Euroyen derivatives trader Takayuki Yagami and Yen-LIBOR submitter Paul Robson pled guilty to charges of fraud and bank fraud admitting that they "knew" U.S. counterparties could be affected by their manipulation of Yen-LIBOR and that payments based on the Euroyen-based derivatives they manipulated would flow through New York.[1] Although these public revelations are significantly informative as to Defendants' use of this forum in furtherance of their alleged manipulation and conspiracy, Plaintiffs believe they are but a prelude to additional pertinent jurisdictional facts which will be revealed through discovery. While Defendants have a right to contest personal jurisdiction, Plaintiffs have a corresponding right to test these motions based on relevant information in Defendants' possession. *See Tex. Int'l Magnetics, Inc. v. Auriga-Aurex, Inc. (In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207-08 (2d Cir. 2003) (concluding that the district court improperly denied plaintiffs the opportunity to engage in discovery concerning the "effects test" for personal jurisdiction where the complaint alleged a foreign defendant committed its misconduct overseas).

Coordination of discovery between the *Laydon* and *Sonterra* actions is also warranted because both cases involve not only the same facts, occurrences, and Defendants, but also the same documents. Judge Daniels has stated that "any unnecessary duplication" in discovery should be avoided "if we're dealing with the same issues, same parties, and same production and depositions." Oct. 8, 2015 Hr'g Tr. at 14:17-25-15:1-18. Coordinating the production of documents regarding personal jurisdiction is consistent with this view and will allow the same facts to be included in both the *Laydon* and *Sonterra* complaints.[2] This ensures both anticipated motions to dismiss will be decided on the same record and not reach inconsistent results.

---

[1] *See USA v. Paul Robson et al.*, No. 14-cr-00272, ECF No. 21, at 11-13 (S.D.N.Y. Aug. 18, 2014) (Robson Allocution); ECF No. 16, at 20-22 (Yagami Allocution).

[2] For example, Plaintiffs anticipate that certain of the defendants the Court permitted to be named in the *Laydon* action (ICAP Europe Limited, Lloyds Banking Group, PLC, Tullet Prebon, PLC, and Martin Brokers (UK) Ltd.) will move to dismiss the coming amended complaint on personal jurisdiction grounds. These same defendants will doubtless similarly move to dismiss the same core allegations in *Sonterra*. Without prior coordination of discovery among the two actions, it is possible that the Court could reach the anomalous ruling that these defendants are properly before the Court in *Laydon*, but not in *Sonterra*. In that event, Plaintiffs would be compelled to move to amend yet again in *Sonterra* to correct this problem once discovery is ultimately coordinated.



We thank the Court in advance for its consideration of Plaintiffs' request.

Respectfully submitted,

Peter D. St. Phillip, Jr.

cc:    The Honorable George B. Daniels (via facsimile, 212-805-6737)
       All Counsel of Record (via ECF)