# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330

WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*
———————
NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 19, 2015

Via ECF

The Honorable Henry B. Pitman,
    Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street,
            New York, New York 10007.

        Re:    *Laydon* v. *Mizuho Bank, Ltd.*, No. 12-3419 (GBD) (HBP) (S.D.N.Y.) & *Sonterra Capital Master Fund Ltd.* v. *UBS AG*, No. 15-5844 (GBD) (HBP) (S.D.N.Y.):
Response to Plaintiffs' October 13, 2015 Letter

Dear Judge Pitman:

        We represent defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation in the above-referenced actions. We write on behalf of all non-settling defendants who have appeared in these actions in response to plaintiffs' October 13, 2015 letter requesting a pre-motion conference. Although couched as a request "to discuss the coordination of discovery between the two actions" (Ltr. at 1), plaintiffs' real purpose is to obtain pre-amendment and pre-motion jurisdictional discovery (*see id.* (plaintiffs seek "evidence relevant to the issue of personal jurisdiction [to] be included in [plaintiffs' forthcoming] amended complaints")). But jurisdictional discovery in the *Sonterra* (or the *Laydon*) action – before plaintiffs file their amended complaints and the non-U.S. defendants file their motions to dismiss for lack of personal jurisdiction – is premature and contrary to Judge Daniels's ruling on jurisdictional discovery in *Laydon*. Plaintiffs' request should therefore be denied.

        The *Sonterra* action was filed in July 2015. Most defendants only recently agreed to accept service of process (Dkt. No. 32), and no defendant has yet been required to answer or move to dismiss the complaint. Certain defendants have not yet been served. Instead, plaintiffs have requested time to file an amended complaint and have been directed to do so by December 1, 2015, with defendants' answers or motions to

The Honorable Henry B. Pitman                                                                                          -2-

dismiss due by January 15, 2016.[1]  (10/8/15 Hr'g Tr. at 9-10 (Ex. A hereto).)  Many defendants intend to move to dismiss on the basis that they are not subject to general or specific personal jurisdiction in New York.  The Court lacks general jurisdiction because these defendants are incorporated under the laws of foreign countries, their principal places of business are outside the United States, and they are not otherwise "at home" in New York.  *See Gucci Am., Inc.* v. *Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) ("no basis consistent with due process for the district court to have exercised general jurisdiction" over a bank incorporated under the laws of and with its principal place of business in China).  The Court likewise lacks specific jurisdiction because plaintiffs' claims, which concern the determination of Yen Libor in London and Euroyen Tibor in Tokyo, do not arise out of or relate to these defendants' contacts with New York, if any, or even the United States.  *See J. McIntyre Mach., Ltd.* v. *Nicastro*, 131 S. Ct. 2780, 2787-88 (2011); *see also Laydon* v. *Mizuho Bank, Ltd.*, 2015 WL 1515358, at *4-6 (S.D.N.Y. Mar. 31, 2015) (dismissing four defendants, which are all also defendants in *Sonterra*, for lack of personal jurisdiction in related action alleging manipulation of Yen Libor and Euroyen Tibor).

          Plaintiffs contend in their letter that "[d]iscovery is critically relevant to Plaintiffs' amended complaints and opposition to Defendants' anticipated motions to dismiss for lack of personal jurisdiction."  (Ltr. at 1.)  But plaintiffs' counsel failed to mention any need for jurisdictional discovery when he requested additional time to file an amended complaint; instead, counsel told Judge Daniels that "some new facts will need to be incorporated into the amended complaint . . . facts that have only recently been revealed."  (10/8/15 Hr'g Tr. at 8.)  Regardless, plaintiffs are putting the cart before the horse.  As Judge Daniels recognized in denying requests for jurisdictional discovery in *Laydon*, it is settled law in this Circuit that plaintiffs must make a "prima facie" showing of jurisdiction over a foreign corporation *before* they are entitled to jurisdictional discovery.  *Laydon*, 2015 WL 1515358, at *7 (granting motions to dismiss for lack of personal jurisdiction and denying request for jurisdictional discovery); *see also Ins. Co. of State of Pa.* v. *Centaur Ins. Co.*, 590 F. Supp. 1187, 1189 (S.D.N.Y. 1984) ("Since not even a prima facie showing of jurisdiction has been made, there is no purpose in further escalating the costs of this lawsuit by granting leave to conduct jurisdictional discovery").[2]  Plaintiffs are not entitled to pre-amendment discovery to bolster their allegations of jurisdiction.  Plaintiffs should instead file their amended complaint on

---

[1] For defendants that have not yet been served, responses to the amended complaint are due 30 days after they eventually are served.

[2] *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204 (2d Cir. 2003) (per curiam) (cited in Ltr. at 2), does not help plaintiffs.  There, the Second Circuit reversed the district court's dismissal on personal jurisdiction grounds because the court failed to consider allegations that could have established a prima facie case of jurisdiction.  *Id*. at 208.

The Honorable Henry B. Pitman                                                                                    -3-

December 1, as directed by Judge Daniels, and, if they believe it is justified, they may request jurisdictional discovery when opposing defendants' motions to dismiss. Only at that time can the Court review the allegations in the operative complaint and determine whether plaintiffs have made the requisite prima facie showing of jurisdiction. *See Sonterra Capital Master Fund Ltd.* v. *Credit Suisse Grp. AG*, No. 15-871 (Dkt. No. 81 Sept. 22, 2015) (denying request by same plaintiffs and counsel for jurisdictional discovery in Swiss Franc Libor case made *after* filing of complaint and motions to dismiss).[3]

That *merits* discovery has commenced against the current defendants in the *Laydon* action and Judge Daniels has directed the parties to avoid "'any unnecessary duplication' in discovery" (Ltr. at 2 (quoting 10/8/15 Hr'g Tr. at 14-15)) does not affect the determination of whether plaintiffs are entitled to pre-amendment jurisdictional discovery. Merits discovery is proceeding in the *Laydon* action because certain claims against certain defendants have survived motions to dismiss.[4] In contrast, in the *Sonterra* action the Court has not yet considered the sufficiency of plaintiffs' allegations – merits or jurisdictional – against any defendant.

For the same reason – because the complaint in *Sonterra* has not yet been tested by motions to dismiss – the Court should hold in abeyance the requests for production of documents that plaintiffs served in that action on October 9, 2015 (Ex. B hereto). "It is well-settled that a district court has discretion to halt discovery pending its decision on a motion to dismiss." *Gandler* v. *Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). In deciding whether to grant a stay, courts consider whether "the motion to dismiss has substantial grounds." *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (internal quotation marks omitted). Given Judge Daniels' previous rulings in *Laydon* on defendants' motions to dismiss for lack of personal jurisdiction and for failure to state a claim, including his

---

[3] Plaintiffs similarly are not entitled to jurisdictional discovery to attempt to make a prima facie showing of personal jurisdiction over the defendants they intend to add in the *Laydon* action. (*See* Ltr. at 2 n.2.) Just like in the *Sonterra* action, plaintiffs must make a prima facie showing in their to-be-filed amended complaint that the Court has personal jurisdiction over these defendants before they are entitled to request jurisdictional discovery. And just like in the *Sonterra* action, plaintiffs should be required to make a case for jurisdictional discovery when they oppose the newly added defendants' motions to dismiss (to be filed on January 29, 2016), and not now.

[4] No discovery – merits or jurisdictional – should proceed against the defendants that have been dismissed from the *Laydon* action. Likewise, consistent with Judge Daniels' March 31, 2015 ruling in *Laydon*, which is the law of the case, no discovery should proceed against the defendants that plaintiffs intend to add to the *Laydon* action until those defendants have had an opportunity to move to dismiss.

The Honorable Henry B. Pitman                                                                                    -4-

dismissal of (or denial of leave to add) many of the same claims that plaintiffs assert in the *Sonterra* action, defendants' forthcoming motions to dismiss unquestionably have "substantial grounds," and thus a stay is appropriate.[5]

In the unlikely event that any portion of the *Sonterra* action survives defendants' anticipated motions to dismiss, then the *Sonterra* plaintiffs can be provided access to the documents already produced in *Laydon* (subject to entry of an appropriate protective order in the *Sonterra* action) and "unnecessary duplication" can be avoided. Indeed, because the *Laydon* and *Sonterra* plaintiffs are represented by the same counsel, there should be no delay or inefficiency when, if ever, discovery begins in the *Sonterra* action.

Defendants look forward to discussing these issues with the Court during the conference scheduled for October 21.

Sincerely,

/s/ Christopher M. Viapiano

Christopher M. Viapiano

cc:     The Honorable George B. Daniels (by hand)

        *All counsel* (via ECF)

---

[5] The requests for production also should be held in abeyance because the parties to the *Sonterra* action have not conferred regarding discovery, as Rule 26(d)(1) requires before discovery commences. Indeed, as noted above, most defendants only recently agreed to accept service of process in the *Sonterra* action.