

Three World Financial Center
New York, New York 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-415-7525
Direct Fax: 212-303-27540
gcasamento@lockelord.com

November 24, 2015

<u>Via ECF</u>

The Honorable District Judge George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Laydon v. Mizuho Bank, Ltd. et al.*, No. 1:12-cv-03419-GBD-HBP;
      *Sonterra Capital Master Fund Ltd. et al. v. UBS AG, et al.*, No. 1:15-cv-05844-GBD-HBP

Dear Judge Daniels:

We represent the HSBC defendants in the above-referenced actions.  We write on behalf of all defendants who have appeared in either or both actions, in response to plaintiffs' letter dated November 18, 2015 (ECF 536 and 101, respectively) requesting a five week extension of time to file amended complaints in both the *Laydon* and the *Sonterra* actions.  The requested extension should be denied.[1]

Plaintiff Laydon's request for an extension appears to be based on a desire and intention to greatly exceed the scope of amendments this Court has authorized.  Laydon has only been granted leave to add four new defendants—he has not been authorized to augment his factual allegations or legal theories.  (March 31, 2015 Order, ECF 448, at 2, 13, 21 ("Plaintiff's motion for leave to amend to add four defendants is GRANTED.  Plaintiff's motion for leave to amend the SAC is otherwise DENIED.").  Plaintiffs' citation to the transcript of the October 8, 2015 hearing in their letter is misleading.  (ECF 536 and 101 at 1).  Plaintiffs' counsel's statement that they wanted to add new facts to an amended complaint occurred during discussion of the *Sonterra* action only.  (Oct. 8, 2015 Hearing Transcript at 8:18-21).  Plaintiffs did not seek or obtain at the October 8, 2015 hearing permission to amend the Laydon complaint in any way other than what was permitted by the Court's March 31, 2015 Order.  (*See* Oct. 8, 2015 Hearing Transcript at 9:17-23) (informing the Court of Laydon's intention to "file an amended complaint reflecting your Honor's ruling on the motion for leave to amend").  Laydon has had months to prepare his amended complaint, and does not need additional time to add four new defendants.[2]

---

[1] Defendants expressly reserve all defenses in these actions, including as to personal jurisdiction.

[2] The *Laydon* defendants note that Plaintiffs list an incorrect deadline for the filing of answers to Laydon's third amended complaint in their letter motion.  (ECF 101 at 2) (identifying the deadline as January 29).  Should Plaintiffs' request for an extension be denied, defendants' deadline to answer the third amended complaint is January 31, 2016 under the current schedule.  (*See* Oct. 8, 2015 Hearing Transcript at 12:1)

Atlanta, Austin, Chicago, Dallas, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC

Hon. Judge George B. Daniels
November 24, 2015
Page 2

The *Sonterra* plaintiffs' request for an extension is based on a desire to incorporate what they describe as "newly-revealed facts" from two ongoing criminal trials. But the claims asserted in the *Sonterra* complaint raise pure legal issues that can be resolved on a motion to dismiss and are not going to be affected by developments in the criminal trials. Moreover, the *Sonterra* plaintiffs' apparent hope that the passage of time will reveal new facts that would help them to state a claim is not a valid basis for the extension they seek. Litigation relating to alleged Yen Libor and Euroyen Tibor manipulation has been ongoing for more than three and a half years, there have already been dozens of regulatory settlements, plea agreements, and non-prosecution agreements containing hundreds of pages of disclosures, and the *Sonterra* complaint already exceeds 350 pages of allegations against the *Sonterra* defendants. The *Sonterra* plaintiffs should either dismiss defendants they do not have sufficient basis to sue, or file their amended complaint and allow defendants to address the adequacy of their claims.

One other item in Plaintiffs' letter requires attention. Plaintiffs mischaracterize the status of discovery in both actions when they accuse "nine Defendants" of "substantially delay[ing] Plaintiffs' discovery efforts." (ECF 536 and 101 at 2). In *Sonterra*, Magistrate Judge Pitman has issued an order formally staying discovery pending a resolution of the upcoming motions to dismiss. (ECF 85). In *Laydon*, the parties have engaged in extensive briefing on objections. Magistrate Judge Pitman has held two hearings to address the objections, and we are expecting a ruling at any time.[3]

We thank the Court for its attention to this matter.

Respectfully submitted,

*Gregory T. Casamento*

Gregory T. Casamento
Counsel for HSBC Defendants

cc: All Counsel of Record (by email)

---

(setting the deadline for the "end of January," which is January 31). Because January 31, 2016 falls on a Sunday, the *Laydon* defendants' answers will be timely so long as they are filed by the end of the day on Monday, February 1, 2016. *See* Fed. R. Civ. Proc. 6(a). Should the Court permit Laydon to make additional amendments beyond those authorized by the Court's March 31, 2015 Order, the *Laydon* defendants reserve the right to challenge the sufficiency of those amendments in motions to dismiss rather than answering, should they deem it appropriate or necessary.

[3] Plaintiffs' suggestion that they require an extension because they have been able to learn facts regarding Rabobank's conduct only through testimony in the criminal trial of two former Rabobank employees should be rejected. Rabobank's settlements with regulators were made public in October 2013, and Rabobank completed its production of documents to Laydon in September 2015.