UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>    -against-<br><br>MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, R.P. MARTIN HOLDINGS LIMITED AND JOHN DOE NOS. 1-50,<br><br>             Defendants. | Docket No. 12-cv-3419 (GBD) (HBP)<br><br>ECF Case |

**DECLARATION OF ANDREW J. CALICA IN SUPPORT OF SOCIÉTÉ GÉNÉRALE'S UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DIRECTION OF <u>SUBMISSION OF HAGUE CONVENTION APPLICATION</u>**

Pursuant to 28 U.S.C. § 1746, Andrew J. Calica hereby declares:

1. I am a partner with the law firm Mayer Brown LLP, counsel for Defendant Société Générale ("SG") in the above-captioned action. I submit this declaration in support of SG's Uncontested Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Direction of Submission of Hague Convention Application.

2. I have spoken with counsel for Plaintiff Jeffrey Laydon ("Plaintiff"), and Plaintiff does not oppose this motion.

3. SG respectfully requests that the Court enter the proposed Order (in the form annexed hereto as Exhibit A):

(1) Issuing a Request for International Judicial Assistance in the Authorization of a Commissioner pursuant to 28 U.S.C. § 1781 and Chapters I and II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 ("the Hague Convention") in the form annexed hereto as Exhibit B;

(2) Appointing Mr. Alexander Blumrosen as commissioner ("Commissioner") pursuant to Article 17 of the Hague Convention, pending the approval of the French Ministère de la Justice, to (a) receive from SG its French-originated documents that are responsive to Plaintiff's First Request for Production of Documents Directed to Defendants, Request No. 3, subject to SG's Responses and Objections to Plaintiff's First Request for Production of Documents Directed to Defendants, dated December 19, 2014 (the "Documents"); (b) simultaneously transmit the Documents to counsel for Plaintiff and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as

commissioner and duties thereunder, and (c) upon completion to inform the French Ministère de la Justice;

(3) Directing submission of the Order and Request for International Judicial Assistance to the French Ministère de la Justice, for the purpose of approving the appointment of the Commissioner;

(4) Granting the additional relief set forth in the Order; and

(5) Granting such other and further relief as this Court may deem just and proper.[1]

4. The Documents will be produced in accordance with the procedures outlined in the Stipulation and Protective Order, dated August 8, 2014, in this action.

5. Plaintiff commenced this action on April 30, 2012 naming as defendants SG and numerous other financial institutions. The complaint alleges, *inter alia,* that SG and other defendants engaged in a conspiracy to manipulate Euroyen TIBOR (the Tokyo Interbank Offered Rate), Yen-LIBOR (the London Interbank Offered Rate for the Japanese yen), and the prices of Euroyen-based derivatives during the period January 1, 2006 through December 31, 2010 in violation of the United States' Commodity Exchange Act, 7 U.S.C. § 1, et seq. and other U.S. laws.

6. On June 18, 2014, Plaintiff served his First Request for Production of Documents Directed to Defendants (annexed hereto as Exhibit C) (the "Plaintiff's Request") in this action. At this time, Plaintiff is pursuing Request No. 3, which seeks the production of: "All documents produced by you to any regulatory body or government agency, including, without limitation, the

---

[1] In a prior matter, this Court granted an uncontested motion for issuance of a request for international judicial assistance and appointment of a commissioner for the taking of evidence in France pursuant to the Hague Convention. *See RCA Trademark Management S.A.S. v. Voxx International Corporation, et al.*, Case No. 1:14-cv-06294-TLS (Dkt. Nos. 119-121).

DOJ, the CFTC, the EC, the FSA, the JSESC, the Swiss COMCO or the CCB concerning Yen-LIBOR and/or Euroyen TIBOR."

7. SG served its Responses and Objections to Plaintiff's First Request for Production of Documents Directed to Defendants on December 19, 2014 (annexed hereto as Exhibit D) (the "Responses"). In its Responses, SG—a limited liability company (société anonyme) incorporated and headquartered in France—asserted, among others, an objection to the Plaintiff's Request pursuant to French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980 ("Law No. 80-538"), and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

>Article 1 *bis* of Law No. 80-538 provides that:
>>Subject to the international treaties or agreements and applicable laws and regulations, it is prohibited for any person to request, to seek or to communicate, in writing, orally or in any other form, documents or information of an economic, commercial, industrial, financial or technical nature, leading to the establishment of evidence in view of foreign judicial or administrative proceedings or in relation thereto.[2]

It is SG's position that Plaintiff's Request, including Request No. 3, falls squarely within this provision of French law.

8. Pursuant to Article 3 of Law No. 80-538, "subject to any greater penalties provided by the law," a failure to comply with Article 1 *bis* is punishable by a maximum sentence of 6 months imprisonment and/or by a fine up to € 18,000 for individuals and € 90,000

---

[2] A copy of the Hague Convention is annexed hereto as Exhibit E.

for legal entities. As SG explained in its Responses, the prohibition in Article 1 *bis* is lifted if the request for evidence is channeled through the Hague Convention procedures.

9. The prohibition in Law No. 80-538, Article 1 *bis* does not apply when the parties take evidence in France under international treaties or agreements and applicable laws and regulations, which include the Hague Convention. Both France and the United States are signatories to the Hague Convention. A list of parties to the Hague Convention is available at http://www.hcch.net/upload/overview20e.pdf.

10. The Hague Convention provides for two methods of obtaining evidence of the kind sought by Request No. 3: (1) letter of request (or letters rogatory) procedure; and (2) consent procedures. The consensual procedure in Chapter II of the Hague Convention—upon which SG relies here—provides for the use of a commissioner in France, appointed by this Court and approved by the French Ministère de la Justice, to receive documents from the producing party and to simultaneously transmit those documents to counsel for the requesting party and the producing party.[3]

11. The Commissioner proposed by SG, and agreed to by Plaintiff, Mr. Alexander Blumrosen, is an attorney resident in Paris, France, who is qualified to be commissioned to

---

[3] The consent procedures do not require the intervention of a French court. *See, e.g., Reiss v. Société Central du Groupe des Assurances Nationales*, 246 F. Supp. 2d 285, 290 (S.D.N.Y. 2003) ("The notice and commission procedures do not necessitate involvement on the part of the French judicial authorities and as such should be feasible in a more timely manner."); *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 560 n.16 (1987) (Blackmun, J. concurring in part and dissenting in part) ("According to the French Government . . . if a commissioner has been named [by an American court] pursuant to Article 17 . . . [a]uthorization [to take discovery] is granted routinely and, when necessary, has been obtained within one to two days.").

obtain evidence in France pursuant to Chapter II of the Hague Convention and who has advised SG that he is willing serve as a commissioner in this matter, if appointed.

12. Upon issuance of the Request for International Judicial Assistance and endorsement of the proposed Order by this Court, Mayer Brown LLP, counsel for SG, will file or will request the Commissioner to file both documents (and any exhibits thereto), along with French translations of both documents (and any exhibits thereto), with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France. Upon approval of the Commissioner by the Ministère de la Justice, SG can begin transmission of the Documents to the Commissioner.

13. In order to expedite the process, the attached Request for International Judicial Assistance contains paragraph 3 stating that the Commissioner has been designated to accept service of the Hague Convention authorization and notifications from French governmental authorities related to the Hague Convention proceedings on behalf of SG and to transmit the authorization and notifications to counsel for Plaintiff and SG simultaneously.

14. The parties have agreed that all costs of the Hague Convention proceeding, including, without limitation, the fees of the Commissioner, translation fees and costs, and any transmittal costs of document discovery, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any Hague Convention proceedings; however if counsel is required to travel to France to attend Hague Convention proceedings, SG will bear the reasonable travel-related expenses for one attorney for Plaintiff. All translations performed in connection with the requested proceedings shall be done by a translator or translation service provider approved by SG and Plaintiff.

Dated: New York, New York
       January 14, 2016

Andrew J. Calica
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York  10020
Telephone: (212) 506-2500
Fax: (212) 262-1910
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*