IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 07 2016

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 12-cv-3419 (GBD) |

[REDACTED] **ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS**

The parties to the Stipulation and Agreement of Settlement entered into on December 3, 2014 between Plaintiff Jeffrey Laydon and Defendants R.P. Martin Holdings Limited and Martin Brokers (UK) Ltd. (collectively, "R.P. Martin"), and the Stipulation and Agreement of Settlement dated August 11, 2015 between Plaintiffs[1] and Citibank, N.A., Citigroup Inc., Citibank Japan Ltd., and Citigroup Global Markets Japan Inc. (collectively, "Citi") (the "Settlement Agreements") in the related actions captioned *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"), having applied for an order approving the proposed settlements of the Actions against R.P. Martin and Citi in accordance with the Settlement Agreements and for dismissal of the Actions against R.P. Martin and Citi on the merits and with prejudice upon the terms and conditions set forth in the Settlement Agreements; the Court having read and considered the Settlement Agreements and accompanying documents; and Plaintiffs, R.P. Martin, and Citi (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, this 7TH Day of April, 2016, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreements for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to approve the Settlement Agreements, including all Exhibits thereto, under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Parties and all Settlement Class Members.

---

[1] The Citi Settlement Agreement was entered by Plaintiffs Jeffrey Laydon, Oklahoma Police Pension & Retirement System, Stephen P. Sullivan, the California State Teachers' Retirement System ("CalSTRS"), Sonterra Capital Master Fund, Ltd., and Hayman Capital Management, L.P. On March 18, 2016, Hayman Capital Management L.P. and Sonterra Capital Master Fund Ltd. filed a motion to substitute party, substituting Hayman Capital Master Fund, L.P. and Japan Macro Opportunities Master Fund, L.P. as named party plaintiffs. *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.), ECF No. 212. Defendants submitted a letter response on March 28, 2016 consenting to the substitution. *Id.*, ECF No. 216. The Court granted the motion on March 30, 2016. *Id.*, ECF No. 217.

3. For purposes of the Settlements only, the Settlement Class shall be preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The Settlement Class is defined as:

> All Persons that engaged in a transaction in Euroyen-Based Derivatives[2] during the period of January 1, 2006 through June 30, 2011 ("Class Period"). Excluded from the Class are: (i) Defendants and any parent, subsidiary, affiliate, or agent of any Defendant; (ii) the Released Parties (as defined in the Agreements); and (iii) any Class Member who files a timely and valid request for exclusion.

4. The Court hereby appoints Lowey Dannenberg Cohen & Hart, P.C. as Class counsel to such Settlement Class for purposes of the Settlements, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court appoints A.B. Data, Ltd. as Settlement Agent for purposes of the Settlement proceeds.

6. Plaintiffs Jeffrey Laydon, Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and CalSTRS are hereby appointed as representatives of the Settlement Class.

7. A hearing will be held on 9/8, 2016 at 10:30 [a.m./~~p.m.~~] **[approximately 150 days after entry of this Order]** in Courtroom 11A of this Courthouse before the undersigned, to

---

[2] Euroyen-Based Derivatives means: (i) a purchase or sale of a Euroyen TIBOR futures contract on the Chicago Mercantile Exchange ("CME"); (ii) a purchase or sale of a Euroyen TIBOR futures contract on the Tokyo Financial Exchange, Inc. ("TFX"), Singapore Exchange ("SGX"), or London International Financial Futures and Options Exchange ("LIFFE") by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a purchase or sale of a Japanese Yen currency futures contract on the CME; (iv) a purchase or sale of a Yen-LIBOR and/or Euroyen TIBOR based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) a purchase or sale of an option on a Yen-LIBOR and/or Euroyen TIBOR based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (vi) a purchase or sale of a Japanese Yen currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vii) a purchase or sale of a Yen-LIBOR and/or Euroyen TIBOR based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

consider the fairness, reasonableness, and adequacy of the Settlement Agreements (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court or on the Settlement Website at www.EuroyenSettlement.com.

8. The Court reserves the right to approve the Settlement Agreements at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

9. The parties are granted leave to file under seal the Supplemental Agreement, which gives Citi certain rights to terminate the Citi Settlement Agreement, as well as any materials filed with the Court in connection with a dispute relating to the Supplemental Agreement.

10. The terms of the Settlement Agreements and the Supplemental Agreement are hereby preliminarily approved. The Court finds that the Settlement Agreements were entered into at arm's-length by experienced counsel and are sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement Agreements should be given as provided in this Order. The terms of the Proposed Plan of Allocation, the Supplemental Agreement, and the Proof of Claim also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

11. All proceedings in the Actions as to Citi and R.P. Martin, other than such proceedings as may be necessary to implement the proposed Settlements or to effectuate the terms of the Settlement Agreements, are hereby stayed and suspended until further order of this Court.

12. All Settlement Class Members and their Legally Authorized Representatives, unless and until they have submitted a timely Request for Exclusion from the Settlement Class, are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a

4

plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

13. Within thirty (30) days, the Settlement Administrator shall cause copies of the Mailed Notice, in the form (without material variation) of Exhibit 3 to the Declaration of Geoffrey M. Horn dated April 6, 2016 ("Horn Decl."), to be mailed by United States first class mail, postage prepaid, as described in the Proposed Notice Program attached to the Affidavit of Linda V. Young (the Vice President, Media with A.B. Data's class action administration company) dated April 6, 2016. Horn Decl. Ex. 2. The foregoing mailings shall be completed in no later than sixty (60) days after the date of the entry of this Order.

14. As soon as practicable after the entry of this Order, the Settlement Administrator shall cause to be published a Publication Notice, without material variation from Exhibit 4 to the Horn Decl., as described in the Proposed Notice Program attached to the Affidavit of Linda V. Young. Horn Decl. Ex. 2.

15. The Settlement Administrator shall maintain a Settlement Website, www.EuroyenSettlement.com, beginning on the first date of mailing of the Mailed Notice and remaining until the termination of the administration of the Settlement. The Website shall include copies of the Settlement Agreements (including exhibits), this Order, the Mailed and Publication Notices, the motion for preliminary approval and all exhibits attached thereto including the

Proposed Plan of Allocation, and shall identify important deadlines and provide answers to frequently asked questions; and may be amended as appropriate during the course of the Settlement administration. The Settlement Website, www.EuroyenSettlement.com, shall be searchable on the Internet.

16.     The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

17.     The Court approves, in form and substance, the Mailed Notice, the Publication Notice, and the Website as described herein. The Class Notice Plan specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Actions and of their right to object to or exclude themselves from the proposed Settlements; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

18.     At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 13-14 of this Order.

19.     Any Member of the Settlement Class and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement Agreements, the application for attorneys' fees and expenses, or the Final Order and Judgment, or who otherwise wishes to be heard or intervene in the Actions, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and counsel for the Citi

Defendants shall be heard and no papers, briefs, pleadings, or other documents submitted by any Member of the Settlement Class shall be considered by the Court unless, not later than thirty (30) days prior to the Fairness Hearing, the Settlement Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Class Counsel and counsel of record for the Citi Defendants) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Settlement Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to the Actions by case name and Case Number; (2) a statement of the specific legal and factual basis for each objection or intervention argument; (3) a statement of whether the objecting or intervening person or entity intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Final Approval Hearing; and documentary proof of the objecting person's membership in the Settlement Class; and (5) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years.

20. Any objection to the Settlement Agreements or motion to intervene submitted by a Settlement Class Member pursuant to paragraph 19 of this Order must be signed by the Settlement Class Member (or his, her or its Legally Authorized Representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene

must be exercised individually by a Settlement Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative.

21. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

22. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

23. Any Member of the Settlement Class or governmental entity that fails to object or move to intervene in the manner described in paragraphs 19-22 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlements. Discovery concerning any purported objections to the Settlements and any purported motions to intervene shall be completed no later than five (5) days before the Fairness Hearing. Class Counsel, counsel for the Defendants, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

24. Any Request for Exclusion from the Settlements by a Member of the Settlement Class should be sent in writing to the Settlement Administrator at the address in the Mailed Notice and postmarked no later than thirty-five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion should contain the following information:

(a) the name, address, and telephone number of the member of the Settlement Class;

(b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

(c) the name of the Actions ("*Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)");

(d) a statement certifying such person is a member of the Settlement Class; and

(e) a statement that "I/we hereby request that I/we be excluded from the Settlement Class in *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)."

25. Any Request for Exclusion from the Settlement submitted by a Settlement Class Member pursuant to paragraph 24 of this Order must be signed by the Settlement Class Member (or his, her or its Legally Authorized Representative) and notarized, even if the Settlement Class Member is represented by counsel. The right to be excluded from the proposed Settlements must be exercised individually by a Settlement Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Settlement Class Member's Legally Authorized Representative.

26. Any Settlement Class Member who does not submit a timely written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Actions, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Actions or the proposed Settlements.

27. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and the Citi Defendants' counsel as requested.

28. The Settlement Administrator shall furnish Class Counsel and counsel for the Citi Defendants with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one day of receipt thereof.

29. At least twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall prepare the Opt-Out List identifying all Persons, if any, who submitted a timely Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the Opt-Out List. The Settlement Administrator shall provide counsel for the Citi Defendants and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than twenty-eight (28) days before the Fairness Hearing. Class Counsel shall file the Opt-Out List and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

30. All Proofs of Claim shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the Mailed Notice and must be postmarked no later than seventy-five (75) days after the Fairness Hearing.

31. To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves A.B. Data, Ltd. as Settlement Administrator to be responsible for: (a) establishing a P.O. Box (to be identified in the Mailed Notice and the Publication Notice), a toll-free interactive voice response telephone system and call center, and a Website for the purpose of communicating with Members of the Settlement Class; (b) effectuating the Class Notice Plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim, and other documents relating to the Settlements and their administration; (d) administering claims for allocation of funds among Members of the Settlement Class; (e) determining the timeliness of each Proof of Claim submitted by Settlement Class Members, including the adequacy of the supporting documents submitted by

Settlement Class Members; (f) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and regarding the final value of any Allowed Claim; (g) calculating each Settlement Class Member's Allowed Claim pursuant to the Plan of Allocation; (h) determining the timeliness of all Requests for Exclusion received from Settlement Class Members; (i) preparing the Opt-Out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for the Citi Defendants; (j) providing Class Counsel and counsel for the Citi Defendants with copies of any Requests for Exclusion (including all documents submitted with such requests); and (k) acting as Escrow Agent for the Settlement Fund.

32. The Settlement Administrator shall maintain a copy of all paper Settlement-related communications for a period of one (1) year after distribution of the Net Settlement Fund and shall maintain a copy of all electronic Settlement-related communications for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

33. The Court preliminarily approves the establishment of the Settlement Fund as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

34. Neither the Settlement Agreements (nor any of their exhibits), whether or not they shall become final, nor any negotiations, documents and discussions associated with them, nor the Final Order and Judgment is or shall be deemed or construed to be an admission, adjudication or evidence of (a) any violation of any statute or law or of any liability or wrongdoing by the Citi or R.P. Martin Defendants or any Released Party, (b) the truth of any of the claims or allegations alleged in the Actions, (c) the incurrence of any damage, loss or injury by any Person, (d) the existence or amount of any artificiality, or (e) the propriety of certification of a class other than solely for purposes of the Settlements. Further, neither the Settlement Agreements (including their

exhibits), whether or not they shall become final, nor any negotiations, documents and discussions associated with them, nor the Final Order and Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreements or an action in which the Settlement Agreements are asserted as a defense. All rights of the Citi and the R.P. Martin Defendants and Plaintiffs are reserved and retained if the Settlements do not become final in accordance with the terms of the Settlement Agreements.

35.   Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlements at least five (5) days prior to the Fairness Hearing.

36.   If the Settlements are approved by the Court following the Fairness Hearing, a Final Order and Judgment will be entered as described in the Settlement Agreements.

37.   The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Members of the Settlement Class, other than that which may be posted at the Court or on the Settlement Website, www.EuroyenSettlement.com.

38.   In the event that the Settlement Agreements are terminated in accordance with their provisions, the Settlement Agreements and all proceedings had in connection therewith, including but not limited to all negotiations, documents and discussions associated with it, and any Requests for Exclusion from the Settlements previously submitted and deemed to be timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreements, and shall be without prejudice to the *status quo ante* rights of the Parties.

39.   If the Settlement Agreements are terminated or are ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time

to prepare for the resumption of litigation.

40. The Court's preliminary certification of the Settlement Class, and appointment of Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

41. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this ___7___ day of ___April___, 2016, at the Courthouse for the United States District Court for the Southern District of New York.

APR 07 2016

_____
The Honorable George B. Daniels
United States District Court Judge

13