

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 10 2016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFREY LAYDON, on behalf of himself and all others similarly situated,

Plaintiff,

- against -

THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE
SUMITOMO TRUST AND BANKING CO., LTD., THE
NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND
BANKING CORPORATION, SUMITOMO MITSUI BANKING
CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN
CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN
SECURITIES PLC, MIZUHO CORPORATE BANK, LTD.,
DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD.,
SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES
JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD.,
SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF
SCOTLAND GROUP PLC, THE ROYAL BANK OF
SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED,
BARCLAYS BANK PLC, CITIBANK, N.A., CITIGROUP, INC.,
CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS
JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-
BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC
BANK PLC, LLOYDS BANKING GROUP PLC, ICAP
EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED,
MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC,
AND JOHN DOE NOS. 1-50,

Defendants.

Docket No. 12-cv-3419 (GBD)

**[̶̶̶̶̶̶̶̶] FINAL APPROVAL ORDER OF SETTLEMENTS WITH R.P. MARTIN**
**HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., CITIBANK, N.A.,**
**CITIGROUP INC., CITIBANK JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN**
**INC., HSBC HOLDINGS PLC AND HSBC BANK PLC**

This matter came for a duly-noticed hearing on November 10, 2016 (the "Fairness

Hearing"), upon the Plaintiffs'[1] Motion for Final Approval of Settlements with R.P. Martin Holdings

---

[1] Plaintiffs are Jeffrey Laydon, Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and California State Teachers' Retirement System ("CalSTRS").

Limited and Martin Brokers (UK) Ltd. (collectively, "R.P. Martin"), Citibank, N.A., Citigroup Inc.,

Citibank Japan Ltd., and Citigroup Global Markets Japan Inc. (collectively, "Citi"), and HSBC

Holdings plc and HSBC Bank plc (collectively, "HSBC") (collectively, the "Settling Defendants") in

the related actions captioned *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.)

("*Laydon*") and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD)

(S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"), which was joined and consented to by the

Settling Defendants. Due and adequate notice of: (1) the Stipulation and Agreement of Settlement

with R.P. Martin entered into on December 3, 2014; (2) the Stipulation and Agreement of

Settlement with Citi entered into on August 11, 2015;[2] and (3) the Stipulation and Agreement of

Settlement with HSBC entered into on June 16, 2016 (collectively, the "Settlement Agreements")

having been given to the Members of the Settlement Class, the Fairness Hearing having been held

and the Court having considered all papers filed and proceedings had herein and otherwise being

fully informed in the premises and good cause appearing therefore,

## IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Final Approval Order hereby incorporates by reference the definitions in the

Settlement Agreements and all terms used herein shall have the same meanings as set forth in the

Settlement Agreements.

2.      For purposes only of the Settlements, the Court hereby finally certifies the

Settlement Class, as defined in the Court's June 22, 2016 Superseding Order Preliminarily Approving

Proposed Settlements, Scheduling Hearing for Final Approval Thereof, and Approving the

---

[2] The Citi Settlement Agreement was entered into by Plaintiffs Jeffrey Laydon, Oklahoma Police Pension & Retirement System, Stephen P. Sullivan, the California State Teachers' Retirement System ("CalSTRS"), Sonterra Capital Master Fund, Ltd., and Hayman Capital Management, L.P. On March 18, 2016, Hayman Capital Management L.P. and Sonterra Capital Master Fund Ltd. filed a motion to substitute party, substituting Hayman Capital Master Fund, L.P. and Japan Macro Opportunities Master Fund, L.P. as named party plaintiffs. *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.), ECF No. 212. Defendants submitted a letter response on March 28, 2016 consenting to the substitution. *Id.*, ECF No. 216. The Court granted the motion on March 30, 2016. *Id.*, ECF No. 217.

Proposed Form and Program of Notice to the Class. ECF No. 659. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlements.

3.      In so holding, the Court finds that the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of these Settlements, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to the Settling Defendants' alleged manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of the Settlement Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members and Class Counsel has adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4.      This Court has personal jurisdiction over Plaintiffs, R.P. Martin, Citi, and HSBC and all Settlement Class Members and subject matter jurisdiction over the Actions to approve the Settlement Agreements and all exhibits attached thereto.

5.      The Court finds that the Mailed Notice, Publication Notice, Website, and Class Notice Plan implemented pursuant to the Settlement Agreements:  (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Actions, of their right to exclude themselves from or object to the proposed Settlements, of their right to appear at the Fairness Hearing, of the Plan of Allocation, and of Class Counsel's application for the Attorneys' Fees Award

and any Incentive Award, and for reimbursement of expenses associated with the Actions; (c) provided a full and fair opportunity to all Members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law. Based upon Citi's and HSBC's submissions to the Court dated Nov. 3, 2014 the Court further finds that the Settling Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, Pub. L. I 09-2, Feb. 18, 2005, 119 Stat. 4.

6.      The Court finds that 4 members of the Settlement Class have validly requested to be excluded from the Settlement Class.

7.      The Court finds that no objections to the proposed Settlements have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlements.

8.      It is hereby determined that all Settlement Class Members are bound by the Settlement Agreements and this Final Approval Order, and all of their claims against Citi, HSBC and R.P. Martin, as provided under the Settlement Agreements, are hereby dismissed with prejudice and released.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlements, as set forth in the Settlement Agreements, and finds that the Settlements are, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Plaintiffs. This Court further finds that the Settlements set forth in the Settlement Agreements are the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, with the assistance of a skilled mediator, Gary McGowan, with respect to the HSBC Settlement, and that Class Counsel and the Plaintiffs adequately represented the

Settlement Class for the purpose of entering into and implementing the Settlement Agreements. Accordingly, the Settlements embodied in the Settlement Agreements are hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreements in accordance with all of their terms and provisions, including the termination provisions.

10.     Notwithstanding the entry of this Final Approval Order, if the Settlement Agreements are validly terminated by the Plaintiffs or Settling Defendants, are disapproved in whole or in part by the Court, any appellate court or any other court of review, or do not become final, then the provisions of this Final Approval Order dismissing Plaintiffs' claims shall be null and void; the Plaintiffs' claims shall be reinstated; the Settling Defendants' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlements, and all actions associated with them, including but not limited to any Requests for Exclusion from the Settlements previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreements, including their exhibits, and any and all negotiations, documents, and discussions associated with them and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreements were signed. Notwithstanding the language in this Section, any provision in the Settlement Agreements that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.     The Settlement Funds have been established as a trust and shall be established as fiduciary accounts (the "Settlement Fiduciary Accounts"). The Court further approves the establishment of the Settlement Fiduciary Accounts under the Settlement Agreements as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12.     Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreements and the Settlements contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreements, the Settlements, or the Settlement Funds, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlements after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Approval Order, Plaintiffs, R.P. Martin, Citi, and HSBC and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Approval Order or the Settlement Agreements. Any disputes involving Plaintiffs, R.P. Martin, Citi, and HSBC or Settlement Class Members concerning the implementation of the Settlement Agreements shall be submitted to the Court.

13.     Each Settlement Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreements, as incorporated into the Proof of Claim form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim form provided to Settlement Class Members contains a copy of such release and covenant not to sue. However, each Settlement Class Member's claims shall be released pursuant Section 12 of the Citi Settlement Agreement, Section 12 of the HSBC Settlement Agreement, and Section 4 of the R.P. Martin Settlement Agreement, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14.     The Court hereby approves the Releasing Parties' releases of claims as set forth in in this Final Approval Order as of the Effective Date.[3]

---

[3] The Released Claims under the HSBC and Citi Settlements are as follows:

(A)  The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action or which could have been alleged in the Action against the Released Parties concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to Yen-LIBOR or Euroyen TIBOR held by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute or common law).

(B)  This release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

"**Releasing Parties**" means Settling Class Members on behalf of themselves and (as applicable) their heirs, executors, administrators, agents, members, trustees, participants, and beneficiaries, and their respective predecessors, successors, representatives, principals, and assigns. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring claims on behalf of Settling Class Members relating to their transactions in Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to Yen-LIBOR or Euroyen TIBOR held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.).

15.     The Court declares that the Settlement Agreements and the Final Approval Order

shall be binding on, and shall have res judicata and preclusive effect in, all pending and future

lawsuits or other proceedings against Citi, HSBC or R.P. Martin encompassed by the Released

---

With respect to HSBC:

> "**Released Parties**" means HSBC, as well as their direct and indirect parents, subsidiaries, and affiliates, and their respective officers, directors, employees and agents, both past and present.   For the avoidance of doubt, "Released Parties" shall not include any Defendants other than HSBC.

With respect to Citi:

> "**Released Parties**" means Citi; as well as their parents, subsidiaries, affiliates, officers, directors, employees and agents, including former employee Thomas Hayes for the time period he was employed by Citi. Claims against Thomas Hayes for time period he was not employed by Citi are not released herein.  In addition, claims against the Non-Settling Defendants are not released herein.

Section 4(a) of the R.P. Martin Settlement Agreement reads as follows:

> Settling Class Members finally and forever release and discharge from, and covenant not to sue the Released Parties for or with respect to, all manner of claims, demands, rights, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, and causes of action in law, admiralty or equity, whether class, derivative, individual, or otherwise in nature, any damages, whenever incurred (including costs, expenses, penalties and attorneys' fees), liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, concealed or hidden, or in law, admiralty or equity, that the Settling Class Members, individually, or as a class, ever had, now has or hereafter can, shall or may have, against the Released Parties (whether or not they make a claim upon or participate in the Settlement Fund) arising from or relating in any way to conduct alleged in the Action against the Released Parties concerning Euroyen-Based Derivatives by Settling Class Members, including, but not limited to, any purported manipulation of Yen-LIBOR or Euroyen TIBOR under the under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any purported conspiracy or collusion between R.P. Martin and any other Defendant including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., and any purported violations by the Released Parties of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, or other federal or state statute or common law, or the law of any foreign jurisdiction.

Section 1(p) of the R.P. Martin Settlement Agreement defines the "Settling Class Members" as follows:

> "**Settling Class Members**" means Representative Plaintiff and other members of the Settlement Class who do not timely exclude themselves from the Settlement Class pursuant to Fed. R. Civ. P. 23(c).

Section 1(o) of the R.P. Martin Settlement Agreement defines the "Released Parties" as follows:

> "**Released Parties**" mean (i) R.P. Martin Holdings Limited and Martin Brokers (UK) Ltd. (collectively "R.P. Martin"); (ii) any present or former limited partners, general partners, joint ventures, partnerships, members, parents, subsidiaries, affiliates and associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934) of R.P. Martin, and (iii) any present or former principals, officers, directors, employees, or agents of R.P. Martin. Released Parties does not include any Defendant other than R.P. Martin in the Action. Released Parties also does not include the following former R.P. Martin employees: James Gilmour, Terry Farr or Lee Aaron. All rights of the Representative Plaintiff and other members of the Settlement Class against Defendants, alleged co-conspirators, or any other person or entity other than the Released Parties are specifically reserved by the Representative Plaintiff and other members of the Settlement Class.

Claims that are maintained by or on behalf of the Plaintiffs or any other Settlement Class Members, and shall also be binding on their respective heirs, executors, administrators, agents, members, trustees, participants, and beneficiaries, and their respective predecessors, successors, representatives, principals, and assigns, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Actions or these proposed Settlements.

16.     The Court permanently bars and enjoins the Plaintiffs and all Settlement Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Citi, HSBC, R.P. Martin, or any Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Citi, HSBC, R.P. Martin, or any Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Citi, HSBC, R.P. Martin, or any Released Parties based on the Released Claims.

17.     The Court permanently bars and enjoins claims by any Person against HSBC or Citi or any Released Parties (as defined in the HSBC Settlement and Citi Settlement) for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise. Should any court determine that any

Defendant is/was legally entitled to any kind of set-off, apportionment, contribution or indemnification from R.P. Martin, Citi, or HSBC arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification or similar claims against R.P. Martin, Citi, or HSBC.

18.    Neither the Settlement Agreements (nor their exhibits), whether or not they shall become final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order is or shall be deemed or construed to be an admission, adjudication or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlements. Further, neither the Settlement Agreements (nor their exhibits), whether or not they shall become final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreements or an action (including this Action) in which the Settlement Agreements are asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by the Settling Defendants to Plaintiffs or by Plaintiffs to Settling Defendants in connection with the Settlements or the Actions. The Parties,

without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreements and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

19.     The Court finds that, during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20.     The Proof of Claim form, proposed Plan of Allocation, and Supplemental Agreements are each approved as fair, reasonable and adequate.

21.     The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

22.     The Court's certification of the Settlement Class, and appointment of Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint Class Representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

**IT IS SO ORDERED.**

Signed this ____ day of _____, 2016.

NOV 1 0 2016

_George B. Daniels_
Honorable George B. Daniels
United States District Judge