UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Laydon v. Mizuho Bank, Ltd., et al.* | No. 12-cv-3419 (GBD) |
| *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.* | No. 15-cv-5844 (GBD) |

# [PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES

This matter came for a duly-noticed hearing on December 7, 2017 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees ("Fee Application") in the related actions captioned *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"). The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of: (1) the Stipulation and Agreement of Settlement with Deutsche Bank AG and DB Group Services (UK) Ltd. (collectively, "Deutsche Bank") entered into on July 21, 2017; and (2) the Stipulation and Agreement of Settlement with JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc (collectively, "JPMorgan") entered into on July 21, 2017 (collectively, the "Settlements")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlements.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.  This Court has personal jurisdiction over Plaintiffs, Deutsche Bank and JPMorgan (the "Parties") and all Settlement Class Members and subject matter jurisdiction over the Actions to approve the Settlements and all exhibits attached thereto;

2.  Notice of the Fee Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements;

3.  Plaintiffs' Counsel is hereby awarded attorneys' fees in the amount of $34,880,000.00 (approximately 23.57% of the total Settlement Funds), plus interest at the same rate as earned by the Settlement Funds, which shall be paid out of the Settlement Funds;

4.  In accordance with the Court's August 29, 2012 Order (*Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419, ECF No. 99, at paragraph 1(j)), Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Actions;

5.  In making this award of attorneys' fees, the Court has considered and found that:

    a.  Plaintiffs' Counsel have prosecuted the Actions and achieved the Settlements with skill, perseverance, and diligent advocacy;

    b.  The Actions involve numerous complex factual and legal issues and were actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

    c.  Had Plaintiffs' Counsel not achieved the Settlements, a risk would remain that Plaintiffs and the Settlement Class may have recovered less or nothing from Deutsche Bank and JPMorgan;

    d.  Public policy considerations support the requested fee, as only a small

number of firms have the requisite expertise and resources to successfully prosecute cases such as the Actions;

   e.   Notice was disseminated stating that Class Counsel would be moving for attorneys' fees in the amount of one-fourth of the Settlement Funds; and

   f.   The amount of attorneys' fees awarded is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable percentage of the Settlement Funds, in view of the applicable legal principles and the particular facts and circumstances of the Actions.

6.   In the event that the Settlements are terminated or the Effective Date does not occur in accordance with the terms of the Settlements, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties;

7.   Pursuant to Section 5(D) of the Deutsche Bank Settlement Agreement and JPMorgan Settlement Agreement, this fee award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and is also independent of the Court's consideration of the proposed Plan of Allocation; and

8.   The fees awarded herein may be paid to Plaintiffs' Counsel from the Settlement Funds immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlements which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

This 7th day of December, 2017.

*George B. Daniels*
Honorable George B. Daniels
United States District Judge

3