## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 12-cv-3419 (GBD) (HBP) |

## [~~PROPOSED~~] FINAL APPROVAL ORDER OF SETTLEMENTS WITH DEUTSCHE BANK AG AND DB GROUP SERVICES (UK) LTD., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AND J.P. MORGAN SECURITIES PLC

This matter came for a duly-noticed hearing on December 7, 2017 (the "Fairness Hearing"), upon the Plaintiffs'[1] Motion for Final Approval of Settlements with Deutsche Bank AG and DB Group Services (UK) Ltd. (collectively, "Deutsche Bank") and JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc (collectively, "JPMorgan," and together with Deutsche Bank, the "Settling Defendants") in the related actions captioned *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"), which was joined and consented to by the Settling Defendants (together with Plaintiffs, the "Parties"). Due and adequate notice of: (1) the Stipulation and Agreement of Settlement with Deutsche Bank entered into on July 21, 2017 (the "Deutsche Bank Settlement Agreement"); and (2) the separate Stipulation and Agreement of Settlement with JPMorgan entered into on July 21, 2017 (the "JPMorgan Settlement Agreement," and together with the Deutsche Bank Settlement Agreement, the "Settlement Agreements") having been given to the members of the Settlement Class, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreements and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreements. For purposes of this Final Approval Order, the "Released Parties" shall mean all Persons that are Released Parties under either of the Settlement Agreements.

---

[1] The Plaintiffs are Jeffrey Laydon, Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and the California State Teachers' Retirement System ("CalSTRS").

2. For purposes only of the settlements of the Released Claims set forth in both of the Settlement Agreements (the "Settlements"), the Court hereby finally certifies the Settlement Class, as defined in the Court's September 14, 2017 Superseding Order Preliminarily Approving Proposed Settlements with Deutsche Bank AG and DB Group Services (UK) Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class. ECF No. 796. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlements.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of these Settlements, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to the Settling Defendants' alleged manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class and Class Counsel has adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4. This Court has personal jurisdiction over the Plaintiffs, Deutsche Bank, JPMorgan, and all members of the Settlement Class and subject matter jurisdiction over the Actions to approve the Settlement Agreements and all exhibits attached thereto under 28 U.S.C. § 1331. To the extent

that one or both of the Actions has been dismissed, the Court has retained subject matter jurisdiction to approve the Settlements, including all exhibits thereto, in both of the Actions. *See Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010).

5. The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreements: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, of their right to exclude themselves from or object to the proposed Settlements, of their right to appear at the Fairness Hearing, of the Plan of Allocation, and of Class Counsel's application for the Attorneys' Fees Award and any Incentive Award, and for reimbursement of expenses associated with the Actions; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law. Based upon Deutsche Bank's and JPMorgan's submissions to the Court dated December 5, 2017 and December 6, 2017, respectively, the Court further finds that the Settling Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. The Court finds that no members of the Settlement Class have validly requested to be excluded from the Settlement Class as it relates only to the Deutsche Bank Settlement. The Court finds that no members of the Settlement Class have validly requested to be excluded from the Settlement Class as it relates only to the JPMorgan Settlement. The Court finds that five (5) members of the settlement have validly requested exclusion from the Settlement Class as it relates to both the Deutsche Bank Settlement and the JPMorgan Settlement.

7. The Court finds that no objections to the proposed Settlements have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and

3

considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlements.

8. It is hereby determined that all members of the Settlement Class are bound by the Settlement Agreements and this Final Approval Order, and all of their claims against Deutsche Bank and JPMorgan, as provided under the Settlement Agreements, are hereby dismissed with prejudice and released.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlements, as set forth in the Settlement Agreements, and finds that the Settlements are, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Plaintiffs. This Court further finds that the Settlements set forth in the Settlement Agreements are the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, with the assistance of a skilled mediator, the Honorable Daniel Weinstein, with respect to the Deutsche Bank Settlement, and that Class Counsel and the Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreements. Accordingly, the Settlements embodied in the Settlement Agreements are hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreements in accordance with all of their terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order, if one or both of the Settlement Agreements are validly terminated by the Plaintiffs or the Settling Defendants, are disapproved in whole or in part by the Court, any appellate court, or any other court of review, or do not become final, then the provisions of this Final Approval Order dismissing the Plaintiffs' claims shall be null and void with respect to such Settlement(s); the Plaintiffs' claims shall be reinstated; the Settling Defendants' defenses shall be reinstated; the certification of the Settlement

4

Class and final approval of the proposed Settlement(s), and all actions associated with them, including but not limited to any requests for exclusion from the Settlement(s) previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement(s), including their exhibits, and any and all negotiations, documents, and discussions associated with them and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement(s) were signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement(s) that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11. The Settlement Fund defined in the Deutsche Bank Settlement Agreement (the "Deutsche Bank Settlement Fund") and the Settlement Fund defined in the JPMorgan Settlement Agreement (the "JPMorgan Settlement Fund," and together with the Deutsche Bank Settlement Fund, the "Settlement Funds") have been established as trusts and shall be established as fiduciary accounts (the "Settlement Fiduciary Accounts"). The Court further approves the establishment of the Settlement Fiduciary Accounts under the Settlement Agreements as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreements and the Settlements contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arising out of or relating to the Settlement Agreements, the Settlements, or the Settlement Funds (except for such disputes and controversies as are subject to Section 36 of the Deutsche Bank Settlement Agreement or Section 37 of the JPMorgan Settlement Agreement, which disputes and controversies

5

shall be governed by the respective terms of each such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlements after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of this Final Approval Order, the Plaintiffs, Deutsche Bank, JPMorgan, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreements. Any disputes involving the Plaintiffs, Deutsche Bank, JPMorgan, or members of the Settlement Class concerning the implementation of the Settlement Agreements shall be submitted to the Court.

13. Each member of the Settlement Class must execute a release and covenant not to sue in conformity with the Settlement Agreements, as incorporated into the Proof of Claim and Release form, in order to receive the member of the Settlement Class's share(s), if any, of the Net Settlement Fund defined in the Deutsche Bank Settlement Agreement and the Net Settlement Fund defined in the JPMorgan Settlement Agreement. If the member of the Settlement Class submitted a timely Proof of Claim and Release pursuant to the class notice dated June 22, 2016 related to the $58 million settlements with Defendants R.P. Martin Holdings Limited, Martin Brokers (UK) Ltd., Citigroup Inc., Citibank, N.A., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc, and HSBC Bank plc, the member of the Settlement Class does not have to submit a new Proof of Claim and Release to participate in the Settlements with Deutsche Bank and JPMorgan. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to members of the Settlement Class contains a copy of such release and covenant not to sue. However, each member of the Settlement Class's claims shall be released

pursuant to Section 12 of the Deutsche Bank Settlement Agreement and/or Section 12 of the JPMorgan Settlement Agreement, as the case may be, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14. The Court hereby approves the Releasing Parties' releases of claims as set forth in this Final Approval Order as of the Effective Date.[2]

---

[2] The Released Claims under the Settlement Agreements are as follows (for the avoidance of doubt, the "Released Claims" for purposes of this Final Approval Order include all claims that are Released Claims under either Settlement Agreement):

(A) The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall, or may have, representatively, derivatively, or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions or which could have been alleged in the Actions against the Released Parties concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to Yen LIBOR or Euroyen TIBOR purchased, sold, and/or held by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by these Settlements: (i) any claims against former Deutsche Bank or JPMorgan employees arising solely from those former employees' conduct that occurred while not employed by Deutsche Bank or JPMorgan; (ii) any claims against the named Defendants in these Actions other than Deutsche Bank or JPMorgan; (iii) any claims against inter-dealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of inter-dealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B) Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter

7

15. The Court declares that the Settlement Agreements and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against Deutsche Bank or JPMorgan encompassed by the Released Claims that are maintained by or on behalf of the Plaintiffs or any other members of the Settlement Class, and shall also be binding on their respective predecessors, successors, and assigns, direct and indirect parents, subsidiaries, and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries, or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their capacity as such, regardless of whether the member of the Settlement Class previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such member of the Settlement Class never received actual notice of the Actions or these proposed Settlements.

16. The Court permanently bars and enjoins the Plaintiffs and all members of the Settlement Class from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Deutsche Bank, JPMorgan, or any Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Deutsche Bank, JPMorgan, or any Released Parties based

---

of the Settlement Agreements, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making the Deutsche Bank Settlement Agreement and the JPMorgan Settlement Agreement, the Parties assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

8

on the Released Claims; or (c) organizing members of the Settlement Class into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Deutsche Bank, JPMorgan, or any Released Parties based on the Released Claims.

17. The Court permanently bars and enjoins claims by any Person against Deutsche Bank or JPMorgan or any Released Parties (as defined in the Deutsche Bank Settlement Agreement and the JPMorgan Settlement Agreement) for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims by Deutsche Bank and JPMorgan and any Released Parties (as defined in the Deutsche Bank Settlement Agreement and the JPMorgan Settlement Agreement) for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise against (a) Any of the other Defendants currently named in the Actions; (b) Any other Person formerly named as a party in the Actions; or (c) Any other Person subsequently added or joined as a party in the Actions. Should any court determine that any Defendant is/was legally entitled to any kind of set-off, apportionment, contribution, or indemnification from Deutsche Bank or JPMorgan arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Deutsche Bank or JPMorgan.

18. Neither the Settlement Agreements (nor their exhibits), whether or not they shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiffs and the

Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlements. Further, neither the Settlement Agreements (nor their exhibits), whether or not they shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiffs and the Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreements or an action (including these Actions) in which the Settlement Agreements are asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by the Settling Defendants to the Plaintiffs or by the Plaintiffs to the Settling Defendants in connection with the Settlements or the Actions. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreements and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

    19. The Court finds that, during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by members of the Settlement Class in connection with the submission of claims shall be held in strict confidence,

available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a member of the Settlement Class's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20. The Proof of Claim and Release form, Plan of Allocation, the Supplemental Agreement referenced in Section 23 of the Deutsche Bank Settlement Agreement, and the Supplemental Agreement referenced in Section 23 of the JPMorgan Settlement Agreement are each approved as fair, reasonable, and adequate.

21. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

22. The Court's certification of the Settlement Class and appointment of the Plaintiffs as Class Representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint Class Representatives in this litigation or any challenge to the Plaintiffs' capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this 7th day of December, 2017.

_____
Honorable George B. Daniels
United States District Judge

11