IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SONTERRA CAPITAL MASTER FUND, LTD., HAYMAN
CAPITAL MASTER FUND, L.P., JAPAN MACRO
OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA
STATE TEACHERS' RETIREMENT SYSTEM on behalf of
themselves and all others similarly situated,

                Plaintiffs,

                - against -

UBS AG, UBS SECURITIES JAPAN CO. LTD., MIZUHO BANK,
LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE
SUMITOMO TRUST AND BANKING CO., LTD., THE
NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND
BANKING CORPORATION, SUMITOMO MITSUI BANKING
CORPORATION, RESONA BANK, LTD., J.P. MORGAN
CHASE & CO., JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO
CORPORATE BANK, LTD., DEUTSCHE BANK AG, DB
GROUP SERVICES UK LIMITED, MIZUHO TRUST AND
BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD.,
SHINKIN CENTRAL BANK, THE BANK OF YOKOHAMA,
LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF
SCOTLAND GROUP PLC, THE ROYAL BANK OF
SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, RBS
SECURITIES INC., BARCLAYS BANK PLC, BARCLAYS PLC,
BARCLAYS CAPITAL INC., CITIBANK, NA, CITIGROUP,
INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL
MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE
RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS
PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC,
LLOYDS BANK PLC, ICAP PLC, ICAP EUROPE LIMITED,
R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS
(UK) LTD., TULLETT PREBON PLC, BANK OF AMERICA
CORPORATION, BANK OF AMERICA, N.A., MERRILL
LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,

                Defendants.

Docket No. 15-cv-5844 (GBD)
(HBP)

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　　- against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>　　　　　　　　　　Defendants. | Docket No. 12-cv-3419 (GBD) (HBP) |

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH THE BANK OF TOKYO-MITSUBISHI UFJ, LTD. AND MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND <u>PROGRAM OF NOTICE TO THE CLASS</u>

The parties to the Stipulation and Agreement of Settlement entered into on January 23, 2018 between Plaintiffs and The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") and Mitsubishi UFJ

1

Trust and Banking Corporation ("MUTB") (the "Settlement Agreement") in the related actions captioned *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"), having applied for an order preliminarily approving the proposed settlement (the "Settlement") of the Actions against BTMU and MUTB in accordance with the Settlement Agreement; the Court having read and considered the Settlement Agreement and accompanying documents; and Plaintiffs, BTMU, and MUTB (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, this **14** Day of **March**, 2018, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Parties and all members of the Settlement Class. To the extent that one or both of the Actions has been dismissed as to BTMU and MUTB, the Court has retained subject matter jurisdiction to approve the Settlement, including all exhibits thereto, in both of the Actions. *See Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010).

3. Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Settlement Class is defined as:

> All Persons who purchased, sold, held, traded, or otherwise had any interest in Euroyen-Based Derivatives[1] during the period from January 1, 2006 through June 30, 2011 (the "Class Period"). Excluded from the Settlement Class are the Defendants (as defined in the Settlement Agreement) and any parent, subsidiary, affiliate, or agent of any Defendant or any co-conspirator whether or not named as a defendant, and the United States Government.

4. Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants (as defined in the Settlement Agreement) and any parent, subsidiary, affiliate, or agent of any Defendant or any co-conspirator whether or not named as a defendant, and the United States Government," and solely for purposes of the Settlement and the Settlement Class, Investment Vehicles[2] shall not be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) BTMU or MUTB either directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest held by BTMU or MUTB in the Investment Vehicle is excluded from the Settlement Class.

5. The Court hereby appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

---

[1] "Euroyen-Based Derivatives" means (i) a Euroyen TIBOR futures contract on the Chicago Mercantile Exchange ("CME"); (ii) a Euroyen TIBOR futures contract on the Tokyo Financial Exchange, Inc. ("TFX"), Singapore Exchange ("SGX"), or London International Financial Futures and Options Exchange ("LIFFE") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Japanese Yen currency futures contract on the CME; (iv) a Yen LIBOR- and/or Euroyen TIBOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) an option on a Yen LIBOR- and/or Euroyen TIBOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (vi) a Japanese Yen currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vii) a Yen LIBOR- and/or Euroyen TIBOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans.

3

6. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

7. Plaintiffs Jeffrey Laydon, Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and the California State Teachers' Retirement System ("CalSTRS") are hereby appointed as representatives of the Settlement Class.

8. A hearing will be held on a date of the Court's convenience on ~~or after~~ July 12, 2018 at __10__ [(a.m.)/p.m.] in Courtroom 11A of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class, other than that which may be posted at the Court or on the Settlements website at www.EuroyenSettlement.com.

9. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

10. The Parties are granted leave to file under seal the Supplemental Agreement referenced in Section 23 of the Settlement Agreement (the "Supplemental Agreement"), which give BTMU and MUTB certain rights to terminate their Settlement, as well as any materials filed with the Court in connection with a dispute relating to the Supplemental Agreement.

11. The terms of the Settlement Agreement and the Supplemental Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order. The terms of the Plan of Allocation, the Supplemental Agreement, and the Proof of Claim and Release also are

preliminarily approved as within the range of reasonableness, fairness, and adequacy.

12. All proceedings in the Actions as to BTMU and MUTB, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

13. All members of the Settlement Class and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims. For the avoidance of doubt, for purposes of this Order, the "Released Claims" include all claims that are Released Claims under either Settlement Agreement.

14. Within forty-five (45) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 3 to the Declaration of Vincent Briganti, Esq., dated February 9, 2018 ("February 2018 Briganti Decl."), to be mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Affidavit of Linda V. Young (Vice President, Media with A.B. Data's class action administration company), dated February 9, 2018. February 2018 Briganti Decl. Ex. 2. The foregoing mailings shall be completed no later than sixty (60) days after the date of the entry of this

Order.

15. As soon as practicable after the entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from Exhibit 4 to the February 2018 Briganti Decl., as described in the proposed notice program attached to the Affidavit of Linda V. Young. February 2018 Briganti Decl. Ex. 2.

16. The Settlement Administrator shall continue to maintain a Settlements website, www.EuroyenSettlement.com, until the termination of the administration of the Settlement. The website shall include copies of the Settlement Agreement (including exhibits), this Order, the mailed and publication notices, the motions for preliminary approval and all exhibits attached thereto, and the Plan of Allocation, and shall identify important deadlines and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement. The Settlement website, www.EuroyenSettlement.com, shall be searchable on the Internet.

17. The Settlement Administrator shall continue to maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

18. The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

19. At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 14-17 of this Order.

20. Any member of the Settlement Class and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene in the Actions, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and BTMU and MUTB's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class shall be considered by the Court unless, not later than thirty (30) days prior to the Fairness Hearing, the member of the Settlement Class or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Class Counsel and counsel of record for BTMU and MUTB) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting member of the Settlement Class or the governmental entity wishes to bring to the Court's attention and all evidence the objecting member of the Settlement Class or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to the Actions by case names and case numbers; (2) a statement of the specific legal and factual basis for each objection or intervention argument; (3) a statement of whether the objecting or intervening person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing,

including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Euroyen-Based Derivatives transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class and are not entitled to object.

21. Any objection to the Settlement or motion to intervene submitted by a member of the Settlement Class pursuant to paragraph 20 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a member of the Settlement Class or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a member of the Settlement Class's legally authorized representative.

22. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

23. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

24. Any member of the Settlement Class or governmental entity that fails to object or move to intervene in the manner described in paragraphs 20-23 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than five (5) days before the Fairness Hearing. Class Counsel, BTMU and MUTB's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

25. Any Request for Exclusion from the Settlement by a member of the Settlement Class must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and postmarked no later than thirty-five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

   (a) the name, address, and telephone number of the member of the Settlement Class;

   (b) a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

   (c) the name of the Actions ("*Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)");

   (d) a statement certifying such person is a member of the Settlement Class;

   (e) a description of the Euroyen-Based Derivatives transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction);

 (f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class in *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)"; and

 (g) a statement specifying whether such person is requesting exclusion from the Settlement Class as it relates to the BTMU and MUTB Settlement.

26. Any Request for Exclusion from the Settlement submitted by a member of the Settlement Class pursuant to paragraph 25 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative) and notarized, even if the member of the Settlement Class is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a member of the Settlement Class or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a member of the Settlement Class's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 25 of this Order, complies with this paragraph 26, and is postmarked by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any member of the Settlement Class who submits any Request for Exclusion.

27. Any member of the Settlement Class who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Actions, even if the member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such member of the Settlement Class never received actual notice of the Actions or the proposed Settlement.

28. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and BTMU and MUTB's counsel as requested.

29. The Settlement Administrator shall furnish Class Counsel and counsel for BTMU and MUTB with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) business day of receipt thereof.

30. At least twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreements, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide counsel for BTMU and MUTB and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than twenty-eight (28) days before the Fairness Hearing. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

31. All Proofs of Claim and Release shall be submitted by members of the Settlement Class to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than seventy-five (75) days after the Fairness Hearing.

32. To effectuate the Settlement and the notice provisions, the Court hereby approves A.B. Data, Ltd. as Settlement Administrator to be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with members of the Settlement Class; (b) effectuating the Class Notice plan, including by running potential members of the Settlement Class's addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from members

of the Settlement Class, including Proofs of Claim and Release, and other documents relating to the Settlement and their administration; (d) administering claims for allocation of funds among members of the Settlement Class; (e) determining the timeliness of each Proof of Claim and Release submitted by members of the Settlement Class, and the adequacy of the supporting documents submitted by members of the Settlement Class; (f) corresponding with members of the Settlement Class regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Plan of Allocation; (h) determining the timeliness and validity of all Requests for Exclusion received from members of the Settlement Class; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for BTMU and MUTB; and (j) providing Class Counsel and counsel for BTMU and MUTB with copies of any Requests for Exclusion (including all documents submitted with such requests).

33. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund defined in the BTMU and MUTB Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

34. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "BTMU/MUTB Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

35. The Court appoints Amalgamated Bank to act as Escrow Agent for the BTMU/MUTB Settlement Fund.

36. Neither the Settlement Agreement (nor any of its exhibits), whether or not they shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by BTMU and MUTB or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of BTMU and MUTB, and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

37. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least five (5) days prior to the Fairness Hearing.

38. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

39. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class, other than that which may be posted at the Court or on the Settlement website, www.EuroyenSettlement.com.

40. In the event that the Settlement is terminated in accordance with its provisions, such

terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

41. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

42. The Court's preliminary certification of the Settlement Class, and appointment of Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

43. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this __8th__ day of __March__, 2018, at the Courthouse for the United States District Court for the Southern District of New York.

MAR 0 8 2018

_____
The Honorable George B. Daniels
United States District Court Judge

14