## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Docket No. 12-cv-3419 (GBD) (HBP) |
| - against - | |
| THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50, | |
| Defendants. | |

## [PROPOSED] REVISED SCHEDULING ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4/3/18

WHEREAS, the Court entered a scheduling order on April 17, 2017 (the "April 17 Scheduling Order");

WHEREAS, by letter motion dated January 25, 2018, Plaintiff and Defendants jointly requested a 60-day extension of all deadlines set in the April 17 Scheduling Order;

WHEREAS, the Court granted the parties' request for a 60-day extension and entered a revised scheduling order on January 26, 2018 (the "January 26 Scheduling Order"); and

WHEREAS, by letter motion dated March 30, 2018, Plaintiff and Defendants jointly requested a 60-day extension of all deadlines set in the January 26 Scheduling Order;

It is hereby ORDERED as follows:

## I.     FACT DISCOVERY

A.     The parties shall continue to make rolling productions in good faith following the entry of this Order.  The parties shall prioritize for production document discovery relating to issues in support of or in opposition to class certification.   All document discovery shall be substantially complete by June 1, 2018.

B.     The parties agree to meet and confer after June 1, 2018 regarding the scope of any additional discovery to occur prior to the Court's decision on class certification.

C.     All fact discovery shall be completed by the later of (i) 180 days following the Court's decision on class certification or (ii) 90 days after the resolution by agreement or court order of any motions to compel the production of documents or other matters related to the production of documents, including without limitation privilege or redaction logs, or data privacy issues or any motions to compel the production of any witness for deposition or other motion to compel directed to non-document discovery.

D.     In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court

must first meet and confer in good faith with the opposing party, in person, or by telephone, in an effort to resolve the dispute.

## II.   CLASS CERTIFICATION AND CLASS CERTIFICATION EXPERT DISCOVERY

A.   Plaintiff shall serve class certification expert reports no later than October 15, 2018.

B.   Defendants shall serve class certification expert reports no later than December 14, 2018.

C.   Plaintiff shall serve rebuttal class certification expert reports no later than January 15, 2019.

D.   Plaintiff shall file his motion for class certification no later than 30 days after he serves any rebuttal class certification expert report pursuant to II.C (or, if no such report is filed, no later than February 15, 2019).

E.   Any opposition to the motion for class certification shall be filed no later than 60 days after Plaintiff files his motion for class certification.

F.   Any reply brief in support of the motion for class certification shall be filed no later than 30 days after any opposition to the motion for class certification is filed.

G.   The parties agree to negotiate in good faith the timing of depositions of their experts proffered in support of and in opposition to class certification.

## III.   MERITS EXPERT DISCOVERY

A.   Any party bearing the burden of proof on an issue for which they intend to offer expert opinion shall serve their experts' reports no later than 90 days after the close of fact discovery.

2

B.      Any party seeking to offer expert opinion in response to any reports served

under Section III.A., shall serve their experts' reports no later than 60 days after the opening expert

report is served.

C.      Any rebuttal experts' reports shall be served no later than 30 days after

responsive expert reports are served.

## IV.      DISPOSITIVE MOTIONS

A.      Any dispositive motions shall be made no later than 90 days after all merits

expert reports are exchanged.

B.      The opposition to any dispositive motion shall be filed no later than 90 days

after the filing of the motion.

C.      Any reply shall be filed no later than 45 days after any opposition to the

dispositive motion is filed.


Dated:  New York, New York
        _____4 - 2_____, 2018


_____

The Honorable Henry Pitman
United States Magistrate Judge


3