USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 12 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Laydon v. Mizuho Bank, Ltd., et al.* | No. 12-cv-3419 (GBD) |
| *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.* | No. 15-cv-5844 (GBD) |

## [PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES

This matter came for a duly-noticed hearing on July 12, 2018 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Expenses ("Fee and Expense Application") in the related actions captioned *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation and Agreement of Settlement with The Bank of Tokyo-Mitsubishi UFJ, Ltd. (now known as MUFG Bank, Ltd.) ("BTMU") and Mitsubishi UFJ Trust and Banking Corporation ("MUTB" and with BTMU, the "Settling Defendants") entered into on January 23, 2018 (collectively, the "Settlement Agreement")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over Plaintiffs, BTMU and MUTB (the "Parties") and all Settlement Class Members and subject matter jurisdiction over the Actions to approve the Settlement and all exhibits attached thereto;

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements;

3. Plaintiffs' Counsel is hereby awarded attorneys' fees in the amount of $6,900,000.00 (23% of the Settlement Fund), plus interest at the same rate as earned by the Settlement Fund, which shall be paid out of the Settlement Fund;

4. In accordance with the Court's August 29, 2012 Order (*Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419, ECF No. 99, at paragraph 1(j)), Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Actions;

5. In making this award of attorneys' fees, the Court has considered and found that:

   a. Plaintiffs' Counsel have prosecuted the Actions and achieved the Settlement with skill, perseverance, and diligent advocacy;

   b. The Actions involve numerous complex factual and legal issues and were actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

   c. Had Plaintiffs' Counsel not achieved the Settlement, a risk would remain that Plaintiffs and the Settlement Class may have recovered less or nothing from BTMU and MUTB;

   d. Public policy considerations support the requested fee, as only a small

number of firms have the requisite expertise and resources to successfully prosecute cases such as the Actions;

  e. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees in the amount of 23% of the Settlement Fund; and

  f. The amount of attorneys' fees awarded is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable percentage of the Settlement Fund, in view of the applicable legal principles and the particular facts and circumstances of the Actions.

6. In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties;

7. Pursuant to Section 5(D) of the Settlement Agreement, this fee award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and is also independent of the Court's consideration of the proposed Plan of Allocation; and

8. The fees awarded herein may be paid to Plaintiffs' Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

This 12th day of July, 2018.

*George B. Daniels*
Honorable George B. Daniels
United States District Judge

3