USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 10 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | No. 12-cv-3419 (GBD) |

**[~~PROPOSED~~] ORDER GRANTING CLASS COUNSEL'S<br>MOTION FOR REIMBURSEMENT OF EXPENSES**

This matter came for a duly-noticed hearing on December 19, 2019 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of: (1) the Stipulation and Agreement of Settlement with Mizuho Bank, Ltd., Mizuho Corporate Bank, Ltd., and Mizuho Trust & Banking Co., Ltd. (collectively, "Mizuho"),[1] The Norinchukin Bank ("Norinchukin"), and Sumitomo Mitsui Banking Corporation ("SMBC") entered into on August 29, 2019; and (2) the Amended Stipulation and Agreement of Settlement with The Bank of Yokohama, Ltd. ("The Bank of Yokohama"), Shinkin Central Bank ("Shinkin"), The Shoko Chukin Bank, Ltd. ("Shoko Chukin"), Sumitomo Mitsui Trust Bank, Limited and its predecessors ("Sumitomo"),[2] and Resona Bank, Ltd. ("Resona") entered into on September 5, 2019 (collectively, the "Settlement Agreements")[3] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over the Plaintiff, The Bank of Yokohama, Shinkin, Shoko Chukin, Sumitomo, Resona, Mizuho, Norinchukin, SMBC, and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreements and all exhibits attached thereto.

---

[1] On July 1, 2013, Mizuho Bank, Ltd. merged with Mizuho Corporate Bank, Ltd. After the merger, Mizuho Corporate Bank, Ltd. was the surviving entity and Mizuho Bank, Ltd. dissolved. The new entity was renamed Mizuho Bank, Ltd.

[2] Sumitomo Mitsui Trust Bank, Limited was formerly known, and was sued as The Sumitomo Trust and Banking Co., Ltd. ("STB"). The Chuo Mitsui Trust and Banking Company, Limited, which was also sued in the *Laydon* action, merged into STB prior to the action to form Sumitomo Mitsui Trust Bank, Limited.

[3] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreements.

2

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Plaintiffs' Counsel is hereby awarded expenses in the amount of $1,363,544.52, plus interest at the same rate as earned by the Settlement Funds, which shall be paid out of the Settlement Funds. Class Counsel may withdraw up to $750,000 from the Settlement Funds to defray current and future litigation expenses, including discovery expenses and expert fees, for prosecuting the claims asserted against the non-settling Defendants in the Action.

4. In the event that the Settlements are terminated or the Effective Date does not occur in accordance with the terms of the Settlements, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

5. Pursuant to Section 5(D) of the Settlement Agreements, this expense award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and is also independent of the Court's consideration of the Distribution Plan and award of attorneys' fees.

6. The expenses awarded herein may be paid to Plaintiffs' Counsel from the Settlement Funds immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreements which terms, conditions, and obligations are incorporated herein.

7. Class Counsel is hereby authorized to allocate the expenses among Plaintiffs' Counsel in a manner in which, in its judgment, reflects the costs and expenses incurred in the prosecution and settlement of the Action.

**IT IS SO ORDERED.**

This ___ day of _____ DEC 19 2019

_George B. Daniels_
Honorable George B. Daniels
United States District Judge

4