USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED DEC 19 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY LAYDON, on behalf of himself and all others similarly situated,

    Plaintiff,

- against -

THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,

    Defendants.

No. 12-cv-3419 (GBD)

---

## [~~PROPOSED~~] ORDER GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES

This matter came for a duly-noticed hearing on December 19, 2019 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of: (1) the Stipulation and Agreement of Settlement with Mizuho Bank, Ltd., Mizuho Corporate Bank, Ltd., and Mizuho Trust & Banking Co., Ltd. (collectively, "Mizuho"),[1] The Norinchukin Bank ("Norinchukin"), and Sumitomo Mitsui Banking Corporation ("SMBC") entered into on August 29, 2019; and (2) the Amended Stipulation and Agreement of Settlement with The Bank of Yokohama, Ltd. ("The Bank of Yokohama"), Shinkin Central Bank ("Shinkin"), The Shoko Chukin Bank, Ltd. ("Shoko Chukin"), Sumitomo Mitsui Trust Bank, Limited and its predecessors ("Sumitomo"),[2] and Resona Bank, Ltd. ("Resona") entered into on September 5, 2019 (collectively, the "Settlement Agreements")[3] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over the Plaintiff, The Bank of Yokohama, Shinkin, Shoko Chukin, Sumitomo, Resona, Mizuho, Norinchukin, SMBC, and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreements and all exhibits attached thereto.

---

[1] On July 1, 2013, Mizuho Bank, Ltd. merged with Mizuho Corporate Bank, Ltd. After the merger, Mizuho Corporate Bank, Ltd. was the surviving entity and Mizuho Bank, Ltd. dissolved. The new entity was renamed Mizuho Bank, Ltd.

[2] Sumitomo Mitsui Trust Bank, Limited was formerly known, and was sued as The Sumitomo Trust and Banking Co., Ltd. ("STB"). The Chuo Mitsui Trust and Banking Company, Limited, which was also sued in the *Laydon* action, merged into STB prior to the action to form Sumitomo Mitsui Trust Bank, Limited.

[3] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreements.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Plaintiffs' Counsel is hereby awarded attorneys' fees in the amount of $16,120,000.00 (22.7% of the Settlement Funds), plus interest at the same rate as earned by the Settlement Funds, which shall be paid out of the Settlement Funds.

4. In accordance with the Court's August 29, 2012 Order, ECF No. 99 ¶ 1(j), Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

5. In making this award of attorneys' fees, the Court has considered and found that:

   a. Plaintiffs' Counsel have prosecuted the Action and achieved the Settlements with skill, perseverance, and diligent advocacy;

   b. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

   c. Had Plaintiffs' Counsel not achieved the Settlements, a risk would remain that Plaintiff and the Settlement Class may have recovered less or nothing from Settling Defendants;

   d. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

   e. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees in an amount not to exceed 23% of the Settlement Funds; and

f. The amount of attorneys' fees awarded is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable percentage of the Settlement Funds, in view of the applicable legal principles and the particular facts and circumstances of the Action.

6. In the event that the Settlements are terminated or the Effective Date does not occur in accordance with the terms of the Settlements, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

7. Pursuant to Section 5(D) of the Settlement Agreements, this fee award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and is also independent of the Court's consideration of the Distribution Plan.

8. The fees awarded herein may be paid to Plaintiffs' Counsel from the Settlement Funds immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreements which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

This ___ day of _____, 2019.

_____
Honorable George B. Daniels
United States District Judge

4