# EXHIBIT 1

**EXECUTION VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>            - against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIETE GENERALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>            Defendants. | Docket No. 12-cv-3419 (GBD)<br><br><br><br><br><br><br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 15-cv-5844 (GBD) |

## TABLE OF CONTENTS

1.    TERMS USED IN THIS AGREEMENT ...................................................... 3

2.    SETTLEMENT CLASS ............................................................................. 11

3.    SETTLEMENT PAYMENT ....................................................................... 12

4.    COOPERATION ........................................................................................ 13

5.    PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND APPLICATION FOR INCENTIVE AWARD ........................................ 19

6.    APPLICATION FOR APPROVAL OF FEES, EXPENSES, AND COSTS OF SETTLEMENT FUND ADMINISTRATION .................................................. 21

7.    NO LIABILITY FOR FEES AND EXPENSES OF LEAD COUNSEL ......................... 22

8.    DISTRIBUTION OF AND/OR DISBURSEMENTS FROM SETTLEMENT FUND ... 22

9.    DISBURSEMENTS PRIOR TO EFFECTIVE DATE .................................... 23

10.   DISTRIBUTION OF BALANCES REMAINING IN NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS ...................................................................... 24

11.   ADMINISTRATION/MAINTENANCE OF SETTLEMENT FUND ............................ 24

12.   RELEASE AND COVENANT NOT TO SUE ............................................. 25

13.   MOTION FOR PRELIMINARY APPROVAL ............................................ 27

14.   CLASS NOTICE ....................................................................................... 27

15.   PUBLICATION .......................................................................................... 29

16.   MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL JUDGMENT ............. 29

17.   BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT ....................... 31

18.   EFFECTIVE DATE .................................................................................... 31

19.   OCCURRENCE OF EFFECTIVE DATE ................................................... 32

20.   FAILURE OF EFFECTIVE DATE TO OCCUR ........................................ 32

21.   TERMINATION ......................................................................................... 33

22.   EFFECT OF TERMINATION .................................................................... 34

23.   SUPPLEMENTAL AGREEMENT ............................................................ 36

24.   CONFIDENTIALITY PROTECTION ........................................................ 36

25.   BINDING EFFECT .................................................................................... 37

26.   INTEGRATED AGREEMENT ................................................................... 37

27.   HEADINGS ................................................................................................ 38

28.   NO PARTY IS THE DRAFTER ................................................................ 38

29.   CHOICE OF LAW ..................................................................................... 38

30.     EXECUTION IN COUNTERPARTS ................................................................. 38
31.     SUBMISSION TO AND RETENTION OF JURISDICTION........................................ 38
32.     CONTRIBUTION AND INDEMNIFICATION ................................................. 39
33.     RESERVATION OF RIGHTS ....................................................................... 39
34.     NOTICES................................................................................................... 40
35.     AUTHORITY ............................................................................................. 40
36.     DISPUTES OR CONTROVERSIES............................................................... 40
37.     STAY ........................................................................................................ 41
38.     IMPACT OF ANY OTHER SETTLEMENT................................................... 42

## STIPULATION AND AGREEMENT OF SETTLEMENT

THIS STIPULATION AND AGREEMENT OF SETTLEMENT (the **"Settlement Agreement"**) is made and entered into on July 22, 2022.  This Settlement Agreement is entered into on behalf of Representative Plaintiffs Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Master Fund, L.P., and any subsequently named plaintiff(s) (collectively, "Representative Plaintiffs") for themselves and on behalf of the Settlement Class, by and through Lead Counsel, and on behalf of Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC (collectively, "Barclays") by and through their undersigned counsel of record in these Actions. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereto.

WHEREAS, Representative Plaintiffs have filed two putative class actions, *Laydon v. Mizuho Bank, Ltd.*, *et al*., Case No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund, Ltd., et al. v. UBS AG*, *et al*., Case No. 15-cv-05844 (GBD) (S.D.N.Y.) ("*Sonterra*"), and have alleged, among other things, that Defendants, including Barclays, from January 1, 2006 through June 30, 2011, acted unlawfully by, *inter alia*, manipulating, aiding and abetting the manipulation of, and conspiring, colluding or engaging in racketeering activities to manipulate Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-Based Derivatives, in violation of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq*., the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and federal and state common law;

WHEREAS, Representative Plaintiffs further contend that they and the Settlement Class are entitled to monetary damages as a result of Barclays' and other Defendants' conduct;

WHEREAS, Barclays denies the material allegations in Representative Plaintiffs' pleadings, expressly incorporates its responsive pleadings, as applicable, and maintains that it has good and meritorious defenses, including lack of personal jurisdiction, to the claims of liability and damages made by Representative Plaintiffs;

WHEREAS, arm's-length settlement negotiations have taken place between Representative Plaintiffs, Lead Counsel, Barclays' counsel, and Barclays, and this Settlement Agreement has been reached, subject to the final approval of the Court;

WHEREAS, Barclays agrees to cooperate with Representative Plaintiffs and Lead Counsel as set forth below in this Settlement Agreement;

WHEREAS, Lead Counsel conducted an investigation of the facts and the law regarding the Actions, considered the Settlement set forth herein to be fair, reasonable, adequate and in the best interests of Representative Plaintiffs and the Settlement Class, and determined that it is in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of complex litigation and to assure a benefit to the Settlement Class;

WHEREAS, Barclays, while continuing to deny that it is liable for the claims asserted against it in the Actions and believing that it has good and meritorious defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and distraction of burdensome and protracted litigation, thereby putting this controversy to rest and avoiding the risks inherent in complex litigation;

WHEREAS, the Parties agree that neither this Settlement Agreement, nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any

violation of any statute or law or of any fault, liability or wrongdoing whatsoever by Barclays, the truth of any of the claims or allegations or any infirmity in the defenses that Barclays has, or could have, asserted in the Actions; and

WHEREAS, the Parties enter into the Settlement with full knowledge that adverse or favorable court decisions and/or other events may take place in the future that might affect the positions of the Parties, including prior to the entry of the Final Approval Order and Final Judgment, and they intend to be bound by this Settlement, subject to final approval of the Court, notwithstanding the possibility or occurrence of any such future events or changes in position;

NOW, THEREFORE, Representative Plaintiffs, on behalf of themselves and the Settlement Class by and through Lead Counsel, and Barclays, by and through the undersigned counsel, agree that the Actions and Released Claims be settled, compromised, and dismissed on the merits and with prejudice as to Barclays and the Released Parties and without costs as to Representative Plaintiffs, the Settlement Class, or Barclays, subject to the approval of the Court, on the following terms and conditions:

### 1.        Terms Used in This Agreement

The words and terms used in this Stipulation and Settlement Agreement, which are expressly defined below, shall have the meaning ascribed to them.

(A)        **"Actions"** means *Laydon v. Mizuho Bank, Ltd. et al.,* Case No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund, Ltd., et al. v. UBS AG, et al.*, Case No. 15-cv-05844 (GBD) (S.D.N.Y.), collectively.

(B)        **"Agreement"** or **"Settlement Agreement"** means this Stipulation and Agreement of Settlement, together with any exhibits attached hereto, which are incorporated herein by reference.

3

(C)    **"Any"** means one or more.

(D)    **"Authorized Claimant"** means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Net Settlement Fund pursuant to any Distribution Plan or order of the Court.

(E)    **"Barclays"** means Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC.

(F)    **"Business Days"** means Monday through Friday, inclusive, of each week unless such day is a holiday in the United States or the United Kingdom.

(G)    **"Class"** or **"Settlement Class"** means all Persons who purchased, sold, held, traded, or otherwise had any interest in Euroyen-Based Derivatives during the Class Period, provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion.  Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

(H)    **"Class Member"** means a Person who is a member of the Class.

(I)    **"Class Notice"** means the form of notice of the proposed Settlement to be distributed to the Settlement Class as provided in this Agreement and the Preliminary Approval Order.

(J)    **"Class Period"** means the period of January 1, 2006 through June 30, 2011.

(K)    **"Court"** means the United States District Court for the Southern District of New York.

(L)    **"Defendants"** means any defendants currently or previously named in the Actions and any parties that may be added to the Actions as defendants through amended or supplemental pleadings or through any other means.

(M)    **"Distribution Plan"** means the plan of allocation of the Net Settlement Fund, which was previously approved by the Court in connection with the Representative Plaintiffs' prior settlements in the Actions or any revised plan of allocation which Representative Plaintiffs shall provide to Barclays at least five (5) Business Days before it is submitted to the Court, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

(N)    **"Effective Date"** means the date when this Settlement Agreement becomes final as set forth in Section 18 of this Settlement Agreement.

(O)    **"Escrow Account"** means an interest-bearing account mutually agreeable to the Parties and administered by the Escrow Agent.

(P)    **"Escrow Agent"** means any Person designated by Lead Counsel with the consent of Barclays, who Lead Counsel anticipates will be Citibank, N.A., and approved by the Court to act as escrow agent for the Settlement Fund.

(Q)    **"Euroyen-Based Derivatives"** means: (i) a Euroyen TIBOR futures contract on the Chicago Mercantile Exchange ("CME"); (ii) a Euroyen TIBOR futures contract on the Tokyo Financial Exchange, Inc. ("TFX"), Singapore Exchange ("SGX"), or London International Financial Futures and Options Exchange ("LIFFE") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Japanese Yen currency futures contract on the CME; (iv) a Yen-LIBOR- and/or Euroyen TIBOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a

5

location within the U.S.; (v) an option on a Yen-LIBOR- and/or a Euroyen TIBOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (vi) a Japanese Yen currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vii) a Yen-LIBOR- and/or Euroyen TIBOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

(R)     **"Euroyen TIBOR"** means the Euroyen Tokyo Interbank Offered Rate.

(S)     **"Execution Date"** means the date on which this Agreement is executed by the last Party to do so.

(T)     **"Fairness Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order to consider the fairness, adequacy and reasonableness of the proposed Settlement and Settlement Agreement.

(U)     **"Final"** means, with respect to any court order, including, without limitation, the Final Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  Any appeal or other proceeding pertaining solely to any order adopting or approving the Distribution Plan, and/or any order issued in respect of an application for attorneys' fees and expenses

pursuant to Sections 5 and 6 below, shall not in any way delay or prevent the Final Judgment from becoming Final.

(V)   **"Final Approval Order"** means an order of the Court, in substantially the form attached hereto as Exhibit B approving of the Settlement following (i) preliminary approval of the Settlement Agreement, (ii) the issuance of the Class Notice pursuant to the Preliminary Approval Order, and (iii) the Fairness Hearing.

(W)   **"Final Judgment"** means the order of judgment and dismissal of the Actions with prejudice as to Barclays, in substantially the form attached hereto as Exhibit C.

(X)   **"Incentive Award"** means any award by the Court to Representative Plaintiffs as described in Section 5.

(Y)   **"Investment Vehicles"** means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans as to which Barclays, or an affiliate, acts as investment advisor or otherwise may be a fiduciary.

(Z)   **"Lead Counsel"** means Lowey Dannenberg, P.C.

(AA)   **"Net Settlement Fund"** means the Settlement Fund less Court-approved disbursements, including: (i) notice, claims administration and escrow costs; (ii) any attorneys' fees and/or expenses awarded by the Court; (iii) any Incentive Award(s) awarded by the Court; and (iv) all other expenses, costs, taxes and other charges approved by the Court.

(BB)   **"Other Settlement"** means any settlement that Representative Plaintiffs reach with any other Defendant involving the Actions that will be submitted to the Court for notice and approval purposes at the same time as this Settlement.

(CC)   **"Parties"** means Barclays and Representative Plaintiffs collectively, and **"Party"** applies to each individually.

(DD)   **"Person"** means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, municipality, state, state agency, entity that is a creature of any state, any government, governmental or quasi-governmental body or political subdivision, authority, office, bureau, agency or instrumentality of the government, any business or legal entity, or any other entity or organization; and any spouses, heirs, predecessors, successors, representatives or assigns of any of the foregoing.

(EE)   **"Plaintiffs' Counsel"** means Lead Counsel and other counsel for the Representative Plaintiffs.

(FF)   **"Preliminary Approval Order"** means an order of the Court, substantially in the form attached hereto as Exhibit A, issued in response to the Motion for Preliminary Approval described in Section 13.

(GG)   **"Proof of Claim and Release"** means the form to be sent to potential Class Members, upon further order(s) of the Court, by which any Class Member may make a claim against the Net Settlement Fund.

(HH)   **"Released Claims"** means those claims described in Section 12 of this Settlement Agreement.

(II)   **"Released Parties"** means Barclays, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Barclays), shareholders (in their capacity as shareholders of Barclays), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.  For the avoidance of doubt, "Released Parties" shall not include any currently named Defendants other than Barclays.

(JJ)   **"Releasing Parties"** means Representative Plaintiffs and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, estates, participants, representatives, fiduciaries, beneficiaries, or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their capacity as such. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims.  As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party.  For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring claims on behalf of Settling Class Members, relating to their transactions in Euroyen-Based Derivatives or any similar

financial instruments priced, benchmarked, or settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR held by Representative Plaintiffs or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the United States).

(KK)   **"Representative Plaintiffs"** means Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and any other Person named as a named plaintiff in the Actions who was not subsequently withdrawn as a named plaintiff, and any named plaintiff who may be added to either of the Actions through amended or supplemental pleadings.  This Settlement Agreement is entered into with each and every Representative Plaintiff.  In the event that one or more Representative Plaintiff(s) fails to secure court approval to act as a Representative Plaintiff, the validity of this Settlement Agreement as to the remaining Representative Plaintiffs, the Settlement Class, and Lead Counsel shall be unaffected.

(LL)   **"Settlement"** means the settlement of the Released Claims set forth herein.

(MM)   **"Settlement Administrator"** means any Person that the Court approves to perform the tasks necessary to provide notice of the Settlement to the Class and to otherwise administer the Settlement Fund, as described further herein.

(NN)   **"Settlement Amount"** means a total of seventeen million seven hundred fifty thousand U.S. dollars ($17,750,000.00).

(OO)   **"Settlement Fund"** means the Settlement Amount plus any interest that may accrue.

(PP)   **"Settling Class Members"** means Representative Plaintiffs and other members of the Settlement Class who do not timely and validly exclude themselves from the Settlement pursuant to Fed. R. Civ. P. 23(c) and in accordance with the procedure to be established by the Court.

(QQ)   **"U.S. Person"** means any Person that is a citizen, resident, or domiciliary of the United States or its territories; a corporation, including a limited liability company, either incorporated or headquartered in the United States or its territories; a partnership created or resident in the United States or its territories; any other Person or entity created and/or formed under the laws of the United States, including any state or territory thereof; or any other Person or entity residing or domiciled in the United States or its territories.

(RR)   **"Yen-LIBOR"** means the London Interbank Offered Rate for the Japanese Yen.

## 2.        Settlement Class

Representative Plaintiffs will file an application, as part of the motion for preliminary approval under Section 13, seeking the certification of the Settlement Class as described herein pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  Notwithstanding the sentence in Section 1(G) above that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of this Settlement and this Settlement Class, the Parties agree that Investment Vehicles shall not be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants.  However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised and (ii) directly

or indirectly held a beneficial interest in said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class. Under no circumstances may any Defendant (or any of their direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle.

The Parties' agreement as to certification of the Settlement Class is solely for the purposes of effectuating the Settlement and for no other purpose.  Barclays retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class certification if the Settlement does not receive the Court's Final approval, if the Court's approval is reversed or vacated on appeal, if the Settlement is terminated pursuant to Section 21 herein, or if the Settlement otherwise fails to become effective.  The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement does not receive the Court's Final approval, if the Court's approval is reversed or vacated on appeal, if the Settlement is terminated pursuant to Section 21 herein, or if the Settlement otherwise fails to become effective, the agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement, and/or any other settlement-related statement, documentation or communication may not be cited in any way relating to certification of the Settlement Class, or in support of an argument for certifying any class for any purpose related to these Actions, or any other proceeding.

### 3.        Settlement Payment

Barclays shall pay the Settlement Amount by wire transfer to the Escrow Account within fifteen (15) Business Days after the Court preliminarily approves the Settlement and Lead Counsel provides the undersigned counsel for Barclays with wire transfer information for the Escrow

Account and any other information that Barclays reasonably may request in order to facilitate payment. All interest earned by any portion of the Settlement Amount paid into the Escrow Account shall be added to and become part of the Settlement Fund. Upon occurrence of the Effective Date, no funds may be returned to Barclays through a reversion or other means. The Escrow Agent shall only act in accordance with instructions mutually agreed upon by the Parties in writing, except as otherwise provided in this Agreement. Other than the payment of the Settlement Amount as set forth in this Section 3, Barclays shall have no responsibility for any interest, costs, or other monetary payment, including any attorneys' fees and expenses, taxes, or costs of notice or claims administration, except that Barclays shall be responsible for notice as required by 28 U.S.C. § 1715, as set forth in Section 14(B).

## 4. Cooperation

(A)     Following preliminary approval of the Settlement, Barclays shall provide reasonable cooperation in the Actions, as described in this Section 4, to benefit the Settlement Class. All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided and with a view towards minimizing unnecessary burdens and costs to Barclays in connection with collecting, reviewing and producing data that have not already been collected in the course of the Actions, related settlements, reports and/or investigations by regulatory agencies.

(B)     Notwithstanding any other provision in this Agreement, Barclays shall have no obligation to produce any document or provide any information that is privileged under the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest doctrine, bank examination privilege, and/or other applicable privilege or immunity from disclosure. None of the cooperation provisions set forth herein are intended to, nor do they, waive

any such privileges or immunities.  Barclays agrees that its counsel will meet with Lead Counsel as is reasonably necessary to discuss any applicable privilege.  Any disputes regarding privilege shall be reserved for resolution pursuant to the alternative dispute resolution procedures set forth in Section 36 of this Settlement Agreement.  If any data protected by the attorney-client privilege, work-product doctrine, the common interest doctrine, the joint defense privilege, the bank examination privilege, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Representative Plaintiffs shall, upon notice from Barclays, promptly cease reviewing the data and shall return the data and all copies of it to Barclays' counsel within five (5) Business Days.  Representative Plaintiffs and their counsel shall also delete or destroy the portions of any other data, documents or work product which refer to or summarize the data within five (5) Business Days.  The data shall not be used or referred to in any way by Representative Plaintiffs or their counsel, and its production shall in no way be construed to have waived any privilege, protection or restriction attached to such data or information.

(C)     Notwithstanding any other provision in this Agreement, Barclays shall have no obligation to produce any data or provide any information that is restricted from disclosure under any applicable domestic or foreign data privacy, bank secrecy, state secrets, or other law or duty of confidentiality.  In the event that Lead Counsel reasonably request documents or information otherwise within the scope of the cooperation materials to be provided under this Settlement Agreement that Barclays reasonably believes in good faith to be restricted from disclosure under any applicable domestic or foreign data privacy, bank secrecy, or other law and the restriction can be avoided without undue burden to Barclays through a reasonable workaround, such as by removing or anonymizing identifying information, Barclays shall cooperate in good faith with Representative Plaintiffs to implement such a workaround.

14

(D)      Notwithstanding any other provision of this Agreement, in the event that Barclays believes that Lead Counsel has requested cooperation of a kind or to an extent that is not reasonable or not within the scope of Barclays' obligations as set forth herein, Barclays' counsel and Lead Counsel agree to meet and confer with each other regarding such disagreement and to seek resolution pursuant to the alternative dispute resolution procedures set forth in Section 36 of this Settlement Agreement if necessary.

(E)      Representative Plaintiffs and Lead Counsel agree to use any and all of the documents, data, and information obtained from Barclays, either pursuant to Section 4 or previously produced by Barclays to Representative Plaintiffs, only for the purpose of the Actions, and agree to be bound by the terms of the Settlement Agreement and Protective Order entered in the Actions, with respect to such documents, data, and information.  For the avoidance of doubt, Representative Plaintiffs and Lead Counsel expressly agree that the documents, data and/or information provided by Barclays, including without limitation oral presentations, may be used directly or indirectly by Representative Plaintiffs and Lead Counsel solely in connection with the prosecution of the Actions against the non-settling Defendants, but not for the institution or prosecution of any other action or proceeding against any Released Party or for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.  The foregoing restriction shall not apply to any information or document that is or becomes publicly available.

(F)      **Document Production.**  Subject to the restrictions set forth above, Barclays will provide cooperation to Representative Plaintiffs by producing to Lead Counsel the following categories of documents in an equivalent format to that in which they were produced to government regulators, including any metadata included in such production, or, with respect to

any documents not previously produced to government regulators, in a format to be agreed, to the extent that such documents are reasonably available and accessible to Barclays and have not already been produced to Representative Plaintiffs in the Actions. Unless otherwise agreed to as part of the discovery in the Actions, the time period of the data subject to production shall be January 1, 2006 – June 30, 2011.

(i)    To the extent not already produced to Representative Plaintiffs in the Actions, all underlying contemporaneous documents and data produced by Barclays to any Regulatory Agency[1] in connection with such Regulatory Agency's investigation of conduct related to Yen-LIBOR and Euroyen TIBOR;

(ii)   To the extent not included within the documents and data produced pursuant to Subsection (i) or that have already been produced to Representative Plaintiffs in the Actions, Barclays shall produce to Lead Counsel:

a)    Reasonably available trade data pertaining to Barclays' transactions in Yen-denominated inter-bank money market instruments for the period January 1, 2006 through June 30, 2011;

b)    Reasonably available data pertaining to Barclays' transactions in Euroyen-Based Derivatives for the period January 1, 2006 through June 30, 2011.

(iii)  To the extent not already produced to Representative Plaintiffs in the Actions, Documents reflecting substantially the same information as that reflected in

---

[1] For purposes of this Agreement, "Regulatory Agency" shall include the U.S. Department of Justice, U.S. Commodity Futures Trading Commission, U.K. Financial Conduct Authority, U.K. Serious Frauds Office, European Commission, and Japanese Financial Services Agency.  To the extent Representative Plaintiffs seek productions of materials produced to additional government authorities related to Yen-LIBOR and Euroyen TIBOR, the parties will meet and confer in good faith about the appropriate scope and parameters, if any, for any such production.

Barclays' submissions to the Federal Reserve Bank of New York and Bank of International Settlements relating to their surveys on turnover in foreign exchange and interest rate derivatives markets for Euroyen-Based Derivatives, to the extent such information exists and is reasonably accessible, and to the extent such disclosure is permitted by relevant authorities and under applicable banking or other laws and regulations, for the years 2004, 2007, 2010 and 2013; and

(iv)     Non-privileged declarations, affidavits, or other sworn or unsworn written statements of former and/or current Barclays directors, officers or employees concerning the allegations set forth in the Actions with respect to Yen-LIBOR, Euroyen TIBOR, and Euroyen-Based Derivatives to the extent such documents exist, are reasonably accessible to Barclays, and may be disclosed under applicable confidentiality or regulatory restrictions.

(G)     Subject to Section 4(D) above, Representative Plaintiffs may request as cooperation materials such further documents and information as Lead Counsel may reasonably request that are relevant to the claims or defenses in these Actions and are reasonably accessible to Barclays and not unduly burdensome to produce.  Barclays will consider such requests in good faith, but Barclays need not agree to any such requests.  In the event that Barclays believes Representative Plaintiffs' counsel has unreasonably requested cooperation, or Representative Plaintiffs' counsel believes Barclays has unreasonably withheld cooperation, Barclays' counsel and Representative Plaintiffs' counsel agree to meet and confer regarding such disagreement and seek resolution if necessary pursuant to the alternative dispute resolution procedures set forth in Section 36 of the Settlement Agreement.  If such alternative dispute resolution is sought, the disputed aspect of cooperation shall be held in abeyance until such resolution by the procedures set forth in Section

36 of the Settlement Agreement, and such abeyance shall not constitute a breach of the Settlement Agreement.

(H)    **Other Information.**  Barclays will cooperate to provide in written form reasonably available information necessary for Representative Plaintiffs to authenticate or otherwise make usable at trial (i) the aforementioned documents and data produced by Barclays, or (ii) documents previously produced to the Representative Plaintiffs by Barclays in the Actions.  Barclays also will provide Representative Plaintiffs with a description of the data fields included in any trade data produced by Barclays to the extent reasonably available and requested by Representative Plaintiffs.

(I)    **Witnesses.**  Barclays shall cooperate to provide reasonable access to up to two (2) current employees who have knowledge of the conduct alleged in the Actions, if any such current employees can reasonably be identified.  Barclays shall not be required to cause any employee who resides outside the United States to travel to the United States in connection with such access. Representative Plaintiffs will endeavor in good faith to seek access to the current employees referenced above only to the extent that the information sought by Representative Plaintiffs cannot be otherwise obtained by Representative Plaintiffs or provided by Barclays through other means, such as the production of documents.  Barclays shall designate witness(es) to serve as Barclays' corporate representative pursuant to the framework of Rule 30(b)(6) of the Federal Rules of Civil Procedure in connection with any depositions, hearing or trial of the Defendants without issuance of a subpoena.  Barclays will work in good faith with Representative Plaintiffs to designate such witness(es) to the extent reasonably necessary and only to the extent that the information sought by Representative Plaintiffs cannot be otherwise obtained, such as through written statements. Barclays shall also cooperate to provide reasonable access to current employees for purposes of laying a foundation for the admission of documents as evidence in the Actions, to the extent

18

reasonably necessary.  For the avoidance of doubt, Representative Plaintiffs may seek to take the testimony of former Barclays employees, and Barclays agrees not to object or otherwise seek to quash Representative Plaintiffs' efforts to obtain testimony from former Barclays employees.

(J)      Barclays agrees to begin rolling production of documents pursuant to Section 4(F)(i) within fourteen (14) days after the Preliminary Approval Order is entered. Barclays agrees to begin rolling production of reasonably available trade data pursuant to Section 4(F)(ii) within sixty (60) days after (i) the Preliminary Approval Order is entered; or (ii) the parties reach agreement as to the parameters of such production, whichever is later.  Barclays agrees to begin providing other elements of the cooperation contemplated by this Section 4 within forty-five (45) days after the Preliminary Approval Order is entered.

(K)      **Continuation, Scope, and Termination of Barclays' Obligation.**  Barclays' obligations to cooperate are continuing until and shall terminate upon the earlier of: (i) the date when final judgment has been rendered with no remaining rights of appeal in the Actions against all Defendants; or (ii) four (4) years after the Court enters the Preliminary Approval Order.

### 5.      Payment of Attorneys' Fees and Reimbursement of Expenses, and Application for Incentive Award

(A)      Subject to Court approval, Representative Plaintiffs and Lead Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees, and past, current or future litigation expenses, and any incentive award approved by the Court.  Barclays shall have no responsibility for any costs, fees, or expenses incurred for or by Representative Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.  Nothing in this provision shall expedite the date(s) for Barclays' payment as set forth in Section 3.

(B)     Lead Counsel, on behalf of all Plaintiffs' Counsel, may apply to the Court for an award from the Settlement Fund of attorneys' fees, plus interest.  Lead Counsel also may apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's litigation expenses, plus interest.  Barclays shall take no position with respect to Lead Counsel's motion for attorneys' fees and expenses.  Representative Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(C)     The Released Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees, litigation expenses, or Incentive Award that the Court may award in the Actions.

(D)     The procedures for, and the allowance or disallowance by the Court of, any application for approval of fees, expenses and costs or an Incentive Award (collectively, "Fee and Expense Application") are not part of the Settlement set forth in this Agreement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement.  Any order or proceeding relating to a Fee and Expense Application, or the reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Judgment and the Settlement of the Actions as set forth herein.  No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Application or the Distribution Plan shall constitute grounds for termination of this Agreement.

(E)     Prior to the Fairness Hearing, Lead Counsel and Representative Plaintiffs shall file any motions seeking awards from the Settlement Fund for payment of attorneys' fees and reimbursement of costs and expenses, and for the payment of an Incentive Award as follows:

(i)      Plaintiffs' Counsel shall seek attorneys' fees of no more than twenty-three percent (23%) of the Settlement Fund;

(ii)      Lead Counsel shall seek reimbursement for their costs and expenses incurred as of the date the Motion for Final Approval and Entry of Final Judgment is filed pursuant to Section 16; and

(iii)      Representative Plaintiffs may make an application to the Court for an award in connection with their representation of the Settlement Class in this litigation, which amount constitutes the Incentive Award.

(F)      Upon the Court's approval of an award of attorneys' fees, costs and expenses, such approved amount from Subsections (E)(i) and (E)(ii), above, shall be paid from the Escrow Account within ten (10) Business Days after their approval by the Court.  If an event occurs that will cause the Settlement Agreement not to become final pursuant to Section 18 or if Representative Plaintiffs or Barclays terminates the Settlement Agreement pursuant to Sections 21 through 23, then within ten (10) Business Days after Lead Counsel either gives written notice of termination on behalf of Representative Plaintiffs or receives notice of such an event from Barclays' counsel or from a court of appropriate jurisdiction, Lead Counsel shall refund to the Settlement Fund the allocable share of any attorneys' fees, costs and expenses (not including any non-refundable expenses as described in Section 9(B)) that were withdrawn plus interest thereon at the same rate at which interest is accruing for the Settlement Fund.

6.      **Application for Approval of Fees, Expenses, and Costs of Settlement Fund Administration**

Lead Counsel may apply to the Court, at the time of any application for distribution to Authorized Claimants, for an award from the Settlement Fund of attorneys' fees for services performed and reimbursement of expenses incurred in connection with the administration of the

Settlement after the date of the Fairness Hearing.  Lead Counsel reserves the right to make additional applications to the Court for payment from the Settlement Fund for attorneys' fees for services performed and reimbursement of expenses incurred.  Any such applications are subject to Court approval.

### 7.         No Liability for Fees and Expenses of Lead Counsel

The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Lead Counsel for attorneys' fees, costs and expenses and/or to any other Person who may assert some claim thereto, or any fee and expense award the Court may make in the Actions.

### 8.         Distribution of and/or Disbursements from Settlement Fund

Lead Counsel shall be responsible for selecting a Settlement Administrator to be approved by the Court, and Barclays shall not object to Lead Counsel's selection. The Settlement Administrator, subject to such supervision and direction by the Court and/or Lead Counsel as may be necessary, shall administer the Proof of Claim and Release forms submitted by the Settling Class Members and shall oversee the distribution of the Settlement Fund pursuant to the Distribution Plan.  Upon the Effective Date (or earlier if provided in Section 5 herein), the Settlement Fund shall be applied in the order and as follows:

(i)        to pay costs and expenses associated with the distribution of the Class Notice and administration of the Settlement as provided in this Section and Section 6, including all costs and expenses reasonably and actually incurred in assisting Class Members with the filing and processing of claims against the Net Settlement Fund at any time after Barclays makes payment described in Section 3;

(ii)       to pay Escrow Agent costs;

22

(iii)     to pay taxes assessed on the Settlement Fund, and tax preparation fees in connection with such taxes;

(iv)     to pay any attorneys' fees, costs and expenses approved by the Court upon submission of a Fee and Expense Application, as provided in Section 5;

(v)     to pay the amount of any Incentive Award for Representative Plaintiffs, as provided in Section 5; and

(vi)     to pay the Net Settlement Fund to Authorized Claimants as allowed by the Agreement, any Distribution Plan, or order of the Court.

## 9.     Disbursements Prior to Effective Date

(A)     Except as provided in Subsection (B) herein or by Court order, no distribution to any Class Member or disbursement of fees, costs and expenses of any kind may be made from the Settlement Fund until the Effective Date.  As of the Effective Date, all fees, costs and expenses and Incentive Awards as approved by the Court may be paid out of the Settlement Fund.

(B)     Upon written notice to the Escrow Agent by Lead Counsel with a copy to Barclays, the following may be disbursed prior to the Effective Date: (i) reasonable costs of Class Notice and administration may be paid from the Settlement Fund as they become due (up to a maximum of $500,000); (ii) reasonable costs of the Escrow Agent may be paid from the Settlement Fund as they become due; (iii) taxes and tax expenses may be paid from the Settlement Fund as they become due; and (iv) Plaintiffs' Counsel's attorneys' fees and costs and expenses as approved by the Court (in accordance with Section 5(F)).  In the event that the Settlement is terminated or does not become final for any reason, all such funds, plus all interest accrued thereon, except for up to $500,000 for reasonable costs of Class Notice and administration that have been actually disbursed

23

prior to the date the Settlement was terminated, on the terms specified in Section 22, shall be returned to Barclays within ten (10) business days of the date the Settlement is terminated or otherwise does not become final for any reason.

(C)     Lead Counsel will attempt in good faith to minimize the costs of the Escrow Agent, Class Notice and administration.

### 10.     Distribution of Balances Remaining in Net Settlement Fund to Authorized Claimants

The Net Settlement Fund shall be distributed to Authorized Claimants and, except as provided in Section 9(B), there shall be no reversion to Barclays.  The distribution to Authorized Claimants shall be in accordance with the Distribution Plan that has been or hereafter is to be approved by the Court upon such notice to the Class as may be required.  Any such Distribution Plan is not a part of this Agreement.  No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the later of (i) the Effective Date or (ii) the date by which the Distribution Plan has received final approval and the time for any further appeals with respect to the Distribution Plan has expired.  Should there be any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall submit an additional distribution plan to the Court for its approval.

### 11.     Administration/Maintenance of Settlement Fund

(A)     The Settlement Fund shall be maintained by the Escrow Agent and Lead Counsel under supervision of the Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be directed by subsequent orders of the Court (except as provided for in this Agreement consistent with the terms of this Settlement Agreement).  The Parties intend that the Settlement Fund be treated as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B.  Lead Counsel shall ensure that the Settlement Fund at all times complies

with Treasury Regulation § 1.468B in order to maintain its treatment as a qualified settlement fund. To this end, Lead Counsel shall ensure that the Settlement Fund is approved by the Court as a qualified settlement fund and that any Escrow Agent, Settlement Administrator or other administrator of the Settlement Fund complies with all requirements of Treasury Regulation § 1.468B-2.  Any failure to ensure that the Settlement Fund complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of Lead Counsel.

### 12.        Release and Covenant Not to Sue

(A)      The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the

extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law.  The following claims shall not be released by this Settlement: (i)  any claims against former Barclays employees arising solely from those former employees' conduct that occurred while those employees were not employed by Barclays; (ii) any claims against the named Defendants in these Actions other than Released Parties; (iii) any claims against interdealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of interdealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B)     Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF

KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

### 13.      Motion for Preliminary Approval

As soon as practicable after the Execution Date, at a time to be mutually agreed by Barclays and Lead Counsel, Lead Counsel, on behalf of the Representative Plaintiffs, shall submit this Settlement Agreement to the Court and shall file a motion for entry of the Preliminary Approval Order in the Actions.

### 14.      Class Notice

(A)      In the event that the Court preliminarily approves the Settlement, Lead Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure, provide Class Members whose identities can be determined after reasonable efforts with notice of the date of the Fairness Hearing. The Class Notice may be sent solely for this Settlement or combined with notice of Other Settlements. The Class Notice shall also explain the general terms of the Settlement Agreement, the general terms of the proposed Distribution Plan, the general terms of the Fee and Expense

Application, and a description of Class Members' rights to object to the Settlement, request exclusion from the Class and appear at the Fairness Hearing.  The text of the Class Notice shall be agreed upon by the Parties before its submission to the Court for approval thereof.  To the extent not inconsistent with the scope of discovery already agreed upon and produced in the Actions, Barclays agrees to provide Lead Counsel with reasonably available contact information for potential Class Member counterparties to Euroyen-Based Derivatives that Barclays transacted with during the Class Period, to the extent not prevented from doing so by any court order or any law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of such information.  Representative Plaintiffs agree that Barclays may, at its sole discretion, (i) have its third-party agent provide the Class Notice to any counterparties to Euroyen-Based Derivatives that Barclays transacted with during the Class Period or (ii) provide counterparty information only to the Settlement Administrator for purposes of distributing the Class Notice, to the extent that Barclays reasonably concludes in good faith that such steps are required or advisable based on such counterparty information being subject to any applicable domestic or foreign data privacy, bank secrecy, or other law, rule, or regulation.  If Barclays does provide Class Notice pursuant to this Section, Barclays shall complete such notice no later than the date set by the Court to complete mailed notice pursuant to the Preliminary Approval Order and provide Lead Counsel with the number of Class Notices sent by Barclays pursuant to this Section.  All reasonable fees, costs, and expenses of Barclays' third-party agent(s) in providing the Class Notice to any counterparties to Euroyen-Based Derivatives that Barclays transacted with during the Class Period will be paid from the Settlement Fund.  Such reasonable fees, costs, and expenses of Barclays' third-party agent(s) shall not exceed $100,000.00 total.

(B)      In the event that the Court preliminarily approves the Settlement, Barclays shall bear the costs and responsibility for timely serving notice of the Settlement as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Barclays shall also cause a copy of such CAFA notice and proof of service of such notice to be provided to Lead Counsel.

## 15.      Publication

Lead Counsel shall cause to be published a summary in accord with the Class Notice submitted to the Court by the Parties and approved by the Court.  Barclays shall have no responsibility for providing publication or distribution of the summary or any notice of the Settlement to Class Members or for paying for the cost of providing notice of the Settlement to Class Members except as provided for in Section 9(B).  The Parties shall mutually agree on any content relating to Barclays that will be used by Lead Counsel and/or the Settlement Administrator in any Settlement-related press release or other media publication, including on websites.

## 16.      Motion for Final Approval and Entry of Final Judgment

(A)      After Class Notice is issued, and prior to the Fairness Hearing, Lead Counsel, on behalf of the Representative Plaintiff(s), shall move for entry of the Final Approval Order and Final Judgment in each of the Actions pending in the Court in which there are Released Claims against Barclays:

(i)      finally certifying solely for settlement purposes the Settlement Class as defined in Section 1(G) herein;

(ii)      finding that the Class Notice constituted the best notice practicable under the circumstances and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

29

(iii)      finally approving this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement of the Settlement Class's claims against Barclays under Rule 23 of the Federal Rules of Civil Procedure;

(iv)      directing that, as to the Released Parties, the Action(s) be dismissed with prejudice and without costs as against the Settling Class Members;

(v)      discharging and releasing the Released Claims as to the Released Parties;

(vi)      barring claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise;

(vii)      determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the Final Judgment shall be final and appealable;

(viii)      reserving the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Agreement; and

(ix)      containing such other and further provisions consistent with the terms of this Agreement to which Barclays and Representative Plaintiffs expressly consent in writing.

(B)      Prior to the Fairness Hearing, as provided in Section 5, Lead Counsel will timely request by separate motion that the Court approve its Fee and Expense Application.  The Fee and Expense Application and the Distribution Plan are matters separate and apart from the Settlement between the Parties.  If the Fee and Expense Application or the Distribution Plan is not approved, in whole or in part, it will have no effect on the finality of the Final Approval Order(s) approving the Settlement and the Final Judgment(s) dismissing each of the Actions with prejudice as to Barclays.

### 17.      Best Efforts to Effectuate This Settlement

The Parties agree to cooperate with one another to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Agreement.

### 18.      Effective Date

Unless terminated earlier as provided in this Settlement Agreement, this Settlement Agreement shall become effective and final as of the date upon which all of the following conditions have been satisfied:

(A)      The Settlement Agreement has been fully executed by Barclays and Representative Plaintiffs through their counsel;

(B)      The Court has certified a Settlement Class, and entered the Preliminary Approval Order in each of the Actions in which a motion for entry of such order has been filed, substantially in the form agreed to by the Parties and attached hereto as Exhibit A, approving this Settlement Agreement, and approving the program and form for the Class Notice;

(C)      Class Notice has been issued as ordered by the Court;

31

(D)      The Court has entered the Final Approval Order in each of the Actions in which a motion for entry of such order was filed, substantially in the form agreed to by the Parties and attached hereto as Exhibit B, finally approving the Settlement Agreement in all respects as required by Rule 23(e) of the Federal Rules of Civil Procedure; however, this required approval does not include the approval of the Fee and Expense Application and the Distribution Plan;

(E)      The Court has entered its Final Judgment as to the Released Parties with respect to Representative Plaintiffs and Settling Class Members in each of the Actions in which a motion for entry of the Final Approval Order was filed, substantially in the form agreed to by the Parties and attached hereto as Exhibit C; and

(F)      The occurrence of the later of the following: (i) the resolution of any and all appeals regarding the Settlement (subject to Section 21 below) or (ii) the expiration of the time to appeal or seek permission to appeal the Settlement.

## 19.      Occurrence of Effective Date

Upon the occurrence of all of the events specified in Section 18, any and all remaining interest or right of Barclays in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Net Settlement Fund shall be transferred from the Escrow Agent to the Settlement Administrator at the written direction of Lead Counsel.

## 20.      Failure of Effective Date to Occur

If any of the conditions specified in Section 18 is not satisfied, then this Agreement shall be terminated, subject to and in accordance with Section 21, unless the Parties mutually agree in writing to continue with this Agreement for a specified period of time.

## 21.     Termination

(A)     Barclays shall have the right, but not the obligation, in its sole discretion, to terminate this Settlement Agreement as to it by providing written notice to Lead Counsel within fifteen (15) Business Days of Barclays' learning of any of the following events:

(i)     the Court declines to enter or modifies the Preliminary Approval Order(s) sought pursuant to Section 13 or the Final Approval Order(s) sought pursuant to Section 16 in any material respect;

(ii)     the Court declines to approve the Settlement Agreement or any material part of it;

(iii)     the Court declines to enter the Final Judgment(s) in any material respect;

(iv)     the Court enters an alternative judgment that differs materially from the form of final judgment agreed by the Parties;

(v)     the Final Approval Order(s) or the Final Judgment(s) is modified or reversed or vacated by any appellate court in any material respect; or

(vi)     an alternative judgment is modified or reversed in any material respect by a court of appeal or any higher court.

(B)     Lead Counsel, acting on behalf of the Representative Plaintiffs, shall have the right, but not the obligation, in their sole discretion, to terminate this Settlement Agreement by providing written notice to Barclays' counsel within fifteen (15) Business Days of any of the following events, provided that the occurrence of the event substantially deprives Plaintiffs of the benefit of the Settlement:

(i)      the Court declines to enter or modifies the Preliminary Approval Order(s) sought pursuant to Section 13 or the Final Approval Order(s) sought pursuant to Section 16 in any material respect;

(ii)      the Court declines to approve the Settlement Agreement or any material part of it;

(iii)      the Court declines to enter the Final Judgment(s) in any material respect;

(iv)      the Court enters an alternative judgment that differs materially from the form of final judgment agreed by the Parties;

(v)      the Final Approval Order(s) or the Final Judgment(s) is modified or reversed or vacated by any appellate court in any material respect; or

(vi)      an alternative judgment is modified or reversed in any material respect by a court of appeal or any higher court.

(C)      In the event that Barclays, for any reason, fails to comply with Section 3, then ten (10) Business Days following written notice of the default to Barclays' counsel, Representative Plaintiffs, by and through Lead Counsel, may terminate this Settlement Agreement or elect to enforce it as provided by the Federal Rules of Civil Procedure and any applicable laws, unless Barclays cures the default during such ten (10) Business Day period.

## 22.      Effect of Termination

Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not

finally approved by the Court or the Final Judgment is reversed or vacated following any appeal, then:

(A)     Within ten (10) Business Days after written notification of such event is sent by counsel for Barclays or Lead Counsel to all Parties and the Escrow Agent, the Settlement Amount, all interest earned in the Settlement Fund and any amount required to be refunded by Lead Counsel pursuant to Section 5(F) will be refunded, reimbursed, and repaid by the Escrow Agent to Barclays pursuant to the written instructions of Barclays, except as provided in Section 9(B).

(B)     The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Barclays, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

(C)     The Parties shall be restored to their respective positions in the Actions as of March 4, 2022, with all of their respective legal claims and defenses preserved as they existed on that date; and

(D)     Upon termination of this Settlement Agreement with respect to all Parties, then:

(i)     this Agreement shall be null and void and of no further effect, and none of Barclays, the Representative Plaintiffs, or members of the Settlement Class shall be bound by any of its terms;

(ii)     any and all releases hereunder shall be of no further force and effect;

(iii)     the Parties shall be restored to their respective positions in the Actions as of March 4, 2022, with all of their respective legal claims and defenses preserved as they existed on that date; and

(iv)     any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

(E)     Unless the Settlement is terminated, Barclays shall take no position with respect to any motion for class certification that Representative Plaintiffs anticipate filing and/or file in connection with their claims against other Defendants in the Actions. Nothing in the Settlement Agreement shall preclude Barclays from opposing motions for class certification or from taking positions in actions other than the Actions.

### 23.        Supplemental Agreement

In addition to the provisions contained in Section 21(A) herein, Barclays shall have the right, but not the obligation, in its sole discretion, to terminate this Settlement Agreement pursuant to the terms and conditions of a Supplemental Agreement.  The Supplemental Agreement shall not be submitted to the Court except in the event of a dispute thereunder or upon the Court's request, in which case the Parties shall seek to file it only under seal.

### 24.        Confidentiality Protection

Representative Plaintiffs, Lead Counsel, Barclays' counsel, Barclays, and Released Parties agree to keep private and confidential the terms of this Settlement Agreement, except for disclosure at the Court's direction or disclosure *in camera* to the Court, until this document is filed with the Court, provided, however, that nothing in this Section shall prohibit or restrict a Party's ability to (i) communicate with their counsel, auditors, insurers, or any state, federal or foreign regulatory authority, regarding the Settlement or its underlying facts or circumstances, (ii) make financial statement disclosures regarding the existence of the Settlement, or (iii) otherwise disclose the Settlement or its underlying facts or circumstances to the extent required by any relevant laws,

36

subpoena or other form of judicial process.  Nothing in this provision shall preclude Barclays from disclosing, without notice to Lead Counsel, the fact, amount, or terms of the Settlement as a result of a good faith determination that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements, or from disclosing the fact, amount, or terms of the Settlement to its regulators, insurers, or external auditors.

### 25.    Binding Effect

(A)    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Barclays, the Released Parties, the Representative Plaintiffs, and Settling Class Members.

(B)    The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed a waiver of such breach by any other Party or a waiver by any Party of any other prior or subsequent breach of this Settlement Agreement.

### 26.    Integrated Agreement

This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein.  This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto.  This Settlement Agreement may not be modified in any respect except by a writing that is executed by all the Parties hereto.

### 27.        Headings

The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

### 28.        No Party Is the Drafter

None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter.

### 29.        Choice of Law

All provisions of this Settlement Agreement and its exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of New York, without regard to its choice of law or conflict of laws principles.

### 30.        Execution in Counterparts

This Settlement Agreement may be executed in one or more counterparts.  Facsimile and scanned/PDF signatures shall be considered valid signatures.  All executed counterparts shall be deemed to be one and the same instrument.  There shall be no agreement until the fully signed counterparts have been exchanged and delivered to each of the Parties.

### 31.        Submission to and Retention of Jurisdiction

The Parties, Released Parties, and the Settlement Class irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the Southern District of New York solely for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto.  For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties and the

Settlement Class irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked power to approve this Settlement Agreement or enter any of the orders contemplated hereby.

### 32.        Contribution and Indemnification

This Settlement Agreement is expressly intended to absolve the Released Parties against any claims for contribution, indemnification, or similar claims from other Defendants in the Actions, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification, or similar claims against any Released Party.  Notwithstanding the foregoing, should any court determine that any Defendant is or was legally entitled to any kind of contribution or indemnification from Barclays arising out of or related to the Released Claims, the Releasing Parties agree that any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification, or similar claims against any Released Party.

### 33.        Reservation of Rights

This Settlement Agreement does not settle or compromise any claims by Representative Plaintiffs or any Class Member asserted against any Defendant or any potential defendant other than Barclays and the Released Parties.  The rights of any Class Member against any other former, current, or future Defendants or co-conspirators, or any Person other than the Released Parties, with respect to any of the Released Claims, are specifically reserved by Representative Plaintiffs and the Class Members, subject to Section 32 above.

### 34. Notices

All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement at their address set forth on the signature page herein, *viz*, if to Representative Plaintiffs, then to: Vincent Briganti, Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, New York 10601 and if to Barclays, then to Matthew J. Porpora, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004 or such other address as each party may designate for itself, in writing, in accordance with this Settlement Agreement.

### 35. Authority

In executing this Settlement Agreement, Lead Counsel represent and warrant that they have been fully authorized to execute this Settlement Agreement on behalf of the Representative Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken. Barclays represents and warrants that its undersigned counsel is fully empowered to execute the Settlement Agreement on behalf of Barclays and that all actions necessary for the execution of this Settlement Agreement have been taken.

### 36. Disputes or Controversies

Any dispute or controversy arising out of or relating to the cooperation set forth in Section 4 herein, including any claims under any statute, law, or regulation, shall be resolved exclusively by mediation, or, if mediation fails to resolve the dispute, by arbitration at JAMS, Inc., formerly known as Judicial Arbitration and Mediation Services ("JAMS"), in accordance with its procedures and Comprehensive Arbitration Rules & Procedures then in effect ("Rules") and in accordance with the Expedited Procedures in those Rules (or such other alternative dispute resolution organization as all Parties shall agree), except as modified herein. The arbitration shall

be conducted on a strictly confidential basis, and the Parties shall not disclose the existence or nature of any claim; any documents, correspondence, briefing, exhibits, or information exchanged or presented in connection with any claim; or any rulings, decisions, or results of any claim or argument (collectively, "Arbitration Materials") to any third party, with the sole exception of the Parties' respective legal counsel (who shall also be bound by these confidentiality terms) or to the extent that such disclosure is required or advisable pursuant to bank regulatory requirements, SEC requirements, or other legal or regulatory requirements. The arbitral decision shall be final and binding upon the Parties hereto. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. Except as the Rules may provide, the Parties shall share JAMS's administrative fees and the arbitrator's fees and expenses. Each Party shall be responsible for such Party's attorneys' fees and costs, except as otherwise provided by any applicable statute. Either Party may commence litigation in any state or federal court of competent jurisdiction located in New York County, New York to obtain injunctive relief in aid of arbitration, to compel arbitration, or to confirm or vacate an arbitrator's award. The Parties agree to take all steps necessary to protect the confidentiality of the Arbitration Materials in connection with any such proceeding, agree to use their best efforts to file all confidential information (and documents containing confidential information) under seal, and agree to the entry of an appropriate protective order encompassing the confidentiality terms of any settlement agreement. The seat of arbitration shall be New York, New York.

### 37.     Stay

The Parties stipulate and agree that all proceedings and deadlines in the Actions (including with respect to discovery, except with respect to Barclays' cooperation obligations as provided in Section 4 above) between Representative Plaintiffs and Barclays shall be stayed pending final

approval of the Settlement. The stay will automatically be dissolved if (a) the Court declines to enter the Preliminary Approval Order, the Final Approval Order(s), or the Final Judgment(s) in any material respect, or (b) the Court enters the Final Approval Order(s) and the Final Judgment(s), appellate review is sought and, on such review, a Final Approval Order or a Final Judgment is finally vacated, modified, or reversed, unless the Parties, in their sole discretion within twenty-five (25) Business Days after learning of such ruling, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Preliminary Approval Order, the Final Approval Order(s), or the Final Judgment(s), as modified by the Court or on appeal.

### 38.        Impact of Any Other Settlement

(A)     If any Other Settlement is reached, the "Settlement Class" definition as well as the terms of the release and termination provisions shall be no less favorable to Barclays than the corresponding terms or provisions applicable to any Other Settlement.

(B)     If Barclays believes one or more Settlement terms or provisions referenced in this Settlement Agreement is less favorable than a corresponding term or provision in any Other Settlement, Barclays' counsel will provide written notice of such belief to Lead Counsel within ten (10) Business Days of the filing of such Other Settlement with the Court. Following receipt of the written notice, Barclays' counsel and Lead Counsel will confer as to whether the relevant term or provision in this Settlement Agreement is less favorable as compared to the Other Settlement. If there is agreement between Barclays' counsel and Lead Counsel that the term or provision at issue is less favorable, Barclays and the Representative Plaintiffs will execute an amendment to the Settlement Agreement, adopting and incorporating the term or provision as drafted in the Other Settlement into the Settlement Agreement, and will submit the amendment to the Court for its approval. If Barclays' counsel and Lead Counsel are unable to reach an agreement on the relevant

term or provision, Barclays or Representative Plaintiffs may move the Court to resolve the dispute. To the extent feasible, but without prejudice to Barclays' rights hereunder, the parties shall endeavor to execute and submit for Court approval any amendments under this provision at least ten (10) business days prior to the Fairness Hearing. Under no circumstances shall Barclays have less than ten (10) business days from the time any Other Settlement is filed to provide notice under this Section. Should it be necessary in order to ensure that Barclays' rights are preserved, the Parties will agree to seek an adjournment of the Fairness Hearing.

Dated: July 22, 2022    By: _____
                            Vincent Briganti
                            LOWEY DANNENBERG, P.C.
                            44 South Broadway
                            White Plains, New York 10601
                            Telephone: (914) 997-0500
                            vbriganti@lowey.com

                            *Lead Counsel for Representative Plaintiffs and the Proposed Class*

Dated: July __, 2022    By: _____
                            Matthew J. Porpora
                            SULLIVAN & CROMWELL LLP
                            125 Broad Street
                            New York, New York 10004
                            Telephone: 212-558-4000
                            porporam@sullcrom.com

                            *Counsel for Defendants Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC*

term or provision, Barclays or Representative Plaintiffs may move the Court to resolve the dispute. To the extent feasible, but without prejudice to Barclays' rights hereunder, the parties shall endeavor to execute and submit for Court approval any amendments under this provision at least ten (10) business days prior to the Fairness Hearing. Under no circumstances shall Barclays have less than ten (10) business days from the time any Other Settlement is filed to provide notice under this Section. Should it be necessary in order to ensure that Barclays' rights are preserved, the Parties will agree to seek an adjournment of the Fairness Hearing.


Dated: July __, 2022      By: _____
                               Vincent Briganti
                               LOWEY DANNENBERG, P.C.
                               44 South Broadway
                               White Plains, New York 10601
                               Telephone: (914) 997-0500
                               vbriganti@lowey.com

                               *Lead Counsel for Representative Plaintiffs and the Proposed Class*


Dated: July 22, 2022      By: *Matthew J. Porpora / gvc*
                               Matthew J. Porpora
                               SULLIVAN & CROMWELL LLP
                               125 Broad Street
                               New York, New York 10004
                               Telephone: 212-558-4000
                               porporam@sullcrom.com

                               *Counsel for Defendants Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC*


43

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY LAYDON, on behalf of himself and all others similarly situated,

Plaintiff,

- against -

THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED,  R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,

Defendants.

---

Docket No. 12-cv-3419 (GBD)

**EXHIBIT A TO STIPULATION AND AGREEMENT OF SETTLEMENT**

|  |  |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>                           Plaintiffs,<br><br>                  - against -<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>                       Defendants. | Docket No. 15-cv-5844 (GBD) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., AND BARCLAYS PLC, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING <u>THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS</u>**

Plaintiffs Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Master Fund, L.P., (collectively, "Plaintiffs") having applied for an order preliminarily approving the proposed settlement ("Settlement") of the Actions against Defendants Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC (collectively, "Barclays") in accordance with the Stipulation and Agreement of Settlement entered into on July 22, 2022 (the "Settlement Agreement") between Plaintiffs and Barclays in the related actions captioned *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"); the Court having read and considered the Settlement Agreement and accompanying documents; and Plaintiffs and Barclays (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, this __ Day of _____, 2022, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1.      Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.      The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Plaintiffs, Barclays (in the Actions only and for purposes of this Settlement), and all Class Members.

3.      Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, and the Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All Persons who purchased, sold, held, traded, or otherwise had any interest in Euroyen-Based Derivatives[1] during the period from January 1, 2006 through June 30, 2011 (the "Class Period"), provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants (as defined in the Settlement Agreement) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

4.      Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of the Settlement and the Settlement Class, Investment Vehicles[2] shall not be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised and (ii) directly or indirectly held a beneficial interest in said Investment Vehicle during the Class

---

[1] "Euroyen-Based Derivatives" means (i) a Euroyen TIBOR futures contract on the Chicago Mercantile Exchange ("CME"); (ii) a Euroyen TIBOR futures contract on the Tokyo Financial Exchange, Inc. ("TFX"), Singapore Exchange ("SGX"), or London International Financial Futures and Options Exchange ("LIFFE") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Japanese Yen currency futures contract on the CME; (iv) a Yen LIBOR- and/or Euroyen TIBOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) an option on a Yen LIBOR- and/or Euroyen TIBOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (vi) a Japanese Yen currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vii) a Yen LIBOR- and/or Euroyen TIBOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, funds of funds and hedge funds; and (ii) employee benefit plans as to which Barclays, or an affiliate, acts as an investment advisor or otherwise may be a fiduciary.

Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class. Under no circumstances may any Defendant (or any of their direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle.

5.     The Court hereby appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.     The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

7.     Plaintiffs Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Master Fund, L.P. are hereby appointed as representatives of the Settlement Class.

8.     A hearing will be held on a date of the Court's convenience on or after _____, 2022 at _____ [a.m./p.m.] in Courtroom 11A of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to Class Members, other than that which may be posted at the Court or on the Settlement website at www.EuroyenSettlement.com.

9.     The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

10.     The terms of the Settlement Agreement and the Supplemental Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

11.     All proceedings in the Actions as to Barclays, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

12.     All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

4

13.     Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 5 to the Declaration of Vincent Briganti, Esq., dated July 22, 2022 ("Briganti Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Declaration of Linda V. Young (Vice President, Media with A.B. Data's class action administration company), dated July 22, 2022. Briganti Decl. Ex. 4. The foregoing mailings shall be completed no later than ninety (90) days after the date of the entry of this Order.

14.     As soon as practicable after the entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from Exhibit 6 to the Briganti Decl., as described in the proposed notice program attached to the Declaration of Linda V. Young. Briganti Decl. Ex. 4.

15.     The Settlement Administrator shall continue to maintain the Settlement website, www.EuroyenSettlement.com, until the termination of the administration of the Settlement. The website shall include copies of the Settlement Agreement (including exhibits), this Order, the mailed and publication notices, the motion for preliminary approval and all exhibits attached thereto, and the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement. The Settlement website, www.EuroyenSettlement.com, shall be searchable on the Internet.

16.     The Settlement Administrator shall continue to maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions,

along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

17.     The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of the Actions and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

18.     At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 13-16 of this Order.

19.     Any Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and the Barclays' counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member or any governmental entity shall be considered by the Court unless, not later than thirty-five (35) days prior to the Fairness Hearing, the Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Class

Counsel and counsel of record for the Barclays) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to the Actions by case name and case number; (2) a statement of the specific legal and factual basis for each objection or intervention argument, including whether the objection applies only to the objecting person, a specific subset of the Class or the entire Class; (3) a statement of whether the objecting or intervening person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Euroyen-Based Derivatives transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Class Members and are not entitled to object.

20.     Any objection to the Settlement or motion to intervene submitted by a Class Member pursuant to paragraph 19 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Class Member's legally authorized representative.

21.     Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

22.     All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

23.     Any Class Member or governmental entity that fails to object or move to intervene in the manner described in paragraphs 19-22 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than five (5) days before the Fairness Hearing. Class Counsel, Barclays' counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

24.     Any Request for Exclusion from the Settlement by a Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for

guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and postmarked no later than thirty-five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

    (a) the name, address, and telephone number of the Class Member;

    (b) a list of all trade names or business names that the Class Member requests to be excluded;

    (c) the name of the Actions ("*Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)");

    (d) a statement certifying such person is a Class Member;

    (e) a description of the Euroyen-Based Derivatives transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction);

    (f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class in *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)"; and

    (g) a statement specifying whether such person is requesting exclusion from the Settlement Class as it relates to this Settlement with Barclays.

    25.    Any Request for Exclusion from the Settlement submitted by a Class Member pursuant to paragraph 24 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information

listed in paragraph 24 of this Order, complies with this paragraph 25, and is postmarked by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Class Member who submits any Request for Exclusion.

26.     Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Actions, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Class Member never received actual notice of the Actions or the proposed Settlement.

27.     The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Barclays' counsel as requested.

28.     The Settlement Administrator shall furnish Class Counsel and counsel for Barclays with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) business day of receipt thereof.

29.     At least twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and a declaration attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide Barclays' counsel and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than twenty-eight (28) days before the Fairness Hearing. Class Counsel shall file the

opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

30.     For any Class Members that have not previously filed Proofs of Claim and Release, all Proofs of Claim and Release must be mailed or otherwise submitted to the Settlement Administrator so that it is received no later than forty-five (45) days after the Fairness Hearing.  Class Members that previously submitted Proofs of Claim and Release in connection with earlier settlements in this Action will automatically be considered to receive a share of the Net Settlement Fund of this Settlement in accordance with the Distribution Plan.

31.     To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with Class Members; (b) effectuating the Class Notice plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Class Members, and the adequacy of the supporting documents submitted by Class Members; (f) corresponding with Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the

11

accuracy of such list, and providing same to Class Counsel and Barclays' counsel; and (j) providing Class Counsel and Barclays' counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

32.     The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund defined in the Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

33.     The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

34.     The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

35.     Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Barclays or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further,

neither the Settlement Agreement (including its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of Barclays and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

36.    Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least five (5) days prior to the Fairness Hearing.

37.    If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

38.    The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Class Members, other than that which may be posted at the Court or on the Settlement website, www.EuroyenSettlement.com.

39.    In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

40.     If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

41.     The Court's preliminary certification of the Settlement Class and appointment of Plaintiffs as Class Representatives, as provided herein are without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by the Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Actions, or appoint Class Representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

42.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this ____ day of _____, 2022, at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable George B. Daniels
United States District Judge

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY LAYDON, on behalf of himself and all others similarly situated,

Plaintiff,

- against -

THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED,  R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,

Defendants.

Docket No. 12-cv-3419 (GBD)

**EXHIBIT B-1 TO STIPULATION AND AGREEMENT OF SETTLEMENT**

## [PROPOSED] FINAL APPROVAL ORDER OF SETTLEMENT WITH BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., AND BARCLAYS PLC

This matter came before the Court for a duly-noticed hearing on _____, 2022 (the "Fairness Hearing"), upon the Plaintiff's Motion for Final Approval of Class Action Settlement with Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC (collectively, "Barclays"), which was consented to by Barclays (together with Plaintiff, the "Parties"). Due and adequate notice of the Settlement Agreement[1] having been given to Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Final Approval Order incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.      For purposes only of the settlement of the Released Claims set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's _____, 2022 Order Preliminarily Approving Proposed Settlement with Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class (the "Preliminary Approval Order"). ECF No. ___. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3.      In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so

---

[1] The "Settlement Agreement" is the Stipulation and Agreement of Settlement with Barclays entered into on July 22, 2022.

numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Barclays' alleged manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the Plaintiff's claims in this litigation are typical of those of Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and the Plaintiff and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4.      This Court has personal jurisdiction over the Plaintiff, Barclays (in this Action only and for purposes of this Settlement), and all Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

5.      The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action and the action captioned *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.,* No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*")  (collectively, the "Actions"), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for the Attorneys'

2

Fees Award and any Incentive Award, and for reimbursement of expenses associated with the Actions; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.  Based upon Barclays' submission to the Court dated _____, the Court further finds that Barclays has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.      The Court finds that ___ Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. Those excluded Class Members are identified at ECF No. _____.

7.      The Court finds that ____ objections to the proposed Settlement have been submitted.  Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.]

8.      It is hereby determined that Plaintiff and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order, and the Actions and the Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement.  This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Plaintiff.  This Court further finds that the Settlement set forth in the Settlement

3

Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and the Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10.     Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by the Plaintiff or Barclays, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing the Plaintiff's claims shall be null and void with respect to such Settlement; the Plaintiff's claims shall be reinstated; Barclays' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.     The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account").  The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12.     Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order.  The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 36 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Class Members.  In addition, without affecting the finality of this Final Approval Order, the Plaintiff, Barclays, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement.  Any disputes involving the Plaintiff, Barclays, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13.     Each Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in

order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement. If the Class Member submitted a timely Proof of Claim and Release pursuant to the class notice dated June 22, 2016 related to the $58 million settlements with Defendants R.P. Martin Holdings Limited, Martin Brokers (UK) Ltd., Citigroup Inc., Citibank, N.A., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc, and HSBC Bank plc; pursuant to the class notice dated August 3, 2017, amended September 14, 2017 related to the $148 million settlements with Defendants Deutsche Bank AG, DB Group Services (UK) Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc; pursuant to the class notice dated March 8, 2018 related to the $30 million settlement with The Bank of Tokyo-Mitsubishi UFJ, Ltd. (now known as MUFG Bank, Ltd.) and Mitsubishi UFJ Trust and Banking Corporation; or pursuant to the class notice dated September 11, 2019 related to the $71 million settlements with Defendants The Bank of Yokohama, Ltd., Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Trust Bank, Ltd. and its predecessors, Resona Bank, Ltd., Mizuho Bank, Ltd., Mizuho Corporate Bank, Ltd., and Mizuho Trust & Banking Co., Ltd., The Norinchukin Bank, and Sumitomo Mitsui Banking Corporation, the Class Member's earlier filed Proof of Claim and Release will be considered with respect to the Settlement with Barclays. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue. However, each Class Member's claims shall be released pursuant to Section 12 of the Settlement Agreement, regardless of whether the Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14.     The Court hereby approves the Releasing Parties' releases of the Released Claims against the Released Parties as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[2]

---

[2] The Released Claims under the Settlement Agreement are as follows:

(A) The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former Barclays employees arising solely from those former employees' conduct that occurred while those employees were not employed by Barclays; (ii) any claims against the named Defendants in these Actions other than Released Parties; (iii) any claims against interdealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of interdealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B) Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect

15.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of the Plaintiff or any other Class Members, and shall also be binding on their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, estates, participants, representatives, fiduciaries, beneficiaries, or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their capacity as such, regardless of whether the Class Member previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Class Member never received actual notice of the Actions or this proposed Settlement.

16.     The Court permanently bars and enjoins the Plaintiff and all Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Barclays or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Member (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Barclays or any of the Released Parties based on the Released Claims; or (c) organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding

---

notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

(including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Barclays or any of the Released Parties based on the Released Claims.

17.     The Court permanently bars and enjoins claims by any Person against Barclays or any of the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise.  To the extent permitted by law, the Court permanently bars and enjoins claims against Barclays and any Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action.  Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from Barclays arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Barclays or any Released Parties.

18.     The Court permanently bars and enjoins claims by Barclays or any Released Parties against any other Defendants for a portion of any amounts paid or awarded in the Action by way settlement, judgment, or otherwise.  To the extent permitted by law, the Court permanently bars and enjoins claims by Barclays and any Released Parties for contribution, indemnification, or similar claims (however denominated) from other Defendants for all or a

portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise against any of the other Defendants currently named in the Actions and absolves the other Defendants against any claims for contribution, indemnification, or similar claims from the Released Parties arising out of or related in any way to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any of the other Defendants.

19.    Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiff and Barclays in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Barclays or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; or (e) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiff and Barclays in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including these Actions) in which

the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by Barclays to the Plaintiff or by the Plaintiff to Barclays in connection with the Settlement or the Actions. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

20.     The Court finds that, during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.  Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class.  In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21.     The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Section 23 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

22.     The word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

23.     The Court's certification of the Settlement Class and appointment of the Plaintiff as Class Representative, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Plaintiff to certify a class. The Court's findings

in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint Class Representatives in the Actions or any challenge to the Plaintiff's capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this ____ day of _____, 2022.

_____
The Honorable George B. Daniels
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 15-cv-5844 (GBD) |
| Plaintiffs, | |
| - against - | **EXHIBIT B-2 TO STIPULATION AND AGREEMENT OF SETTLEMENT** |
| UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50, | |
| Defendants. | |

**[PROPOSED] FINAL APPROVAL ORDER OF SETTLEMENT WITH**
**BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., AND BARCLAYS PLC**

This matter came before the Court for a duly-noticed hearing on _____, 2022 (the "Fairness Hearing"), upon the Plaintiffs' Motion for Final Approval of Class Action Settlement with Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC (collectively, "Barclays"), which was consented to by Barclays (together with Plaintiffs, the "Parties"). Due and adequate notice of the Settlement Agreement[1] having been given to Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Final Approval Order incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.      For purposes only of the settlement of the Released Claims set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's _____, 2022 Order Preliminarily Approving Proposed Settlement with Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class (the "Preliminary Approval Order"). ECF No. ___. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3.      In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so

---

[1] The "Settlement Agreement" is the Stipulation and Agreement of Settlement with Barclays entered into on July 22, 2022.

numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Barclays' alleged manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the Plaintiffs' claims in this litigation are typical of those of Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and the Plaintiffs and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4.      This Court has personal jurisdiction over the Plaintiffs, Barclays (in this Action only and for purposes of this Settlement), and all Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

5.      The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action and the action captioned *Laydon v. Mizuho Bank, Ltd. et al.,* No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") (collectively, the "Actions"), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for the Attorneys' Fees Award and any

Incentive Award, and for reimbursement of expenses associated with the Actions; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.  Based upon Barclays' submission to the Court dated _____, the Court further finds that Barclays has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.      The Court finds that __ Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement. Those excluded Class Members are identified at ECF No. _____.

7.      The Court finds that ___ objections to the proposed Settlement have been submitted.  Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.]

8.      It is hereby determined that Plaintiffs and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order, and the Actions and the Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement.  This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Plaintiffs.  This Court further finds that the Settlement set forth in the Settlement

Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and the Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by the Plaintiffs or Barclays, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing the Plaintiffs' claims shall be null and void with respect to such Settlement; the Plaintiffs' claims shall be reinstated; Barclays' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

4

11.     The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account").  The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12.     Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order.  The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 36 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Class Members.  In addition, without affecting the finality of this Final Approval Order, the Plaintiffs, Barclays, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement.  Any disputes involving the Plaintiffs, Barclays, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13.     Each Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in

order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement.  If the Class Member submitted a timely Proof of Claim and Release pursuant to the class notice dated June 22, 2016 related to the $58 million settlements with Defendants R.P. Martin Holdings Limited, Martin Brokers (UK) Ltd., Citigroup Inc., Citibank, N.A., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc, and HSBC Bank plc; pursuant to the class notice dated August 3, 2017, amended September 14, 2017 related to the $148 million settlements with Defendants Deutsche Bank AG, DB Group Services (UK) Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc; pursuant to the class notice dated March 8, 2018 related to the $30 million settlement with The Bank of Tokyo-Mitsubishi UFJ, Ltd. (now known as MUFG Bank, Ltd.) and Mitsubishi UFJ Trust and Banking Corporation; or pursuant to the class notice dated September 11, 2019 related to the $71 million settlements with Defendants The Bank of Yokohama, Ltd., Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Trust Bank, Ltd. and its predecessors, Resona Bank, Ltd., Mizuho Bank, Ltd., Mizuho Corporate Bank, Ltd., and Mizuho Trust & Banking Co., Ltd., The Norinchukin Bank, and Sumitomo Mitsui Banking Corporation, the Class Member's earlier filed Proof of Claim and Release will be considered with respect to the Settlement with Barclays.  The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue.  However, each Class Member's claims shall be released pursuant to Section 12 of the Settlement Agreement, regardless of whether the Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14.     The Court hereby approves the Releasing Parties' releases of the Released Claims against the Released Parties as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[2]

---

[2] The Released Claims under the Settlement Agreement are as follows:

(A) The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).  The following claims shall not be released by this Settlement: (i) any claims against former Barclays employees arising solely from those former employees' conduct that occurred while those employees were not employed by Barclays; (ii) any claims against the named Defendants in these Actions other than Released Parties; (iii) any claims against interdealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of interdealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B) Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect

15.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of the Plaintiffs or any other Class Members, and shall also be binding on their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, estates, participants, representatives, fiduciaries, beneficiaries, or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their capacity as such, regardless of whether the Class Member previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Class Member never received actual notice of the Actions or this proposed Settlement.

16.     The Court permanently bars and enjoins the Plaintiffs and all Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Barclays or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Member (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Barclays or any of the Released Parties based on the Released Claims; or (c) organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding

notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

(including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Barclays or any of the Released Parties based on the Released Claims.

17.     The Court permanently bars and enjoins claims by any Person against Barclays or any of the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise.  To the extent permitted by law, the Court permanently bars and enjoins claims against Barclays and any Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action.  Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from Barclays arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Barclays or any Released Parties.

18.     The Court permanently bars and enjoins claims by Barclays or any Released Parties against any other Defendants for a portion of any amounts paid or awarded in the Action by way settlement, judgment, or otherwise.  To the extent permitted by law, the Court permanently bars and enjoins claims by Barclays and any Released Parties for contribution, indemnification, or similar claims (however denominated) from other Defendants for all or a

portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise against any of the other Defendants currently named in the Actions and absolves the other Defendants against any claims for contribution, indemnification, or similar claims from the Released Parties arising out of or related in any way to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any of the other Defendants.

19.     Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiffs and Barclays in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Barclays or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; or (e) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiffs and Barclays in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including these Actions) in which

the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by Barclays to the Plaintiffs or by the Plaintiffs to Barclays in connection with the Settlement or the Actions. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

20.    The Court finds that, during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.  Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class.  In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21.    The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Section 23 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

22.    The word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

23.    The Court's certification of the Settlement Class and appointment of the Plaintiffs as Class Representative, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Plaintiffs to certify a class. The Court's

11

findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint Class Representatives in the Actions or any challenge to the Plaintiffs' capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this ___ day of _____, 2022.

_____
The Honorable George B. Daniels
United States District Judge

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     - against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED,  R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>     Defendants. | Docket No. 12-cv-3419 (GBD)<br><br><br>**EXHIBIT C-1 TO STIPULATION AND AGREEMENT OF SETTLEMENT** |

---

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., AND BARCLAYS PLC**

This matter came before the Court for a duly-noticed hearing on _____, 2022 (the "Fairness Hearing"), upon the Plaintiff's Motion for Final Approval of Settlement with Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC (collectively, "Barclays") (together with Plaintiff, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Barclays entered into on July 22, 2022 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and that it has personal jurisdiction over the Plaintiff, Barclays (in this Action only and for purposes of this Settlement), and all members of the Settlement Class.

3.      This Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to Barclays and without fees or costs.

4.      Upon the Settlement Agreement becoming final in accordance with its terms, all of the following claims shall be released. Specifically:

> (A)      The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of

them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).   The following claims shall not be released by this Settlement: (i)  any claims against former Barclays employees arising solely from those former employees' conduct that occurred while those employees were not employed by Barclays; (ii) any claims against the named Defendants in these Actions other than Released Parties; (iii) any claims against interdealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of interdealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B)       Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Barclays shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this ___ day of _____, 2022.

_____
The Honorable George B. Daniels
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Docket No. 15-cv-5844 (GBD) |
| Plaintiffs, | |
| - against - | **EXHIBIT C-2 TO STIPULATION AND AGREEMENT OF SETTLEMENT** |
| UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50, | |
| Defendants. | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., AND BARCLAYS PLC**

This matter came before the Court for a duly-noticed hearing on _____, 2022 (the "Fairness Hearing"), upon the Plaintiffs' Motion for Final Approval of Settlement with Barclays Bank PLC, Barclays Capital Inc., and Barclays PLC (collectively, "Barclays") (together with Plaintiffs, the "Parties").  The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Barclays entered into on July 22, 2022 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and that it has personal jurisdiction over the Plaintiffs, Barclays (in this Action only and for purposes of this Settlement), and all members of the Settlement Class.

3.      This Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to Barclays and without fees or costs.

4.      Upon the Settlement Agreement becoming final in accordance with its terms, all of the following claims shall be released. Specifically:

> (A)      The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of

them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law).  The following claims shall not be released by this Settlement: (i)  any claims against former Barclays employees arising solely from those former employees' conduct that occurred while those employees were not employed by Barclays; (ii) any claims against the named Defendants in these Actions other than Released Parties; (iii) any claims against interdealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of interdealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B)        Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Barclays shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this ___ day of _____, 2022.

_____
The Honorable George B. Daniels
United States District Judge