# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIETE GENERALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 12-cv-3419 (GBD) |

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against — <br><br> UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 15-cv-5844 (GBD) |

**[PROPOSED]**
**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH**
**TP ICAP PLC (F/K/A TULLETT PREBON PLC AND N/K/A TP ICAP FINANCE PLC),**
**AND SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND**
<u>**APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS**</u>

Plaintiffs Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Master Fund, L.P., (collectively, "Plaintiffs") having applied for an order preliminarily approving the proposed settlement (the "Settlement") of the Actions against Defendants TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc) (collectively, "Tullett Prebon") in accordance with the Stipulation and Agreement of Settlement entered into on July 20, 2022 (the "Settlement Agreement") between Plaintiffs and Tullett Prebon in the related actions captioned *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"); the Court having read and considered the Settlement Agreement and accompanying documents; and Plaintiffs and Tullett Prebon (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, this 4 Day of October, 2022, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Plaintiffs, Tullett Prebon (in the Actions only and for purposes of this Settlement), and all Class Members.

3. Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, and the Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All Persons who purchased, sold, held, traded, or otherwise had any interest in Euroyen-Based Derivatives[1] during the period from January 1, 2006 through June 30, 2011 (the "Class Period"), provided that, if Representative Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined Class in this Agreement shall be expanded so as to be coterminous with such expansion. Excluded from the Settlement Class are the Defendants (as defined in the Settlement Agreement) and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

4. Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate, or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for purposes of the Settlement and the Settlement Class, Investment Vehicles[2] shall not be excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised and (ii) directly

---

[1] "Euroyen-Based Derivatives" means (i) a Euroyen TIBOR futures contract on the Chicago Mercantile Exchange ("CME"); (ii) a Euroyen TIBOR futures contract on the Tokyo Financial Exchange, Inc. ("TFX"), Singapore Exchange ("SGX"), or London International Financial Futures and Options Exchange ("LIFFE") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a Japanese Yen currency futures contract on the CME; (iv) a Yen LIBOR- and/or Euroyen TIBOR-based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) an option on a Yen LIBOR- and/or a Euroyen TIBOR-based interest rate swap ("swaption") entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (vi) a Japanese Yen currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vii) a Yen LIBOR- and/or Euroyen TIBOR-based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund managed or advised by Tullett Prebon, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds; and (ii) employee benefit plans as to which Tullett Prebon, or an affiliate, acts as an investment advisor or otherwise may be a fiduciary.

or indirectly held a beneficial interest in said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class. Under no circumstances may any Defendant (or any of their direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle.

5. The Court hereby appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

7. Plaintiffs Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Master Fund, L.P. are hereby appointed as representatives of the Settlement Class.

8. A hearing will be held on a date of the Court's convenience on or after March 14, ~~2022~~ 2023 at 10 [(a.m.)/p.m.] in Courtroom 11A of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to Class Members, other than that which may be posted at the Court or on the Settlement website at www.EuroyenSettlement.com.

3

9. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

10. The terms of the Settlement Agreement and the Supplemental Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

11. All proceedings in the Actions as to Tullett Prebon, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

12. All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect

4

an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

13. Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 5 to the Declaration of Vincent Briganti, Esq., dated July 22, 2022 ("Briganti Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Declaration of Linda V. Young (Vice President, Media with A.B. Data's class action administration company), dated July 22, 2022. Briganti Decl. Ex. 4. The foregoing mailings shall be completed no later than ninety (90) days after the date of the entry of this Order.

14. As soon as practicable after the entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from Exhibit 6 to the Briganti Decl., as described in the proposed notice program attached to the Declaration of Linda V. Young. Briganti Decl. Ex. 4.

15. The Settlement Administrator shall continue to maintain the Settlement website, www.EuroyenSettlement.com, until the termination of the administration of the Settlement. The website shall include copies of the Settlement Agreement (including exhibits), this Order, the mailed and publication notices, the motion for preliminary approval and all exhibits attached thereto, and the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement. The Settlement website, www.EuroyenSettlement.com, shall be searchable on the Internet.

16. The Settlement Administrator shall continue to maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

17. The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of the Actions and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

18. At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 13-16 of this Order.

19. Any Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and Tullett Prebon's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member or any governmental entity shall be considered by the Court unless, not later than thirty-five (35) days prior to the Fairness Hearing, the Class Member or the governmental entity files with the Court (and serves

the same on or before the date of such filing by hand or overnight mail on the Class Counsel and counsel of record for Tullett Prebon) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to the Actions by case name and case number; (2) a statement of the specific legal and factual basis for each objection or intervention argument, including whether the objection applies only to the objecting person, a specific subset of the Class or the entire Class; (3) a statement of whether the objecting or intervening person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Euroyen-Based Derivatives transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Class Members and are not entitled to object.

20. Any objection to the Settlement or motion to intervene submitted by a Class Member pursuant to paragraph 19 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Class Member's legally authorized representative.

21. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

22. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

23. Any Class Member or governmental entity that fails to object or move to intervene in the manner described in paragraphs 19-22 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than five (5) days before the Fairness Hearing. Class Counsel, Tullett Prebon's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

24. Any Request for Exclusion from the Settlement by a Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for

8

guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and postmarked no later than thirty-five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

    (a) the name, address, and telephone number of the Class Member;

    (b) a list of all trade names or business names that the Class Member requests to be excluded;

    (c) the name of the Actions ("*Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd. et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)");

    (d) a statement certifying such person is a Class Member;

    (e) a description of the Euroyen-Based Derivatives transactions entered into by the Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction);

    (f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class in *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.)"; and

    (g) a statement specifying whether such person is requesting exclusion from the Settlement Class as it relates to this Settlement with Tullett Prebon.

25. Any Request for Exclusion from the Settlement submitted by a Class Member pursuant to paragraph 24 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in

9

paragraph 24 of this Order, complies with this paragraph 25, and is postmarked by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Class Member who submits any Request for Exclusion.

26. Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Actions, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Class Member never received actual notice of the Actions or the proposed Settlement.

27. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Tullett Prebon's counsel as requested.

28. The Settlement Administrator shall furnish Class Counsel and counsel for Tullett Prebon with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) business day of receipt thereof.

29. At least twenty-eight (28) days before the Fairness Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and a declaration attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide Tullett Prebon's counsel and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement

Administrator and, in no event, later than twenty-eight (28) days before the Fairness Hearing. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

30. For any Class Members that have not previously filed Proofs of Claim and Release, all Proofs of Claim and Release must be mailed or otherwise submitted to the Settlement Administrator so that it is received no later than forty-five (45) days after the Fairness Hearing. Class Members that previously submitted Proofs of Claim and Release in connection with earlier settlements in this Action will automatically be considered to receive a share of the Net Settlement Fund of this Settlement in accordance with the Distribution Plan.

31. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with Class Members; (b) effectuating the Class Notice plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Class Members, and the adequacy of the supporting documents submitted by Class Members; (f) corresponding with Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Class

Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and Tullett Prebon's counsel; and (j) providing Class Counsel and Tullett Prebon's counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

32. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund defined in the Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

33. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

34. The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

35. Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Tullett Prebon or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further,

neither the Settlement Agreement (including its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Actions or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of Tullett Prebon and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

36. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least five (5) days prior to the Fairness Hearing.

37. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

38. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Class Members, other than that which may be posted at the Court or on the Settlement website, www.EuroyenSettlement.com.

39. In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

40. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

41. The Court's preliminary certification of the Settlement Class and appointment of Plaintiffs as Class Representatives, as provided herein are without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by the Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Actions, or appoint Class Representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

42. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this  4  day of  October , 2022, at the Courthouse for the United States District Court for the Southern District of New York.

*George B. Daniels*

The Honorable George B. Daniels
United States District Judge

14