IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 12-cv-3419 (GBD) |

[PROPOSED]
**FINAL APPROVAL ORDER OF SETTLEMENT WITH TP ICAP PLC**
**(F/K/A TULLETT PREBON PLC AND N/K/A TP ICAP FINANCE PLC)**

This matter came before the Court for a duly-noticed hearing on March 14, 2023 (the "Fairness Hearing"), upon Representative Plaintiff's Motion for Final Approval of Class Action Settlement with TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc) ("Tullett Prebon"), which was consented to by Tullett Prebon (together with Representative Plaintiff, the "Parties"). Due and adequate notice of the Settlement Agreement[1] having been given to Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's October 5, 2022 Order Preliminarily Approving Proposed Settlement with TP ICAP plc (f/k/a Tullett Prebon plc and n/k/a TP ICAP Finance plc), Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class (the "Preliminary Approval Order"). ECF No. 1062. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court

---

[1] The "Settlement Agreement" is the Stipulation and Agreement of Settlement with Tullett Prebon entered into on July 20, 2022.

hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Tullett Prebon's alleged manipulation of Yen-LIBOR, Euroyen TIBOR, and the prices of Euroyen-Based Derivatives, FED. R. CIV. P. 23(a)(2); (iii) the Representative Plaintiff's claims in this litigation are typical of those of Class Members, FED. R. CIV. P. 23(a)(3); and (iv) the Representative Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and the Representative Plaintiff and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4.   This Court has personal jurisdiction over the Representative Plaintiff, Tullett Prebon (in this Action only and for purposes of this Settlement), and all Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

5.   The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action and the action captioned *Sonterra Capital Master Fund Ltd. et al. v. UBS AG et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the

2

Distribution Plan, and of Class Counsel's application for the Attorneys' Fees Award and any Incentive Award, and for reimbursement of expenses associated with the Actions; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.  Based upon Tullett Prebon's submission to the Court dated September 29, 2022, the Court further finds that Tullett Prebon has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.  The Court finds that __1__ Class Members have validly requested to be excluded from the Settlement Class as it relates to the Settlement.  Those excluded Class Members are identified at ECF No. __1091-4__.

7.  The Court finds that __no__ objections to the proposed Settlement have been submitted.  Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.]

8.  It is hereby determined that Representative Plaintiff and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order, and the Actions and the Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement.  This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class,

3

including the Representative Plaintiff. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and the Representative Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by the Representative Plaintiff or Tullett Prebon, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing the Representative Plaintiff's claims shall be null and void with respect to such Settlement; the Representative Plaintiff's claims shall be reinstated; Tullett Prebon's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any

provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11. The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 36 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Class Members. In addition, without affecting the finality of this Final Approval Order, the Representative Plaintiff, Tullett Prebon, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving the Representative Plaintiff, Tullett Prebon, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13. Each Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement. If the Class Member submitted a timely Proof of Claim and Release pursuant to the class notice dated June 22, 2016 related to the $58 million settlements with Defendants R.P. Martin Holdings Limited, Martin Brokers (UK) Ltd., Citigroup Inc., Citibank, N.A., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc, and HSBC Bank plc; pursuant to the class notice dated August 3, 2017, amended September 14, 2017 related to the $148 million settlements with Defendants Deutsche Bank AG, DB Group Services (UK) Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, and J.P. Morgan Securities plc; pursuant to the class notice dated March 8, 2018 related to the $30 million settlement with The Bank of Tokyo-Mitsubishi UFJ, Ltd. (now known as MUFG Bank, Ltd.) and Mitsubishi UFJ Trust and Banking Corporation; or pursuant to the class notice dated September 11, 2019 related to the $71 million settlements with Defendants The Bank of Yokohama, Ltd., Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Trust Bank, Ltd. and its predecessors, Resona Bank, Ltd., Mizuho Bank, Ltd., Mizuho Corporate Bank, Ltd., and Mizuho Trust & Banking Co., Ltd., The Norinchukin Bank, and Sumitomo Mitsui Banking Corporation, the Class Member's earlier filed Proof of Claim and Release will be considered with respect to the Settlement with Tullett Prebon. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue. However, each Class Member's claims shall be released pursuant to Section 12 of the Settlement Agreement,

regardless of whether the Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14. The Court hereby approves the Releasing Parties' releases of the Released Claims against the Released Parties as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[2]

---

[2] The Released Claims under the Settlement Agreement are as follows:

(A) The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest, and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the United States), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against the named Defendants (including all claims alleged against Nex International Limited (f/k/a ICAP plc) and ICAP Europe Limited) in these Actions other than claims against the Released Parties; or (ii) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B) Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with

15.  The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of the Representative Plaintiff or any other Class Members, and shall also be binding on their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, estates, participants, representatives, fiduciaries, beneficiaries, or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing in their capacity as such, regardless of whether the Class Member previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Class Member never received actual notice of the Actions or this proposed Settlement.

16.  The Court permanently bars and enjoins the Representative Plaintiff and all Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Tullett Prebon or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Member (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Tullett Prebon or any of the Released Parties based on the Released

---

respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

Claims; or (c) organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Tullett Prebon or any of the Released Parties based on the Released Claims.

17. The Court permanently bars and enjoins claims by any Person against Tullett Prebon or any of the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise. To the extent permitted by law the Court permanently bars and enjoins claims against Tullett Prebon and any Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from Tullett Prebon arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Tullett Prebon or any Released Parties.

18. The Court permanently bars and enjoins claims by Tullett Prebon or any Released Parties against any other Defendants for a portion of any amounts paid or awarded in the Action by way settlement, judgment, or otherwise. To the extent permitted by law, the Court permanently

bars and enjoins claims by Tullett Prebon and any Released Parties for contribution, indemnification, or similar claims (however denominated) from other Defendants for all or a portion of any amounts paid or awarded in the Actions by way of settlement, judgment, or otherwise against any of the other Defendants currently named in the Actions and absolves the other Defendants against any claims for contribution, indemnification, or similar claims from the Released Parties arising out of or related in any way to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any of the other Defendants.

19. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiff and Tullett Prebon in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Tullett Prebon or any Released Party; (b) the truth of any of the claims or allegations alleged in the Actions; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for the Representative Plaintiff and Tullett Prebon in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Actions or in any other action or

proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including these Actions) in which the Settlement Agreement is asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by Tullett Prebon to the Representative Plaintiff or by the Representative Plaintiff to Tullett Prebon in connection with the Settlement or the Actions. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

20. The Court finds that, during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21. The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Section 23 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

22. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

23. The Court's certification of the Settlement Class and appointment of the Representative Plaintiff as Class Representative, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Representative Plaintiff to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint Class Representatives in the Actions or any challenge to the Representative Plaintiff's capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this 14 day of March, 2023.

_George B. Daniels_
The Honorable George B. Daniels
United States District Judge