IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED,  R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 12-cv-3419 (GBD) |

[PROPOSED]
**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF NEX INTERNATIONAL LIMITED (F/K/A ICAP PLC) AND ICAP EUROPE LIMITED**

This matter came before the Court for a duly-noticed hearing on March 14, 2023 (the "Fairness Hearing"), upon the Representative Plaintiff's Motion for Final Approval of Settlement with Nex International Limited (f/k/a ICAP plc) and ICAP Europe Limited (collectively, "ICAP"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with ICAP entered into on July 20, 2022 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and that it has personal jurisdiction over the Representative Plaintiff, ICAP (in this Action only and for purposes of this Settlement), and all members of the Settlement Class.

3. This Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to ICAP and without fees or costs.

4. Upon the Settlement Agreement becoming final in accordance with its terms, all of the following claims shall be released. Specifically:

> (A) The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest, and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including

joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties, including but not limited to conduct concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to or otherwise affected by Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the United States), or in which any of the foregoing otherwise had any interest, or including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against the named Defendants (including all claims alleged against TP ICAP plc) in these Actions other than claims against the Released Parties; or (ii) any claims against any Defendant who may be subsequently added in these Actions, other than any Released Party. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B)   Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in

2

addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to ICAP shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 14 day of March, 2023.

*George B. Daniels*
The Honorable George B. Daniels
United States District Judge